1  DAVID R. ONGARO, State Bar No. 154698
   dongaro@ongaropc.com
2  ONGARO PC
   1604 Union Street
3  San Francisco, CA 94123
   Telephone: (415) 433-3900
4  Facsimile: (415) 433-3950

5
   Attorney for Defendant
6  COWORX STAFFING SERVICES LLC

7
                    **UNITED STATES DISTRICT COURT**
8
                  **NORTHERN DISTRICT OF CALIFORNIA**
9

10

11 | LYSETTE GALVEZ, individually and on behalf of those similarly situated, | Case No. |

12                                              **DEFENDANTS' NOTICE TO FEDERAL
              Plaintiffs,                       COURT OF REMOVAL OF CIVIL
13                                              ACTION FROM STATE COURT
           v.                                   PURSUANT TO 28 U.S.C. § 1332(D)(2)
14                                              (CAFA)**
   COWORX STAFFING SERVICES LLC, a
15 Delaware Corporation; MICHAEL EPSTEIN,
   an individual; ROBERT BADOLATO, an
16 individual; TIM HARTNETT, an individual,
   KEN SUDNIKOVICH, an individual, and        Complaint Filed:    November 12, 2019
17 DOES 1 through 10, inclusive,               Second Amended Complaint Filed: September
                                               2, 2021
18            Defendants.

19

20

21

22

23

24

25

26

27

28

                              NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF, AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant CoWorx Staffing Services LLC ("CoWorx") hereby removes the above-captioned action from the San Francisco County Superior Court in the State of California to the United States District Court for the Northern District of California. This removal is based on 28 U.S.C. sections 1332(d), 1441, 1446, and 1453, and specifically, on the following grounds:

## STATEMENT OF JURISDICTION

1.      This court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA").  *See* 28 U.S.C. section 1332(d).  CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5 million, exclusive of interesting costs. CAFA authorizes removal of such actions in accordance with United States Code, title 28, section 1446. Here, as set forth below, this case meets all of CAFA's requirements for removal because the proposed class contains at least 100 members, there is diversity between at least one class member and one defendant, and the amount in controversy for all class members exceeds $5 million. *See* 28 U.S.C. section 1332(d).

## VENUE

2.      The action was filed in San Francisco Superior Court. Venue properly lies in the United states District Court for the Northern District of California pursuant to 28 U.S.C. sections 84(a) and 1441(a) and 1446.

## PLEADINGS, PROCESS AND ORDERS

3.      On September 4, 2019, Plaintiff Lysette Galvez ("Plaintiff") filed a putative class action complaint in the Superior Court of California in the County of San Francisco entitled

*Lysette Galvez v. CoWorx Staffing Services LLC, a Delaware Corporation; Michael Epstein, an individual, and Does 1 through 10, inclusive, Defendants*, San Francisco Superior Court Case No. CGC-19-578983 (the "Complaint").  Plaintiff amended the Complaint on November 12, 2019 to bring additional causes of action, including claims under the Private Attorneys General Act of 2004 (the "First Amended Complaint"). The Complaint, including summons, and First Amended Complaint are attached hereto as **Exhibits A and B**, respectively.

4.    The Complaint brough claims for: (1) Failure to Pay Overtime Wages; (2) Failure to Pay Minimum and Regular Wages; (3) Failure to Make Timely Final Wage Payments; (4) Failure to Provide Proper Itemized Wage Statements; (5) Failure to Reimburse Expenses; (6) Unfair Competition; (7) Failure to Timely Produce Wage Statements and Personnel files.  Exhibit A.

5.    The First Amended Complaint brought the same claims as the original Complaint and added claims pursuant to the California Private Attorneys General Act.  Specifically, the First Amended Complaint brought claims for:  (1) Failure to Pay Overtime Wages; (2) Failure to Pay Minimum and Regular Wages; (3) Failure to Make Timely Final Wage Payments; (4) Failure to Provide Proper Itemized Wage Statements; (5) Failure to Reimburse Expenses; (6) Unfair Competition; (7) Failure to Timely Produce Wage Statements and Personnel files; (8) Private Attorneys General Act Relating to Unpaid Overtime Wages; (9) Private Attorneys General Act Relating to Unpaid Minimum Wages and Regular Wages; (10) Private Attorneys General Act Relating to Failure to Make Timely Final Wage Payments; and (11) Private Attorneys General Act Relating to Failure to Reimburse Expenses.

6.    In both the Complaint and the First Amended Complaint, Plaintiff sought to represent herself and five separate classes of current and former employees (Exh. A, ¶ 9, Exh. B, ¶ 9):

**Overtime Wage Class:** All[1] non-exempt employees who, four years prior to the

---

[1] Plaintiff worked for the Luxury Method division of CoWorx. Throughout this litigation, the (footnote continued)

filing of this action to the present, worked over eight (8) hours in a workday or forty (40) hours in a workweek and drove between two client or customer locations in a workday.

**Minimum Wage Class:** All non-exempt employees who, four years prior to the filing of this action to the present, were not paid when they drove between two client locations in a workday.

**Wage Statement Class:** All California employees who, from one year prior to the filing of this action to the present, are included in the Overtime Wage Class and/or Minimum Wage Class.

**Waiting Time Class:** All former non-exempt employees who, from February 1, 2019 to the present, are in the Overtime Wage Class, the Minimum Wage Class and/or did not receive all wages due on the termination date or within 72 hours of resignation.

**Unreimbursed Expenses Class:** All employees who, four years prior to the filing of this action to the present, were not reimbursed mileage and automobile expenses associated with driving to client locations and/or cell phone and internet expenses despite using such devices or services for business purposes.

7.    Defendant estimated the putative class in the original Complaint and the First Amended Complaint to consist of approximately 490 individuals who had worked at more than one location in a single day on approximately 3,700 instances.  Declaration of Nancy Fresnics In Support of Notice of Removal ("Fresnics Dec."), ¶ 7.

8.    Plaintiff served Defendant with the original Complaint on November 25, 2020.  **Exhibit A.**

9.    On December 17, 2019, Plaintiff served CoWorx with the First Amended Complaint.  **Exhibit B.**

---

Parties have discussed employees employed in the Luxury Method division, and the information and data provided herein are for employees who worked for the Luxury Method division of CoWorx only.  Fresnics Dec., ¶¶ 2, 5-12.

NOTICE OF REMOVAL

10.     CoWorx answered the First Amended Complaint on February 10, 2020.  A true and correct copy of Defendant's Answer to the First Amended Complaint is attached hereto as **Exhibit C.**

11.     The San Francisco Superior Court (the "Superior Court") set an original case management conference to be held on February 5, 2020.  The Superior Court then issued a series of orders continuing the Case Management Conference and an Order to Show Cause.  These orders are attached hereto as **Exhibit D.**

12.     Plaintiff made two *ex parte* applications to dismiss individual defendant Michael Epstein, on August 6, 2020 and again on January 28, 2021. The Superior Court entered an order dismissing Mr. Epstein on February 1, 2021.  A true and correct copy of the *ex parte* applications and the Order entering the dismissal are attached hereto as **Exhibit E.**

13.     Plaintiff amended her complaint a second time after the Parties unsuccessfully participated in a mediation in July, 2021.  Prior to mediation, the state court took off calendar the scheduled case management conference in favor of entering an order regarding the time and place for trial and other dates.  Pleadings related to the scheduled case management conference and the order setting dates are attached hereto as **Exhibit F.**  The Parties stipulated to Plaintiff filing a Second Amended Complaint.  A true and correct copy of the September 2, 2021 Order entering the stipulation to file a Second Amended Complaint is attached as **Exhibit G.**  A true and correct copy of the filed Second Amended Complaint is attached hereto as **Exhibit H.**

14.     In the Second Amended Complaint ("SAC"), Plaintiff added causes of actions for alleged recordkeeping violations and meal and rest break claims which were not pled in the original Complaint or the First Amended Complaint. The SAC brings claims for: (1) Failure to Provide Employee Records; (2) Failure to pay Overtime Wages; (3) Failure to Pay Minimum and Regular Wages; (4) Failure to Make Timely Final Wage Payments; (5) Failure to Provide Proper Itemized Wage Statements; (6) Failure to Reimburse Expenses; (7) Failure to Maintain Required Records In Violation of California Labor Code §§ 1174 *et seq*.; (8) Meal and Rest Break Claims; (9) Unfair Competition. Pursuant to the Parties' Stipulation to File First Amended Complaint, the new claims do not relate back to the filing of the original Complaint and instead have a statute of

5

limitations of February 25, 2017 forward.

15.    Plaintiff also expanded the number of classes and the definition of the class in the SAC.  Specifically, the class Plaintiff seeks to represent in the SAC is "All current or former nonexempt employees who worked in California, at any time, from September 4, 2015 to the present for Defendants."  Exhibit H, ¶ 19.  Plaintiff also expanded the number and scope of subclasses she seeks to represent:

**Overtime Wage Class:** "All non-exempt employees who, four years prior to the filing of this action to the present, worked over eight (8) hours in a workday or forty (40) hours in a workweek." This subclass is no longer limited to only those employees who drove between more than one work location in a workday.  *Compare* Exhibit B, ¶ 9 *and* Exhibit H, ¶ 20.

**Minimum Wage Class:** All non-exempt employees who, four years prior to the filing of this action to the present, worked for Defendant. This subclass is no longer limited to only those employees who drove between more than one work location in a workday. *Compare* Exhibit B, ¶ 9 *and* Exhibit H, ¶ 20.

**Wage Statement Class:** All California employees who, from one year prior to the filing of this action to the present, are included in the Overtime Wage Class and/or Minimum Wage Class.

**Waiting Time Class:** All former non-exempt employees who, from February 1, 2019 to the present, are in the Overtime Wage Class, the Minimum Wage Class and/or did not receive all wages due on the termination date or within 72 hours of resignation.

**Unreimbursed Expenses Class:** All employees who, four years prior to the filing of this action to the present, were not reimbursed mileage and automobile expenses associated with driving to client locations and/or cell phone and internet expenses despite using such devices or services for business purposes.

**Meal and Rest Break Subclass:** All putative Class Members who, during the

applicable statute of limitations period worked for Defendants in California as an hourly-paid non-exempt employee, were not provided compliant meal and/or rest breaks and were not provided one hour of pay at their regular rate of compensation in lieu thereof.  This subclass and these claims were not previously pled.  *Compare* Exhibit B *and* Exhibit H.

**Recordkeeping Subclass:** All putative Class Members who, during the applicable statutory period, worked for Defendant wherein said Defendants failed to maintain proper and required records of their employees.  This subclass and these claims were not previously pled.  *Compare* Exhibit B *and* Exhibit H.

**Labor Code § 201.3 Penalty Subclass:** All putative Class Members who worked for Defendants during the applicable limitations period and who were issued paychecks more than one week after they performed labor.  This subclass and these claims were not previously pled.  *Compare* Exhibit B *and* Exhibit H.

**UCL Subclass:** All putative Class Members who, during the relevant period, worked for Defendants and who, as a result of said Defendants' unfair business acts and/or practices, may have the right to restitution in the form of (1) unreimbursed business-related expenses and/or (2) wages and/or premium pay that were earned but were unpaid.

16.     Plaintiff served CoWorx with the Second Amended Complaint on September 6, 2021 and amended summons on September 10 and 20, 2021.  Ongaro Dec., ¶ 3.  True and correct copies of the Summons and the two Amended Summons, are attached collectively hereto as **Exhibit I.**

17.     On September 11, 2021 Plaintiff served two motions to compel further responses to discovery served prior to mediation.  A true and correct copy of the motions and supporting papers are attached hereto as **Exhibit J**.  This removal was filed prior to the deadline for Defendant to respond to the motions to compel.

18.     Defendant filed an answer to the Second Amended Complaint on September 22, 2021.  A true and correct copy of the Answer to the Second Amended Complaint is attached hereto as **Exhibit K**.

19.     As of the date of removal, Defendant had not received proof of service of the SAC on the remaining defendants, Michael Epstein, Robert Badolato, Tim Hartnett and Ken Sudnikovich, and the online docket for the case did not reflect that any proof of service for any of the individual defendants had been filed.  Ongaro Dec., ¶ 4.

20.     Since the remaining defendants, including the Doe defendants, have not yet been served, they need not join or consent to CoWorx's removal.  *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1426, 1429 (9th Cir. 1984) (named defendants not yet served in state court action need not join the notice of removal).  Furthermore, CAFA permits any defendant to unilaterally remove the action if requirements of CAFA for removal are met, as they are here.  *See*, 28 U.S.C. § 1453(b).

21.     The pleadings filed in this matter which are not specifically outlined above, including notices of appearance and substitution of counsel, are attached hereto as **Exhibit L**.

22.     To Defendant's knowledge, no further process, pleadings, or orders related to this Case have been filed in San Francisco County Superior Court.

## TIMELINESS OF REMOVAL

23.     An action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on the defendant, within thirty days of Plaintiff filing an amended pleading that provides grounds for removal.  *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998) ("Until the state judge granted the motion to amend, there was no basis for removal.  Until then, the complaint did not state a federal claim."); *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1180, 1184 (9th Cir. 2015) ("We hold that a defendant may remove a case from state court within thirty days of ascertaining that the action is removable under CAFA, even if an earlier pleading, document, motion, order, or other paper revealed an alternative basis for federal jurisdiction."); *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1189 (9th Cir. 2015) (removal timely where class certification order "created a new amount in controversy not present in the amended complaint").

24.     Prior to the expansion of the class and addition of claims in the SAC, Defendant

8

did not have grounds to believe that there was $5 million in controversy. Specifically, the original putative class based on the claims and class definition in the First Amended Complaint comprised of approximately 490 individuals and Defendant evaluated the claims as putting far less than $5 million in controversy. Fresnics Dec., ¶ 7.

25. The Second Amended Complaint significantly expanded scope of the putative class Plaintiff seeks to represent because she now seeks to represent all current and former non-exempt employees who worked for Defendant in California, and she previously only sought to represent those non-exempt employees who worked for Defendant in California *and drove between job sites*, increasing the class size from approximately 490 individuals to over 4,000 individuals. *Compare* Exh B, ¶ 9 and Exh H, ¶ 20. *See also* Fresnics Dec., ¶ 8.

26. The SAC also includes additional claims. Specifically, the SAC brings meal and rest break claims that were not alleged in the FAC. *Compare* Exh. H and Exh. B. As explained in greater detail below, broader class and additional claims in the SAC places far more than $5 million in controversy. Removal of this action is therefore timely because this Notice has been filed within 30 days from September 2, 2021, which is the date the stipulation to file the Second Amended Complaint was entered. *Sullivan*, 157 F.3d at 1094; *Nationstar Mortg*, 781 F.3d at 1180, 1184; *Johnson v. Heublein Inc.*, 227 F.3d 236, 241-243 (5th Cir. 2000) (30-day removal period restarts "when the complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit.").

27. As explained above, this Notice also contains all process, pleadings and orders that were served on Defendant, and the Answers served by Defendant. *See* Exhibits A-L.

## CAFA JURISDICTION PURSUANT TO 28 U.S.C. § 1332(D)

28. CAFA grants federal district courts original jurisdiction over civil class action lawsuits in which any plaintiff is a citizen of a state different from any defendant, and where the matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets each CAFA requirement for removal, and is timely and properly

removed by the filing of this Notice.  Specifically, this Court has jurisdiction over this case under CAFA because it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) Defendant is not a state, state official or other governmental entity; (3) there is diversity between at least one class member and one defendant; and (4) the amount in controversy for all class members exceeds $5 million.

**A.  The Putative Class Contains More than 100 Members.**

29.     The putative class consists of "All current or former nonexempt employees who worked in California, at any time, from September 4, 2015 to the present for Defendants."  Exhibit H, ¶ 19.  Defendant estimates that there are approximately 4,080 individuals who meet this putative class definition.  Fresnics Dec., ¶ 8.  Accordingly, the putative Class contains more than 100 members and satisfies the first requirement for CAFA jurisdiction.

**B.  Defendant Is Not a Governmental Entity.**

30.     None of the named defendants – CoWorx Staffing Solutions LLC, a Delaware Corporation, Michael Epstein, an individual, Robert Badolato, an individual, Tim Hartnett, an individual or Ken Sudnikovich, an individual – are a governmental entity.  Exhibit H, ¶¶ 12-16; Fresnics Dec., ¶ 4.

**C.  Plaintiff's Citizenship is Diverse from Defendant's Citizenship.**

31.     CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different form any defendant."  28 U.S.C. § 1332(d)(2)(A).  For purposes of removal, the citizenship of Doe defendants are disregarded and only named defendants are considered.  28 U.S.C. § 1441(a); *accord Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

32.     Citizenship of a natural person is established by domicile.  28 U.S.C. § 1332(a)(1) (individual is a citizen of the state in which he or she is domiciled).  A person's domicile is established by physical presence and an intent to remain indefinitely.  *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986) (residence is *prima facie* evidence of domicile for purposes of determining citizenship).  Moreover, "[o]nce an individual has established his state of citizenship, he remains a

1    citizen of that state until he legally acquires a new stat of citizenship." *Altimore v. Mount Mercy*

2    *College*, 420 F.3d 763, 769 (8th Cir. 2005).

3        33.    Defendant is informed and believes and on that basis alleges that Plaintiff is, and

4    was at the time both the original Complaint and the SAC were filed, a citizen of the State of

5    California.  Plaintiff's last address on file with Defendant is in California.  Fresnics Dec., ¶ 2.

6    Defendant is unaware of any effort by Plaintiff to establish her citizenship outside the State of

7    California, and last worked for Defendant in early September, 2021, in Riverside, California.  *Id*.

8    Plaintiff alleges in the SAC that she is and at all relevant times was a resident of Chula Vista,

9    California.  Exhibit H, ¶ 11.  Accordingly, the weight of the evidence establishes that Plaintiff is a

10   citizen of the State of California.

11       34.    For diversity purposes, a corporation "shall be deemed a citizen of any State by

12   which it has been incorporated and of the State where it has its principal place of business.  28

13   U.S.C. § 1332(c)(1).

14       35.    The United States Supreme Court resolved that, for purposes of federal diversity

15   jurisdiction, the nerve center test should be applied to determine a corporations principle place of

16   business. Hertz Corp. v. Friend, 130 S. Ct. 1180, 1192-93 (2010); *see also Co-Efficient Energy*

17   *Systems v. CSL Industries, Inc.*, 812 F.2d 556, 558 (9th Cir. 1987) ("Under the 'nerve center test' .

18   . .  a corporation's principle place of business is where its executive and administrative functions

19   are performed.").  Under the "nerve center" test, a corporations principle place of business is

20   where its high level officer is direct, control, and coordinate the corporations activities.  *Id.*, at

21   1192.

22       36.    Defendant CoWorx was at the time of filing this action, at the time of filing the

23   SAC, and remains, a corporation incorporated under the laws of Delaware having its principal

24   place of business at 412 Mt. Kimble Avenue Ste. 200C, Morristown New Jersey 07960. Fresnics

25   Dec., ¶ 3.  CoWorx's corporate headquarters are located in Morristown, New Jersey.  *Id*.

26   Executives, including the Chief Executive Officer, Chief Operating Officer, and Chief Financial

27   Officer, maintain their principal offices in New Jersey and make major corporate decisions from

28   New Jersey.  *Id*.  Moreover, Plaintiff alleged that Defendant CoWorx is a Delaware limited

11

liability company 'without an office in the State of California."  Exhibit H, ¶ 12.  Thus, Defendant CoWorx's principal place of business is in the State of New Jersey, and therefore Defendant is a citizen of the State of New Jersey for purposes of determining diversity of citizenship.

37.    Defendants Does 1 through 10 are fictitious.  Pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction.  *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

38.    Because, as detailed above, Defendant CoWorx is a citizen of the State of Delaware and the State of Tennessee, and Plaintiff is a citizen of California, diversity of citizenship exists between at least one Defendant and one Plaintiff, and CAFA's diversity requirement is satisfied. 28 U.S.C. § 1332(d)(2)(A) (court has jurisdiction over class actions with more than $5 million in controversy where "any member of a class of plaintiffs is a citizen of a State different from any defendant").

**D.  <u>The Amount In Controversy Is Over $5 Million Based on the Relief Sought by Plaintiff.</u>**

39.    The Class Action Fairness Act ("CAFA") authorizes the removal of class actions in which, among other factors mentioned above, the amount in controversy for all class members exceeds $5 million. The proper burden of proof imposed upon a defendant to establish the amount in controversy under CAFA is the preponderance of the evidence standard. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).  "A defendant's burden of proof as to the amount in controversy for removal purposes is lenient."  *Farley v. Dolgen California LLC*, 2017 WL 306096, *2 (E.D. Cal. Aug. 9, 2017).

40.    Although Defendant expressly denies any liability for the damages alleged in Plaintiffs SAC, for purposes of determining whether the minimum amount in controversy has been satisfied, the Court must look to the allegations of Plaintiff's SAC and presume that Plaintiff will prevail on her claims.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.3d 993, 1001 (C.D. Cal. 2002) (*citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (amount in controversy analysis presumes that "plaintiff prevails on liability."). "The amount in

12

1    controversy is simply an estimate of the total amount in dispute, not a prospective assessment of

2    [Defendant's] liability." *Lewis v. Verizon Commun's, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

3         41.    The SAC is silent as to actual amount in controversy. Plaintiff's failure to specify

4    the total amount of damages or other monetary relief in the complaint, however, does not deprive

5    this Court of jurisdiction. *See White v. J.C. Penny Life Ins. Co.*, 861 F.Supp.25, 26 (S.D. W.Va.

6    1994) (defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead

7    a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid

8    removal simply by declining to place a specific dollar claim upon its claim."). Defendant need

9    only establish by a preponderance of the evidence that the claims exceed the jurisdictional

10   minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Singer v.*

11   *State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

12        42.    Defendant can establish the amount in controversy by relying upon the allegations

13   in the complaint, and by setting forth facts in the notice of removal that demonstrate that the

14   amount in controversy "more likely than not" exceeds the jurisdictional minimum. *Sanchez*, 102

15   F.3d at 404; *Rippee v. Boston Mkt. Corp.*, 408 F.Supp.2d 982, 984 (S.D. Cal. 2005) ("[T]he

16   requirement under CAFA that the amount in controversy exceed $5,000,000 in the aggregate may

17   be established either from the viewpoint of the plaintiff or the viewpoint of the defendant.").

18   Further, in addition to the contents of the removal petition, the Court properly considers "summary

19   judgment type evidence relevant to the amount in controversy at the time of removal," such as

20   affidavits or declarations, in assessing the amount in controversy. *Valdez v. Allstate Ins. Co.*, 372

21   F.3d 1115, 1117 (9th Cir. 2004); *Singer*, 116 F.3d at 377.

22        43.    In calculating the amount in controversy, the Court must assume that the

23   allegations of the SAC are true and that a jury will return a verdict in favor of Plaintiff on all

24   claims asserted in her complaint. *Kenneth Rothschild Trust*, 195 F.Supp.2d at 1001.  The ultimate

25   inquiry is the amount that is put in controversy by Plaintiff's complaint and not how much if

26   anything defendant will actually owe. *Schere v. Equitable Life Assurance Soc'y of the U.S.*, 347

27   F.3d 394, 399 (2d Cir. 2003) (ultimate or provable amount of damages is not what is considered in

28   removal analysis; rather it is amount put in controversy by complaint).

44.     Defendant denies the validity and merit of the entirety of Plaintiffs alleged claims, the legal theories upon which they are ostensibly based, and the alleged claims for monetary another relief that flow therefrom. For purposes of removal only, however, and without conceding that Plaintiff or the putative class are entitled to any damages or penalties whatsoever, it is readily apparent that the aggregated claims the putative class establishes, by a preponderance of the evidence, that the amount in controversy well exceeds the jurisdictional minimum of $5 million.

45.     On behalf of herself and putative class members, Plaintiff seeks: (1) regular and overtime wages under Labor Code 510, 1194, 1194.2, 1197 and 1198 (Exhibit H, ¶¶ 89-110, Prayer for Relief); (2) "waiting time penalties" for alleged failure to pay wages prior to termination or resignation pursuant to Labor Code Section 203 (Exhibit H, ¶¶ 111-120, Prayer for Relief); (3) penalties for failure to provide compliant itemized wage statements pursuant to Labor Code Section 226 and 1198 (Exhibit H, ¶¶ 121-131, Prayer for Relief); (4) unreimbursed business expenses pursuant to Labor Code Section 2802 and 1198 (Exhibit H, ¶¶ 132-138, Prayer for Relief);  (5) penalties for failure to maintain business records pursuant to Labor Code Section 1174 and 1198 (Exhibit H, ¶¶ 139-143, Prayer for Relief); (6) premium pay for failure to comply with the meal and rest break requirements of the Labor Code (Exhibit H, ¶¶ 144-151, Prayer for Relief); (7) restitution under California Business & Professions Code Section 17200 *et seq.* (Exhibit H, ¶¶ 152-163). As set forth below, the facial allegations in the SAC and the total amount of wages, penalties, attorneys' fees and other monetary relief at issue in this action is in excess of this Court's jurisdictional minimum under CAFA.

46.     With the expanded class definition and subclasses, Defendant estimates that there are approximately 4,080 putative class members and 157,284 workweeks at issue for those claims that were pled in the original Complaint and therefore reach back to four years prior to filing the original Complaint, or September 5, 2015 through the last date Defendant pulled class data, June 24, 2021.  Fresnics Dec., ¶ 8; Exhibit G.  The putative class earned an average of $22.06 per hour and worked on average 3 times per week.  Fresnics Dec., ¶ 8.

47.     Pursuant to the Parties' stipulation, the newly-pled meal break claim has a statute of limitations of February 25, 2017.  Exhibit G.  Defendant estimates that there are, at present,

1    approximately 3,076 putative class members and 111,583 workweeks at issue for the meal break

2    time period of February 25, 2017 through June 24, 2021.  Fresnics Dec., ¶ 11.

3           1.   **$2,602,263.78 for Failure to Pay Overtime Wages.**

4           48.   Plaintiff's first cause of action brought on a class basis (the second cause of action

5    in the SAC) alleges a violation of California Labor Code sections 510, 1194 and 1198 for unpaid

6    overtime.  Plaintiff alleges that she and similar putative Class Members "normally started work

7    from home, gathering equipment, supplies, product brochures, and other information Defendants

8    mailed or otherwise supplied to its workers' homes, unpacking the foregoing materials and placing

9    such materials into their cars to bring to the workplace for set-up and display.  The process of

10   unpacking materials Defendants sent to putative Class Members and traveling to client locations

11   sometimes took minutes, sometimes hours to perform, and Defendants regularly and

12   systematically, as a policy and practice" did not pay for this time."  Exhibit H, ¶¶ 36-37.  Plaintiff

13   also alleges that she and putative Class members were "required to drive their personal vehicles,

14   but were not paid for their travel time." *Id*., ¶ 38.  For her cause of action for Unpaid Overtime,

15   Plaintiff prays for unpaid overtime wages and attorneys' fees.  *Id*., ¶ 98.

16          49.   Plaintiff incorporates her claim for unpaid overtime into her claim that Defendant

17   engaged in "unlawful, fraudulent, and unfair business practices." *Id*., ¶ 152-163. The statute of

18   limitations on this claim when combined with an Unfair Competition Law ("UCL") claim is four

19   years.  *See Cortez v. Purolator Air Filtration Products Co.*, 23 Cal.4th 163, 178-79 (2000).  The

20   overtime claim was pled in the original complaint and, therefore, the statute of limitations is

21   September 5, 2015, and there are approximately 4,080 putative class members in the Overtime

22   class, who worked 157,284 combined workweeks at an average hourly rate of $22.06 per hour.

23   Fresnics Dec., ¶ 8.

24          50.   Defendant denies the validity and merit of the claim for Unpaid Overtime.

25   However, even assuming that putative class members worked just thirty minutes of overtime each

26   week during the statutory period, the amount in controversy for this claim for purposes of removal

27   only, based upon a review of the available data and the individualized calculations which have

28   been run, the amount in controversy for this claim is **$2,602,263.78** [(.5 hours x 157,284

15

workweeks) x ($22.06 average hourly rate x 1.5) = $2,602,263.78]

**2.  $707,778.00 for Failure to Pay Minimum and Regular Wages.**

51.  Plaintiff's second cause of action brought on a class basis (the third cause of action in the SAC) alleges a violation of California Labor Code sections 1194, 1194.2, 1197 and 1198 for unpaid minimum and regular wages.  Plaintiff alleges that she and similar putative Class Members "normally started work from home, gathering equipment, supplies, product brochures, and other information Defendants mailed or otherwise supplied to its workers' homes, unpacking the foregoing materials and placing such materials into their cars to bring to the workplace for set-up and display.  The process of unpacking materials Defendants sent to putative Class Members and traveling to client locations sometimes took minutes, sometimes hours to perform, and Defendants regularly and systematically, as a policy and practice" did not pay for this time."  Exhibit H, ¶¶ 36-37.  Plaintiff also alleges that she and putative Class members were "required to drive their personal vehicles, but were not paid for their travel time." *Id*., ¶ 38.  Plaintiff also claims that she and putative Class Members "were not paid the minimum wage or regular, agreed upon wages when, for example, they drove between two client locations in the same workday, for pre-travel time, and/or for split shift pay, auto-deductions, among other situations." *Id.* ¶, 108.  For her cause of action for Failure to Pay Minimum and Regular Wages, Plaintiff prays for unpaid wages and attorneys' fees. *Id*., ¶ 98.

52.  Plaintiff incorporates her claim for Failure to Pay Minimum and Regular Wages into her claim that Defendant engaged in "unlawful, fraudulent, and unfair business practices." *Id*., ¶ 152-163. The statute of limitations on this claim when combined with an Unfair Competition Law ("UCL") claim is four years. *See Cortez v. Purolator Air Filtration Products Co.*, 23 Cal.4th 163, 178-79 (2000).  The minimum wage claim was pled in the original complaint and, therefore, the statute of limitations is September 5, 2015, and there are approximately 4,080 putative class members in the Minimum Wage Class, who worked 157,284 combined workweeks.  Fresnics Dec., ¶ 8.  The lowest minimum wage in California from September 5, 2015 to date was $9 per hour, which increased to $10 per hour in 2016, $10.50 in 2017, $11 per hour in 2018, $12 per hour in 2019, $13 per hour in 2020 and is currently $14 per hour.  *See* https://www.dir.ca.gov/dlse/

16

faq_minimumwage.htm.

53.     Defendant denies the validity and merit of the claim for Failure to Pay Minimum and Regular Wage.  However, even assuming that putative class members worked just thirty minutes each week for which they were not paid at least minimum wage during the statutory period, the amount in controversy for this claim for purposes of removal only, based upon a review of the available data and the individualized calculations which have been run, the amount in controversy for this claim is **$707,778** [(.5 hours x 157,284 workweeks) x ($9 lowest-possible minimum wage[2]) = $707,778]

### 3.    **$6,019,732.80 for Waiting Time Penalties**

54.     Plaintiff's third class claim (fourth cause of action in the SAC) is for Failure to Pay Wages Within Required Time, in violation of Labor Code §§ 201, 201.3, 202 and 203.

55.     Plaintiff alleges that "when Plaintiffs and other Class members were discharged or resigned, Defendants did not timely pay them all wages due under Labor Code §§ 201-203 including, but not limited to, unpaid minimum wages, regular/agreed upon wages, and/or overtime wages.  Exhibit H, ¶ 62.   Plaintiff seeks a penalty pursuant to Labor Code section 203 of continuing wages for no more than 30 days or until paid.  *Id*., ¶ 115.

56.     Plaintiff's waiting time claim is brought only on behalf of employees whose employment was terminated from February 1, 2019 forward, due to settlement of this claim in a prior class action.  Exhibit H, ¶ 64.  Defendant estimates that there are at least 1,516 individuals who worked for Defendant in California between February 1, 2019 and when Defendant pulled data on June 24, 2021, who have separated their employment. Fresnics Dec., ¶ 9.  They earned, on average, $22.06 per hour and worked an average of six hours per day.  *Id*.

57.     Defendant denies the validity and merit of the putative class members' waiting time

---

[2] Defendant's data does not currently break out total workweeks by year. Accordingly, Defendant used the lowest-possible minimum wage during the statutory period. This is an under-estimation, since that minimum wage was only in effect for three months, between September 5, 2015 and January 1, 2016.  Nonetheless, Defendant uses this lower number to demonstrate how readily the $5 million minimum amount in controversy is met.

penalty claims.  However, for purposes of removal only, Defendant determines the amount in controversy by applying the maximum penalty authorized.  Accordingly, the amount in controversy for this claim is **$6,019,732.80** (30 days x 6 hours per day x $22.06/hour x 1,516 separated employees = $6,019,732.80).

### 4.  **$3,484,500 for Failure to Provide Proper Itemized Wage Statements.**

58.    Plaintiff's fourth class claim (fifth cause of action) is for Failure to Provide Compliant Itemized Wage Statements in violation of Labor Code sections 226 and 1198.  Plaintiff alleges that Defendant knowingly and intentionally failed to furnish Plaintiff and Wage Statement Class members with pay stubs that complied with Labor Code section 226 by failure to "provide correct total hours worked, correct gross and net wages earned, the correct number of hours worked at the correct hourly rates, and the correct hourly rates of pay, among other things." Exhibit H, ¶ 123.  Plaintiff seeks a penalty pursuant to Labor Code section 226(e), which provides for the greater of all actual damages or fifty dollars for the initial pay period in which a violation occurred, and one hundred dollars per employee for each violation in subsequent pay periods, plus attorneys' fees and costs, for herself and members of the Wage Statement Class.  *Id*., ¶ 131.

59.    Plaintiff's wage statement claim is brought on behalf of all employees who worked in California from one year prior to the filing of the original Complaint to present.  Exhibit H, ¶ 20.  There are 2,323 individuals who worked from one year prior to the filing of the Complaint until June 24, 2021.  Fresnics Dec., ¶ 10.  They worked 71,364 combined pay periods, or an average of 30 pay periods per person.  *Id*.

60.    Defendant denies the validity and merit of the putative class members' wage statement penalty claims.  However, for purposes of removal only, Defendant can determine the amount in controversy by applying the penalty that is authorized by statute.  Accordingly, the amount in controversy for the wage statement claim is **$3,484,500** (30 pay periods x 2,323 individuals x $50[3]).

_____

[3] Defendant uses the "first violation" for all wage statements because, at an average of 30 wage
(footnote continued)

NOTICE OF REMOVAL

**5.  $786,420 for Failure to Reimburse Expenses.**

61.     Plaintiff's fifth class claim (sixth cause of action) is for Failure to Reimburse Business Expenses in violation of Labor Code sections 1198 and 2802.  Plaintiff alleges that she and Unreimbursed Expenses Class members for mileage, automobile, cell phone and internet expenses.  Exhibit H, ¶ 135.

62.     Plaintiff incorporates her claim for Failure to Reimburse Business Expenses into her claim that Defendant engaged in "unlawful, fraudulent, and unfair business practices."  *Id.*, ¶ 152-163. The statute of limitations on this claim when combined with an Unfair Competition Law ("UCL") claim is four years.  *See Cortez*, 23 Cal.4th at 178-79.  The reimbursement wage claim was pled in the original complaint and, therefore, the statute of limitations is September 5, 2015, and there are approximately 4,080 putative class members in the Unreimbursed Expenses Class, who worked 157,284 combined workweeks.

63.     Defendant denies the validity and merit of the expense reimbursement claims. However, even assuming that members of the Unreimbursed Business Expenses class incurred a mere five dollars in unreimbursed business expenses per workweek, the amount in controversy for the wage statement claim is **$786,420** (157,284 workweeks x $5 = $786,420).

**6.  $2,480,490.09 for Meal Break Claims.**

64.     Plaintiff's seventh class claim (eighth cause of action) is for Failure to Comply with the Meal and Rest Break Requirements of Labor Code §§ 226.7, 512, 1198 and the applicable IWC Wage Order.  Plaintiff alleges that "Defendants failed to pay premium pay to Plaintiffs for all their missed and noncompliant meal and rest breaks . . . . Defendant also failed to provide Plaintiffs legally-compliant meal and rest periods, or compensation in lieu thereof, during their employment by said Defendants."  Exhibit H, ¶¶ 145, 147.  Plaintiff seeks penalties pursuant to

---

statements per Wage Statement Class member, the maximum of $4,000 per person is not met. Additionally, this is the lowest-possible penalty per wage statement, which demonstrates that there is easily at least $5 million in controversy, since Plaintiff may argue that she and other putative class members are entitled to $100 penalties for "subsequent violations" after the initial noncompliant wage statement, pursuant to Labor Code section 226(e).

Labor Code § 226.7, which allows for a premium payment equivalent to one hour of pay for every day in which the employer fails to comply with the meal and rest period requirements of the Labor Code.  Cal. Lab. Code § 226.7(c).

65.     Plaintiff incorporates her meal and rest break claim into her claim that Defendant engaged in "unlawful, fraudulent, and unfair business practices."  *Id*., ¶ 152-163. The statute of limitations on this claim when combined with an Unfair Competition Law ("UCL") claim is four years.  *See Cortez*, 23 Cal.4[th] at 178-79.  Pursuant to the Parties' stipulation, the meal break claim was tolled as of February 25, 2021 and does not relate back to the filing of the original complaint.  Exhibit G.  Accordingly, the statutory period for the meal period claim is from February 25, 2017 to present.  There were approximately 3,076 individuals who worked in California from February 25, 2017 until June 24, 2021, and they worked a total of approximately 111,583 total workweeks and earned approximately $22.23 per hour.  Fresnics Dec., ¶ 11.

66.     Defendant denies the validity and merit of the meal and rest period claims.  However, even assuming that members of the Meal and Rest Break class incurred a single meal period violation for the statutory period meal break claim, the amount in controversy for the meal break claim *only* is **$2,480,490.09** (111,583 workweeks x $22.23 meal period premium x 1 occurrence per week = $2,480,490.09)

### 7.  <u>Total Amount in Controversy</u>

67.     Based upon the foregoing, the total potential recovery for the Class on their claims for unpaid overtime, unpaid minimum wage, waiting time penalties, noncompliant wage statements, unreimbursed business expenses, and meal break *alone*[4] is at least $16,081,184.70, as

---

[4] Because of the varying statutes of limitations, Defendant did not have a reliable workweek count for the rest break claim and did not include it.  Nor did Defendant include an estimate for attorneys' fees, which may be included when calculating the amount in controversy for removal purposes. *See, e.g., Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorneys' fees may be taken into account to determine jurisdictional amounts).  Moreover, because of the logistics of pulling data, the above is based only on records through June 24, 2021. Fresnics Dec., ¶¶ 13.  The class has continued to grow since the data was pulled.  *Id*. Thus, this estimate is well below the actual amount in controversy.

summarized below:

| Unpaid Overtime | $2,602,263.78 |
|---|---|
| Unpaid Minimum Wages | $707,778.00 |
| Waiting Time Penalties | $6,019,732.80 |
| Wage Statement Penalties | $3,484,500.00 |
| Expense Reimbursement | $786,420.00 |
| Meal Break Penalties | $2,480,490.09 |
| **Total Amount in Controversy** | **$16,081,184.70** |

68.    Accordingly, although Defendant denies Plaintiff's claims of wrongdoing, based on the foregoing, under the Class Action Fairness Act, Plaintiff's claims for damages, penalties, attorneys' fees, and other monetary relief far exceed the $5 million jurisdictional minimum for removal to this court, as required by 28 U.S.C. § 1332(d).

## NOTICE TO PLAINTIFF AND THE STATE COURT

69.    Contemporaneously with the filing of this Notice in this Court, written notice of such filing will be provided to Plaintiff's counsel of record, Kevin F. Woodall of Woodall Law Offices and Thomas D. Rutledge, Attorney-at-Law.

70.    A copy of the Notice of Removal will also be filed with the Clerk of the Superior Court of the County of San Francisco, California.

1

## CONCLUSION

2      71.      **WHEREFORE,** having provided notice as required by law, Defendant removes

3  this action now pending against them in the Superior Court of the State of California, County of

4  San Francisco, to this Honorable Court, and request that this Court retain jurisdiction for all

5  further proceedings.

6  **Dated: September 23, 2021**                      ONGARO PC

7

8                                                    By: _____
                                                        David R. Ongaro
9                                                        Attorneys for Defendant
                                                        CoWorx Staffing Solutions LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 1604 Union Street, San Francisco, CA 94123.

On September 23, 2021, I served a true and correct copy of the documents described as:

**DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. § 1332(D)(2) (CAFA)**

I served this document on the interested parties in this action as follows:

Kevin F. Woodall
WOODALL LAW OFFICES
100 Pine St. Suite 1250
San Francisco, CA 94111
Tel.: (415) 413-4629
Fax: (866) 937-4109
Email: kevin@woodall.com

*Attorneys for Plaintiff Lysette Galvez and those similarly situated*

Thomas D. Rutledge, Esq.
Law Offices of Thomas D. Rutledge
113 West G Street, Suite 231
San Diego, California 92101
Tel.: (619) 886-7224
Fax: (619) 259-5455
Email: thomasrutledgelaw@gmail.com

*Attorneys for Plaintiff Lysette Galvez and those similarly situated*

**SERVICE BY ELECTRONIC TRANSMISSION/E-MAIL:** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I sent the document(s) on the date shown below to the e-mail addresses of the persons listed below. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on September 23, 2021, at San Francisco, California.

_____
Christine M. Gill

1
PROOF OF SERVICE

# EXHIBIT A



**CORPORATE CREATIONS®**
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410

Coworx Staffing Services LLC                                    12/02/2019
Dan Amato, PHR, CSP Senior HR Business Partner
CoWorx Staffing Services LLC
412 Mr. Kemble Ave.
Suite 200 C
Morristown  NJ  07960

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

<span style="border:1px solid">Item: 2019-208</span>

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| 1. | Client Entity: | Coworx Staffing Services LLC |
|---|---|---|
| 2. | Title of Action: | Lysette Galvez, ind. and on behalf of those similarly situated vs. Coworx Staffing Services LLC, et al. |
| 3. | Document(s) Served: | Summons<br>Class Action Complaint |
| 4. | Court/Agency: | San Francisco County Superior Court |
| 5. | State Served: | California |
| 6. | Case Number: | CGC-19-578983 |
| 7. | Case Type: | Failure to Pay Overtime Wages |
| 8. | Method of Service: | Hand Delivered |
| 9. | Date Received: | Monday 11/25/2019 |
| 10. | Date To Client: | Monday 12/2/2019 |
| 11. | # Days When Answer Due: 30<br>Answer Due Date: 12/25/2019 | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | SOP Sender:<br>(Name, City, State, and Phone Number) | Woodall Law Offices<br>San Francisco, CA<br>415-413-4629 |
| 13. | Shipped To Client By: | Email Only with PDF Link |
| 14. | Tracking Number: | |
| 15. | Handled By: | 051 |
| 16. | Notes: | |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

**SUM-100**

# SU..MONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COWORX STAFFING SERVICES LLC, a Delaware Corporation;
MICHAEL EPSTEIN, an individual; and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LYSETTE GALVEZ, individually and on behalf of those similarly
situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Francisco
400 McAllister Street, San Francisco, CA 94102

CASE NUMBER
*(Número del Caso):* CGC-19-578983

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kevin Woodall, 100 Pine Street, Suite 1250, San Francisco, CA 94111; (415) 413-4629

| DATE:<br>*(Fecha)* | SEP 04 2019 | CLERK OF THE COURT, by<br>*(Secretario)* | KALENE APOLONIO | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

**WOODALL LAW OFFICES**
100 PINE STREET, SUITE 1250
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 413-4629
FACSIMILE: (866) 937-4109
KEVIN@KWOODALLLAW.COM

KEVIN F. WOODALL, BAR NO. 180650

ATTORNEYS FOR PLAINTIFF, LYSETTE GALVEZ AND THOSE
SIMILARLY SITUATED·

**F I L E D**
San Francisco County Superior Court

SEP 04 2019

CLERK OF THE COURT
BY: _____
Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

## UNLIMITED JURISDICTION

| | |
|---|---|
| LYSETTE GALVEZ, INDIVIDUALLY AND ON BEHALF OF THOSE SIMILARLY SITUATED, <br><br> PLAINTIFFS, <br><br> V. <br><br> COWORX STAFFING SERVICES LLC, A DELAWARE CORPORATION; MICHAEL EPSTEIN, AN INDIVIDUAL; AND DOES 1 THROUGH 10, INCLUSIVE, <br><br> DEFENDANTS. | CASE NO.  CGC-19-578983 <br><br> CLASS ACTION COMPLAINT <br><br> 1) Failure to Pay Overtime Wages <br> 2) Failure to Pay Minimum and Regular Wages <br> 3) Failure to Make Timely Final Wage Payments <br> 4) Failure to Provide Proper Itemized Wage Statements <br> 5) Failure to Reimburse Expenses <br> 6) Unfair Competition <br> 7) Failure to Timely Produce Wage Statements and Personnel Files <br><br> **JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

1    Plaintiff Lysette Galvez, on behalf of herself and others similarly situated, makes

2   the following allegations against Defendants, Coworx Staffing Services LLC, Michael

3   Epstein, and Does 1 through 10, inclusive.

4    I.    NATURE OF ACTION AND INTRODUCTORY STATEMENT

5    1. Plaintiff LYSETTE GALVEZ ("PLAINTIFF") brings this class action against

6   Defendant COWORX STAFFING SERVICES LLC, MICHAEL EPSTEIN and Does 1

7   through 10, inclusive ("DEFENDANTS") for engaging in systematic violations of wage

8   and hour laws. On information and belief, DEFENDANTS failed to: (1) pay

9   PLAINTIFF and other current and former non-exempt employees overtime wages,

10   regular wages and minimum wages in violation of Labor Code §§ 510, 1194 and 1197,

11   Industrial Welfare Commission Wage Orders (the "IWC Wage Orders"); (2) provide

12   PLAINTIFF and current and former non-exempt California employees with proper wage

13   statements in violation of Labor Code § 226; (3) timely pay all final wages to

14   PLAINTIFF and former non-exempt California employees from February 1, 2019 to

15   present in violation of Labor Code §§ 201-203; and (4) reimburse PLAINTIFF and

16   current and former non-exempt California employees for all business expenses in

17   violation of Labor Code § 2802. PLAINTIFF also contends that they requested their

18   personnel files and wage statements, but DEFENDANTS did not timely produce them.

19    2. PLAINTIFF seeks all damages, restitution, injunctive relief, statutory penalties,

20   and other relief to which she and other similarly situated current and former non-exempt

21   employees of DEFENDANTS are entitled under California law.

22    II.    JURISDICTION AND VENUE

23    3. DEFENDANTS are subject to the Court's personal jurisdiction and have minimal

24   contacts with this county. On information and belief, DEFENDANTS conduct business

25   by providing staffing services to clients within this county. In addition, venue is proper

26   in this Court under Code of Civil Procedure 395 et seq. because, on information and

27   belief, a substantial number of events, obligations, and claims accrued or occurred in this

28   county. DEFENDANT COWORX STAFFING SERVICES LLC is a registered limited

1    liability company in Delaware without an office in California, according to the California

2    Secretary of State's website.  On information and belief, DEFENDANT MICHAEL

3    EPSTEIN resides in New Jersey and owns and operates DEFENDANT COWORX

4    STAFFING SERVICES LLC.

## III.    PARTIES

6        4. PLAINTIFF Lysette Galvez is and at all relevant times was a resident of Chula

7    Vista, California.  From in or about December, 2016 to June, 2019, PLAINTIFF Lysette

8    Galvez was employed by DEFENDANTS and performed temporary staffing services at

9    DEFENDANTS' client locations in and around San Diego, California.

10       5. At all relevant times, PLAINTIFF was a non-exempt employee of

11   DEFENDANTS.  Furthermore, PLAINTIFF is an "aggrieved employees" within the

12   meaning of Labor Code § 2699(c) because she was employed by DEFENDANTS and

13   suffered the Labor Code violations in common with former or current non-exempt

14   employees of DEFENDANTS.

15       6. At all relevant times, DEFENDANT COWORX STAFFING SERVICES LLC

16   was a Delaware limited liability company without an office in the State of California.

17   DEFENDANTS were the employer of PLAINTIFF and other similarly situated current

18   and former employees, as defined in the California Labor Code, Industrial Welfare

19   Commission Wage Orders.   DEFENDANTS provide temporary staffing services to

20   customers in California.

21       7. At all relevant times, DEFENDANT MICHAEL EPSTEIN is a manager and

22   member of DEFENDANT COWORX STAFFING SERVICES LLC who resides in New

23   Jersey.  DEFENDANT MICHAEL EPSTEIN was PLAINTIFF'S employer or a person

24   acting on behalf of PLAINTIFF'S employer who violated or caused to be violated laws

25   relating to minimum and agreed upon wages, overtime wages, hours and days of work,

26   reimbursement of business related expenses, wage statements and payment of all wages

27   at the termination of employment under Labor Code § 558.1.  PLAINTIFF is informed

28   and believes and thereon alleges that DEFENDANTS authorized and/or ratified the

3

1  | conduct and statutory violations alleged herein.

2  | 8. The true names and capacities of the DEFENDANTS named as DOES 1 through

3  | 10, inclusive, are presently unknown to PLAINTIFF. PLAINTIFF will amend this

4  | Complaint, setting forth the true names and capacities of these fictitious DEFENDANTS

5  | when they are ascertained. PLAINTIFF is informed and believes and thereon alleges that

6  | each DEFENDANT, directly or indirectly, or through agents or other persons, jointly

7  | employed PLAINTIFF, and exercised control over her working conditions, pay and

8  | discharge. PLAINTIFF is informed and believes and thereon alleges that, at all relevant

9  | times, each DEFENDANT was the principal, agent, partner, joint venturer, officer,

10 | director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in

11 | interest, alter ego, and/or predecessor in interest of some or all of the other

12 | DEFENDANTS, and was engaged with some or all of the other DEFENDANTS in a

13 | joint enterprise for profit, and bore such other relationships to some or all of the other

14 | DEFENDANTS so as to be liable for their conduct with respect to the matters alleged

15 | below. PLAINTIFF is informed and believes and thereon alleges that each

16 | DEFENDANT acted pursuant to and within the scope of the relationships alleged above,

17 | that each DEFENDANT knew or should have known about, and authorized, ratified,

18 | adopted, approved, controlled, and aided and abetted the conduct of all other

19 | DEFENDANTS.

## IV.    CLASS ACTION ALLEGATIONS

21 | 9. PLAINTIFF brings claims on behalf of herself and all other similarly situated

22 | current and former non-exempt employees of DEFENDANTS who worked in California

23 | (collectively, the "Class") as a class action pursuant to Code of Civil Procedure § 382.

24 | PLAINTIFF seeks to represent the following classes and/or subclasses:

25 | **Overtime Wage Class:** All non-exempt employees who, four years prior to the filing

26 | of this action to the present, worked over eight (8) hours in a workday or forty (40)

27 | hours in a workweek and drove between two client or customer locations in a

28 | workday.

4

CLASS ACTION COMPLAINT

**Minimum Wage Class:** All non-exempt employees who, four years prior to the filing of this action to the present, were not paid when they drove between two client locations in a workday.

**Wage Statement Class:** All California employees who, from one year prior to the filing of this action to the present, are included in the Overtime Wage Class and/or Minimum Wage Class.

**Waiting Time Class:** All former non-exempt employees who, from February 1, 2019 to the present, are in the Overtime Wage Class, the Minimum Wage Class and/or did not receive all wages due on the termination date or within 72 hours of resignation.

**Unreimbursed Expenses Class:** All employees who, four years prior to the filing of this action to the present, were not reimbursed mileage and automobile expenses associated with driving to client locations and/or cell phone and internet expenses despite using such devices or services for business purposes.

10.    PLAINTIFF reserves the right under the Code of Civil Procedure and other applicable authority to amend or modify the class descriptions with greater specificity or further division into subclasses or limitation to particular issues.

11.    PLAINTIFF'S claims are brought and may be maintained as a class action under Code of Civil Procedure § 382.

a.  **Numerosity.** The Class members are so numerous that individual joinder of all of them as plaintiffs is impractical.  While the exact number of Class members is unknown to PLAINTIFF at this time, PLAINTIFF is informed and believes and thereon allege that there are hundreds of members in each Class.

b.  **Commonality.**  There are questions of law or fact common to Class members.  Indeed, common issues of fact and law predominate over individual issues.  These common questions include, but are not limited to, the following:

1.  Whether it was DEFENDANTS' practice or policy not to compensate Overtime Wage Class members and Minimum Wage Class members when

5

they drove between two or more client locations in the same workday;

2. Whether it was DEFENDANTS' practice or policy to provide itemized wage statements (and maintain them for 3 years) that do not include correct gross and net wages earned, the correct total hours worked, and the correct hours worked at each rate of pay for those employees who drove between two client locations in the same workday, among other things required by Labor Code § 226;

3. Whether it was DEFENDANTS' policy or practice to fail to pay Waiting Time Class members all wages earned upon their discharge or within 72 hours of resignation as required by Labor Code §§ 201-203;

4. Whether it was DEFENDANTS' practice or policy to not reimburse Unreimbursed Expenses Class members for auto expenses relating to miles driven between two client locations in the same workday and cell phone and/or internet expenses as required by Labor Code § 2802; and

5. Whether DEFENDANTS engaged in unlawful and unfair wage and hour practices in violation of the California Labor Code, Business & Professions Code § 17200 and IWC Wage Orders.

c. **Typicality.** PLAINTIFF is a member of each Class, and her claims are typical of the claims of the other Class members who PLAINTIFF seeks to represent. PLAINTIFF suffered the same kinds of injuries suffered by other Class members and seeks the same kind of relief sought by other Class members.

d. **Adequate Representation.** PLAINTIFF will adequately and fairly protect the interests of the members of the Class. PLAINTIFF has no interests adverse to the interests of the absent Class members. PLAINTIFF is represented by legal counsel with substantial class action experience in civil litigation and employment law.

12. This case is brought and may be maintained as a class action under Code of Civil Procedure § 382. Questions of law or fact common to class members predominate

6

1  over any questions affecting only individual members, and a class action is superior to

2  other available methods for the fair and efficient adjudication of the controversy.  Class

3  action treatment will allow a large number of similarly situated employees to prosecute

4  their common claims in a single forum, simultaneously, efficiently, and without the

5  unnecessary duplication of effort and expense that numerous individual actions would

6  require.  Further, the monetary amounts due to many individual members are likely to be

7  relatively small, and the burden and expense of individual litigation would make it

8  difficult or impossible for individual Class members to seek and obtain relief.  A class

9  action will serve an important public interest by permitting employees harmed by

10  DEFENDANTS' unlawful practices to effectively pursue recovery of the sums owed to

11  them.

12  ## V. FACTUAL ALLEGATIONS

13  13.    PLAINTIFF and other Class members worked as temporary labor for

14  DEFENDANTS' clients.  They worked at the locations of DEFENDANTS' clients.  On

15  information and belief, PLAINTIFF and other Class members had to drive to multiple

16  client locations on the same workday, but were not reimbursed for mileage expenses or

17  paid for their time when drove between two or more client locations in a workday.

18  DEFENDANTS also failed to otherwise reimburse PLAINTIFF and other Class members

19  for all mileage and automobile expenses.  This resulted in PLAINTIFF and other Class

20  members suffering unreimbursed expenses and unpaid minimum wages, regular/agreed

21  upon wages and overtime wages in violation of Labor Code §§ 2802, 510, 1194 and

22  1197.

23  14.    On information and belief, DEFENDANTS did not reimburse PLAINTIFF

24  and other Class members when they used their cell phones and/or internet to record their

25  hours worked and communicate with DEFENDANTS regarding their jobs.

26  15.    On information and belief, DEFENDANTS failed to provide accurate and

27  compliant wage statements to PLAINTIFF and other Class members in violation of Labor

28  Code § 226.  The wage statements did not contain the correct number of hours worked,

7

1 the correct number of hours of work at each rate of pay, and the correct gross and net

2 wages, among other things. For example, the gross and net wages earned, the number of

3 hours worked and number of hours worked at each rate of pay were incorrect, as noted

4 above, because DEFENDANTS did not pay PLAINTIFF and Class members for all time

5 spent driving between two or more client locations in the same workday.

6      16.      On information and belief, when PLAINTIFF and other Class members

7 were discharged or resigned, DEFENDANTS did not timely pay them all wages due

8 under Labor Code §§ 201-203 including, but not limited to, unpaid minimum wages,

9 regular/agreed upon wages and/or overtime wages. PLAINTIFF is informed and believes

10 that DEFENDANTS settled another class action lawsuit for failing to timely pay final

11 wages under Labor Code §§ 201-203 through January 31, 2019. Accordingly,

12 PLAINTIFF only bring this action on behalf of those whose employment ended on or

13 after February 1, 2019.

14      17.      In May, 2019, PLAINTIFF by and through her counsel made a written

15 request to obtain her wage statements and personnel file pursuant to Labor Code sections

16 226 and 1198.5. DEFENDANTS did not produce any documents until late July, 2019.

17 On information and belief, when documents were produced, DEFENDANTS did not

18 produce all responsive documents.

19                **VI.**    **CAUSES OF ACTION**

20                      **FIRST CAUSE OF ACTION**

21            **FAILURE TO PAY OVERTIME WAGES**
            **(Violation of Labor Code §§ 510 and 1194)**

22

23     **(By PLAINTIFF, on behalf of herself and the Overtime Wage Class)**

24      18.      PLAINTIFF realleges and incorporates by reference the foregoing

25 paragraphs as though fully set forth herein.

26      19.      PLAINTIFF and the Overtime Wage Class members were "non-exempt"

27 employees of DEFENDANTS who did not receive proper protections and benefits of the

28 laws governing payment of overtime wages.

20.     During the time of PLAINTIFF'S and the Overtime Wage Class members' employment with DEFENDANTS, they were not exempt from receiving overtime compensation and were entitled to receive overtime compensation under Labor Code §§ 510, 1194 and 1198 and IWC Wage Orders for any and all work performed in excess of 8 hours per day, and/or for any and all work performed in excess of 40 hours per week.

21.     On information and belief, DEFENDANTS knowingly and willfully failed to pay PLAINTIFF and the Overtime Wage Class members all overtime compensation owed to them, including: (a) 1.5 times their regular rate of pay for hours worked in excess of 8 hours per day and 40 hours per week and during the first 8 hours worked on the seventh day of a workweek; and/or (b) 2 times their regular rate of pay for all hours worked in excess of 12 hours per day and for any work performed in excess of 8 hours on any seventh day of a workweek.  On information and belief, DEFENDANTS failed to pay overtime wages for all such hours because DEFENDANTS did not pay wages when employees drove between two client locations in the same workday.

22.     On information and belief, as a direct result, PLAINTIFF and the Overtime Wage Class members have suffered and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages and expenses and attorney's fees in seeking to compel DEFENDANTS to fully perform their obligations under the Labor Code, all to their respective damage in amounts according to proof at trial.  PLAINTIFF, on behalf of herself and the Overtime Wage Class members, seek to recover in a civil action the unpaid balance of the full amount of the unpaid overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit, and other remedies provided under the Labor Code.

## SECOND CAUSE OF ACTION
### FAILURE TO PAY MINIMUM AND REGULAR WAGES
(Violation of Labor Code §§ 1194, 1194.2 and 1197)

**(By PLAINTIFF, on behalf of herself and the Minimum Wage Class)**

23.     PLAINTIFF realleges and incorporates by reference the foregoing

9

1  paragraphs as though fully set forth herein.

2      24.    Labor Code § 1194(a) states: "Notwithstanding any agreement to work for

3  a lesser wage, any employee receiving less than the legal minimum wage or the legal

4  overtime compensation applicable to the employee is entitled to recover in a civil action

5  the unpaid balance of the full amount of this minimum wage or overtime compensation,

6  including interest thereon, reasonable attorney's fees, and costs of suit."

7      25.    Labor Code § 1194.2 states: "In any action under Section 98, 1193.6, 1194,

8  or 1197.1 to recover wages because of the payment of a wage less than the minimum

9  wage fixed by an order of the commission or by statute, an employee shall be entitled to

10  recover liquidated damages in an amount equal to the wages unlawfully unpaid and

11  interest thereon." This provision also provides for liquidated damages equal to

12  unlawfully unpaid minimum wages, with interest.

13      26.    Labor Code § 1197 states: "The minimum wage for employees fixed by the

14  commission is the minimum wage to be paid to employees, and the payment of a less

15  wage than minimum wage so fixed is unlawful."

16      27.    Pursuant to the applicable Wage Order, an employer may not pay

17  employees less than the applicable minimum wage for all hours worked.

18      28.    On information and belief, PLAINTIFF and Minimum Wage Class

19  members were not paid the minimum wage or regular, agreed upon wages when they

20  drove between two client locations in the same workday.

21      29.    On information and belief, as a direct result, PLAINTIFF and the Minimum

22  Wage Class members have suffered and continue to suffer, substantial losses related to

23  the use and enjoyment of such wages, lost interest on such wages and expenses and

24  attorney's fees in seeking to compel DEFENDANTS to fully perform their obligations

25  under the Labor Code, all to their respective damage in amounts according to proof at

26  trial. PLAINTIFF, on behalf of herself and the Minimum Wage Class members, seeks to

27  recover in a civil action the unpaid balance of the full amount of the unpaid minimum

28  wage and regular wage compensation and liquidated damages, including interest thereon,

10

1 | reasonable attorney's fees, and costs of suit, and other remedies provided under the Labor

2 | Code.

3 | ### THIRD CAUSE OF ACTION
### FAILURE TO PAY WAGES WITHIN REQUIRED TIME
4 | (Violations of Labor Code §§ 201, 202 and 203)

5 | **(By PLAINTIFF, on behalf of herself and the Waiting Time Class)**

6 |

7 | 30.     PLAINTIFF realleges and incorporates by reference the foregoing

8 | paragraphs as though fully set forth herein.

9 | 31.     Labor Code § 201 requires DEFENDANTS to immediately pay any wages,

10 | without abatement or reduction, to any employee who is discharged.  Labor Code § 202

11 | requires DEFENDANTS to pay all wages earned and unpaid, without abatement or

12 | reduction, no later than 72 hours of receiving an employee's notice of intent to quit or

13 | immediately at the time of quitting if the employee provided at least 72 hours' notice of

14 | intent to quit.

15 | 32.     For a willful violation of Labor Code §§ 201 and/or 202, Labor Code § 203

16 | causes the unpaid wages of the employee to continue as a penalty from the due date

17 | thereof at the same rate until paid, but the wages shall not continue for more than 30

18 | days.

19 | 33.     On information and belief, DEFENDANTS willfully did not provide

20 | PLAINTIFF and Waiting Time Class members, after their discharge or resignation, with

21 | all wages due and owing including, but not limited to, all minimum wages, regular/agreed

22 | upon wages, overtime wages and premium pay by the times specified by Labor Code §

23 | 201 or 202.  Consequently, pursuant to Labor Code § 203, DEFENDANTS owe

24 | PLAINTIFF and Waiting Time Class members the above-described waiting time penalty,

25 | all in an amount to be shown according to proof at trial, which PLAINTIFF seeks on

26 | behalf of herself and the Waiting Time Class.

27 |

28 |

## FOURTH CAUSE OF ACTION
## FAILURE TO PROVIDE COMPLIANT ITEMIZED WAGE STATEMENTS
### (Violation of Labor Code § 226)

### (By PLAINTIFF, on behalf of herself and the Wage Statement Class)

34.    PLAINTIFF realleges and incorporates the foregoing paragraphs as though fully set forth herein.

35.    Labor Code § 226(a) requires that employers, including DEFENDANTS, to furnish employees with each wage payment an accurate, itemized writing that shows gross wages earned, total hours worked, all deductions, net wages earned, the inclusive dates of the period for which the employee is paid, the name and address of the legal entity that is the employer, the name of the employee and the portion of his or her social security number (or identification number) as required by law, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, among other things

36.    On information and belief, DEFENDANTS knowingly and intentionally failed to provide PLAINTIFF and Wage Statement Class members with the above-described writing required by Labor Code § 226 through actions alleged herein including, but not limited to, a failure to provide correct total hours worked, correct gross and net wages earned, the correct number of hours worked at the correct hourly rates, and the correct hourly rates of pay, among other things.  On information and belief, DEFENDANTS did not pay PLAINTIFF and Wage Statement Class members all wages due for driving between two or more client locations in the same workday, which made their wage statements inaccurate.

37.    On information and belief, DEFENDANTS' failure to provide a proper writing deprived PLAINTIFF and Wage Statement Class members with the ability to know, understand and question the calculation and rate of pay and hours used to calculate the wages paid by DEFENDANTS.  Indeed, a reasonable person could not determine from the wage statements alone the correct total hours worked, the correct hours worked

12

1    at each rate of pay or the correct gross and net wages earned, among other things.

2    PLAINTIFF and Wage Statement Class members, therefore, had no way to dispute the

3    resulting miscalculation of wages, all of which resulted in an unjustified economic

4    enrichment to DEFENDANTS. DEFENDANTS' failure to provide the proper writing

5    also required PLAINTIFF and Wage Statement Class members to spend and continue to

6    spend attorney's fees and costs to determine the wages owed to them. As a direct result,

7    PLAINTIFF and Wage Statement Class members suffered and continue to suffer,

8    substantial losses related to the use and enjoyment of such wages, lost interest on such

9    wages and expenses and attorney's fees and costs in seeking to gather information and

10   compel DEFENDANTS to fully perform their obligations under state law, all to their

11   respective damage in amounts according to proof at trial.

12       38.      Labor Code § 226(e) requires DEFENDANT to pay the greater of all actual

13   damages or fifty dollars ($50.00) for the initial pay period in which a violation occurred,

14   and one hundred dollars ($100.00) per employee for each violation in subsequent pay

15   periods, plus attorney's fees and costs, to PLAINTIFF and Wage Statement Class

16   members who were injured by DEFENDANTS' failure to comply with Labor Code §

17   226(a), which PLAINTIFF seeks on behalf of herself and the Wage Statement Class. The

18   exact amount of the applicable penalty is all in an amount to be shown according to proof

19   at trial.

<div align="center">

**FIFTH CAUSE OF ACTION**
**FAILURE TO REIMBURSE BUSINESS EXPENSES**
**(Violation of Labor Code § 2802)**

**(By PLAINTIFF, on behalf of herself and the Unreimbursed**
**Expenses Class)**

</div>

25       39.      PLAINTIFF realleges and incorporates by reference the foregoing

26   paragraphs as though fully set forth herein.

27       40.      Pursuant to California Labor Code Section 2802, an employer must

28   indemnify its employees "for all necessary expenditures or losses incurred by the

<div align="center">

13

**CLASS ACTION COMPLAINT**

</div>

1  employee in direct consequence of the discharge of his or her duties . . . ."

2      41.      On information and belief, PLAINTIFF and the Unreimbursed Expenses

3  Class members made necessary expenditures and incurred losses as a direct consequence

4  of the discharge of their duties and in obedience to the directions of DEFENDANTS

5  including, but not limited to, mileage and automobile expenses, cell phone expenses and

6  internet expenses.

7      42.      On information and belief, DEFENDANTS knew they were incurring the

8  expenses and were responsible for reimbursing PLAINTIFF and Unreimbursed Expenses

9  Class members for their expenditures and losses as a direct consequence of the discharge

10  of their duties, but failed to do so.

11      43.      On information and belief, as a result of DEFENDANTS' unlawful

12  conduct, PLAINTIFF and Unreimbursed Expenses Class members have suffered

13  damages in an amount within the limited jurisdiction of the Court. PLAINTIFF and the

14  Unreimbursed Expenses Class are entitled to recover the full amount of the unpaid

15  expenditures and losses, interest thereon, reasonable attorney's fees and costs of suit.

16              **SIXTH CAUSE OF ACTION**
                **UNFAIR COMPETITION**
17          **(Violation of Business and Professions Code § 17200)**

18      **(By PLAINTIFF, on behalf of herself and the Minimum Wage Class, Overtime**
19              **Wage Class and Unreimbursed Expenses Class)**

20      44.      PLAINTIFF realleges and incorporates by reference the foregoing

21  paragraphs as though fully set forth herein.

22      45.      California Business & Professions Code § 17200 et seq. prohibits acts of

23  unfair competition, which includes any "unlawful, unfair or fraudulent business act or

24  practice..." On information and belief, PLAINTIFF and the Minimum Wage Class,

25  Overtime Wage Class and Unreimbursed Expenses Class members, as herein alleged,

26  have suffered and continue to suffer injuries in fact, due to the unlawful, fraudulent and

27  unfair business practices of DEFENDANTS.

28      46.      As alleged herein, on information and belief, DEFENDANTS

                                14

1  systematically engaged in unlawful conduct such as wage and hour violations, failing to

2  pay proper wages and monies for hours worked and failing to reimburse employees for

3  necessary business-related expenses all in order to decrease its costs of doing business

4  and increase profits.

5      47.      On information and belief, at the time that PLAINTIFF and the Minimum

6  Wage Class, Overtime Wage Class and Unreimbursed Expenses Class members were

7  hired, DEFENDANTS knowingly, intentionally and illegally misrepresented to each of

8  them conformance with the California Labor Code and/or IWC Wage Orders, including

9  the payment all wages due and the reimbursement of the expenses.

10     48.      On information and belief, from the time that PLAINTIFF and the

11  Minimum Wage Class, Overtime Wage Class and Unreimbursed Expenses Class

12  members were hired, DEFENDANTS failed to comply with the California Labor Code

13  and IWC Wage Orders through their actions as herein alleged including, but not limited

14  to its failure to: (1) failure to provide minimum wages, regular/agreed upon wages and

15  overtime wages when they drove between two client locations in the same workday, and

16  (2) provide reimbursement for all business related expenses.

17     49.      At all times relevant, on information and belief, DEFENDANTS

18  intentionally avoided paying to PLAINTIFF and the Minimum Wage Class, Overtime

19  Wage Class and Unreimbursed Expenses Class members wages and monies and other

20  financial obligations attached thereto, thereby creating for DEFENDANTS an artificially

21  lower cost of doing business in order to undercut competitors and establish and/or gain a

22  greater foothold in the marketplace, all to the detriment of PLAINTIFF and the Minimum

23  Wage Class, Overtime Wage Class and Unreimbursed Expenses Class members.

24     50.      On information and belief, at all times relevant herein PLAINTIFF and the

25  Minimum Wage Class, Overtime Wage Class and Unreimbursed Expenses Class

26  members relied on and believed DEFENDANTS' representations concerning its

27  conformance with the California wage and hour laws, all to their detriment.

28     51.      On information and belief, as a result of DEFENDANTS' intentional,

1  willful, purposeful, illegal and fraudulent misrepresentation of its conformance with the

2  Labor Code and IWC Wage Orders, PLAINTIFF and the Minimum Wage Class,

3  Overtime Wage Class and Unreimbursed Expenses Class members suffered a loss of

4  wages and monies, all in an amount to be shown according to proof at trial.  By violating

5  the foregoing statutes and regulations as herein alleged, DEFENDANTS' acts constitute

6  unfair, fraudulent and unlawful business practices under Business and Professions Code §

7  17200 et seq.

8      52.      As a result of the unfair, fraudulent and unlawful business practices of

9  DEFENDANTS alleged herein, PLAINTIFF and the Minimum Wage Class, Overtime

10  Wage Class and Unreimbursed Expenses Class members are entitled to declaratory relief,

11  injunctive relief, disgorgement, and restitution in an amount according to proof.  As

12  private attorneys general under California Civil Code § 1021.5, PLAINTIFF, on behalf of

13  herself and the Minimum Wage Class, Overtime Wage Class and Unreimbursed

14  Expenses Class members seek to recover any and all attorney's fees incurred herein.

15  
**SEVENTH CAUSE OF ACTION**
**FAILURE TO PRODUCE PERSONNEL FILE AND WAGE STATEMENTS**
16  (Violation of Labor Code §§ 226(b) & (c) and 1198.5)

17  **(By PLAINTIFF, On Behalf of Herself)**

18      53.      PLAINTIFF realleges and incorporates by reference the foregoing

19  paragraphs as though fully set forth herein.

20      54.      Labor Code § 226(b) provides an employer shall afford current and former

21  employees the right to inspect or copy records pertaining to their employment, upon

22  reasonable request to the employer.  Labor Code § 226(c) provides that an employer who

23  receives a written or oral request to inspect or copy records pertaining to a current or

24  former employee shall comply with the request as soon as practicable, but no later than

25  21 calendar days from the date of the request.  If an employer fails to permit a current or

26  former employee to inspect or copy records within 21 days of the request, the current or

27  former employee is entitled to a $750 penalty, injunctive relief and an award of costs and

28  reasonable attorney's fees under Labor Code § 226(f) & (g).  Labor Code § 1198.5

16

1  provides that current and former employees, through their representatives or otherwise,

2  have the right to inspect and receive a copy of their personnel files within 30 calendar

3  days of making a written request.  If an employer fails to permit the inspection of the

4  personnel file within 30 calendar days of the request, the current or former employee may

5  recover a penalty of $750 and seek to compel the employer to produce the records, along

6  with costs and reasonable attorney's fees under Labor Code § 1198.5(k) & (l), which

7  PLAINTIFF seeks.

8    55.    In May, 2019, by and through her attorneys, PLAINTIFF made a written

9  request for their personnel file, wage statements and documents signed by PLAINTIFF

10  relating to the obtaining or holding employment, and other records relating to

11  PLAINTIFF'S employment.  DEFENDANTS failed to produce all requested documents

12  within 30 days of the written request in violation of Labor Code §§ 226, 432 and 1198.5.

13  While some documents were produced in late July, 2019, on information and belief,

14  DEFENDANTS still have not produced all responsive documents as of the filing of this

15  action and should be compelled to do so.

16    56.    As a result, PLAINTIFF is entitled to and each seeks $750 in penalties

17  under both Labor Code §§ 226 and 1198.5, injunctive relief and reasonable attorney's

18  fees and costs.

19                          **PRAYER FOR RELIEF**

20    WHEREFORE, PLAINTIFF, on behalf of herself and similarly situated current

21  and former employees of DEFENDANTS, including the Minimum Wage Class,

22  Overtime Wage Class, Unreimbursed Expenses Class, Waiting Time Class and Wage

23  Statement Class members, pray for judgment and relief against DEFENDANTS as

24  follows:

25    a.    An order certifying that PLAINTIFF may pursue her claims against

26  DEFENDANTS as a class action on behalf of the Minimum Wage Class, Overtime Wage

27  Class, Unreimbursed Expenses Class, Waiting Time Class and Wage Statement Class

28  members under Code of Civil Procedure 382;

1          b.      An order appointing PLAINTIFF as Class representative and
2    appointing PLAINTIFF'S counsel as Class Counsel;

3          c.      For general damages and special damages including, but not limited
4    to, unpaid minimum wages, agreed upon wages, overtime wages, and unreimbursed
5    expenses;

6          d.      For reasonable attorney fees, cost of suit, and interest to the extent
7    permitted by law, including pursuant to Civil Code § 1021.5 and Labor Code;

8          e.      For liquidated damages pursuant to the Labor Code;

9          f.      Statutory penalties under Labor Code sections 226 and 203 and other
10   applicable Labor Code provisions;

11         g.      For restitution, injunctive relief, declaratory relief and other relief
12   provided by Business and Professions Code § 17200 et seq., including a declaratory
13   judgment that DEFENDANTS violated Labor Code §§ 510, 1194, 1197 and other
14   provisions of the Labor Code and/or Orders of the Industrial Welfare Commission, and a
15   permanent injunction prohibiting DEFENDANTS from future violations of the same
16   laws;

17         h.      For an order requiring DEFENDANTS to restore and disgorge all
18   funds to PLAINTIFF and Class members acquired by means of any act or practice
19   declared by this Court to be unlawful, unfair or fraudulent and, therefore, constituting
20   unfair competition under Business and Professions Code § 17200 et seq.;

21         i.      For an accounting to determine all money wrongfully obtained and
22   held by DEFENDANTS;

23         j.      Penalties and injunctive relief under Labor Code §§ 226(f)&(g) and
24   1198.5(k);

25         k.      For pre- and post-judgment interest, and

26

27

28

<div align="center">18</div>
<div align="center">CLASS ACTION COMPLAINT</div>

1     l.     For such other relief as the Court deems just and proper.

2

3   DATE:  SEPTEMBER 4, 2019                    WOODALL LAW OFFICES

4

5                                        BY: _____

6                                            KEVIN F. WOODALL
                                            ATTORNEYS FOR PLAINTIFF, LYSETTE
7                                            GALVEZ AND SIMILARLY SITUATED
                                            FORMER AND CURRENT EMPLOYEES OF
8                                            DEFENDANTS

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    19

NOV 2 5 2019

# EXHIBIT B



**WOODALL LAW OFFICES**
100 PINE STREET, SUITE 1250
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 413-4629
FACSIMILE: (866) 937-4109
KEVIN@KWOODALLLAW.COM

KEVIN F. WOODALL, BAR NO. 180650

ATTORNEYS FOR PLAINTIFF, LYSETTE GALVEZ AND THOSE
SIMILARLY SITUATED

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**11/12/2019**
Clerk of the Court
BY: KALENE APOLONIO
Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

### UNLIMITED JURISDICTION

LYSETTE GALVEZ, INDIVIDUALLY AND ON BEHALF OF THOSE SIMILARLY SITUATED,

PLAINTIFFS,

v.

COWORX STAFFING SERVICES LLC, A DELAWARE CORPORATION; MICHAEL EPSTEIN, AN INDIVIDUAL; AND DOES 1 THROUGH 10, INCLUSIVE,

DEFENDANTS.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. CGC-19-578983

FIRST AMENDED CLASS ACTION COMPLAINT AND PAGA REPRESENTATIVE ACTION

1) Failure to Pay Overtime Wages
2) Failure to Pay Minimum and Regular Wages
3) Failure to Make Timely Final Wage Payments
4) Failure to Provide Proper Itemized Wage Statements
5) Failure to Reimburse Expenses
6) Unfair Competition
7) Failure to Timely Produce Wage Statements and Personnel Files
8) Private Attorneys General Act Relating To Unpaid Overtime Wages
9) Private Attorneys General Act Relating To Unpaid Minimum Wages and Regular Wages
10) Private Attorneys General Act Relating To Failure To Make Timely Final Wage Payments
11) Private Attorneys General Act Relating To Failure to Reimburse Expenses

**JURY TRIAL DEMANDED**

FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Lysette Galvez, on behalf of herself and others similarly situated, makes the following allegations against Defendants, Coworx Staffing Services LLC, Michael Epstein, and Does 1 through 10, inclusive.

## I.     NATURE OF ACTION AND INTRODUCTORY STATEMENT

1. Plaintiff LYSETTE GALVEZ ("PLAINTIFF") brings this class action against Defendant COWORX STAFFING SERVICES LLC, MICHAEL EPSTEIN and Does 1 through 10, inclusive ("DEFENDANTS") for engaging in systematic violations of wage and hour laws.  On information and belief, DEFENDANTS failed to: (1) pay PLAINTIFF and other current and former non-exempt employees overtime wages, regular wages and minimum wages in violation of Labor Code §§ 510, 1194 and 1197, Industrial Welfare Commission Wage Orders (the "IWC Wage Orders"); (2) provide PLAINTIFF and current and former non-exempt California employees with proper wage statements in violation of Labor Code § 226; (3) timely pay all final wages to PLAINTIFF and former non-exempt California employees from February 1, 2019 to present in violation of Labor Code §§ 201-203; and (4) reimburse PLAINTIFF and current and former non-exempt California employees for all business expenses in violation of Labor Code § 2802.  PLAINTIFF also contends that they requested their personnel files and wage statements, but DEFENDANTS did not timely produce them. PLAINTIFF also brings Private Attorneys General Act ("PAGA") claims against DEFENDANTS for the same violations, among others.

2. PLAINTIFF seeks all damages, restitution, injunctive relief, statutory penalties, civil penalties and other relief to which she and other similarly situated current and former non-exempt employees of DEFENDANTS are entitled under California law.

## II.     JURISDICTION AND VENUE

3. DEFENDANTS are subject to the Court's personal jurisdiction and have minimal contacts with this county.  On information and belief, DEFENDANTS conduct business by providing staffing services to clients within this county.  In addition, venue is proper in this Court under Code of Civil Procedure 395 et seq. because, on information and

2

belief, a substantial number of events, obligations, and claims accrued or occurred in this county.  DEFENDANT COWORX STAFFING SERVICES LLC is a registered limited liability company in Delaware without an office in California, according to the California Secretary of State's website.  On information and belief, DEFENDANT MICHAEL EPSTEIN resides in New Jersey and owns and operates DEFENDANT COWORX STAFFING SERVICES LLC.

### III.     PARTIES

4. PLAINTIFF Lysette Galvez is and at all relevant times was a resident of Chula Vista, California.  From in or about December, 2016 to June, 2019, PLAINTIFF Lysette Galvez was employed by DEFENDANTS and performed temporary staffing services at DEFENDANTS' client locations in and around San Diego, California.

5. At all relevant times, PLAINTIFF was a non-exempt employee of DEFENDANTS.  Furthermore, PLAINTIFF is an "aggrieved employees" within the meaning of Labor Code § 2699(c) because she was employed by DEFENDANTS and suffered the Labor Code violations in common with former or current non-exempt employees of DEFENDANTS.

6. At all relevant times, DEFENDANT COWORX STAFFING SERVICES LLC was a Delaware limited liability company without an office in the State of California. DEFENDANTS were the employer of PLAINTIFF and other similarly situated current and former employees, as defined in the California Labor Code, Industrial Welfare Commission Wage Orders.   DEFENDANTS provide temporary staffing services to customers in California.

7. At all relevant times, DEFENDANT MICHAEL EPSTEIN is a manager and member of DEFENDANT COWORX STAFFING SERVICES LLC who resides in New Jersey.  DEFENDANT MICHAEL EPSTEIN was PLAINTIFF'S employer or a person acting on behalf of PLAINTIFF'S employer who violated or caused to be violated laws relating to minimum and agreed upon wages, overtime wages, hours and days of work, reimbursement of business related expenses, wage statements and payment of all wages

1    at the termination of employment under Labor Code § 558.1. PLAINTIFF is informed

2    and believes and thereon alleges that DEFENDANTS authorized and/or ratified the

3    conduct and statutory violations alleged herein.

4        8. The true names and capacities of the DEFENDANTS named as DOES 1 through

5    10, inclusive, are presently unknown to PLAINTIFF. PLAINTIFF will amend this

6    Complaint, setting forth the true names and capacities of these fictitious DEFENDANTS

7    when they are ascertained. PLAINTIFF is informed and believes and thereon alleges that

8    each DEFENDANT, directly or indirectly, or through agents or other persons, jointly

9    employed PLAINTIFF, and exercised control over her working conditions, pay and

10    discharge. PLAINTIFF is informed and believes and thereon alleges that, at all relevant

11    times, each DEFENDANT was the principal, agent, partner, joint venturer, officer,

12    director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in

13    interest, alter ego, and/or predecessor in interest of some or all of the other

14    DEFENDANTS, and was engaged with some or all of the other DEFENDANTS in a

15    joint enterprise for profit, and bore such other relationships to some or all of the other

16    DEFENDANTS so as to be liable for their conduct with respect to the matters alleged

17    below. PLAINTIFF is informed and believes and thereon alleges that each

18    DEFENDANT acted pursuant to and within the scope of the relationships alleged above,

19    that each DEFENDANT knew or should have known about, and authorized, ratified,

20    adopted, approved, controlled, and aided and abetted the conduct of all other

21    DEFENDANTS.

## IV.    CLASS ACTION ALLEGATIONS

22

23        9. PLAINTIFF brings claims on behalf of herself and all other similarly situated

24    current and former non-exempt employees of DEFENDANTS who worked in California

25    (collectively, the "Class") as a class action pursuant to Code of Civil Procedure § 382.

26    PLAINTIFF seeks to represent the following classes and/or subclasses:

27        **Overtime Wage Class:** All non-exempt employees who, four years prior to the filing

28        of this action to the present, worked over eight (8) hours in a workday or forty (40)

4

hours in a workweek and drove between two client or customer locations in a workday.

**Minimum Wage Class:** All non-exempt employees who, four years prior to the filing of this action to the present, were not paid when they drove between two client locations in a workday.

**Wage Statement Class:** All California employees who, from one year prior to the filing of this action to the present, are included in the Overtime Wage Class and/or Minimum Wage Class.

**Waiting Time Class:** All former non-exempt employees who, from February 1, 2019 to the present, are in the Overtime Wage Class, the Minimum Wage Class and/or did not receive all wages due on the termination date or within 72 hours of resignation.

**Unreimbursed Expenses Class:** All employees who, four years prior to the filing of this action to the present, were not reimbursed mileage and automobile expenses associated with driving to client locations and/or cell phone and internet expenses despite using such devices or services for business purposes.

10.        PLAINTIFF reserves the right under the Code of Civil Procedure and other applicable authority to amend or modify the class descriptions with greater specificity or further division into subclasses or limitation to particular issues.

11.        PLAINTIFF'S claims are brought and may be maintained as a class action under Code of Civil Procedure § 382.

a. **Numerosity**. The Class members are so numerous that individual joinder of all of them as plaintiffs is impractical. While the exact number of Class members is unknown to PLAINTIFF at this time, PLAINTIFF is informed and believes and thereon allege that there are hundreds of members in each Class.

b. **Commonality**. There are questions of law or fact common to Class members. Indeed, common issues of fact and law predominate over individual issues. These common questions include, but are not limited to, the following:

5

1. Whether it was DEFENDANTS' practice or policy not to compensate Overtime Wage Class members and Minimum Wage Class members when they drove between two or more client locations in the same workday;

2. Whether it was DEFENDANTS' practice or policy to provide itemized wage statements (and maintain them for 3 years) that do not include correct gross and net wages earned, the correct total hours worked, and the correct hours worked at each rate of pay for those employees who drove between two client locations in the same workday, among other things required by Labor Code § 226;

3. Whether it was DEFENDANTS' policy or practice to fail to pay Waiting Time Class members all wages earned upon their discharge or within 72 hours of resignation as required by Labor Code §§ 201-203;

4. Whether it was DEFENDANTS' practice or policy to not reimburse Unreimbursed Expenses Class members for auto expenses relating to miles driven between two client locations in the same workday and cell phone and/or internet expenses as required by Labor Code § 2802; and

5. Whether DEFENDANTS engaged in unlawful and unfair wage and hour practices in violation of the California Labor Code, Business & Professions Code § 17200 and IWC Wage Orders.

c. **Typicality.** PLAINTIFF is a member of each Class, and her claims are typical of the claims of the other Class members who PLAINTIFF seeks to represent. PLAINTIFF suffered the same kinds of injuries suffered by other Class members and seeks the same kind of relief sought by other Class members.

d. **Adequate Representation.** PLAINTIFF will adequately and fairly protect the interests of the members of the Class. PLAINTIFF has no interests adverse to the interests of the absent Class members. PLAINTIFF is represented by legal counsel with substantial class action experience in civil litigation and employment law.

6

12.     This case is brought and may be maintained as a class action under Code of Civil Procedure § 382.  Questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Class action treatment will allow a large number of similarly situated employees to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.  Further, the monetary amounts due to many individual members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual Class members to seek and obtain relief.  A class action will serve an important public interest by permitting employees harmed by DEFENDANTS' unlawful practices to effectively pursue recovery of the sums owed to them.

## V. FACTUAL ALLEGATIONS

13.     PLAINTIFF and other Class members worked as temporary labor for DEFENDANTS' clients.  They worked at the locations of DEFENDANTS' clients.  On information and belief, PLAINTIFF and other Class members had to drive to multiple client locations on the same workday, but were not reimbursed for mileage expenses or paid for their time when drove between two or more client locations in a workday.  DEFENDANTS also failed to otherwise reimburse PLAINTIFF and other Class members for all mileage and automobile expenses.  This resulted in PLAINTIFF and other Class members suffering unreimbursed expenses and unpaid minimum wages, regular/agreed upon wages and overtime wages in violation of Labor Code §§ 2802, 510, 1194 and 1197.

14.     On information and belief, DEFENDANTS did not reimburse PLAINTIFF and other Class members when they used their cell phones and/or internet to record their hours worked and communicate with DEFENDANTS regarding their jobs.

15.     On information and belief, DEFENDANTS failed to provide accurate and

7

compliant wage statements to PLAINTIFF and other Class members in violation of Labor Code § 226. The wage statements did not contain the correct number of hours worked, the correct number of hours of work at each rate of pay, and the correct gross and net wages, among other things. For example, the gross and net wages earned, the number of hours worked and number of hours worked at each rate of pay were incorrect, as noted above, because DEFENDANTS did not pay PLAINTIFF and Class members for all time spent driving between two or more client locations in the same workday.

16.    On information and belief, when PLAINTIFF and other Class members were discharged or resigned, DEFENDANTS did not timely pay them all wages due under Labor Code §§ 201-203 including, but not limited to, unpaid minimum wages, regular/agreed upon wages and/or overtime wages. On further information and belief, PLAINTIFF and other Class members were not paid weekly, in violation of Labor Code § 201.3. PLAINTIFF is informed and believes that DEFENDANTS settled another class action lawsuit for failing to timely pay final wages under Labor Code §§ 201-203 through January 31, 2019. Accordingly, PLAINTIFF only bring this action on behalf of those whose employment ended on or after February 1, 2019.

17.    In May, 2019, PLAINTIFF by and through her counsel made a written request to obtain her wage statements and personnel file pursuant to Labor Code sections 226 and 1198.5. DEFENDANTS did not produce any documents until late July, 2019. On information and belief, when documents were produced, DEFENDANTS did not produce all responsive documents.

18.    Pursuant to Labor Code § 2699, any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") or any of its departments, divisions, commissions, boards, agencies or employees for violation of the code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former California employees pursuant to the procedures specified in Labor Code § 2699.3.

FIRST AMENDED CLASS ACTION COMPLAINT

19.    PLAINTIFF is an "aggrieved employee" because she was employed by the alleged violators and had one or more of the alleged violations committed against her, and therefore is properly suited to represent the interests of other current and former non-exempt and exempt California employees of DEFENDANTS who had the same, similar or other violations committed against them ("PAGA Represented Employees").

20.    PLAINTIFF exhausted her administrative remedies and notice requirements by the online filing of a letter with the LWDA on or about September 5, 2019, which sets forth allegations contained herein including, but not limited to, violations of Labor Code §§ 201-204, 210, 225.5, 226, 226.3, 226.7, 510, 512, 558, 1174, 1175, 1194, 1197, 1197.1, 1198 and 2802.  PLAINTIFF also paid the required $75 filing fee to the LWDA on the same date pursuant to Labor Code § 2699.3(a)(1)(B).  Further, the letter was served on DEFENDANTS via certified mail on the same date.  The LWDA did not respond within the 65-day statutory period for the LWDA to respond under Labor Code § 2699.3(a)(2)(A).  Thus, PLAINTIFF exhausted her administrative remedies and notice requirements under the Private Attorneys General Act and is authorized to pursue this representative action against DEFENDANTS pursuant to Labor Code § 2699.3.

## VI.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FAILURE TO PAY OVERTIME WAGES
### (Violation of Labor Code §§ 510 and 1194)

**(By PLAINTIFF, on behalf of herself and the Overtime Wage Class)**

21.    PLAINTIFF realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

22.    PLAINTIFF and the Overtime Wage Class members were "non-exempt" employees of DEFENDANTS who did not receive proper protections and benefits of the laws governing payment of overtime wages.

23.    During the time of PLAINTIFF'S and the Overtime Wage Class members' employment with DEFENDANTS, they were not exempt from receiving overtime

9

FIRST AMENDED CLASS ACTION COMPLAINT

1   compensation and were entitled to receive overtime compensation under Labor Code §§

2   510, 1194 and 1198 and IWC Wage Orders for any and all work performed in excess of 8

3   hours per day, and/or for any and all work performed in excess of 40 hours per week.

4       24.    On information and belief, DEFENDANTS knowingly and willfully failed

5   to pay PLAINTIFF and the Overtime Wage Class members all overtime compensation

6   owed to them, including: (a) 1.5 times their regular rate of pay for hours worked in excess

7   of 8 hours per day and 40 hours per week and during the first 8 hours worked on the

8   seventh day of a workweek; and/or (b) 2 times their regular rate of pay for all hours

9   worked in excess of 12 hours per day and for any work performed in excess of 8 hours on

10   any seventh day of a workweek.  On information and belief, DEFENDANTS failed to

11   pay overtime wages for all such hours because DEFENDANTS did not pay wages when

12   employees drove between two client locations in the same workday.

13       25.    On information and belief, as a direct result, PLAINTIFF and the Overtime

14   Wage Class members have suffered and continue to suffer, substantial losses related to

15   the use and enjoyment of such wages, lost interest on such wages and expenses and

16   attorney's fees in seeking to compel DEFENDANTS to fully perform their obligations

17   under the Labor Code, all to their respective damage in amounts according to proof at

18   trial.  PLAINTIFF, on behalf of herself and the Overtime Wage Class members, seek to

19   recover in a civil action the unpaid balance of the full amount of the unpaid overtime

20   compensation, including interest thereon, reasonable attorney's fees, and costs of suit,

21   and other remedies provided under the Labor Code.

22   <center>**SECOND CAUSE OF ACTION**</center>

23   <center>**FAILURE TO PAY MINIMUM AND REGULAR WAGES**
**(Violation of Labor Code §§ 1194, 1194.2 and 1197)**</center>

24   <center>**(By PLAINTIFF, on behalf of herself and the Minimum Wage Class)**</center>

25

26       26.    PLAINTIFF realleges and incorporates by reference the foregoing

27   paragraphs as though fully set forth herein.

28       27.    Labor Code § 1194(a) states: "Notwithstanding any agreement to work for

<center>10</center>
<center>FIRST AMENDED CLASS ACTION COMPLAINT</center>

1    a lesser wage, any employee receiving less than the legal minimum wage or the legal

2    overtime compensation applicable to the employee is entitled to recover in a civil action

3    the unpaid balance of the full amount of this minimum wage or overtime compensation,

4    including interest thereon, reasonable attorney's fees, and costs of suit."

5         28.      Labor Code § 1194.2 states: "In any action under Section 98, 1193.6, 1194,

6    or 1197.1 to recover wages because of the payment of a wage less than the minimum

7    wage fixed by an order of the commission or by statute, an employee shall be entitled to

8    recover liquidated damages in an amount equal to the wages unlawfully unpaid and

9    interest thereon."  This provision also provides for liquidated damages equal to

10   unlawfully unpaid minimum wages, with interest.

11        29.      Labor Code § 1197 states: "The minimum wage for employees fixed by the

12   commission is the minimum wage to be paid to employees, and the payment of a less

13   wage than minimum wage so fixed is unlawful."

14        30.      Pursuant to the applicable Wage Order, an employer may not pay

15   employees less than the applicable minimum wage for all hours worked.

16        31.      On information and belief, PLAINTIFF and Minimum Wage Class

17   members were not paid the minimum wage or regular, agreed upon wages when they

18   drove between two client locations in the same workday.

19        32.      On information and belief, as a direct result, PLAINTIFF and the Minimum

20   Wage Class members have suffered and continue to suffer, substantial losses related to

21   the use and enjoyment of such wages, lost interest on such wages and expenses and

22   attorney's fees in seeking to compel DEFENDANTS to fully perform their obligations

23   under the Labor Code, all to their respective damage in amounts according to proof at

24   trial.  PLAINTIFF, on behalf of herself and the Minimum Wage Class members, seeks to

25   recover in a civil action the unpaid balance of the full amount of the unpaid minimum

26   wage and regular wage compensation and liquidated damages, including interest thereon,

27   reasonable attorney's fees, and costs of suit, and other remedies provided under the Labor

28   Code.

### THIRD CAUSE OF ACTION
### FAILURE TO PAY WAGES WITHIN REQUIRED TIME
### (Violations of Labor Code §§ 201, 202 and 203)

### (By PLAINTIFF, on behalf of herself and the Waiting Time Class)

33.     PLAINTIFF realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

34.     Labor Code § 201 requires DEFENDANTS to immediately pay any wages, without abatement or reduction, to any employee who is discharged.  Labor Code § 202 requires DEFENDANTS to pay all wages earned and unpaid, without abatement or reduction, no later than 72 hours of receiving an employee's notice of intent to quit or immediately at the time of quitting if the employee provided at least 72 hours' notice of intent to quit.  Labor Code § 201.3 further provides that employees of a Temporary Services employer should pay their employees no less frequently than weekly.

35.     For a willful violation of Labor Code §§ 201, 201.3 and/or 202, Labor Code § 203 causes the unpaid wages of the employee to continue as a penalty from the due date thereof at the same rate until paid, but the wages shall not continue for more than 30 days.

36.     On information and belief, DEFENDANTS willfully did not provide PLAINTIFF and Waiting Time Class members, after their discharge or resignation, with all wages due and owing including, but not limited to, all minimum wages, regular/agreed upon wages, overtime wages and premium pay by the times specified by Labor Code § 201 or 202.  On further information and belief, DEFENDANTS willfully did not pay PLAINTIFF and Waiting Time Class members weekly, as they were required under Labor Code § 201.3.  Consequently, pursuant to Labor Code § 203, DEFENDANTS owe PLAINTIFF and Waiting Time Class members the above-described waiting time penalty, all in an amount to be shown according to proof at trial, which PLAINTIFF seeks on behalf of herself and the Waiting Time Class.

**FOURTH CAUSE OF ACTION**
**FAILURE TO PROVIDE COMPLIANT ITEMIZED WAGE STATEMENTS**
**(Violation of Labor Code § 226)**

**(By PLAINTIFF, on behalf of herself and the Wage Statement Class)**

37.    PLAINTIFF realleges and incorporates the foregoing paragraphs as though fully set forth herein.

38.    Labor Code § 226(a) requires that employers, including DEFENDANTS, to furnish employees with each wage payment an accurate, itemized writing that shows gross wages earned, total hours worked, all deductions, net wages earned, the inclusive dates of the period for which the employee is paid, the name and address of the legal entity that is the employer, the name of the employee and the portion of his or her social security number (or identification number) as required by law, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, among other things

39.    On information and belief, DEFENDANTS knowingly and intentionally failed to provide PLAINTIFF and Wage Statement Class members with the above-described writing required by Labor Code § 226 through actions alleged herein including, but not limited to, a failure to provide correct total hours worked, correct gross and net wages earned, the correct number of hours worked at the correct hourly rates, and the correct hourly rates of pay, among other things.  On information and belief, DEFENDANTS did not pay PLAINTIFF and Wage Statement Class members all wages due for driving between two or more client locations in the same workday, which made their wage statements inaccurate.

40.    On information and belief, DEFENDANTS' failure to provide a proper writing deprived PLAINTIFF and Wage Statement Class members with the ability to know, understand and question the calculation and rate of pay and hours used to calculate the wages paid by DEFENDANTS.  Indeed, a reasonable person could not determine from the wage statements alone the correct total hours worked, the correct hours worked

13

1    at each rate of pay or the correct gross and net wages earned, among other things.

2    PLAINTIFF and Wage Statement Class members, therefore, had no way to dispute the

3    resulting miscalculation of wages, all of which resulted in an unjustified economic

4    enrichment to DEFENDANTS. DEFENDANTS' failure to provide the proper writing

5    also required PLAINTIFF and Wage Statement Class members to spend and continue to

6    spend attorney's fees and costs to determine the wages owed to them. As a direct result,

7    PLAINTIFF and Wage Statement Class members suffered and continue to suffer,

8    substantial losses related to the use and enjoyment of such wages, lost interest on such

9    wages and expenses and attorney's fees and costs in seeking to gather information and

10    compel DEFENDANTS to fully perform their obligations under state law, all to their

11    respective damage in amounts according to proof at trial.

12        41.    Labor Code § 226(e) requires DEFENDANT to pay the greater of all actual

13    damages or fifty dollars ($50.00) for the initial pay period in which a violation occurred,

14    and one hundred dollars ($100.00) per employee for each violation in subsequent pay

15    periods, plus attorney's fees and costs, to PLAINTIFF and Wage Statement Class

16    members who were injured by DEFENDANTS' failure to comply with Labor Code §

17    226(a), which PLAINTIFF seeks on behalf of herself and the Wage Statement Class. The

18    exact amount of the applicable penalty is all in an amount to be shown according to proof

19    at trial.

<div align="center">

**FIFTH CAUSE OF ACTION**
**FAILURE TO REIMBURSE BUSINESS EXPENSES**
**(Violation of Labor Code § 2802)**

**(By PLAINTIFF, on behalf of herself and the Unreimbursed**
**Expenses Class)**

</div>

25        42.    PLAINTIFF realleges and incorporates by reference the foregoing

26    paragraphs as though fully set forth herein.

27        43.    Pursuant to California Labor Code Section 2802, an employer must

28    indemnify its employees "for all necessary expenditures or losses incurred by the

<div align="center">14</div>

1  employee in direct consequence of the discharge of his or her duties . . . ."

2      44.    On information and belief, PLAINTIFF and the Unreimbursed Expenses

3  Class members made necessary expenditures and incurred losses as a direct consequence

4  of the discharge of their duties and in obedience to the directions of DEFENDANTS

5  including, but not limited to, mileage and automobile expenses, cell phone expenses and

6  internet expenses.

7      45.    On information and belief, DEFENDANTS knew they were incurring the

8  expenses and were responsible for reimbursing PLAINTIFF and Unreimbursed Expenses

9  Class members for their expenditures and losses as a direct consequence of the discharge

10  of their duties, but failed to do so.

11      46.    On information and belief, as a result of DEFENDANTS' unlawful

12  conduct, PLAINTIFF and Unreimbursed Expenses Class members have suffered

13  damages in an amount within the limited jurisdiction of the Court.  PLAINTIFF and the

14  Unreimbursed Expenses Class are entitled to recover the full amount of the unpaid

15  expenditures and losses, interest thereon, reasonable attorney's fees and costs of suit.

16  **SIXTH CAUSE OF ACTION**
    **UNFAIR COMPETITION**
17  **(Violation of Business and Professions Code § 17200)**

18  **(By PLAINTIFF, on behalf of herself and the Minimum Wage Class, Overtime**
19  **Wage Class and Unreimbursed Expenses Class)**

20      47.    PLAINTIFF realleges and incorporates by reference the foregoing

21  paragraphs as though fully set forth herein.

22      48.    California Business & Professions Code § 17200 et seq. prohibits acts of

23  unfair competition, which includes any "unlawful, unfair or fraudulent business act or

24  practice..."  On information and belief, PLAINTIFF and the Minimum Wage Class,

25  Overtime Wage Class and Unreimbursed Expenses Class members, as herein alleged,

26  have suffered and continue to suffer injuries in fact, due to the unlawful, fraudulent and

27  unfair business practices of DEFENDANTS.

28      49.    As alleged herein, on information and belief, DEFENDANTS

15

systematically engaged in unlawful conduct such as wage and hour violations, failing to pay proper wages and monies for hours worked and failing to reimburse employees for necessary business-related expenses all in order to decrease its costs of doing business and increase profits.

50.    On information and belief, at the time that PLAINTIFF and the Minimum Wage Class, Overtime Wage Class and Unreimbursed Expenses Class members were hired, DEFENDANTS knowingly, intentionally and illegally misrepresented to each of them conformance with the California Labor Code and/or IWC Wage Orders, including the payment all wages due and the reimbursement of the expenses.

51.    On information and belief, from the time that PLAINTIFF and the Minimum Wage Class, Overtime Wage Class and Unreimbursed Expenses Class members were hired, DEFENDANTS failed to comply with the California Labor Code and IWC Wage Orders through their actions as herein alleged including, but not limited to its failure to: (1) failure to provide minimum wages, regular/agreed upon wages and overtime wages when they drove between two client locations in the same workday, and (2) provide reimbursement for all business related expenses.

52.    At all times relevant, on information and belief, DEFENDANTS intentionally avoided paying to PLAINTIFF and the Minimum Wage Class, Overtime Wage Class and Unreimbursed Expenses Class members wages and monies and other financial obligations attached thereto, thereby creating for DEFENDANTS an artificially lower cost of doing business in order to undercut competitors and establish and/or gain a greater foothold in the marketplace, all to the detriment of PLAINTIFF and the Minimum Wage Class, Overtime Wage Class and Unreimbursed Expenses Class members.

53.    On information and belief, at all times relevant herein PLAINTIFF and the Minimum Wage Class, Overtime Wage Class and Unreimbursed Expenses Class members relied on and believed DEFENDANTS' representations concerning its conformance with the California wage and hour laws, all to their detriment.

54.    On information and belief, as a result of DEFENDANTS' intentional,

16

willful, purposeful, illegal and fraudulent misrepresentation of its conformance with the Labor Code and IWC Wage Orders, PLAINTIFF and the Minimum Wage Class, Overtime Wage Class and Unreimbursed Expenses Class members suffered a loss of wages and monies, all in an amount to be shown according to proof at trial. By violating the foregoing statutes and regulations as herein alleged, DEFENDANTS' acts constitute unfair, fraudulent and unlawful business practices under Business and Professions Code § 17200 et seq.

55.     As a result of the unfair, fraudulent and unlawful business practices of DEFENDANTS alleged herein, PLAINTIFF and the Minimum Wage Class, Overtime Wage Class and Unreimbursed Expenses Class members are entitled to declaratory relief, injunctive relief, disgorgement, and restitution in an amount according to proof. As private attorneys general under California Civil Code § 1021.5, PLAINTIFF, on behalf of herself and the Minimum Wage Class, Overtime Wage Class and Unreimbursed Expenses Class members seek to recover any and all attorney's fees incurred herein.

<div align="center">

**SEVENTH CAUSE OF ACTION**
**FAILURE TO PRODUCE PERSONNEL FILE AND WAGE STATEMENTS**
(Violation of Labor Code §§ 226(b) & (c) and 1198.5)

**(By PLAINTIFF, On Behalf of Herself)**

</div>

56.     PLAINTIFF realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

57.     Labor Code § 226(b) provides an employer shall afford current and former employees the right to inspect or copy records pertaining to their employment, upon reasonable request to the employer. Labor Code § 226(c) provides that an employer who receives a written or oral request to inspect or copy records pertaining to a current or former employee shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request. If an employer fails to permit a current or former employee to inspect or copy records within 21 days of the request, the current or former employee is entitled to a $750 penalty, injunctive relief and an award of costs and reasonable attorney's fees under Labor Code § 226(f) & (g). Labor Code § 1198.5

<div align="center">

17

FIRST AMENDED CLASS ACTION COMPLAINT

</div>

provides that current and former employees, through their representatives or otherwise, have the right to inspect and receive a copy of their personnel files within 30 calendar days of making a written request.   If an employer fails to permit the inspection of the personnel file within 30 calendar days of the request, the current or former employee may recover a penalty of $750 and seek to compel the employer to produce the records, along with costs and reasonable attorney's fees under Labor Code § 1198.5(k) & (l), which PLAINTIFF seeks.

58.    In May, 2019, by and through her attorneys, PLAINTIFF made a written request for their personnel file, wage statements and documents signed by PLAINTIFF relating to the obtaining or holding employment, and other records relating to PLAINTIFF'S employment.  DEFENDANTS failed to produce all requested documents within 30 days of the written request in violation of Labor Code §§ 226, 432 and 1198.5.  While some documents were produced in late July, 2019, on information and belief, DEFENDANTS still have not produced all responsive documents as of the filing of this action and should be compelled to do so.

59.    As a result, PLAINTIFF is entitled to and each seeks $750 in penalties under both Labor Code §§ 226 and 1198.5, injunctive relief and reasonable attorney's fees and costs.

**EIGHTH CAUSE OF ACTION**
**VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT**
(Violations of Labor Code §§ 510, 558, 1194 and 2699 et seq.)

(By PLAINTIFF on behalf herself and PAGA Represented Employees)

60.    PLAINTIFF realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

61.    During the time of PLAINTIFF'S employment and DEFENDANTS' other non-exempt employees, they were entitled to receive overtime compensation under Labor Code §§ 510, 558 and 1194 for any and all work performed in excess of 8 hours per day, and/or for any and all work performed in excess of 40 hours per week.

62.    On information and belief, DEFENDANTS knowingly and willfully failed

18

to pay PLAINTIFF and other non-exempt employees all overtime compensation owed to them, including: (a) 1.5 times their regular rate of pay for hours worked in excess of 8 hours per day and 40 hours per week and during the first 8 hours worked on the seventh day of a workweek; and (b) 2 times their regular rate of pay for all hours worked in excess of 12 hours per day and for any work performed in excess of 8 hours on any seventh day of a workweek.  On information and belief, DEFENDANTS failed to pay overtime wages for all such hours because DEFENDANTS did not pay wages when employees drove between two client locations in the same workday.

63.     PLAINTIFF seeks civil penalties for DEFENDANTS' violations of Labor Code §§ 510, 558, 1194 and/or 2699, along with attorney's fees and costs.

**NINTH CAUSE OF ACTION**
**VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT**
(Violations of Labor Code §§ 1194, 1197 and 2699 et seq.)

(By PLAINTIFF on behalf of herself and PAGA Represented Employees)

64.     PLAINTIFF realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

65.     Labor Code § 1194(a) states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

66.     Labor Code § 1197 states: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than minimum wage so fixed is unlawful."

67.     On information and belief, PLAINTIFF and other former and current non-exempt employees of DEFENDANTS were not paid the minimum wage or regular, agreed upon wages when they drove between two client locations in the same workday.

68.     PLAINTIFF seeks civil penalties for DEFENDANTS' violations of Labor Code §§ 1194, 1197 and/or 2699, along with attorney's fees and costs.

FIRST AMENDED CLASS ACTION COMPLAINT

## TENTH CAUSE OF ACTION
### VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT
(Violations of Labor Code §§ 201-203 and 2699 et seq.)

(By PLAINTIFF on behalf of herself and PAGA Represented Employees)

69.    PLAINTIFF realleges and incorporates by this reference the foregoing paragraphs as though fully set forth herein.

70.    Labor Code § 201 requires DEFENDANTS to immediately pay any wages, without abatement or reduction, to any employee who is discharged.  Labor Code § 202 requires DEFENDANTS to pay all wages earned and unpaid, without abatement or reduction, no later than 72 hours of receiving an employee's notice of intent to quit or immediately at the time of quitting if the employee provided at least 72 hours' notice of intent to quit.  Labor Code § 201.3 further provides that employees of a Temporary Services employer should pay their employees no less frequently than weekly.

71.    On information and belief, DEFENDANTS willfully did not provide PLAINTIFF and DEFENDANTS' other former employees who resigned or were discharged after February 1, 2109, after their discharge or resignation, with all wages due and owing including, but not limited to, all minimum wages, regular/agreed upon wages and overtime wages by the times specified by Labor Code § 201 or 202.  On further information and belief, DEFENDANTS willfully did not pay PLAINTIFF and other former and current employees with all wages on at least as weekly basis, as they were required under Labor Code § 201.3.

72.    PLAINTIFF seeks civil penalties for DEFENDANTS' violations of Labor Code §§ 201-203 and/or 2699, along with attorney's fees and costs.

### ELEVENTH CAUSE OF ACTION
### VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT
(Violations of Labor Code §§ 226, 226.3 and 2699 et seq.)

(By PLAINTIFF on behalf of herself and PAGA Represented Employees)

73.    PLAINTIFF realleges and incorporates the foregoing paragraphs as though fully set forth herein.

74.    Labor Code § 226(a) requires that employers, including DEFENDANTS, to

20

1   furnish employees with each wage payment an accurate, itemized writing that shows

2   gross wages earned, total hours worked, all deductions, net wages earned, the inclusive

3   dates of the period for which the employee is paid, the name and address of the legal

4   entity that is the employer, the name of the employee and the portion of his or her social

5   security number (or identification number) as required by law, and all applicable hourly

6   rates in effect during the pay period and the corresponding number of hours worked at

7   each hourly rate by the employee, among other things.

8        75.     On information and belief, DEFENDANTS knowingly and intentionally

9   failed to provide PLAINTIFF and other current and former employees with the above-

10  described writing required by Labor Code § 226 through actions alleged herein including,

11  but not limited to, a failure to provide correct total hours worked, correct gross and net

12  wages earned, the correct number of hours worked at the correct hourly rates, and the

13  correct hourly rates of pay, among other things.  On information and belief,

14  DEFENDANTS did not pay PLAINTIFF and other employees all wages due for driving

15  between two or more client locations in the same workday, which made their wage

16  statements inaccurate.

17       76.     PLAINTIFF seeks civil penalties for DEFENDANTS' violations of Labor

18  Code §§ 226, 226.3 and/or 2699, along with attorney's fees and costs.

19                        **TWELFTH CAUSE OF ACTION**
     **VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT**
20                (Violations of Labor Code §§ 2802 and 2699 et seq.)

21       (By PLAINTIFF on behalf of herself and PAGA Represented Employees)

22       77.     PLAINTIFF realleges and incorporates the foregoing paragraphs as though

23  fully set forth herein.

24       78.     Pursuant to California Labor Code Section 2802, an employer must

25  indemnify its employees "for all necessary expenditures or losses incurred by the

26  employee in direct consequence of the discharge of his or her duties . . . ."

27       79.     On information and belief, PLAINTIFF and the Unreimbursed Expenses

28  Class members made necessary expenditures and incurred losses as a direct consequence

                                      21

1    of the discharge of their duties and in obedience to the directions of DEFENDANTS

2    including, but not limited to, mileage and automobile expenses, cell phone expenses and

3    internet expenses.

4         80.     On information and belief, DEFENDANTS knew they were incurring the

5    expenses and were responsible for reimbursing PLAINTIFF and Unreimbursed Expenses

6    Class members for their expenditures and losses as a direct consequence of the discharge

7    of their duties, but failed to do so.

8         81.     PLAINTIFF seeks civil penalties for DEFENDANTS' violations of Labor

9    Code §§ 2802 and/or 2699, along with attorney's fees and costs.

10                              **PRAYER FOR RELIEF**

11        WHEREFORE, PLAINTIFF, on behalf of herself and similarly situated current

12   and former employees of DEFENDANTS, including the Minimum Wage Class,

13   Overtime Wage Class, Unreimbursed Expenses Class, Waiting Time Class and Wage

14   Statement Class members, pray for judgment and relief against DEFENDANTS as

15   follows:

16             a.     An order certifying that PLAINTIFF may pursue her claims against

17   DEFENDANTS as a class action on behalf of the Minimum Wage Class, Overtime Wage

18   Class, Unreimbursed Expenses Class, Waiting Time Class and Wage Statement Class

19   members under Code of Civil Procedure 382;

20             b.     An order appointing PLAINTIFF as Class representative and

21   appointing PLAINTIFF'S counsel as Class Counsel;

22             c.     For general damages and special damages including, but not limited

23   to, unpaid minimum wages, agreed upon wages, overtime wages, and unreimbursed

24   expenses;

25             d.     For reasonable attorney fees, cost of suit, and interest to the extent

26   permitted by law, including pursuant to Civil Code § 1021.5 and Labor Code;

27

28

1      e.      For liquidated damages pursuant to the Labor Code;

2      f.      Statutory penalties under Labor Code sections 226 and 203 and other

3   applicable Labor Code provisions;

4      g.      For restitution, injunctive relief, declaratory relief and other relief

5   provided by Business and Professions Code § 17200 et seq., including a declaratory

6   judgment that DEFENDANTS violated Labor Code §§ 510, 1194, 1197 and other

7   provisions of the Labor Code and/or Orders of the Industrial Welfare Commission, and a

8   permanent injunction prohibiting DEFENDANTS from future violations of the same

9   laws;

10      h.      For an order requiring DEFENDANTS to restore and disgorge all

11   funds to PLAINTIFF and Class members acquired by means of any act or practice

12   declared by this Court to be unlawful, unfair or fraudulent and, therefore, constituting

13   unfair competition under Business and Professions Code § 17200 et seq.;

14      i.      For an accounting to determine all money wrongfully obtained and

15   held by DEFENDANTS;

16      j.      Penalties and injunctive relief under Labor Code §§ 226(f)&(g) and

17   1198.5(k);

18      k.      For pre- and post-judgment interest,

19      l.      PAGA civil penalties pursuant to Labor Code §§ 201-203, 226.

20   226.3, 510, 558, 1194, 1197, 2802 and 2699; and

21      m.      For such other relief as the Court deems just and proper.

22                                              WOODALL LAW OFFICES

23   DATE:   NOVEMBER 11, 2019

24

25   BY: _____

26                                              KEVIN F. WOODALL
                                                ATTORNEYS FOR PLAINTIFF, LYSETTE
27                                              GALVEZ AND SIMILARLY SITUATED
                                                FORMER AND CURRENT EMPLOYEES OF
28                                              DEFENDANTS

1

**PROOF OF SERVICE**

2

    I, Kevin Woodall, am a resident of the State of California and over the age of 18,
and not a party to the within action; my business address is 100 Pine Street, Suite 1250,
San Francisco, CA 94111.

3

4

**ON DECEMBER 17, 2019, I SERVED THE DOCUMENT(S) DESCRIBED AS:**

5

**FIRST AMENDED CLASS ACTION COMPLAINT AND PAGA REPRESENTATIVE ACTION**

6

on the following interested parties at the following address:

7

Sean M. Kim
Patricia Matias
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Park Tower, 695 Town Center Drive, Fifteenth Floor
Costa Mesa, CA 92626
sean.kim@ogletree.com
patricia.Matias@ogletreedeakins.com

8

9

10

11

Attorneys for CoWorx Staffing Services

12

☒    (BY MAIL)  I served the foregoing document(s) by U.S. mail.  I am
readily familiar with the business practice for collection and processing of
correspondence for mailing with the United States Postal Service.  This
correspondence was deposited with the United States Postal Service this
same day in the ordinary course of business at Corte Madera, California.

13

14

15

☐    (BY FACSIMILE)  I transmitted via facsimile, the document(s) listed
above to the fax number(s) set forth above on this date from Corte Madera,
California.  The transmitting facsimile machine telephone number is (415)
413-4629.

16

17

18

☐    (BY FEDEX GROUND)  I served the foregoing document(s) by placing it
in a sealed envelope or container provided by Federal Express, affixing a
pre-paid air bill for ground delivery, and causing the envelope or container
to be delivered to a Federal Express agent or depositing it in a box or other
facility regularly maintained by Federal Express.

19

20

21

☐    (BY PERSONAL DELIVERY)  I hired a vendor to personally deliver the
foregoing document(s) to the addresses listed above.

22

☐    (BY EMAIL and E-SERVICE)  I served the foregoing documents by
sending them via email to Defendant's counsel listed above.  In addition,
File and Serve Express electronically served the documents described
above on the recipients designated on the Transaction Receipt (Defendant's
counsel listed above) located on the File and Serve Express website
(www.fileandserveexpress.com) pursuant to the Court's Local Rules
authorizing electronic service of the documents.

23

24

25

26

27

28

PROOF OF SERVICE

1

Executed this December 17, 2019 at Corte Madera, California.

2

I declare under penalty of perjury under the laws of the State of California and the United States that the above is true and correct.

3

4

_____

KEVIN F. WOODALL

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

Woodall Law Offices
000 Pine Street, Suite 1250
San Francisco, CA 94111

Sean M. Kim
Patricia Matias
Ogletree, Deakins, Nash, Smoak & Stewart,
P.C.
Park Tower, 695 Town Center Drive
Fifteenth Floor
Costa Mesa, CA 92626

Tuesday Dec 17,2019





# EXHIBIT C

Patricia A. Matias, CA Bar No. 254125
patricia.matias@ogletree.com
Sean M. Kim, CA Bar No. 271901
sean.kim@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA 92626
Telephone:    714-800-7900
Facsimile:     714-754-1298

Attorneys for Defendant
CoWorx Staffing Services LLC

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**02/10/2020**
**Clerk of the Court**
BY: ERNALYN BURA
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

## UNLIMITED JURISDICTION

| | |
|---|---|
| LYSETTE GALVEZ, individually and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COWORX STAFFING SERVICES LLC, a Delaware Corporation; MICHAEL EPSTEIN, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CGC-19-578983<br><br>**DEFENDANT COWORX STAFFING SERVICES LLC'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT AND PAGA REPRESENTATIVE ACTION OF PLAINTIFF LYSETTE GALVEZ**<br><br>[Assigned for all purposes to The Honorable Garrett L. Wong, Dept. 610]<br><br>Action Filed:    September 4, 2019<br>Trial Date:    None Set |

Defendant Coworx Staffing Services, LLC ("Defendant") hereby answers Plaintiff Lysette Galvez's ("Plaintiff") First Amended Class Action Complaint and PAGA Representative Action ("Complaint") as follows:

### GENERAL AND SPECIFIC DENIALS

Pursuant to the provisions of California *Code of Civil Procedure* section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in the Complaint filed herein by Plaintiff. Defendant denies, generally and specifically, that Plaintiff has been damaged in any sum, or at all, by reason of any act or omission on the part of Defendant, or by any

///

40906401_2.docx

act or omission by any agent or employee of Defendant.  Defendant further denies, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

Additionally, Defendant asserts the following affirmative defenses and prays for judgment as set forth below:

## AFFIRMATIVE DEFENSES

Without waiving the foregoing, Defendant asserts the following separate and distinct affirmative defenses to Plaintiff's Complaint and each cause of action therein and prays for judgment as set forth below.

Defendant also hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during investigation and discovery in this action. Defendant reserves the right to amend this Answer to assert any such defenses based on such investigation and discovery.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.      As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or members of the putative class are barred, in whole or in part, because Plaintiff fails to state facts sufficient to support a claim or theory of relief upon which relief may be granted against Defendants.

## SECOND AFFIRMATIVE DEFENSE

### (Uncertainty of the Pleading)

2.      As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or members of the putative class are barred, in whole or in part, because Plaintiff fails to plead material allegations with requisite certainty.

///

///

///

40906401_2.docx

2

DEFENDANT COWORX STAFFING SERVICES LLC'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT AND PAGA REPRESENTATIVE ACTION OF PLAINTIFF LYSETTE GALVEZ

**THIRD AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

3.    As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or members of the putative class are barred, in whole or in part, by one or more of the applicable statutes of limitations, including, but not limited to: California Labor Code §§ 201, 202, 203, 226, California Business and Professions Code § 17208, and California Code of Civil Procedure §§ 338, subdivision (a) and 340.

**FOURTH AFFIRMATIVE DEFENSE**

**(Lack of Standing – Class Action)**

4.    As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff on behalf of alleged putative class members, Defendant alleges that Plaintiff lacks standing and cannot represent the interests of the other alleged putative class members as to some or all of the purported claims.

**FIFTH AFFIRMATIVE DEFENSE**

**(Consent)**

5.    As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or alleged putative class members are barred, in whole or in part, by the doctrine of consent.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

6.    As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that Plaintiff and/or the alleged putative class members are barred from recovery on their monetary claims, in whole or in part, by their failure to exercise diligence to mitigate any damages allegedly incurred, if any.

40906401_2.docx

3

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

7.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or the alleged putative class members are barred, in whole or in part, by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

8.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or the alleged putative class members are barred, in whole or in part, because such claims have been waived, discharged, and/or abandoned.

## NINTH AFFIRMATIVE DEFENSE

### (Res Judicata and Estoppel)

9.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or the alleged putative class members are barred, in whole or in part, by the doctrines of res judicata, collateral estoppel, and/or judicial estoppel.

## TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

10.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or the alleged putative class members are barred, in whole or in part, by their own unclean hands and/or their inequitable or wrongful conduct.

///

///

///

40906401_2.docx

DEFENDANT COWORX STAFFING SERVICES LLC'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT AND PAGA REPRESENTATIVE ACTION OF PLAINTIFF LYSETTE GALVEZ

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Lack of Subject Matter Jurisdiction/Failure to Exhaust Administrative Remedies)**

11.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or the alleged putative class members are barred to the extent that they failed to timely and/or properly exhaust their administrative remedies, including as required pursuant to California Labor Code section 2699.3.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Due Process / Class Certification)**

12.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that certification of a class action would be an unconstitutional denial of Defendant's rights to due process under the Fourteenth Amendment to the United States Constitution and the California Constitution.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

13.     As a separate and affirmative defense to the claims of Plaintiff and putative members of the purported class action brought pursuant to California Business and Professions Code § 17200, et seq., and California Business and Professions Code § 17500, those claims are barred in light of the fact that Plaintiff and the putative class members have an adequate remedy at law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Due Process – Cal. Bus. & Prof. Code § 17200, *et seq.*)**

14.     As a separate and affirmative defense to Plaintiff's cause of action for alleged violation of California Business and Professions Code  § 17200, et seq., Defendant alleges that the claims are not appropriate for resolution on a representative basis and allowing such a representative claim would violate the Due Process clause of the United States and California Constitutions.

///

///

///

40906401_2.docx

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Due Process – Cal. Bus. & Prof. Code § 17200, *et seq.*)

15. As a separate and affirmative defense to Plaintiff's cause of action for alleged violation of California Business and Professions Code § 17200, et seq., Defendant alleges that the claims brought by Plaintiff and putative members of the purported class action are barred, in whole or in part, because Defendant's business practices are not and were not unlawful in that Defendant complied with all applicable statutes and regulations and/or in conformity with industry standards.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Doctrine of Avoidable Consequences)

16. As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or the alleged putative class members are barred, in whole or in part, under California law by the doctrine of avoidable consequences on the grounds that they unreasonably failed to make use of Defendant's practices and/or procedures by failing to timely and properly report any purportedly unlawful actions and/or omissions alleged in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Setoff and Recoupment)

17. As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that, if any damages have been sustained by Plaintiff and/or any alleged class action member she purports to represent, although such is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all extra payments or overpayments and/or all obligations of Plaintiff or alleged class action members owed to Defendant, against any judgment that may be entered against Defendant.

///

///

///

40906401_2.docx

DEFENDANT COWORX STAFFING SERVICES LLC'S ANSWER TO FIRST AMENDED CLASS ACTION
COMPLAINT AND PAGA REPRESENTATIVE ACTION OF PLAINTIFF LYSETTE GALVEZ

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(Accord and Satisfaction)**

18.     As a separate and affirmative defense to the Complaint, Defendant alleges that the claims of Plaintiff and/or some of the putative members of the purported class action defined in the Complaint are barred, in whole or in part, by the principles of accord and satisfaction, and payment.

### NINETEENTH AFFIRMATIVE DEFENSE

**(No Knowing, Intentional, and/or Willful Conduct)**

19.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that Plaintiff and the alleged putative class members are not entitled to any penalty award under any section of the California Labor Code because at all relevant times, Defendant did not willfully, knowingly, and/or intentionally fail to comply with the compensation provisions of the California Labor Code, but rather acted in good faith and had reasonable grounds for believing that it did not violate those provisions.

### TWENTIETH AFFIRMATIVE DEFENSE

**(Good Faith Dispute That Wages Are Due)**

20.     As a separate and affirmative defense to the purported cause of action alleged in the Complaint by Plaintiff and the alleged putative class members pursuant to California Labor Code § 203, Defendant alleges that Plaintiff and the alleged putative class members are not entitled to any penalties under California Labor Code § 203 because at all relevant times, there has been a good faith dispute that any wages are or have been due, thereby precluding the imposition of any waiting time penalties against Defendant.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

**(No Intentional Failure)**

21.     As a separate and affirmative defense to the purported cause of action alleged in the Complaint by Plaintiff and the alleged putative class members pursuant to California Labor Code § 226, Defendant alleges that even assuming arguendo Plaintiff and/or the putative class members were not provided with a proper itemized statement of wages and deductions, Plaintiff and the putative

40906401_2.docx

7

DEFENDANT COWORX STAFFING SERVICES LLC'S ANSWER TO FIRST AMENDED CLASS ACTION
COMPLAINT AND PAGA REPRESENTATIVE ACTION OF PLAINTIFF LYSETTE GALVEZ

class members are not entitled to recover damages or penalties because Defendant's alleged failure to comply with California Labor Code § 226(a) was not a "knowing and intentional failure" under California Labor Code § 226(e).

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Comparative Fault)

22.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that all or part of the damages alleged in the Complaint were caused by the acts and/or omissions of other persons or entities (including without limitation, acts and/or omissions of Plaintiff, or members of the putative class) for whose conduct Defendant is not legally responsible.  Therefore, if Plaintiff, or any others similarly situated, is found to be entitled to recover any damages, Defendant's share thereof must be apportioned or reduced to the extent that such damages are attributable to the acts and/or omissions of persons or entities (including without limitation, Plaintiff and/or others similarly situated) other than Defendant.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Exemption/Exclusion)

23.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that Plaintiff's Complaint and/or each cause of action are barred on the grounds and/or to the extent that Plaintiff and/or the putative class members were or are exempt or excluded from applicable wage and hour laws, including any applicable Wage Orders.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Excessive Fine)

24.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendant's due process and other rights under the United States and California Constitutions.

40906401_2.docx

DEFENDANT COWORX STAFFING SERVICES LLC'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT AND PAGA REPRESENTATIVE ACTION OF PLAINTIFF LYSETTE GALVEZ

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Release)

25.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the causes of action stated in the Complaint are barred, in whole or in part, to the extent that individuals who Plaintiff wishes to represent as putative class members may have released some or all of the claims against Defendant, or any of them, that are being asserted in the Complaint.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Cannot Satisfy Class Action Requirements)

26.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that Plaintiff and/or putative members of the purported class action cannot satisfy the requirements for a class, group, representative, and/or collective action.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Expenses Not Reasonable and Necessary)

27.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members of the purported class action, Defendant alleges that the Complaint fails to properly state a claim for expense reimbursement under California Labor Code § 2802 because any alleged expenditures or losses were not necessary and/or were not the direct consequence of the discharge of Plaintiff's duties.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (*De Minimis*)

28.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the putative class members of the purported class action, Defendant alleges that, to the extent that Plaintiff and/or any putative member of the purported class was harmed in any way (which Defendant specifically denies), the damages of Plaintiff and/or any putative member of the purported class are de minimis and, thus, not legally cognizable or not capable of determination.

40906401_2.docx

9

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Manageability)

29.    As a separate and affirmative defense to the Complaint and to each purported PAGA claim alleged therein by Plaintiff and the purported "aggrieved employees", Defendant alleges that Plaintiff's claims for PAGA penalties are barred because Plaintiff's PAGA claims are not manageable, or would otherwise fail to satisfy the standards applicable to representative PAGA claims.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

30.    As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that it currently has insufficient information upon which to form a belief as to whether it may have additional, as yet unstated, defenses.  Defendant reserves the right to assert additional defenses in the event discovery indicates additional defenses are appropriate.

///

///

///

40906401_2.docx

DEFENDANT COWORX STAFFING SERVICES LLC'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT AND PAGA REPRESENTATIVE ACTION OF PLAINTIFF LYSETTE GALVEZ

1

**<u>PRAYER</u>**

2

WHEREFORE, Defendant prays for judgment as follows:

3

1.     That the Court deny any request(s) by Plaintiff and/or the alleged putative class

4

members to certify this action as a class and/or representative action;

5

2.     That Plaintiff and the alleged putative class members take nothing by the Complaint;

6

3.     That the Complaint herein be dismissed in its entirety, with prejudice;

7

4.     That judgment be entered against Plaintiff and in favor of Defendant on all causes of

8

action asserted in the Complaint;

9

5.     That Defendant be awarded its attorneys' fees incurred herein;

10

6.     That Defendant be awarded its costs of suit herein; and,

11

7.     For such other and further relief as the Court deems just and proper.

12

13

DATED:  February 10, 2020

OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.

14

15

16

By:    _____

17

Patricia A. Matias
Sean M. Kim

18

Attorneys for Defendant CoWorx Staffing
Services LLC

19

20

21

22

23

24

25

26

27

40906401_2.docx

28

DEFENDANT COWORX STAFFING SERVICES LLC'S ANSWER TO FIRST AMENDED CLASS ACTION
COMPLAINT AND PAGA REPRESENTATIVE ACTION OF PLAINTIFF LYSETTE GALVEZ

1

**PROOF OF SERVICE**
*Lysette Galvez v. CoWorx Staffing Services LLC, et al.*
Case No. CGC-19-578983

2

3

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

4

5

6

On February 10, 2020, I served the following document(s):

7

(1) DEFENDANT COWORX STAFFING SERVICES LLC'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT AND PAGA REPRESENTATIVE ACTION OF PLAINTIFF LYSETTE GALVEZ; and

8

9

(2) CIVIL CASE COVER SHEET

10

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

11

☒    **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

12

13

14

15

☐    **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

16

17

18

19

☐    **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

20

21

22

☒    **(State)**    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

23

24

Executed on February 10, 2020, at Costa Mesa, California.

25

26

_____
Nieka Caruthers-Dodson

27

40906401_2.docx

28

12

1

**SERVICE LIST**
*Lysette Galvez v. CoWorx Staffing Services LLC, et al.*
Case No. CGC-19-578983

2

3  Kevin F. Woodall, Esq.                    Attorneys for Plaintiff
   WOODALL LAW OFFICES                       Lysette Galvez and those similarly situated
4  100 Pine Street, Suite 1250
   San Francisco, CA  94111
5  Telephone:     415-413-4629
   Facsimile:     866-937-4109
6  kevin@woodalllaw.com

7

8                                                                        40906401.2

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

40906401_2.docx

13

# EXHIBIT D

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:**  **FEB-05-2020**

**TIME:**  **10:30AM**

**PLACE:**  **Department 610**
**400 McAllister Street**
**San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

---

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order  **without an appearance**  at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

---

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

---

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

(SEE LOCAL RULE 4)

---

Plaintiff  **must**  serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

| | |
|---|---|
| LYSETTE GALVEZ | **Case Management Department 610** |
| | **Case Management Order** |
| PLAINTIFF (S) | |
| VS. | **NO. CGC-19-578983** |
| COWORX STAFFING SERVICES LLC et al | |
| | **Order Continuing Case** |
| DEFENDANT (S) | **Management Conference** |

TO: ALL COUNSEL AND SELF-REPRESENTED LITIGANTS

The Feb-05-2020 CASE MANAGEMENT CONFERENCE is canceled, and it is hereby ordered:

This case is set for a case management conference on Mar-18-2020 in Department 610 at 10:30 am.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than fifteen (15) days before the case management conference.  However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

PLAINTIFF(S) must serve a copy of this notice on all parties not listed on the attached proof of service within five (5) days of the date of this order.

DATED:  JAN-17-2020          GARRETT L. WONG

JUDGE OF THE SUPERIOR COURT

# CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on JAN-17-2020 I served the attached Order Continuing Case Management Conference by placing a copy thereof in an envelope addressed to all parties to this action as listed below.  I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.


Dated :  JAN-17-2020                                    By: VANESSA WU



KEVIN F. WOODALL (180650)
100 PINE ST SUITE 1250
SAN FRANCISCO, CA  94111

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

| | |
|---|---|
| LYSETTE GALVEZ<br><br><br>PLAINTIFF (S)<br><br>VS.<br><br>COWORX STAFFING SERVICES LLC et al<br><br><br>DEFENDANT (S) | **Case Management Department 610**<br>**Case Management Order**<br><br><br>**NO. CGC-19-578983**<br><br>**Order To Show Cause** |

TO: PLAINTIFF'S COUNSEL AND/OR SELF-REPRESENTED PLAINTIFF(S)

The Mar-18-2020 CASE MANAGEMENT CONFERENCE is canceled.

YOU ARE HEREBY ORDERED TO APPEAR in Department 610 on Apr-28-2020 at 10:30 am, pursuant to Local Rule 3.0 C to show cause why this action should not be dismissed or why sanctions should not be imposed for failure to:

file proof of service and obtain answer(s) or enter default(s) against defendant(s) MICHAEL EPSTEIN.

CRC 3.110(i) requires that responsive papers to an order to show cause must be filed and served at least 5 calendar days before the hearing.

However, it would facilitate the issuance of a case management order prior to the Order to Show Cause hearing if the Response to Order to Show Cause is filed, served and lodged in Department 610 twenty (20) days before the Order to Show Cause hearing.

PLAINTIFF(S) must serve a copy of this notice on all parties not listed on the attached proof of service within five (5) days of the date of this order.

You may call (415) 551-4000 after 12:00 noon the day before the hearing to determine whether your compliance has taken the order to show cause off calendar.

DATED:  MAR-02-2020                 GARRETT L. WONG
                                    JUDGE OF THE SUPERIOR COURT

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on MAR-02-2020 I served the attached Order To Show Cause by placing a copy thereof in an envelope addressed to all parties to this action as listed below.  I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.


Dated :  MAR-02-2020                          By: DARLENE LUM



KEVIN F. WOODALL (180650)
100 PINE ST SUITE 1250
SAN FRANCISCO, CA  94111


PATRICIA A. MATIAS (254125)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
PARK TOWER, FIFTEENTH FLOOR
695 TOWN CENTER DRIVE
COSTA MESA, CA  92626

CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on APR-10-2020 I served the attached Continued Order to Show Cause by placing a copy thereof in an envelope addressed to all parties to this action as listed below. I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated :  APR-10-2020                      By: VERA MU

KEVIN F. WOODALL (180650)
100 PINE ST SUITE 1250
SAN FRANCISCO, CA  94111

PATRICIA A. MATIAS (254125)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
PARK TOWER, FIFTEENTH FLOOR
695 TOWN CENTER DRIVE
COSTA MESA, CA  92626

PATRICIA A. MATIAS (254125)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
PARK TOWER, FIFTEENTH FLOOR
695 TOWN CENTER DRIVE
COSTA MESA, CA  92626

CERTIFICATE OF SERVICE BY MAIL
                                             Form 000001

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
### 400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

LYSETTE GALVEZ

PLAINTIFF (S)

VS.

COWORX STAFFING SERVICES LLC et al

DEFENDANT (S)

**Case Management Department 610**
**Case Management Order**

**NO. CGC-19-578983**

**Continued Order to Show Cause**

TO: PLAINTIFF'S COUNSEL AND/OR SELF-REPRESENTED PLAINTIFF(S)

The Apr-28-2020 ORDER TO SHOW CAUSE is canceled.

YOU ARE HEREBY ORDERED TO APPEAR in Department 610 on Jun-30-2020 at 10:30 am, pursuant to Local Rule 3.0 C to show cause why this action should not be dismissed or why sanctions should not be imposed for failure to:

file proof of service and obtain answer(s) or enter default(s) against defendant(s) MICHAEL EPSTEIN as to First Amended Complaint.

CRC 3.110(i) requires that responsive papers to an order to show cause must be filed and served at least 5 calendar days before the hearing.

However, it would facilitate the issuance of a case management order prior to the Order to Show Cause hearing if the Response to Order to Show Cause is filed, served and lodged in Department 610 twenty (20) days before the Order to Show Cause hearing.

PLAINTIFF(S) must serve a copy of this notice on all parties not listed on the attached proof of service within five (5) days of the date of this order.

You may call (415) 551-4000 after 12:00 noon the day before the hearing to determine whether your compliance has taken the order to show cause off calendar.

DATED:  APR-10-2020

GARRETT L. WONG

JUDGE OF THE SUPERIOR COURT



Superior Court of California
County of San Francisco
Civil Case Management
400 McAllister Street, Room 103
San Francisco, CA 94102

PATRICIA A. MATIAS (254125)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
PARK TOWER, FIFTEENTH FLOOR
695 TOWN CENTER DRIVE
COSTA MESA, CA 92626

9265371105 003





U.S POSTAGE >> PITNEY BOWES

ZIP 94103
02 4W
0000346600 APR 10 2020

$ 000.50⁰



RECEIVED

APR 1 3 2020

BY:

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

| | |
|---|---|
| LYSETTE GALVEZ | **Case Management Department 610**<br>**Case Management Order** |
| PLAINTIFF (S) | |
| VS. | **NO. CGC-19-578983** |
| COWORX STAFFING SERVICES LLC et al | **Continued Order to Show Cause** |
| DEFENDANT (S) | |

TO: PLAINTIFF'S COUNSEL AND/OR SELF-REPRESENTED PLAINTIFF(S)

The Jun-30-2020 ORDER TO SHOW CAUSE is canceled.

YOU ARE HEREBY ORDERED TO APPEAR in Department 610 on Aug-18-2020 at 10:30 am, pursuant to Local Rule 3.0 C to show cause why this action should not be dismissed or why sanctions should not be imposed for failure to:

file proof of service and obtain answer(s) or enter default(s) against defendant(s) MICHAEL EPSTEIN as to first amended complaint.

CRC 3.110(i) requires that responsive papers to an order to show cause must be filed and served at least 5 calendar days before the hearing.

However, it would facilitate the issuance of a case management order prior to the Order to Show Cause hearing if the Response to Order to Show Cause is filed and served twenty (20) days before the Order to Show Cause hearing.

PLAINTIFF(S) must serve a copy of this notice on all parties not listed on the attached proof of service within five (5) days of the date of this order.

You may call (415) 551-4000 after 12:00 noon the day before the hearing to determine whether your compliance has taken the order to show cause off calendar.

DATED:  JUN-12-2020                    GARRETT L. WONG
_____

JUDGE OF THE SUPERIOR COURT

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on JUN-12-2020 I served the attached Continued Order to Show Cause by placing a copy thereof in an envelope addressed to all parties to this action as listed below.  I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated :  JUN-12-2020                          By: VANESSA WU

KEVIN F. WOODALL (180650)
100 PINE ST SUITE 1250
SAN FRANCISCO, CA  94111

PATRICIA A. MATIAS (254125)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
PARK TOWER, FIFTEENTH FLOOR
695 TOWN CENTER DRIVE
COSTA MESA, CA  92626

CERTIFICATE OF SERVICE BY MAIL
Form 000001

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

LYSETTE GALVEZ

PLAINTIFF (S)

VS.

COWORX STAFFING SERVICES LLC et al

DEFENDANT (S)

**Case Management Department 610**
**Case Management Order**

**NO. CGC-19-578983**

**Continued Order to Show Cause**

TO: PLAINTIFF'S COUNSEL AND/OR SELF-REPRESENTED PLAINTIFF(S)

The Aug-18-2020 ORDER TO SHOW CAUSE is canceled.

YOU ARE HEREBY ORDERED TO APPEAR in Department 610 on Oct-27-2020 at 10:30 am, pursuant to Local Rule 3.0 C to show cause why this action should not be dismissed or why sanctions should not be imposed for failure to:

file proof of service and obtain answer(s) or enter default(s) against defendant(s) MICHAEL EPSTEIN as to first amended complaint.

CRC 3.110(i) requires that responsive papers to an order to show cause must be filed and served at least 5 calendar days before the hearing.

However, it would facilitate the issuance of a case management order prior to the Order to Show Cause hearing if the Response to Order to Show Cause is filed and served twenty (20) days before the Order to Show Cause hearing.

PLAINTIFF(S) must serve a copy of this notice on all parties not listed on the attached proof of service within five (5) days of the date of this order.

You may call (415) 551-4000 after 12:00 noon the day before the hearing to determine whether your compliance has taken the order to show cause off calendar.

DATED:  AUG-05-2020

GARRETT L. WONG

JUDGE OF THE SUPERIOR COURT

CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on AUG-05-2020 I served the attached Continued Order to Show Cause by placing a copy thereof in an envelope addressed to all parties to this action as listed below.  I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.


Dated :  AUG-05-2020                    By: VANESSA WU



KEVIN F. WOODALL (180650)
100 PINE ST SUITE 1250
SAN FRANCISCO, CA  94111


PATRICIA A. MATIAS (254125)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
PARK TOWER, FIFTEENTH FLOOR
695 TOWN CENTER DRIVE
COSTA MESA, CA  92626

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

LYSETTE GALVEZ

                              PLAINTIFF (S)

VS.

COWORX STAFFING SERVICES LLC et al

                              DEFENDANT (S)

**Case Management Department 610**
**Case Management Order**

**NO. CGC-19-578983**

**Continued Order to Show Cause**

TO: PLAINTIFF'S COUNSEL AND/OR SELF-REPRESENTED PLAINTIFF(S)

The Aug-18-2020 ORDER TO SHOW CAUSE is canceled.

YOU ARE HEREBY ORDERED TO APPEAR in Department 610 on Oct-27-2020 at 10:30 am, pursuant to Local Rule 3.0 C to show cause why this action should not be dismissed or why sanctions should not be imposed for failure to:

file proof of service and obtain answer(s) or enter default(s) against defendant(s) MICHAEL EPSTEIN as to first amended complaint.

CRC 3.110(i) requires that responsive papers to an order to show cause must be filed and served at least 5 calendar days before the hearing.

However, it would facilitate the issuance of a case management order prior to the Order to Show Cause hearing if the Response to Order to Show Cause is filed and served twenty (20) days before the Order to Show Cause hearing.

PLAINTIFF(S) must serve a copy of this notice on all parties not listed on the attached proof of service within five (5) days of the date of this order.

You may call (415) 551-4000 after 12:00 noon the day before the hearing to determine whether your compliance has taken the order to show cause off calendar.

DATED:  AUG-05-2020

                              GARRETT L. WONG

                              JUDGE OF THE SUPERIOR COURT

CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on AUG-05-2020 I served the attached Continued Order to Show Cause by placing a copy thereof in an envelope addressed to all parties to this action as listed below. I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated : AUG-05-2020                           By: VANESSA WU

KEVIN F. WOODALL (180650)
100 PINE ST SUITE 1250
SAN FRANCISCO, CA 94111

PATRICIA A. MATIAS (254125)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
PARK TOWER, FIFTEENTH FLOOR
695 TOWN CENTER DRIVE
COSTA MESA, CA 92626

PATRICIA A. MATIAS (254125)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
PARK TOWER, FIFTEENTH FLOOR
695 TOWN CENTER DRIVE
COSTA MESA, CA 92626

CERTIFICATE OF SERVICE BY MAIL
                                              Form 000001



Superior Court of California
County of San Francisco
Civil Case Management
400 McAllister Street, Room 103
San Francisco, CA 94102

PATRICIA A. MATIAS (254125)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C
PARK TOWER, FIFTEENTH FLOOR
695 TOWN CENTER DRIVE
COSTA MESA, CA 92626

CIV-SSB 92626



RECEIVED
AUG 1 0 2020
BY:

Presort
First Class Mail
ComBasPrice





U.S. POSTAGE >> PITNEY BOWES

ZIP 94103
02 1W
0001396604 AUG 05 2020

$ 000.38⁹

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

LYSETTE GALVEZ

PLAINTIFF (S)

VS.

COWORX STAFFING SERVICES LLC et al

DEFENDANT (S)

**Case Management Department 610**
**Case Management Order**

**NO. CGC-19-578983**

**Continued Order to Show Cause**

TO: PLAINTIFF'S COUNSEL AND/OR SELF-REPRESENTED PLAINTIFF(S)

The Oct-27-2020 ORDER TO SHOW CAUSE is canceled.

YOU ARE HEREBY ORDERED TO APPEAR in Department 610 on Dec-22-2020 at 10:30 am, pursuant to Local Rule 3.0 C to show cause why this action should not be dismissed or why sanctions should not be imposed for failure to:

file proof of service and obtain answer(s) or enter default(s) against defendant(s) MICHAEL EPSTEIN as to 1st amended complaint or obtain dismissal order in Dept. 302.

CRC 3.110(i) requires that responsive papers to an order to show cause must be filed and served at least 5 calendar days before the hearing.

However, it would facilitate the issuance of a case management order prior to the Order to Show Cause hearing if the Response to Order to Show Cause is filed and served twenty (20) days before the Order to Show Cause hearing.

PLAINTIFF(S) must serve a copy of this notice on all parties not listed on the attached proof of service within five (5) days of the date of this order.

You may call (415) 551-4000 after 12:00 noon the day before the hearing to determine whether your compliance has taken the order to show cause off calendar.

DATED:  OCT-15-2020          GARRETT L. WONG

JUDGE OF THE SUPERIOR COURT

CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on OCT-15-2020 I served the attached Continued Order to Show Cause by placing a copy thereof in an envelope addressed to all parties to this action as listed below.  I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated :  OCT-15-2020                          By: MELANIA DE LUNA

KEVIN F. WOODALL (180650)
100 PINE ST SUITE 1250
SAN FRANCISCO, CA  94111

PATRICIA A. MATIAS (254125)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
PARK TOWER, FIFTEENTH FLOOR
695 TOWN CENTER DRIVE
COSTA MESA, CA  92626

CERTIFICATE OF SERVICE BY MAIL
Form 000001

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
### 400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

LYSETTE GALVEZ

PLAINTIFF (S)

VS.

COWORX STAFFING SERVICES LLC et al

DEFENDANT (S)

**Case Management Department 610**
**Case Management Order**

**NO. CGC-19-578983**

**Continued Order to Show Cause**

TO: PLAINTIFF'S COUNSEL AND/OR SELF-REPRESENTED PLAINTIFF(S)

The Dec-22-2020 ORDER TO SHOW CAUSE is canceled.

YOU ARE HEREBY ORDERED TO APPEAR in Department 610 on Feb-09-2021 at 10:30 am, pursuant to Local Rule 3.0 C to show cause why this action should not be dismissed or why sanctions should not be imposed for failure to:

file proof of service and obtain answer(s) or enter default(s) against defendant(s) MICHAEL EPSTEIN as to 1st amended complaint.

CRC 3.110(i) requires that responsive papers to an order to show cause must be filed and served at least 5 calendar days before the hearing.

However, it would facilitate the issuance of a case management order prior to the Order to Show Cause hearing if the Response to Order to Show Cause is filed and served twenty (20) days before the Order to Show Cause hearing.

PLAINTIFF(S) must serve a copy of this notice on all parties not listed on the attached proof of service within five (5) days of the date of this order.

You may call (415) 551-4000 after 12:00 noon the day before the hearing to determine whether your compliance has taken the order to show cause off calendar.

DATED:  DEC-14-2020

GARRETT L. WONG

JUDGE OF THE SUPERIOR COURT

**CERTIFICATE OF SERVICE BY MAIL**

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on DEC-14-2020 I served the attached Continued Order to Show Cause by placing a copy thereof in an envelope addressed to all parties to this action as listed below. I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated : DEC-14-2020                  By: MELANIA DE LUNA

KEVIN F. WOODALL (180650)
100 PINE ST SUITE 1250
SAN FRANCISCO, CA 94111

PATRICIA A. MATIAS (254125)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
PARK TOWER, FIFTEENTH FLOOR
695 TOWN CENTER DRIVE
COSTA MESA, CA 92626

PATRICIA A. MATIAS (254125)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
PARK TOWER, FIFTEENTH FLOOR
695 TOWN CENTER DRIVE
COSTA MESA, CA 92626

CERTIFICATE OF SERVICE BY MAIL
Form 000001

US POSTAGE >> PITNEY BOWES

$ 000.38⁹

ZIP 94103
02 1W
0001396604 DEC 15 2020

Presort
First Class Mail
CombasPrice

RE
DEC 2 1 2020
BY:

Superior Court of California
County of San Francisco
Civil Case Management
400 McAllister Street, Room 103
San Francisco, CA 94102

SUPERIOR COURT OF CALIFORNIA · COUNTY OF SAN FRANCISCO

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
### 400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

LYSETTE GALVEZ

PLAINTIFF (S)

VS.

COWORX STAFFING SERVICES LLC et al

DEFENDANT (S)

**Case Management Department 610**
**Case Management Order**

**NO. CGC-19-578983**

**Continued Order to Show Cause**

TO: PLAINTIFF'S COUNSEL AND/OR SELF-REPRESENTED PLAINTIFF(S)

The Feb-09-2021 ORDER TO SHOW CAUSE is canceled.

YOU ARE HEREBY ORDERED TO APPEAR in Department 610 on Apr-13-2021 at 10:30 am, pursuant to Local Rule 3.0 C to show cause why this action should not be dismissed or why sanctions should not be imposed for failure to:

file proof of service and obtain answer(s) or enter default(s) against defendant(s) MICHAEL EPSTEIN as to first amended complaint.

CRC 3.110(i) requires that responsive papers to an order to show cause must be filed and served at least 5 calendar days before the hearing.

However, it would facilitate the issuance of a case management order prior to the Order to Show Cause hearing if the Response to Order to Show Cause is filed and served twenty (20) days before the Order to Show Cause hearing.

PLAINTIFF(S) must serve a copy of this notice on all parties not listed on the attached proof of service within five (5) days of the date of this order.

You may call (415) 551-4000 after 12:00 noon the day before the hearing to determine whether your compliance has taken the order to show cause off calendar.

DATED:  JAN-28-2021                          SAMUEL K. FENG
                                             _____
                                             JUDGE OF THE SUPERIOR COURT

# CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on JAN-28-2021 I served the attached Continued Order to Show Cause by placing a copy thereof in an envelope addressed to all parties to this action as listed below. I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated : JAN-28-2021                        By: VANESSA WU

KEVIN F. WOODALL (180650)
100 PINE ST SUITE 1250
SAN FRANCISCO, CA  94111

PATRICIA A. MATIAS (254125)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
PARK TOWER, FIFTEENTH FLOOR
695 TOWN CENTER DRIVE
COSTA MESA, CA  92626

PATRICIA A. MATIAS (254125)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
PARK TOWER, FIFTEENTH FLOOR
695 TOWN CENTER DRIVE
COSTA MESA, CA  92626

CERTIFICATE OF SERVICE BY MAIL
Form 000001



U.S. POSTAGE ≫ PITNEY BOWES

ZIP 94103 $ 000.51⁰
02 4W
0000346600 JAN 28 2021



RECEIVED

FEB 0 1 2021

B¹



Superior Court of California
County of San Francisco
Civil Case Management
400 McAllister Street, Room 103
San Francisco, CA 94102

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
### 400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

| | |
|---|---|
| LYSETTE GALVEZ | **Case Management Department 610**<br>**Case Management Order** |
| PLAINTIFF (S) | |
| VS. | **NO. CGC-19-578983** |
| COWORX STAFFING SERVICES LLC et al | |
| DEFENDANT (S) | **Order Setting Case Management<br>Conference** |

TO: ALL COUNSEL AND SELF-REPRESENTED LITIGANTS

The Apr-13-2021 ORDER TO SHOW CAUSE is canceled, and it is hereby ordered:

This case is set for a case management conference on May-12-2021 in Department 610 at 10:30 am for the submission of case management statements.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than fifteen (15) days before the case management conference. However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed and served twenty-five (25) days before the case management conference.

PLAINTIFF(S) must serve a copy of this notice on all parties not listed on the attached proof of service within five (5) days of the date of this order.

DATED:  MAR-29-2021

SAMUEL K. FENG

JUDGE OF THE SUPERIOR COURT

Form 000001

CERTIFICATE OF SERVICE BY MAIL

PATRICIA A. MATIAS (254125)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
PARK TOWER, FIFTEENTH FLOOR
695 TOWN CENTER DRIVE
COSTA MESA, CA 92626

KEVIN F. WOODALL (180650)
100 PINE ST SUITE 1250
SAN FRANCISCO, CA 94111

PATRICIA A. MATIAS (254125)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
PARK TOWER, FIFTEENTH FLOOR
695 TOWN CENTER DRIVE
COSTA MESA, CA 92626

Dated : MAR-29-2021                    By: JEFFREY LEE

CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on MAR-29-2021 I served the attached Order Setting Case Management Conference by placing a copy thereof in an envelope addressed to all parties to this action as listed below. I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.



Superior Court of California
County of San Francisco
Civil Case Management
400 McAllister Street, Room 103
San Francisco, CA 94102



PATRICIA A. MATIAS (254125)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
PARK TOWER, FIFTEENTH FLOOR
695 TOWN CENTER DRIVE
COSTA MESA, CA 92626

92626$7106 C053

RECEIVED

MAR 3 1 2021

BY:





U.S. POSTAGE ≫ PITNEY BOWES

ZIP 94103
02 1W $ 000.51⁰
0001393923 MAR 29 2021

# EXHIBIT E

1  Kevin F. Woodall (SBN 180650)
2  Woodall Law Offices
   100 Pine Street, Suite 1250
3  San Francisco, California 94111
   Telephone:   (415) 413-4629
4  Facsimile:   (866) 937-4109
5  kevin@kwoodalllaw.com

6
7  Thomas D. Rutledge, Esq. (SBN 200497)
   Law Offices of Thomas D. Rutledge
8  113 West G Street, Suite 231
   San Diego, California 92101
9  Tel.: (619) 886-7224
   Fax: (619) 259-5455
10 thomasrutledgelaw@gmail.com

11 Attorneys for Plaintiff, LYSETTE GALVEZ and those similarly situated

12

13               SUPERIOR COURT OF CALIFORNIA

14                 COUNTY OF SAN FRANCISCO

15                   UNLIMITED JURISDICTION

16
   LYSETTE GALVEZ, individually and on       )   Case No. CGC-19-578983
17 behalf of those similarly situated,        )
                                              )   **PLAINTIFFS' *EX PARTE***
18              Plaintiffs,                    )   **APPLICATION SEEKING**
                                              )   **PERMISSION TO DISMISS**
19                                            )   **DEFENDANT MICHAEL R. EPSTEIN**
                                              )   **WITHOUT PREJUDICE; AND**
20         vs.                                )   **DECLARATION OF THOMAS D.**
                                              )   **RUTLEDGE ISO THEREOF**
21 COWORX STAFFING SERVICES LLC, a )
22 Delaware Corporation; MICHAEL             )   Date: NA
   EPSTEIN, an individual; and DOES 1        )   Time: NA
23 through 10 inclusive;                      )   Dept: 302
                                              )
24              Defendants.                    )   [C.R.C., Rule 3.770]
                                              )
25                                            )   Date Complaint Filed: September 4, 2019
                                              )   Trial Date:  TBA
26                                            )
27 _____ )   **([Proposed] Order filed concurrently**
                                              )   **herewith)**
28

                                     - 2 -

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**08/06/2020**
**Clerk of the Court**
**BY: EDNALEEN ALEGRE**
**Deputy Clerk**

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Lysette Galvez ("Plaintiff"), will and hereby does apply *ex parte*, pursuant to Rule 3.770, of the California Rules of Court ("C.R.C."), seeking the Court's permission to dismiss Defendant Michael R. Epstein from her class action claims against Defendant Coworx Staffing Services LLC ("Defendant") without prejudice.

Under California Rule of Court 3.1202(c), *ex parte* relief may be granted to handle scheduling concerns or for any good cause shown. No hearing is required for the relief requested in this Application per C.R.C., Rule 3.770(b).

There is good cause to grant the Plaintiff the requested relief because Defendant Michael Epstein is no longer a manager working for Defendant Coworx Staffing Services LLC. Further, Defendant Epstein entered into a tolling agreement with Plaintiff and thus, if it is necessary to bring Defendant Epstein back into the case on a later date, the claims against him will not be time-barred.

No Class member and/or Aggrieved Employee's rights will be prejudiced in any manner in dismissing Defendant Epstein as a party in this case.

As set forth in the accompanying declaration of Thomas D. Rutledge, the parties to this case were duly given notice of this application in conformity with Rule 3.1203 of the California Rules of Court. This Application and the relief sought herein is unopposed.

This Application is sought on the basis of this notice, the attached Memorandum of Points and Authorities, the Declaration concurrently filed herewith, the Court's file in this action, and such further or other oral and documentary evidence as may be presented by counsel.

Dated: August 5, 2020                          Woodall Law Offices

By: /s/Kevin F. Woodall _____
        Kevin F. Woodall
        Attorney for Plaintiffs

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    SUMMARY OF FACTS SUPPORTING EX PARTE APPLICATION

On September 4, 2019, Plaintiff Lysette Galvez ("Plaintiff") filed a complaint instituting a wage and hour class action against Defendant Michael Epstein and Defendant Coworx Staffing Services LLC (collectively as "Defendants"). On November 11, 2019, Plaintiff filed an Amended Complaint alleging she and similarly situated Class members suffered unreimbursed expenses and unpaid minimum wages, regular/agreed upon wages and overtime wages in violation of Labor Code §§ 2802, 510, 1194, and 1197. (First Amended Class Action Complaint ("FAC") ¶¶ 1-13; Rutledge Decl. ¶¶ 2, 3.)

After filing the FAC, Plaintiff discovered that Defendant Epstein is no longer a manager for Defendant Coworx Staffing Services LLC. Plaintiff and Defendant Epstein thereafter entered into a tolling agreement, such that if Plaintiff later decides to bring Defendant Epstein back into the case after discovery, the currently asserted claims against him will not be time-barred. (Rutledge Decl. ¶¶ 4-6).

## II.    STANDARD OF REVIEW FOR REQUESTS FOR DISMISSAL OF A PARTY IN A CIVIL ACTION

Plaintiffs normally have the unilateral right to file a dismissal of civil actions. (Code Civ. Pro. ("CCP") § 581.) Dismissals of class actions, even against only one party, however, require court approval. (C.R.C., 3.770, *et seq*.) If the class has already been certified, notice to the class, must be given to protect against abuse. (C.C.P. § 581(k); C.R.C. 3.770(a), (c); see e.g. Civ. Code § 1781(f).)

California Rules of Court, Rule 3.770, provides,

> **(a) Court approval of dismissal**
> A dismissal of an entire class action, or of any party or cause of action in a class action, requires court approval. The court may not grant a request to dismiss a class action if the court has entered judgment following final approval of a settlement. Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail.

(Subd (a) amended effective January 1, 2009; adopted as untitled subd effective January 1, 1984; previously amended and lettered as subd (a) effective January 1, 2002; previously amended effective January 1, 2007.)

**(b) Hearing on request for dismissal**

The court may grant the request without a hearing. If the request is disapproved, notice of tentative disapproval must be sent to the attorneys of record. Any party may seek, within 15 calendar days of the service of the notice of tentative disapproval, a hearing on the request. If no hearing is sought within that period, the request for dismissal will be deemed denied.

(Subd (b) amended effective January 1, 2007; adopted as untitled subd effective January 1, 1984; previously amended and lettered as subd (b) effective January 1, 2002.)

**(c) Notice to class of dismissal**

If the court has certified the class, and notice of the pendency of the action has been provided to class members, notice of the dismissal must be given to the class in the manner specified by the court. If the court has not ruled on class certification, or if notice of the pendency of the action has not been provided to class members in a case in which such notice was required, notice of the proposed dismissal may be given in the manner and to those class members specified by the court, or the action may be dismissed without notice to the class members if the court finds that the dismissal will not prejudice them.

Plaintiff urges this Court to approve the dismissal because it is unclear whether Defendant Epstein is an appropriate party in this case. He is a former manager of Defendant Coworx and the majority Plaintiff's claims are primarily against Defendant Coworx, rather than Defendant Epstein who was a corporate officer. Further, if later discovery reveals that Defendant Epstein is liable for the currently asserted claims, Plaintiff and Defendant Epstein entered into a tolling agreement allowing Plaintiff to later bring Defendant Epstein back into the case. Due to those reasons, dismissal of Defendant Epstein will not prejudice any of the Class Members nor the Plaintiff. Plaintiff is also not receiving any compensation for the dismissal of Defendant Epstein. This Application is unopposed by the Defendants.

## III.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs very respectfully requests that the *Ex Parte* application be granted and that Defendant Epstein be dismissed from this case without prejudice.

1

2

Dated: August 5, 2020                         Woodall Law Offices

3                                             By: /s/ Kevin F. Woodall

4                                             Kevin F. Woodall
                                              Attorney for Plaintiffs

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DECLARATION OF THOMAS D. RUTLEDGE

2  I, THOMAS RUTLEDGE, declare and state as follows:

3       1.  I am an attorney licensed to practice before all Courts of the State of California. I

4  am a partner with the attorney of record for the Plaintiffs. I have personal knowledge of the

5  following facts and if called as a witness, I could and would competently testify thereto.

6       2.  On September 4, 2019, Plaintiff Lysette Galvez filed a Complaint instituting the

7  current wage and hour class action.

8       3.  On November 11, 2019, Plaintiff filed a First Amended Complaint.

9       4.  Approximately one month ago, Plaintiff and Defendant Michael Epstein entered

10 into a tolling agreement, which provides that the currently alleged claims against Epstein are

11 tolled until a later date.

12      5.  Thus, if Plaintiff later determines that Defendant Michael R. Epstein should be

13 brought back into the action after discovery, the claims will not be time-barred.

14      6.  After the First Amended Complaint was filed, Plaintiff was informed by defense

15 counsel, Mr. Sean Kim, that Defendant Michael R. Epstein was no longer working as a

16 manager for Defendant Coworx Staffing Services LLC.

17      7.  We have complied with the Rules of the Court in proving Defendants, through

18 their counsel, notice of this Application and the relief sought herein.

19      8.  Defendants' counsel have informed us that Defendants do not oppose this

20 Application and the relief requested therein.

21      9.  Defendants have not offered to pay nor have they paid Plaintiff, Plaintiffs'

22 Counsel or anyone we know for asking the Court to dismiss Defendant Epstein from this

23 case without prejudice.

24      I declare under penalty of perjury under the laws of California that the foregoing is

25 true and correct. Executed on *8-5*        , 2020 at San Diego, California.

26

27                              By: _____

                                     Thomas D. Rutledge
28                                   Declarant

- 2 -

## PROOF OF SERVICE

I, Kevin Woodall, am a resident of the State of California and over the age of 18, and not a party to the within action; my business address is 100 Pine Street, Suite 1250, San Francisco, CA 94111.

**ON AUGUST 6, 2020, I SERVED THE DOCUMENT(S) DESCRIBED AS:**

**PLAINTIFFS' *EX PARTE* APPLICATION SEEKING PERMISSION TO DISMISS DEFENDANT MICHAEL R. EPSTEIN WITHOUT PREJUDICE; AND DECLARATION OF THOMAS D. RUTLEDGE ISO THEREOF**

on the following interested parties at the following address:

Sean M. Kim
Patricia Matias
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Park Tower, 695 Town Center Drive, Fifteenth Floor
Costa Mesa, CA 92626
sean.kim@ogletree.com
patricia.Matias@ogletreedeakins.com

Attorneys for CoWorx Staffing Services

☐ (BY MAIL) I served the foregoing document(s) by U.S. mail. I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence was deposited with the United States Postal Service this same day in the ordinary course of business at Tahoe Vista, California.

☐ (BY FACSIMILE) I transmitted via facsimile, the document(s) listed above to the fax number(s) set forth above on this date from Corte Madera, California. The transmitting facsimile machine telephone number is (415) 413-4629.

☐ (BY FEDEX GROUND) I served the foregoing document(s) by placing it in a sealed envelope or container provided by Federal Express, affixing a pre-paid air bill for ground delivery, and causing the envelope or container to be delivered to a Federal Express agent or depositing it in a box or other facility regularly maintained by Federal Express.

☐ (BY PERSONAL DELIVERY) I hired a vendor to personally deliver the foregoing document(s) to the addresses listed above.

☒ (BY EMAIL and E-SERVICE) I served the foregoing documents by sending them via email to Defendant's counsel listed above. In addition, One Legal electronically served the documents described above on the recipients designated on the Transaction Receipt (Defendant's counsel listed above) located on the One Legal website (www.fileandserveexpress.com) pursuant to the Court's Local Rules authorizing electronic service of the documents.

1    Executed this August 6, 2020 at Tahoe Vista, California.

2    I declare under penalty of perjury under the laws of the State of California and the
3    United States that the above is true and correct.

4

5    KEVIN F. WOODALL

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Kevin F. Woodall (SBN 180650)
2   Woodall Law Offices
    100 Pine Street, Suite 1250
3   San Francisco, California 94111
    Telephone:   (415) 413-4629
4   Facsimile:   (866) 937-4109
5   kevin@kwoodalllaw.com

6   Thomas D. Rutledge, Esq. (SBN 200497)
7   Law Offices of Thomas D. Rutledge
    113 West G Street, Suite 231
8   San Diego, California 92101
9   Tel.: (619) 886-7224
    Fax: (619) 259-5455
10  thomasrutledgelaw@gmail.com

11  Attorneys for Plaintiff, LYSETTE GALVEZ and those similarly situated
12

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**01/28/2021**
**Clerk of the Court**
BY: RONNIE OTERO
Deputy Clerk

13              SUPERIOR COURT OF CALIFORNIA
14              COUNTY OF SAN FRANCISCO
15              UNLIMITED JURISDICTION

16  LYSETTE GALVEZ, individually and on   )   Case No. CGC-19-578983
17  behalf of those similarly situated,   )
                                          )   **PLAINTIFFS' *EX PARTE***
18              Plaintiffs,               )   **APPLICATION TO DISMISS**
                                          )   **DEFENDANT MICHAEL R. EPSTEIN**
19                                        )   **WITHOUT PREJUDICE; AND**
                                          )   **DECLARATION OF KEVIN**
20      vs.                               )   **WOODALL ISO THEREOF**
                                          )
21  COWORX STAFFING SERVICES LLC, a )   Date: February 1, 2021
22  Delaware Corporation; MICHAEL         )   Time: 11:00 a.m.
    EPSTEIN, an individual; and DOES 1    )   Dept: 302
23  through 10 inclusive;                 )
                                          )
24              Defendants.               )   [C.R.C., Rule 3.770]
                                          )
25                                        )   Date Complaint Filed: September 4, 2019
                                          )   Trial Date:  TBA
26                                        )
27                                        )   **([Proposed] Order filed concurrently**
    _____ )   **herewith)**
28

1  TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

2       PLEASE TAKE NOTICE that on February 1, 2021 at 11:00 a.m. in Department 302

3  of San Francisco Superior Court, located at 400 McAllister Street, San Francisco, CA

4  94102, Plaintiff Lysette Galvez ("Plaintiff"), will and hereby does apply *ex parte*, pursuant

5  to Rule 3.770, of the California Rules of Court ("C.R.C."), seeking the Court's permission to

6  dismiss Defendant Michael R. Epstein from her class action claims against Defendant

7  Coworx Staffing Services LLC ("Defendant") without prejudice.

8       Under California Rule of Court 3.1202(c), *ex parte* relief may be granted to handle

9  scheduling concerns or for any good cause shown.

10      There is good cause to grant the Plaintiff the requested relief because Defendant

11 Michael Epstein is no longer a manager working for Defendant Coworx Staffing Services

12 LLC. Further, Defendant Epstein entered into a tolling agreement with Plaintiff and thus, if

13 it is necessary to bring Defendant Epstein back into the case on a later date, the claims

14 against him will not be time-barred.

15      No Class member and/or Aggrieved Employee's rights will be prejudiced in any

16 manner in dismissing Defendant Epstein as a party in this case. This is because, among other

17 reasons, there is no certified class, trial date, or any *Belaire-West* notice or similar

18 correspondence that has been sent to the putative class.

19      As set forth in the accompanying declaration of Kevin Woodall, the parties to this

20 case were duly given notice of this application in conformity with Rule 3.1203 of the

21 California Rules of Court. This Application and the relief sought herein is unopposed.

22      This Application is sought on the basis of this notice, the attached Memorandum of

23 Points and Authorities, the Declaration concurrently filed herewith, the Court's file in this

24 action, and such further or other oral and documentary evidence presented.

25 Dated:  January 28, 2021                    Woodall Law Offices

26

27                                   By: _____

28                                       Kevin F. Woodall
                                         Attorney for Plaintiff Galvez

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    SUMMARY OF FACTS SUPPORTING EX PARTE APPLICATION

On September 4, 2019, Plaintiff Lysette Galvez ("Plaintiff") filed a complaint instituting a wage and hour class action against Defendant Michael Epstein and Defendant Coworx Staffing Services LLC (collectively as "Defendants"). On November 11, 2019, Plaintiff filed an Amended Complaint alleging she and similarly situated Class members suffered unreimbursed expenses and unpaid minimum wages, regular/agreed upon wages and overtime wages in violation of Labor Code §§ 2802, 510, 1194, and 1197. (First Amended Class Action Complaint ("FAC") ¶¶ 1-13; Woodall Decl. ¶¶ 2, 3.)

After filing the FAC, Plaintiff discovered that Defendant Epstein is no longer a manager for Defendant Coworx Staffing Services LLC. Plaintiff and Defendant Epstein thereafter entered into a tolling agreement, such that if Plaintiff later decides to bring Defendant Epstein back into the case after discovery, the currently asserted claims against him will not be time-barred. (Woodall Decl. ¶¶ 4-6.)

Further, there is no certified class, trial date, or any *Belaire-West* notice or similar correspondence that has been sent to the putative class. Neither Plaintiff or her counsel are receiving any compensation whatsoever for the request sought in this Application. (Woodall Decl. ¶¶ 7-9.)

## II.    STANDARD OF REVIEW FOR REQUESTS FOR DISMISSAL OF A PARTY IN A CIVIL ACTION

Plaintiffs normally have the unilateral right to file a dismissal of civil actions. (Code Civ. Pro. ("CCP") § 581.) Dismissals of class actions, even against only one party, however, require court approval. (C.R.C., 3.770, *et seq.*) If the class has already been certified, notice to the class, must be given to protect against abuse. (C.C.P. § 581(k); C.R.C. 3.770(a), (c); see e.g. Civ. Code § 1781(f).)

California Rules of Court, Rule 3.770, provides,

> **(a) Court approval of dismissal**
> A dismissal of an entire class action, or of any party or cause of

action in a class action, requires court approval. The court may not
grant a request to dismiss a class action if the court has entered
judgment following final approval of a settlement. Requests for
dismissal must be accompanied by a declaration setting forth the
facts on which the party relies. The declaration must clearly state
whether consideration, direct or indirect, is being given for the
dismissal and must describe the consideration in detail.
(Subd (a) amended effective January 1, 2009; adopted as untitled
subd effective January 1, 1984; previously amended and lettered as
subd (a) effective January 1, 2002; previously amended effective
January 1, 2007.)
**(b) Hearing on request for dismissal**
The court may grant the request without a hearing. If the request is
disapproved, notice of tentative disapproval must be sent to the
attorneys of record. Any party may seek, within 15 calendar days of
the service of the notice of tentative disapproval, a hearing on the
request. If no hearing is sought within that period, the request for
dismissal will be deemed denied.
(Subd (b) amended effective January 1, 2007; adopted as untitled
subd effective January 1, 1984; previously amended and lettered as
subd (b) effective January 1, 2002.)
**(c) Notice to class of dismissal**
If the court has certified the class, and notice of the pendency of the
action has been provided to class members, notice of the dismissal
must be given to the class in the manner specified by the court. If the
court has not ruled on class certification, or if notice of the pendency
of the action has not been provided to class members in a case in
which such notice was required, notice of the proposed dismissal
may be given in the manner and to those class members specified by
the court, or the action may be dismissed without notice to the class
members if the court finds that the dismissal will not prejudice them.

Plaintiff urges this Court to approve the dismissal because it is unclear whether

Defendant Epstein is an appropriate party in this case. He is a former manager of Defendant

Coworx and the majority Plaintiff's claims are primarily against Defendant Coworx, rather

than Defendant Epstein who was a corporate officer. Further, if later discovery reveals that

Defendant Epstein is liable for the currently asserted claims, Plaintiff and Defendant Epstein

entered into a tolling agreement allowing Plaintiff to later bring Defendant Epstein back into

the case. Due to those reasons, dismissal of Defendant Epstein will not prejudice any of the

Class Members nor the Plaintiff. Plaintiff is also not receiving any compensation for the

dismissal of Defendant Epstein. This Application is unopposed by the Defendants.

**III.    CONCLUSION**

For the foregoing reasons, Plaintiff very respectfully requests that the *Ex Parte* application be granted and that Defendant Epstein be dismissed from this case without prejudice.

Dated:  January 28, 2021

Woodall Law Offices

By: _____

Attorney for Plaintiff Galvez

1

## DECLARATION OF KEVIN WOODALL

2    I, Kevin Woodall, declare and state as follows:

3        1. I am an attorney licensed to practice before all Courts of the State of California. I

4    am an attorney of record for the Plaintiff Galvez. I have personal knowledge of the

5    following facts and if called as a witness, I could and would competently testify thereto.

6        2. On September 4, 2019, Plaintiff Lysette Galvez filed a Complaint instituting the

7    current wage and hour class action.

8        3. On November 11, 2019, Plaintiff filed a First Amended Complaint.

9        4. Recently, Plaintiff and Defendant Michael Epstein entered into a tolling

10    agreement, which provides that the currently alleged claims against Epstein are tolled until a

11    later date.

12        5. Thus, if Plaintiff later determines that Defendant Michael R. Epstein should be

13    brought back into the action after discovery, the claims will not be time-barred.

14        6. After the First Amended Complaint was filed, Plaintiff was informed by defense

15    counsel, Mr. Sean Kim, that Defendant Michael R. Epstein was no longer working as a

16    manager for Defendant Coworx Staffing Services LLC.

17        7. We have complied with the Rules of the Court in proving Defendants, through

18    their counsel, notice of this Application and the relief sought herein both over the phone, via

19    email, and numerous other means of communication.

20        8. Defendants' counsel have informed us that Defendants do not oppose this

21    Application and the relief requested therein.

22        9. Defendants have not offered to pay nor have they paid Plaintiff, Plaintiffs'

23    Counsel or anyone we know for asking the Court to dismiss Defendant Epstein from this

24    case without prejudice.

25        10. Further, there is no certified class, trial date, or any *Belaire-West* notice or similar

26    correspondence that has been sent to the putative class.

27

28

1    I declare under penalty of perjury under the laws of California that the foregoing is

2  true and correct. Executed on January  28  , 2021 at Corte Madera, California.

3                                            By: _____

4                                                 Kevin Woodall

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2

    I, Kevin Woodall, am a resident of the State of California and over the age of 18,
and not a party to the within action; my business address is 100 Pine Street, Suite 1250,

3

San Francisco, CA 94111.

4

**ON JANUARY 28, 2021, I SERVED THE DOCUMENT(S) DESCRIBED AS:**

5

**PLAINTIFFS' *EX PARTE* APPLICATION TO DISMISS DEFENDANT

6

MICHAEL R. EPSTEIN WITHOUT PREJUDICE; AND DECLARATION OF
KEVIN WOODALL ISO THEREOF**

7

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS
DEFENDANT MICHAEL EPSTEIN FROM THIS CASE WITHOUT PREJUDICE**

8

9

on the following interested parties at the following address:

10

David Thatcher
Patricia Matias

11

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Park Tower, 695 Town Center Drive, Fifteenth Floor

12

Costa Mesa, CA 92626
david.thatcher@ogletreedeakins.com

13

patricia.Matias@ogletreedeakins.com

14

Attorneys for CoWorx Staffing Services

15

☐    (BY MAIL)  I served the foregoing document(s) by U.S. mail.  I am

16

readily familiar with the business practice for collection and processing of
correspondence for mailing with the United States Postal Service.  This

17

correspondence was deposited with the United States Postal Service this
same day in the ordinary course of business at Tahoe Vista, California.

18

☐    (BY FACSIMILE)  I transmitted via facsimile, the document(s) listed

19

above to the fax number(s) set forth above on this date from Corte Madera,
California.  The transmitting facsimile machine telephone number is (415)

20

413-4629.

21

☐    (BY FEDEX GROUND)  I served the foregoing document(s) by placing it
in a sealed envelope or container provided by Federal Express, affixing a

22

pre-paid air bill for ground delivery, and causing the envelope or container
to be delivered to a Federal Express agent or depositing it in a box or other

23

facility regularly maintained by Federal Express.

24

☐    (BY PERSONAL DELIVERY)  I hired a vendor to personally deliver the
foregoing document(s) to the addresses listed above.

25

☒    (BY EMAIL and E-SERVICE)  I served the foregoing documents by

26

sending them via email to Defendant's counsel listed above. In addition,
One Legal electronically served the documents described above on the

27

recipients designated on the Transaction Receipt (Defendant's counsel
listed above) located on the One Legal website

28

(www.fileandserveexpress.com) pursuant to the Court's Local Rules authorizing electronic service of the documents.

Executed this January 28, 2021 at Corte Madera, California.

I declare under penalty of perjury under the laws of the State of California and the United States that the above is true and correct.

_____
KEVIN F. WOODALL

2
PROOF OF SERVICE

ENDORSED
F I L E D
San Francisco County Superior Court

FEB 0 1 2021

CLERK OF THE COURT
BY: J. ALAMEDA
Deputy Clerk

1

2

3

4

5

6

7

8

9          SUPERIOR COURT OF CALIFORNIA

10            COUNTY OF SAN FRANCISCO

11             UNLIMITED JURISDICTION

12

13

14

15

16

17

18

19

20

21

22

| | |
|---|---|
| LYSETTE GALVEZ, individually and on behalf of those similarly situated, | Case No. CGC-19-578983 |
| Plaintiffs, | [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS DEFENDANT MICHAEL EPSTEIN FROM THIS CASE WITHOUT PREJUDICE |
| vs. | |
| COWORX STAFFING SERVICES LLC, a Delaware Corporation; MICHAEL EPSTEIN, an individual; and DOES 1 through 10 inclusive; | |
| Defendants. | |

23

24

25

26

27

28

1

[PROPOSED] ORDER

2    The Plaintiff, through her counsel, appeared before the Court on February 1, 2021 on

3 an *ex parte* application.  Based on the evidence presented, Plaintiffs' *Ex Parte* Application

4 seeking to dismiss Defendant Michael Epstein without prejudice, and declaration of Kevin

5 Woodall, the Court makes the following ruling(s):

6    IT IS HEREBY ORDERED that Defendant Michael R. Epstein is dismissed without

7 prejudice. The Order to Show Cause scheduled for February 9, 2021 is vacated.

8

9 Dated: *Feb. 1, 2021*

10

11                    Judge of the Superior Court of California
                     County of San Francisco

12
                     ETHAN P. SCHULMAN
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

I, the undersigned, certify that I am an employee of the Superior Court of California, County Of San Francisco and not
a party to the above-entitled cause and that on February 01, 2021 I served the foregoing on each counsel of record or
party appearing in propria persona by causing a copy thereof to be enclosed in a postage paid sealed envelope and
deposited in the United States Postal Service mail box located at 400 McAllister Street, San Francisco CA 94102-
4514 pursuant to standard court practice.

Date: February 01. 2021                                  By: JACQUELINE ALAMEDA

Kevin F. Woodall, Esq.
100 Pine St Suite 1250
San Francisco, CA 94111

Patricia A. Matia, Esq.
Ogletree, Deakins, Nash, Smoak &
Stewart, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA 92626



US POSTAGE ≫ PITNEY BOWES

$ 000.39⁰
ZIP 94103
02 4W
0000346600 FEB 02 2021

Presort
First Class Mail
ComBasPrice

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN FRANCISCO
400 McAllister Street, Room 316 DEPT. 302
San Francisco, CA 94102-4514

RECEIVED
FEB 0 8 2021
BY:...........

Patricia A. Matia, Esq.
Ogletree, Deakins, Nash, Smoak &
Stewart, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA 92626

AWW—S5B 92626

# EXHIBIT F

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| THOMAS D. RUTLEDGE  SBN 200497<br>113 WEST G STREET, SUITE 231<br>SAN DIEGO, CA 92101<br>  TELEPHONE NO.: 619-886-7224        FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* thomasrutledgelaw@gmail.com<br>ATTORNEY FOR *(Name):* Plaintiffs | **ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**04/28/2021**<br>**Clerk of the Court**<br>**BY: VANESSA WU**<br>**Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS:
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102-4514
BRANCH NAME: CIVIC CENTER COURTHOUSE

PLAINTIFF/PETITIONER: LYSETTE GALVEZ, et al.

DEFENDANT/RESPONDENT: COWORX STAFFING SERVICES LLC

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  ☑ **UNLIMITED CASE**      ☐ **LIMITED CASE**<br>    (Amount demanded          (Amount demanded is $25,000<br>    exceeds $25,000)           or less) | CGC-19-578983 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: May 12, 2021          Time: 10:30 AM      Dept.: 610      Div.:          Room:

Address of court *(if different from the address above):*

☑ **Notice of Intent to Appear by Telephone, by *(name):* Thomas D. Rutledge**

---

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
    a. ☑  This statement is submitted by party *(name):* Plaintiffs
    b. ☐  This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
    a. The complaint was filed on *(date):* September 4, 2019
    b. ☐  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
    a. ☑  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
    b. ☐  The following parties named in the complaint or cross-complaint
        (1) ☐  have not been served *(specify names and explain why not):*

        (2) ☐  have been served but have not appeared and have not been dismissed *(specify names):*

        (3) ☐  have had a default entered against them *(specify names):*

    c. ☑  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*
        DOE Defendants; individual corporate officers/managing agents if case does not resolve at mediation and facts permit.

4. **Description of case**
    a. Type of case in  ☑  complaint      ☐  cross-complaint      *(Describe, including causes of action):*

    This is a wage and hour class and PAGA action for claims involving failure to pay overtime, 203 penalties, wage statement violation, meal/ rest period violations (to be added), and multiple related Labor Code claims.

---

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov |
|---|---|---|

CM-110

| PLAINTIFF/PETITIONER: LYSETTE GALVEZ, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: COWORX STAFFING SERVICES LLC | CGC-19-578983 |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Defendants have failed to pay overtime, travel time, issue wage statements that comply with Labor Code section 226, pay expense reimbursements, among other Labor Code claims. Plaintiffs will likely add meal/rest period premiums. Parties are getting ready for private mediation, which was rescheduled for an earlier date and had to be continued because Plaintiffs discovered more Labor Code violations and need more info. from Defendants.

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request   ☑ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a.  ☐  The trial has been set for *(date):*
b.  ☑  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
This case will not be ready for trial because the parties plan on appearing for private mediation.
c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
This case will not be ready for trial in 12 months. The parties request to continue the CMC another nine months to allow Defendants to produce documents and help Plaintiffs prepare for private mediation.

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☑  days *(specify number):* 14
b.  ☐  hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☑  by the attorney or party listed in the caption   ☑  by the following:
a.  Attorney: KEVIN WOODALL
b.  Firm:  Woodall Law Offices
c.  Address:  580 California Street, 16th Floor, San Francisco, California 94104
d.  Telephone number:  (415) 439-4803                 f.  Fax number: (866) 937-4109
e.  E-mail address:  kevin@kwoodalllaw.com           g.  Party represented: Plaintiffs
☐  Additional representation is described in Attachment 8.

9. **Preference**
☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1) For parties represented by counsel: Counsel ☑ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).
(1) ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☑   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
CCP Sec. 1775.5-amount in controversy greater than $50

**CM-110**

| PLAINTIFF/PETITIONER: LYSETTE GALVEZ, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: COWORX STAFFING SERVICES LLC | CGC-19-578983 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ✓ | ☐ Mediation session not yet scheduled<br>☑ Mediation session scheduled for *(date):* TBA 2021<br>☐ Agreed to complete mediation by *(date):* TBA 2021<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

**CM-110**

| PLAINTIFF/PETITIONER: LYSETTE GALVEZ, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: COWORX STAFFING SERVICES LLC | CGC-19-578983 |

11. **Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

12. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*

   Status:

13. **Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate    will be filed by *(name party):*

14. **Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
   Plaintiff will file a motion for class certification regardless of whether case settles. Perhaps motions to compel if case does not settle.

16. **Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

   | Party | Description | Date |
   |---|---|---|
   | Plaintiff | Written Discovery | December 2021 |
   | Plaintiff | Witness Depositions | February 2022 |
   | Plaintiff | Expert Discovery | March 2022 |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: LYSETTE GALVEZ, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: COWORX STAFFING SERVICES LLC | CGC-19-578983 |

17. **Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

☑ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

(1) Plaintiffs request the CMC be continued to no earlier than 11-15-2021 to give the parties a chance to mediate. Parties originally were scheduled to attend mediation in Feb. 2021, but Plaintiffs discovered more evidence was needed to be afforded enough information to assess damages and liability. Parties intend to mediate before 11-15-2021.

19. **Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

The parties have not met and conferred because parties just got notice of this CMC today, less than 15 days notice. Notwithstanding, Plaintiffs are confident Defendant agrees to a continuance, too.

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):*    0

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 4-27-2021

THOMAS D. RUTLEDGE
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

1

## **PROOF OF SERVICE**

2

3    STATE OF CALIFORNIA

4    COUNTY OF SAN DIEGO

5        I, THOMAS D. RUTLEDGE, the undersigned, am employed in the County of San Diego, State of California; I am over the age of 18 and not a
6    party to the within action; my business address is 113 West G Street, Suite 231, San Diego, California 92101.

7
    On April 27, 2021, I served the foregoing document(s) described as:

8

9    **PLAINTIFFS' CASE MANAGEMENT STATEMENT**

10    on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:  **See Attached List.**

11    ☒**(BY EMAIL)**    I am readily familiar with the business practice for collection
12    and processing of correspondence for emailing. This correspondence was sent via email in the ordinary course of business at our Firm's office address
13    in San Diego, California via ONE LEGAL.

14    ☒(BY MAIL)    I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal
15    Service.  This correspondence was deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office
16    address in San Diego, California.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal
17    cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

18
☐(BY PERSONAL SERVICE)    I caused such envelope to be delivered by
19    hand to the offices of the above named addressee(s).

20    ☐(BY FACSIMILE)  I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number:

21
    Executed April 27, 2021, at San Diego, California.

22
    I declare under penalty of perjury under the laws of the State of
23    California that the above is true and correct.

24                /s/*THOMAS D. RUTLEDGE*
            THOMAS D. RUTLEDGE

25

26

27

28

Thomas D. Rutledge
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

POS-*Galvez, et al. v. Coworx Staffing Services LLC, et al.* SCSF Case Number: CGC-19-578983

1

## <u>SERVICE LIST</u>

2

3 Patricia A. Matias
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
4 695 Town Center Drive, Fifteenth Floor
Costa Mesa, California 92626
5

6 Attorneys for Defendants

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Thomas D. Rutledge**
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone: (619) 886-7224

- 2 -

POS-*Galvez, et al. v. Coworx Staffing Services LLC, et al.* SCSF Case Number: CGC-19-578983

CM-110

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Patricia A. Matias (CA Bar No. 254125)<br>OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.<br>Park Tower, Fifteenth Floor, 695 Town Center Drive<br>Costa Mesa, CA 92626<br>TELEPHONE NO.: (714) 800-7900    FAX NO. *(Optional):* (714) 754-1298<br>E-MAIL ADDRESS *(Optional):* patricia.matias@ogletree.com<br>ATTORNEY FOR *(Name):* Defendant CoWorx Staffing Services LLC | **FOR COURT USE ONLY**<br><br>**ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**04/16/2021**<br>**Clerk of the Court**<br>**BY: VANESSA WU**<br>**Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN FRANCISCO**
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102-4514
BRANCH NAME: Civic Center Courthouse

PLAINTIFF/PETITIONER: LYSETTE GALVEZ

DEFENDANT/RESPONDENT: COWORX STAFFING SERVICES LLC, et al.

| | | |
|---|---|---|
| **CASE MANAGEMENT STATEMENT**<br>*(Check one):*  ☒ **UNLIMITED CASE**  ☐ **LIMITED CASE**<br> (Amount demanded  (Amount demanded is $25,000<br> exceeds $25,000)  or less) | CASE NUMBER:<br>CGC-19-578983 | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: May 12, 2021    Time: 8:30 a.m.    Dept.: 610    Div.:    Room:

Address of court *(if different from the address above):*

☒  **Notice of Intent to Appear by Telephone, by** *(name):* Patricia A. Matias

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☒  This statement is submitted by party *(name):* CoWorx Staffing Services, LLC
   b. ☐  This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.  The complaint was filed on *(date):*
   b. ☐  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
      (1) ☐  have not been served *(specify names and explain why not):*

      (2) ☐  have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐  have had a default entered against them *(specify names):*

   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a.  Type of case in  ☒ complaint  ☐ cross-complaint    *(Describe, including causes of action):*
      Class and PAGA complaint alleging failure to pay wages, untimely final wages, improper wage statements, failure to reimburse business expenses, and unfair competition.

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,<br>rules 3.720–3.730<br>*www.courts.ca.gov*

American LegalNet, Inc.<br>www.FormsWorkFlow.com

CM-110

| PLAINTIFF/PETITIONER: LYSETTE GALVEZ | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: COWORX STAFFING SERVICES LLC, et al. | CGC-19-578983 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiff has filed a class and representative action under PAGA, alleging violations of California wage and hour laws. Defendant disputes Plaintiff's allegations and disputes that Plaintiff may maintain a class or representative action.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☒ a nonjury trial.    *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐  The trial has been set for *(date):*
b.  ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
Nov. 15-19, 22-23, Dec. 6, 2021 trials; Dec. 6-10, 13-15 arbitration; Jan 4, March 22-28, 2022 trials; April 18-22, 2022 arbitration; July 11-15, 2022 arbitration; Aug. 7, 2023 trial; November 13, 2023 trial.

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☒  days *(specify number):* 14-28 days
b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial  ☒  by the attorney or party listed in the caption  ☐  by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:                                      f.  Fax number:
e.  E-mail address:                                         g.  Party represented:
☐  Additional representation is described in Attachment 8.

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel ☒ has ☐ has not    provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1)  ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)  ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*



American LegalNet, Inc.
www.FormsWorkFlow.com

CM-110

| PLAINTIFF/PETITIONER: LYSETTE GALVEZ | CASE NUMBER:<br>CGC-19-578983 |
|---|---|
| DEFENDANT/RESPONDENT: COWORX STAFFING SERVICES LLC, et al. | |

10.  c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or
     have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)* :<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.FormsWorkFlow.com

**CM-110**

| PLAINTIFF/PETITIONER: LYSETTE GALVEZ | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: COWORX STAFFING SERVICES LLC, et al. | CGC-19-578983 |

11. **Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes  ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

12. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy  ☐ Other *(specify):*
   Status:

13. **Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.

   b. ☐ A motion to  ☐ consolidate  ☐ coordinate  will be filed by *(name party):*

14. **Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**
   ☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
   Motion for summary judgment or adjudication.

16. **Discovery**
   a. ☐ The party or parties have completed all discovery.
   b ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

   <u>Party</u>                                    <u>Description</u>                                              <u>Date</u>
   The parties have agreed to stay formal discovery pending mediation.

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110 [Rev. July 1, 2011]                **CASE MANAGEMENT STATEMENT**                **Page 4 of 5**


American LegalNet, Inc.
www.FormsWorkFlow.com

**CM-110**

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: LYSETTE GALVEZ | CGC-19-578983 |
| DEFENDANT/RESPONDENT: COWORX STAFFING SERVICES LLC, et al. | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☒ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):* The parties have agreed to stay formal discovery pending mediation.

**19. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* ___0___

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: April 16, 2021

Patricia A. Matias
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

46791044.1

CM-110 [Rev. July 1, 2011]    **CASE MANAGEMENT STATEMENT**    **Page 5 of 5**

American LegalNet, Inc.
www.FormsWorkFlow.com

**PROOF OF SERVICE**

*Lysette Galvez v. CoWorx Staffing Services LLC, et al.*
Case No. CGC-19-578983

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made.  My business address is Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

On April 16, 2021, I served the following document(s):

**CASE MANAGEMENT STATEMENT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☒    **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐    **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐    **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California.  I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐    **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐    **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

☐    the written confirmation of counsel in this action:

☐    [State Court motion, opposition, or reply only] Code of Civil Procedure section 1005(b):

☐    **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the

Galvez - POS FOR
DEF'S CM

1

1    documents to be sent to the person(s) at the e-mail addresses listed on the attached service
2    list. I did not receive, within a reasonable time after the transmission, any electronic message
     or other indication that the transmission was unsuccessful.

3    ☒    **(State)**        I declare under penalty of perjury under the laws of the State of California that
4    the above is true and correct.

5    Executed on April 16, 2021, at Sam Diego, California.

6

7                                                    Pamela Blanton

8                                                    _____
                                                     Pamela Blanton
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
Galvez - POS FOR
DEF'S CM
28

1

2

**SERVICE LIST**

3  Kevin F. Woodall, Esq.                        Attorneys for Plaintiff
   WOODALL LAW OFFICES                           Lysette Galvez and those similarly situated
4  100 Pine Street, Suite 1250
   San Francisco, CA  94111
5  Telephone:     415-413-4629
   Facsimile:     866-937-4109
6  kevin@woodalllaw.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Galvez - POS  FOR
DEF'S CM

28

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
### 400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

LYSETTE GALVEZ

**PLAINTIFF (S)**

VS.

COWORX STAFFING SERVICES LLC et al

**DEFENDANT (S)**

**Case Management Department 610**
**Case Management Order**

**NO. CGC-19-578983**

**Notice of Time and Place of Trial**
**AND Trial Order**

TO: ALL COUNSEL AND SELF-REPRESENTED LITIGANTS

The May-12-2021 CASE MANAGEMENT CONFERENCE is canceled.

YOU ARE HEREBY NOTIFIED that this case is set for Court TRIAL on Sep-06-2022 at 9:30 am in Department 206.

If any party objects to this order, written notice of the objection must be filed with the Court; a courtesy copy must be delivered to Department 610 and served on all parties; and all counsel must appear for an objection hearing on May-12-2021 in Department 610 at 10:30 am.

After May-12-2021, ALL REQUESTS FOR CONTINUANCE MUST BE SUBMITTED TO THE PRESIDING JUDGE in Department 206, 400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514.

If an Interpreter has been requested, contact the Interpreter Coordinator at InterpreterRequests@sftc.org. If you do not have access to email please call 415-551-0654.

ALL PARTIES ARE ORDERED to call 415-551-3685 or e-mail the court at Department206@sftc.org seven to fourteen days before the trial date and provide the following information:

1. Party Name and Attorney Name (if represented)
2. Case Name and Number
3. Trial date and estimate of total trial time (including motions in limine and jury selection)
4. Are you interested in a settlement conference on the day of trial?
5. Provide a brief description of the case, including damages. If calling, description is limited to three minutes or less.
6. If the case has settled, is this a global settlement as to all parties and all causes of action, and is the settlement conditional or unconditional?

Parties must appear on the day of trial unless a Notice of Dismissal, Settlement, or Stay is filed with courtesy copies delivered to Department 206 by 4:00 PM on the Thursday before trial.

If the trial date is continued, this order applies to the new trial date. Failure to comply with this order may result in monetary sanctions, C.C.P. §177.5.

DATED: APR-28-2021                    SAMUEL K. FENG

                                      JUDGE OF THE SUPERIOR COURT

# CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on APR-28-2021 I served the attached Notice of Time and Place of Trial AND Trial Order by placing a copy thereof in an envelope addressed to all parties to this action as listed below. I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated : APR-28-2021                    By: VANESSA WU

KEVIN F. WOODALL (180650)
100 PINE ST SUITE 1250
SAN FRANCISCO, CA  94111

PATRICIA A. MATIAS (254125)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
PARK TOWER, FIFTEENTH FLOOR
695 TOWN CENTER DRIVE
COSTA MESA, CA  92626

PATRICIA A. MATIAS (254125)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
PARK TOWER, FIFTEENTH FLOOR
695 TOWN CENTER DRIVE
COSTA MESA, CA  92626

CERTIFICATE OF SERVICE BY MAIL
Form 000001



Superior Court of California
County of San Francisco
Civil Case Management
400 McAllister Street, Room 103
San Francisco, CA 94102

PATRICIA A. MATIAS (254125)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
PARK TOWER, FIFTEENTH FLOOR
695 TOWN CENTER DRIVE
COSTA MESA, CA 92626

RECEIVED
APR 3 0 2021
BY: .................





U.S. POSTAGE >> PITNEY BOWES

ZIP 94103
02 4W
0003466600 APR 28 2021

$ 000.51⁰

# EXHIBIT G

KEVIN F. WOODALL, BAR NO. 180650
WOODALL LAW OFFICES
100 PINE STREET, SUITE 1250
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 413-4629
FACSIMILE: (866) 937-4109
KEVIN@KWOODALLLAW.COM

THOMAS D. RUTLEDGE, ESQ. (SBN 200497)
THOMASRUTLEDGELAW@GMAIL.COM
LAW OFFICES OF THOMAS D. RUTLEDGE
113 WEST G. STREET, SUITE 231
SAN DIEGO, CALIFORNIA 92101
TELEPHONE:    619.866.7224
FACSIMILE:    619.259.5454

ATTORNEYS FOR PLAINTIFF, LYSETTE GALVEZ AND THOSE
SIMILARLY SITUATED

DAVID R. ONGARO
ONGARO PC
1604 UNION STREET
SAN FRANCISCO, CA 94123
TELEPHONE: 415.433.3901
FACSIMILE: 415.433.3950
DONGARO@ONGAROPC.COM

ATTORNEYS FOR DEFENDANT, COWORX
STAFFING SERVICES LLC

# SUPERIOR COURT OF CALIFORNIA

# COUNTY OF SAN FRANCISCO

# UNLIMITED JURISDICTION

|  |  |
|---|---|
| LYSETTE GALVEZ, INDIVIDUALLY AND ON BEHALF OF THOSE SIMILARLY SITUATED, <br><br> PLAINTIFFS, <br><br> V. <br><br> COWORX STAFFING SERVICES LLC, A DELAWARE CORPORATION; MICHAEL EPSTEIN, AN INDIVIDUAL; AND DOES 1 THROUGH 10, INCLUSIVE, <br><br> DEFENDANTS. | CASE NO.  CGC-19-578983 <br><br> **STIPULATION TO FILE SECOND AMENDED COMPLAINT; [PROPOSED] ORDER THEREON** |

FILED
Superior Court of California
County of San Francisco
SEP - 3 2021
CLERK OF THE COURT
BY: _____
Deputy Clerk

---

STIPULATION TO FILE SECOND AMENDED COMPLAINT; [PROPOSED] ORDER THEREON

1    WHEREAS, after preliminary discovery, Plaintiff Galvez ("Galvez") believes she

2    has additional claims against Defendants CoWorx Staffing Services LLC ("CoWorx")

3    and other Defendants, including meal and rest period claims under Labor Code §§ 226.7

4    and 512 and failure to maintain proper time entry record claims under Labor Code § 1174

5    ("New Claims").  Galvez also determined existing claims could be asserted against other

6    Defendants;

7    WHEREAS, while CoWorx contests liability relating to the New Claims, it is

8    willing to stipulate that Galvez can file the attached Second Amended Complaint, which

9    contains the foregoing New Claims against CoWorx and names other Defendants, along

10   with additional allegations in support of existing claims, without conceding that bringing

11   any claim against the new Defendants is proper or timely;

12   WHEREAS, CoWorx and Galvez agreed the new meal period claim, along with

13   new PAGA claims asserted in a PAGA notice dated February 25, 2021 are tolled from

14   February 25, 2021 to present (in addition to any tolling set forth under applicable laws,

15   regulations and court orders);

16   WHEREAS, CoWorx and Galvez stipulate that the New Claims in the Second

17   Amended Complaint do not relate back to the filing of the original complaint, and all

18   Parties reserve all arguments with respect to whether any claims against the new

19   Defendants relate back to the filing of the original complaint;

20   IT IS HEREBY STIPULATED:

21   1.  Plaintiff Galvez can file the attached Second Amended Complaint;

22   2.  The new meal period claim and other new PAGA claims asserted in the PAGA

23       notice dated February 25, 2021 are tolled from February 25, 2021 to present;

24   3.  The New Claims (meal and rest period claims and failure to maintain proper

25       time entry records) do not relate back to the original complaint; and

26   4.  As to any newly-named Defendant, all parties reserve all arguments as to

27       whether bringing any claims against those Defendants was timely or proper,

28       and whether any claim against any new Defendant relates back to the original

2

STIPULATION TO FILE SECOND AMENDED COMPLAINT; [PROPOSED] ORDER THEREON

1    complaint.

2

3    Dated:  August 25, 2021                    WOODALL LAW OFFICES

4

5    By:  /s/ Kevin F. Woodall
                                                    Kevin F. Woodall

6    Attorneys for Plaintiff Lysette Galvez and
     those similarly situated

7

8

9

10   Dated:  August 25, 2021                    ONGARO PC

11

12   By: /s/ David R. Ongaro
                                                    David R. Ongaro

13

14   Attorneys for Defendant CoWorx Staffing
     Services LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        3

# ORDER

For good cause shown, the Court hereby orders as follows:

1. Plaintiff Galvez shall file the attached Second Amended Complaint; *within 10 days from notice of entry of this order.*

2. The new meal period claim and other new claims asserted in the PAGA notice dated February 25, 2021 are tolled from February 25, 2021 to present; and

3. The new claims (meal and rest period claims and failure to maintain proper time entry records) do not relate back to the original complaint.

IT IS SO ORDERED.

DATED: ~~AUGUST~~ *Sept.* 2, 2021

SUPERIOR COURT JUDGE

ETHAN P. SCHULMAN

STIPULATION TO FILE SECOND AMENDED COMPLAINT; [PROPOSED] ORDER THEREON

KEVIN F. WOODALL (SBN 180650)
**WOODALL LAW OFFICES**
100 PINE STREET, SUITE 1250
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 413-4629
FACSIMILE: (866) 937-4109
KEVIN@KWOODALLLAW.COM

THOMAS D. RUTLEDGE (SBN 200497)
ATTORNEY-AT-LAW
113 WEST G STREET, SUITE 231
SAN DIEGO, CALIFORNIA 92101
TELEPHONE:   (619) 886-7224
THOMASRUTLEDGELAW@GMAIL.COM

ATTORNEYS FOR PLAINTIFFS, LYSETTE
GALVEZ AND THOSE SIMILARLY
SITUATED

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

## UNLIMITED JURISDICTION

| | |
|---|---|
| LYSETTE GALVEZ, INDIVIDUALLY AND ON BEHALF OF THOSE SIMILARLY SITUATED,<br><br>PLAINTIFFS,<br><br>V.<br><br>COWORX STAFFING SERVICES LLC, a Delaware Corporation; MICHAEL EPSTEIN, an individual; ROBERT BADOLATO, an individual; TIM HARTNETT, an individual; KEN SUDNIKOVICH, an individual;<br><br>AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>DEFENDANTS. | CASE NO. CGC-19-578983<br><br>Judge: Garrett L. Wong<br>Department: CR 610<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT AND PAGA REPRESENTATIVE ACTION**<br><br>1) Failure to Provide Employee Records;<br>2) Failure to Pay Overtime Wages;<br>3) Failure to Pay Minimum and Regular Wages;<br>4) Failure to Make Timely Final Wage Payments;<br>5) Failure to Provide Proper Itemized Wage Statements;<br>6) Failure to Reimburse Expenses<br>7) Failure to Maintain Required Records in Violation of California Labor Code §§ 1174, *et seq.*;<br>8) Meal and Rest Break Claims;<br>9) Unfair Competition |



)  Complaint Filed: September 4, 2019
)  Trial Date: TBA
)  Disc. Cutoff: TBA
)
)
)  **JURY TRIAL DEMANDED**
)
)
)

Plaintiff LYSETTE GALVEZ, on behalf of herself and others similarly situated ("Plaintiff" or collectively "Plaintiffs"), makes the following allegations against Defendants, Coworx Staffing Services LLC, Michael Epstein, Robert Badolato, Tim Hartnett, Ken Sudnikovichand Does 1 through 10, inclusive.

## I.    NATURE OF ACTION AND INTRODUCTORY STATEMENT.

1. Plaintiffs bring this class action against Defendant COWORX STAFFING SERVICES LLC, MICHAEL EPSTEIN, Robert Badolato, Tim Hartnett, Ken Sudnickovich and Does 1 through 10, inclusive ("Defendants") for engaging in systematic violations of wage and hour laws.

2. On information and belief, Defendants failed to: (1) pay Plaintiffs and other current and former non-exempt employees overtime wages, regular wages and minimum wages in violation of Labor Code §§ 510, 1194 and 1197, Industrial Welfare Commission Wage Orders (the "IWC Wage Orders"); (2) provide Plaintiffs and current and former non-exempt California employees with proper wage statements in violation of Labor Code § 226; (3) timely pay all final wages and wages during employment to Plaintiffs and former non-exempt California employees from February 1, 2019 to present in violation of Labor Code §§ 201-203; (4) reimburse Plaintiffs and current and former non-exempt California employees for all business expenses in violation of Labor Code § 2802; (5) maintain records in accordance with the Labor Code and the applicable Wage Order(s); and (6) pay premium payments for missed meal and rest breaks.

2

3. Plaintiffs also contends that they requested their personnel files and wage statements, but Defendants did not timely produce them.

4. Plaintiffs also brings Private Attorneys General Act ("PAGA") claims against Defendants for the same violations, among others.

5. Plaintiffs seeks all damages, restitution, injunctive relief, statutory penalties, civil penalties and other relief to which she and other similarly situated current and former non-exempt employees of Defendants are entitled under California law.

## II.    JURISDICTION AND VENUE

6. Defendants are subject to the Court's personal jurisdiction and have minimal contacts with this county.

7. Defendants conduct business by providing staffing services to clients within this county.

8. In addition, venue is proper in this Court under Code of Civil Procedure §§ 395, *et seq.* because, on information and belief, a substantial number of events, obligations, and claims accrued or occurred in this county.

9. Defendant COWORX STAFFING SERVICES LLC is a registered limited liability company in Delaware without an office in California, according to the California Secretary of State's website.

10.    On information and belief, Defendant Michael Epstein resides in New Jersey and owned and operated Defendant COWORX STAFFING SERVICES LLC during the putative Class Period.

## III.    PARTIES.

11.    Plaintiff Lysette Galvez is and at all relevant times was a resident of Chula Vista, California.

12.    At all relevant times, Defendant COWORX STAFFING SERVICES LLC was a Delaware limited liability company without an office in the State of California.

13.    During relevant times, Defendant MICHAEL EPSTEIN was a

3

1 | manager and member of Defendant COWORX STAFFING SERVICES LLC,

2 | and, as such, this Defendant is believed to be an "other person acting on behalf of

3 | an employer" within the meaning of Labor Code §§ 558 and 558.1.

4 |     14.     During relevant times, Defendant ROBERT BODOLATO is and was

5 | Defendant COWORX STAFFING SERVICES LLC's Chief Financial Officer and,

6 | as such, this Defendant is believed to be an "other person acting on behalf of an

7 | employer" within the meaning of Labor Code §§ 558 and 558.1.

8 |     15.     During relevant times, Defendant TIM HARNETT is and was

9 | Defendant COWORX STAFFING SERVICES LLC's Chief Executive Officer

10 | and, as such, this Defendant is believed to be an "other person acting on behalf of

11 | an employer" within the meaning of Labor Code §§ 558 and 558.1.

12 |     16.     During relevant times, Defendant KEN SUDNIKOVICH is and was

13 | Defendant COWORX STAFFING SERVICES LLC's Chief Operating Officer

14 | and, as such, this Defendant is believed to be an "other person acting on behalf of

15 | an employer" within the meaning of Labor Code §§ 558 and 558.1.

16 |     17.     The true names and capacities of the Defendants named as DOES 1

17 | through 10, inclusive, are presently unknown to Plaintiffs. Plaintiffs will amend

18 | this Complaint, setting forth the true names and capacities of these fictitious

19 | Defendants when they are ascertained. Plaintiffs are informed and believe and

20 | thereon alleges that each Defendant, directly or indirectly, or through agents or

21 | other persons, jointly employed Plaintiffs, and exercised control over her working

22 | conditions, pay and discharge. Plaintiffs are informed and believe and thereon

23 | allege that, at all relevant times, each Defendant was the principal, agent, partner,

24 | joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent

25 | corporation, successor in interest, alter ego, and/or predecessor in interest of some

26 | or all of the other Defendants, and was engaged with some or all of the other

27 | Defendants in a joint enterprise for profit, and bore such other relationships to

28 | some or all of the other Defendants so as to be liable for their conduct with respect

4

1  to the matters alleged below.  Plaintiffs are informed and believe and thereon

2  allege that each Defendant acted pursuant to and within the scope of the

3  relationships alleged above, that each Defendant knew or should have known

4  about, and authorized, ratified, adopted, approved, controlled, and aided and

5  abetted the conduct of all other Defendants.

6  <center>**IV.    CLASS ACTION ALLEGATIONS.**</center>

7      18.      Plaintiff GALVEZ brings claims on behalf of herself and all other

8  similarly situated current and former non-exempt employees of Defendants who

9  worked in California (collectively, the "Class") as a class action pursuant to Code

10  of Civil Procedure § 382.

11      19.      Plaintiff GALVEZ seeks to represent the classes and/or subclasses

12  composed of and defined as follows:

13      **All current or former nonexempt employees who worked**

14      **in California, at any time, from September 4, 2015 to the**

15      **present for the Defendants.**

16      20.      Plaintiff GALVEZ seeks to represent the following subclasses:

17  **Overtime Wage Subclass:** All non-exempt employees who, four years before

18  the filing of this action to the present, worked over eight (8) hours in a workday

19  or forty (40) hours in a workweek.

20  **Minimum Wage Subclass:** All non-exempt employees who, four years before

21  the filing of this action to the present, worked for Defendants.

22  **Wage Statement Subclass:** All employees who, from one year before the

23  filing of this action to the present, are included in the Overtime Wage Class

24  and/or Minimum Wage Class.

25  **Waiting Time Subclass:** All former non-exempt employees who, from

26  February 1, 2019 to the present, are in the Overtime Wage Class, the Minimum

27  Wage Class and/or did not receive all wages due on the termination date or

28  within 72 hours of resignation.

<center>5</center>
<center>SECOND AMENDED CLASS ACTION COMPLAINT</center>

**Unreimbursed Expenses Subclass:** All employees who, four years before the filing of this action to the present, were not reimbursed for business related expenses, such as mileage and automobile expenses associated with driving to client locations and/or cell phone and internet expenses despite using such devices or services for business purposes or other expenses.

**Meal and Rest Break Subclass:** All putative Class Members who, during the applicable statute of limitations period worked for Defendants in California as an hourly-paid non-exempt employee, were not provided compliant meal and/or rest breaks and were not provided one hour of pay at their regular rate of compensation in lieu thereof.

**Recordkeeping Subclass:** All putative Class Members who, during the applicable statutory period, worked for Defendants wherein said Defendants failed to maintain proper and required records of their employees.

**Labor Code § 201.3 Penalty Subclass:** All putative Class Members who worked for Defendants during the applicable limitations period and who were issued paychecks more than one week after they performed labor.

**UCL Subclass:** All putative Class Members who, during the relevant period, worked for Defendants and who, as a result of said Defendants' unfair business acts and/or practices, may have the right to restitution in the form of (1) unreimbursed business-related expenses and/or (2) wages and/or premium pay that were earned but were unpaid.

1    21.    Plaintiffs reserve the right under the Code of Civil Procedure and

2  other applicable authority to amend or modify the class descriptions with greater

3  specificity or further division into subclasses or limitation to particular issues.

4    22.    Plaintiffs' claims are brought and may be maintained as a class action

5  under Code of Civil Procedure § 382.

6    **Numerosity**.  The Class members are so numerous that individual

7    joinder of all of them as plaintiffs is impractical.  While the exact

8    number of Class members is unknown to Plaintiffs at this time, Plaintiffs

9    are informed and believe and thereon allege that there are hundreds of

10    members in each Class.

11    **Commonality**.  There are questions of law or fact common to Class

12    members, such as whether it was Defendants' practice or policy not to

13    compensate Overtime Wage Class members and Minimum Wage Class

14    members when they drove between two or more client locations in the

15    same workday, whether it was Defendants' practice or policy to provide

16    itemized wage statements (and maintain them for 3 years) that do not

17    include correct gross and net wages earned, the correct total hours

18    worked, and the correct hours worked at each rate of pay for those

19    employees who drove between two client locations in the same workday,

20    among other things required by Labor Code § 226, whether it was

21    Defendants' policy or practice to fail to pay Waiting Time Class

22    members all wages earned upon their discharge or within 72 hours of

23    resignation as required by Labor Code §§ 201-203, whether it was

24    Defendants' practice or policy to not reimburse Unreimbursed Expenses

25    Class members for auto expenses relating to miles driven between two

26    client locations in the same workday, driving to and from client locations

27    from home, and cell phone and/or internet expenses as required by Labor

28    Code § 2802, whether Defendants used an auto-deduct policy that

7

SECOND AMENDED CLASS ACTION COMPLAINT

automatically deducted 30 minutes for a meal period, regardless of whether a putative class member recorded a meal period;

whether Defendants failed to pay wages the week after work was performed; whether Defendant did not maintain records showing when putative class members took meal periods; and whether Defendants engaged in unlawful and unfair wage and hour practices in violation of the California Labor Code, Business & Professions Code § 17200 and IWC Wage Orders.

21.    **Adequate Representation.**  Plaintiffs will adequately and fairly protect the interests of the members of the Class.  Plaintiffs have no interests adverse to the interests of the absent Class members.  Plaintiffs are represented by legal counsel with substantial class action experience in civil litigation and employment law.

23.    **Typicality.**  Plaintiff is a member of each Class, and her claims are typical of the claims of the other Class members who Plaintiff seeks to represent inasmuch as Plaintiff suffered the same kinds of injuries suffered by other Class members and seeks the same kind of relief sought by other Class members.

24.    **Adequate Representation.**  Plaintiffs will adequately and fairly protect the interests of the members of the Class because, among other reasons, Plaintiff have no interests adverse to the interests of the absent Class members and Plaintiffs are represented by legal counsel with substantial class action experience in civil litigation and employment law.

25.    This case is brought and may be maintained as a class action under Code of Civil Procedure § 382.

26.    Questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

27.    Class action treatment will allow a large number of similarly situated

8

SECOND AMENDED CLASS ACTION COMPLAINT

1  employees to prosecute their common claims in a single forum, simultaneously,

2  efficiently, and without the unnecessary duplication of effort and expense that

3  numerous individual actions would require.

4      28.    Further, the monetary amounts due to many individual members are

5  likely to be relatively small, and the burden and expense of individual litigation

6  would make it difficult or impossible for individual Class members to seek and

7  obtain relief.

8      29.    A class action will serve an important public interest by permitting

9  employees harmed by Defendants' unlawful practices to effectively pursue

10  recovery of the sums owed to them.

11                **V. FACTUAL ALLEGATIONS.**

12      30.    Defendants provide temporary staffing services to customers in

13  California.

14      31.    Defendants employed Plaintiffs and other similarly situated current

15  and former employees, as defined in the California Labor Code, Industrial Welfare

16  Commission Wage Orders, in California.

17      32.    From in or about December, 2016 to the present, Defendants

18  employed Plaintiff GALVEZ to perform temporary staffing services at

19  Defendants' client locations in and around San Diego, California.

20      33.    At all relevant times, Plaintiffs and putative Class Members were

21  Defendants' non-exempt employees.

22      34.    Furthermore, Plaintiff is an "aggrieved employee" within the meaning

23  of Labor Code § 2699(c) because she was employed by Defendants and suffered

24  the Labor Code violations in common with former or current non-exempt

25  employees of Defendants.

26  **Unpaid Overtime and Minimum Wages.**

27      35.    Plaintiff and similar putative Class Members worked as temporary

28  labor for Defendants' customers, normally at shopping malls and retail locations

                                9
        SECOND AMENDED CLASS ACTION COMPLAINT

1  selling cosmetics, perfumes, and similar sundries.

2      36.    Plaintiff and similar putative Class Members normally started work
3  from home, gathering equipment, supplies, product brochures, and other
4  information Defendants mailed or otherwise supplied to its workers' homes,
5  unpacking the foregoing materials and placing such materials into their cars to
6  bring to the workplace for set-up and display.

7      37.    The process of unpacking materials Defendants sent to putative Class
8  Members and travelling to client locations sometimes took minutes, sometimes
9  hours to perform and Defendants regularly and systematically, as a policy and
10  practice, did not permit Plaintiff and, upon information and belief, other
11  employees, to report this worktime and, thus, Defendants did not pay them for this
12  labor in violation of California law.

13      38.    Plaintiffs and other Class members were required to drive their
14  personal vehicles, but were not paid for their travel time despite the requirement to
15  pay them for travel time per California law.

16      39.    Plaintiffs' unpaid wage claims are also premised on many situations,
17  the exact number which will be proven at trial, where putative Class Members' two
18  distinct work periods during the same workday were separated by more than a one-
19  hour break during which time Defendants regularly and systematically, as a policy
20  and practice, failed to pay split-shift pay for one hour of pay at no less than
21  minimum wage for the time between the shifts in violation of California law,
22  including but not limited to § 4(C) of IWC Wage Order 4.

23      40.    Plaintiffs are also informed and believe and based thereon allege that
24  Defendants regularly and systematically, as a policy and practice, deducted 30
25  minutes or more from Plaintiff and other putative Class Members' time records via
26  some sort of auto-deduction system whereby Defendants underpaid the putative
27  Class wages in violation of California law.

28      41.    As to Plaintiffs' PAGA case, this claim is also premised, in part, on

10

SECOND AMENDED CLASS ACTION COMPLAINT

1  Plaintiff's right to pursue all Labor Code claims on behalf of Aggrieved

2  Employees per *Huff v. Securitas Security Services USA, Inc.* (2018) 23

3  Cal.App.5th 745.

4  **Unreimbursed Expenses.**

5     42.    When Plaintiff and other Class members drove their personal vehicles

6  for work purposes, Defendants regularly and systematically, as a policy and

7  practice, did not reimburse their workers for mileage and automobile expenses

8  when required to do so per California law, i.e., when travelling from one work

9  station to another and travelling from home to a work station and back home.

10    43.    Plaintiff and similarly situated putative Class Members worked at

11  retail locations and businesses where they had no access to work phones, other

12  than their personal cell phones.

13    44.    Defendants regularly and systematically, as a policy and practice, did

14  not did not reimburse Plaintiffs and other Class members when they used their cell

15  phones and/or internet to record their hours worked and communicate with

16  Defendants regarding their jobs.

17    45.    Plaintiffs are informed and believe, and thereupon allege, that

18  Defendants' requirement for employees to use their supplies and equipment to

19  perform their work duties without reimbursement was an attempt to defray the

20  costs onto its employees.

21    46.    Defendants passed the cost of doing business onto its employees by

22  requiring, without reimbursement, their employees to purchase equipment, tools,

23  and services necessary to perform work for Defendants.

24    47.    Based on this misconduct, Plaintiff and other Class members suffered

25  from unreimbursed expenses in violation of Labor Code §§ 2802and 1198.

26    48.    As to Plaintiffs' PAGA case, this claim is also premised, in part, on

27  Plaintiff's right to pursue all Labor Code claims on behalf of Aggrieved

28  Employees per *Huff v. Securitas Security Services USA, Inc.* (2018) 23

11

SECOND AMENDED CLASS ACTION COMPLAINT

1    Cal.App.5th 745.

2    **Meal Break Claims.**

3       49.     Defendants regularly and systematically, as a policy and practice, did

4    not provide all meal periods or payment of one additional hour of pay at their

5    respective regular rate of pay/compensation when they missed or received non-

6    compliant meal periods (i.e., untimely, short, or interrupted).

7       50.     During all times relevant, for example, Defendants were on notice that

8    Plaintiff and similar putative Class Members were not reporting their time taken

9    for meal breaks on their timesheets or that their breaks were too late in the

10   workday to comply with California law.

11      51.     On those occasions, the exact amount to be proven at trial, Defendants

12   failed to pay meal break premiums to Plaintiff and Class Members.

13      52.     As to Plaintiffs' PAGA case, this claim is also premised, in part, on

14   Plaintiff's right to pursue all Labor Code claims on behalf of Aggrieved

15   Employees per *Huff v. Securitas Security Services USA, Inc.* (2018) 23

16   Cal.App.5th 745.

17   **Rest Break Claims.**

18      53.     Defendants regularly and systematically, as a policy and practice, did

19   not provide all rest periods or payment of one additional hour of pay at their

20   respective regular rate of pay/compensation when they missed or received non-

21   compliant rest periods (i.e., untimely, short, or interrupted).

22      54.     Based on Defendants' policies, Defendants prohibited its workers who

23   manned stations alone, normally at kiosks or similar retail stations, to leave their

24   work station due to Defendants' concerns over the theft of unmonitored property.

25      55.     On those occasions, the exact amount to be proven at trial, Defendants

26   failed to pay rest period premiums to Plaintiff and Class Members.

27      56.     As to Plaintiffs' PAGA case, this claim is also premised, in part, on

28   Plaintiff's right to pursue all Labor Code claims on behalf of Aggrieved

12

SECOND AMENDED CLASS ACTION COMPLAINT

1    Employees per *Huff v. Securitas Security Services USA, Inc.* (2018) 23

2    Cal.App.5th 745.

3    **Untimeliness of Pay.**

4        57.    Defendants paid putative Class Members late on many occasions.

5        58.    In particular, instead of paying putative Class Members the week after

6    their work was performed, Defendants paid putative Class Members sometimes

7    two weeks or more after the work was performed.

8    **Derivative Claims.**

9        59.    Defendants failed to provide accurate and compliant wage statements

10    to Plaintiffs and other Class members in violation of Labor Code § 226.

11        60.    The wage statements did not contain the correct number of hours

12    worked, the correct number of hours of work at each rate of pay, and the correct

13    gross and net wages, among other things.

14        61.    For example, the gross and net wages earned, the number of hours

15    worked and number of hours worked at each rate of pay were incorrect, as noted

16    above, because Defendants did not pay Plaintiffs and Class Members for all time

17    spent driving between two or more client locations in the same workday and

18    Defendant used an auto-deduct practice, among other things.

19        62.    On information and belief, when Plaintiffs and other Class members

20    were discharged or resigned, Defendants did not timely pay them all wages due

21    under Labor Code §§ 201-203 including, but not limited to, unpaid minimum

22    wages, regular/agreed upon wages and/or overtime wages.

23        63.    Defendants settled another class action lawsuit for failing to timely

24    pay final wages under Labor Code §§ 201-203 through January 31, 2019.

25        64.    Accordingly, Plaintiffs only bring derivative claims under Labor Code

26    §§ 201-203.1 on behalf of those whose employment ended on or after February 1,

27    2019.

28

**Individual Claims.**

65.    In addition to the foregoing Class and PAGA claims to which Plaintiff has the right to pursue individual remedies, Defendants also failed to comply with the Labor Code as to her based on the below mentioned.

66.    In May, 2019, Plaintiffs by and through her counsel made a written request to obtain her wage statements and personnel file pursuant to Labor Code §§ 226 and 1198.5.

67.    Defendants did not produce any documents until late July, 2019, well beyond the statutory deadlines under Labor Code §§ 226 and 1198.5.

68.    Within the last 12 months from the date of this Complaint, Plaintiff GALVEZ via counsel has made numerous requests for Plaintiff's records and despite Plaintiff's request, the requested records have not been produced in violation of Labor Code §§ 226, 432, and 1198.5

69.    On information and belief, when documents were produced, Defendants did not produce all responsive documents.

**PAGA Claims.**

70.    Pursuant to Labor Code § 2699, any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") or any of its departments, divisions, commissions, boards, agencies or employees for violation of the code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former California employees pursuant to the procedures specified in Labor Code § 2699.3.

71.    Plaintiff is an "aggrieved employee" because she was employed by the alleged violators and had one or more of the alleged violations committed against her, and therefore is properly suited to represent the interests of other current and former non-exempt and exempt California employees of Defendants who had the same, similar or other violations committed against them ("PAGA

14

SECOND AMENDED CLASS ACTION COMPLAINT

1    Represented Employees").

2    72.    With the exception of Plaintiffs' meal and rest break claims, Plaintiffs

3    exhausted her administrative remedies and notice requirements by the online filing

4    of a letter with the LWDA on or about September 5, 2019, which sets forth

5    allegations contained herein including, but not limited to, violations of Labor Code

6    §§ 201-204, 210, 225.5, 226, 226.3, 226.7, 510, 512, 558, 1174, 1175, 1194, 1197,

7    1197.1, 1198 and 2802.

8    73.    Plaintiffs also paid the required $75 filing fee to the LWDA on the

9    same date pursuant to Labor Code § 2699.3(a)(1)(B).

10    74.    Further, the letter was served on Defendants via certified mail on the

11    same date.

12    75.    The LWDA did not respond within the 65-day statutory period for the

13    LWDA to respond under Labor Code § 2699.3(a)(2)(A).

14    76.    Thus, Plaintiffs exhausted her administrative remedies and notice

15    requirements under the Private Attorneys General Act and is authorized to pursue

16    this representative action against Defendants pursuant to Labor Code § 2699.3.

17    77.    On July 7, 2021, Plaintiff further exhausted her administrative

18    remedies with respect to all allegations and claims herein by filing an amended

19    PAGA notice online and mailing the same to Defendants via certified mail.

20    **VI.    CAUSES OF ACTION.**

21    **FIRST CAUSE OF ACTION**

22    **Individual Claim for**

23    **Failure to Produce Personnel File and Wage Statements in**

24    **Violation of Labor Code §§ 226(b) & (c), 432, and 1198.5**

25    **(Against All Defendants)**

26    78.    Plaintiff realleges and incorporates by reference the foregoing

27    paragraphs as though fully set forth herein.

28    79.    Labor Code § 226(b) provides an employer shall afford current and

15

SECOND AMENDED CLASS ACTION COMPLAINT

1   former employees the right to inspect or copy records pertaining to their

2   employment, upon reasonable request to the employer.

3       80.     Labor Code § 226(c) provides that an employer who receives a

4   written or oral request to inspect or copy records pertaining to a current or former

5   employee shall comply with the request as soon as practicable, but no later than 21

6   calendar days from the date of the request.

7       81.     If an employer fails to permit a current or former employee to inspect

8   or copy records within 21 days of the request, the current or former employee is

9   entitled to a $750 penalty, injunctive relief and an award of costs and reasonable

10   attorneys' fees under Labor Code § 226(f) & (g).

11       82.     Labor Code § 1198.5 provides that current and former employees,

12   through their representatives or otherwise, have the right to inspect and receive a

13   copy of their personnel files within 30 calendar days of making a written request.

14       83.     Labor Code § 432 generally requires employers to provide, upon

15   request, any signed instrument their applicants, employees, or both signed during

16   the application or employment process.

17       84.     If an employer fails to permit the inspection of the personnel file

18   within 30 calendar days of the request, the current or former employee may

19   recover a penalty of $750 and seek to compel the employer to produce the records,

20   along with costs and reasonable attorneys' fees under Labor Code § 1198.5(k) &

21   (l), which Plaintiffs seeks.

22       85.     In May, 2019, by and through her attorneys, Plaintiffs made a written

23   request for their personnel file, wage statements and documents signed by

24   Plaintiffs relating to the obtaining or holding employment, and other records

25   relating to Plaintiff's employment.

26       86.     Defendants failed to produce all requested documents within 30 days

27   of the written request in violation of Labor Code §§ 226 432, and 1198.5.

28       87.     While some documents were produced in late July, 2019, on

SECOND AMENDED CLASS ACTION COMPLAINT

1  information and belief, Defendants still have not produced all responsive

2  documents as of the filing of this action despite numerous requests within the last

3  12 months and should be compelled to do so.

4      88.    As a result, Plaintiffs has the right to recover penalties under both

5  Labor Code §§ 226 and 1198.5 for each violation thereof in an amount to be

6  proven, injunctive relief, and reasonable attorneys' fees and costs.

### SECOND CAUSE OF ACTION

**Individual, Class, and PAGA Claim for Failure to Pay Overtime Wages in**

**Violation of Labor Code §§ 510, 1194, and 1198**

**(Against All Defendants)**

11      89.    Plaintiffs reallege and incorporate by reference the foregoing

12  paragraphs as though fully set forth herein.

13      90.    Plaintiffs and the Overtime Wage Class members were "non-exempt"

14  employees of Defendants who did not receive proper protections and benefits of

15  the laws governing payment of overtime wages.

16      91.    During the time of Plaintiffs' employment with Defendants, they

17  were not exempt from receiving overtime compensation and had the right to

18  receive overtime compensation under Labor Code §§ 510, 1194, 1198, and IWC

19  Wage Orders for any and all work performed in excess of 8 hours per day, and/or

20  for any and all work performed in excess of 40 hours per week.

21      92.    Based on the misconduct alleged in this Complaint, Defendants

22  knowingly and willfully failed to pay Plaintiffs and the Overtime Wage Class

23  members all overtime compensation owed to them, including: (a) 1.5 times their

24  regular rate of pay for hours worked in excess of 8 hours per day and 40 hours per

25  week and during the first 8 hours worked on the seventh day of a workweek;

26  and/or (b) 2 times their regular rate of pay for all hours worked in excess of 12

27  hours per day and for any work performed in excess of 8 hours on any seventh day

28  of a workweek.

93.    Based on the misconduct alleged in this Complaint, Defendants failed to pay overtime wages for all such hours because , e.g., Defendants did not pay wages when employees drove between two client locations in the same workday, for Plaintiffs' time spent performing work at home before travelling to the first retail station, and due to the auto-deduct practice, among other reasons.

94.    As a direct result, Plaintiffs and the Overtime Wage Class members have suffered and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages and expenses and attorneys' fees in seeking to compel Defendants to fully perform their obligations under the Labor Code, all to their respective damage in amounts according to proof at trial.

95.  At all material times, Defendants, and DOE Defendants were and/or are Represented Employees' employers or persons acting on behalf of Represented Employees' employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set for in Cal. Labor Code § 558.

96.  Cal. Labor Code § 2699, *et seq.* imposes upon all culpable Defendants a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred ($200.00) for each aggrieved employee per pay period for each subsequent violation in which all culpable Defendants violated the overtime wage provisions of the Labor Code, including but not limited to §§ 510, 1194,   and other provisions, the exact amount of the applicable penalty is all in an amount to be shown according to proof at trial.

97.  Additionally, pursuant to Cal. Labor Code § 2699, Plaintiffs and Class Members seek to recover from Defendants, and DOE Defendants penalties, attorneys' fees and costs incurred herein.

98.    Plaintiffs seek to recover the unpaid balance of the full amount of the

18

SECOND AMENDED CLASS ACTION COMPLAINT

1  unpaid overtime compensation, including interest thereon, reasonable attorneys'

2  fees, and costs of suit, and other remedies provided under the Labor Code, in an

3  amount to be proven at trial.

4  ### THIRD CAUSE OF ACTION

5  **Individual, Class, and PAGA Claim for**

6  **Failure to Pay Minimum and Regular Wages**

7  **in Violation of Labor Code §§ 1194, 1194.2, 1197, and 1198**

8  (Against All Defendants)

9  99.    Plaintiffs reallege and incorporate by reference the foregoing

10 paragraphs as though fully set forth herein.

11 100.    Labor Code § 1194(a) states: "Notwithstanding any agreement to

12 work for a lesser wage, any employee receiving less than the legal minimum wage

13 or the legal overtime compensation applicable to the employee is entitled to

14 recover in a civil action the unpaid balance of the full amount of this minimum

15 wage or overtime compensation, including interest thereon, reasonable attorneys'

16 fees, and costs of suit."

17 101.    Labor Code § 1194.2 states: "In any action under Section 98, 1193.6,

18 1194, or 1197.1 to recover wages because of the payment of a wage less than the

19 minimum wage fixed by an order of the commission or by statute, an employee

20 shall be entitled to recover liquidated damages in an amount equal to the wages

21 unlawfully unpaid and interest thereon."

22 102.    Labor Code § 1194.2 also provides for liquidated damages equal to

23 unlawfully unpaid minimum wages, with interest.

24 103.    Labor Code § 1197 states: "The minimum wage for employees fixed

25 by the commission is the minimum wage to be paid to employees, and the payment

26 of a less wage than minimum wage so fixed is unlawful."

27 104.    Pursuant to the applicable Wage Order, an employer may not pay

28 employees less than the applicable minimum wage for all hours worked.

1     105.    At all material times, Defendants, and DOE Defendants were and/or

2    are Represented Employees' employers or persons acting on behalf of Represented

3    Employees' employer, within the meaning of California Labor Code § 558, who

4    violated or caused to be violated, a section of Part 2, Chapter 1 of the California

5    Labor Code or any provision regulating hours and days of work in any Order of the

6    Industrial Welfare Commission and, as such, are subject to penalties for each

7    underpaid employee as set for in Cal. Labor Code § 558.

8     106.    Cal. Labor Code § 2699, *et seq.* imposes upon each culpable

9    Defendant a penalty of one hundred dollars ($100.00) for each aggrieved employee

10    per pay period for the initial violation and two hundred ($200.00) for each

11    aggrieved employee per pay period for each subsequent violation in which each

12    culpable Defendant violated the minimum wage provisions of the Labor Code,

13    including but not limited to §§ 1197 and 1194,  the exact amount of the penalties

14    sought is in an amount to be shown according to proof at trial.

15     107.    Additionally, pursuant to Cal. Labor Code § 2699, Plaintiffs seek to

16    recover from culpable Defendants penalties, attorneys' fees and costs incurred

17    herein.

18

19     108.    Based on the misconduct alleged in this Complaint, Plaintiffs and

20    Minimum Wage Class members were not paid the minimum wage or regular,

21    agreed upon wages when, for example, they drove between two client locations in

22    the same workday, for pre-travel time, and/or for split shift pay, auto-deductions,

23    among other situations.

24     109.    As a direct result, Plaintiffs have suffered and continue to suffer,

25    substantial losses related to the use and enjoyment of such wages, lost interest on

26    such wages and expenses and attorneys' fees in seeking to compel Defendants to

27    fully perform their obligations under the Labor Code, all to their respective damage

28    in amounts according to proof at trial.

110.     Plaintiffs seek to recover in a civil action the unpaid balance of the full amount of the unpaid minimum wage and regular wage compensation and liquidated damages, including interest thereon, reasonable attorneys' fees, and costs of suit, and other remedies provided under the Labor Code.

## FOURTH CAUSE OF ACTION

### Individual, Class, and PAGA Claim for
### Failure to Pay Wages Within Required Time in
### Violation of Labor Code §§ 201, 201.3, 202 and 203

(Against All Defendants)

111.     Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set forth herein.

112.     Labor Code § 201 requires Defendants to immediately pay any wages, without abatement or reduction, to any employee who is discharged.

113.     Labor Code § 202 requires Defendants to pay all wages earned and unpaid, without abatement or reduction, no later than 72 hours of receiving an employee's notice of intent to quit or immediately at the time of quitting if the employee provided at least 72 hours' notice of intent to quit.

114.     Pursuant to Cal. Labor Code Labor Code § 201.3, a "Temporary services employer" (i.e., Defendants) must pay its employees weekly "due and payable not later than the regular payday of the following calendar week." Cal. Labor Code § 201.3(b)(1)(A).

115.     For a willful violation of Labor Code §§ 201, 201.3, and/or 202, Labor Code § 203 causes the unpaid wages of the employee to continue as a penalty from the due date thereof at the same rate until paid, but the wages shall not continue for more than 30 days.

116.     At all material times, Defendants, and DOE Defendants were and/or are Represented Employees' employers or persons acting on behalf of Represented Employees' employer, within the meaning of California Labor Code § 558, who

violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set for in Cal. Labor Code § 558.

117.    Cal. Labor Code § 2699, *et seq.* imposes upon each culpable Defendant a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred ($200.00) for each aggrieved employee per pay period for each subsequent violation in which each culpable Defendant violated the overtime provisions of the Labor Code, including but not limited to §§ 201, 201.3, 202, and 203, the exact amount of the penalties sought is in an amount to be shown according to proof at trial.

118.    Additionally, pursuant to Cal. Labor Code § 2699, Plaintiffs seek to recover from culpable Defendants penalties, attorneys' fees, and costs incurred herein.

119.    On information and belief, Defendants willfully did not provide Plaintiffs and Waiting Time Class members, after their discharge or resignation or timely during employment, with all wages due and owing including, but not limited to, all minimum wages, regular/agreed upon wages, overtime wages and premium pay by the times specified by Labor Code § 201, 201.3, or 202.

120.    Consequently, pursuant to Labor Code § 203, Defendants owe Plaintiffs and Waiting Time Class members the above-described waiting time penalty, all in an amount to be shown according to proof at trial, which Plaintiffs seeks on behalf of herself and the Waiting Time Class.

## FIFTH CAUSE OF ACTION

### Individual, Class, and PAGA Claim for

### Failure to Provide Compliant Itemized Wage Statements

### in Violation of Labor Code §§ 226 and 1198

(Against All Defendants)

121.     Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth herein.

122.     Labor Code § 226(a) requires that employers, including Defendants, to furnish employees with each wage payment an accurate, itemized writing that shows gross wages earned, total hours worked, all deductions, net wages earned, the inclusive dates of the period for which the employee is paid, the name and address of the legal entity that is the employer, the name of the employee and the portion of his or her social security number (or identification number) as required by law, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, among other things.

123.     Defendants knowingly and intentionally failed to provide Plaintiffs and Wage Statement Class members with the above-described writing required by Labor Code § 226 through actions alleged herein including, but not limited to, a failure to provide correct total hours worked, correct gross and net wages earned, the correct number of hours worked at the correct hourly rates, and the correct hourly rates of pay, among other things.

124.     Based on the above alleged misconduct, Defendants did not pay Plaintiffs and Wage Statement Class members all wages due and did not include all hours worked on their wage statements, which made their wage statements inaccurate.

125.     Defendants' failure to provide a proper writing deprived Plaintiffs and Wage Statement Class members with the ability to know, understand and question

23

1   the calculation and rate of pay and hours used to calculate the wages paid by

2   Defendants.

3       126.    Indeed, a reasonable person could not determine from the wage

4   statements alone the correct total hours worked, the correct hours worked at each

5   rate of pay or the correct gross and net wages earned, among other things.

6       127.    Plaintiffs and Wage Statement Class members, therefore, had no way

7   to dispute the resulting miscalculation of wages, all of which resulted in an

8   unjustified economic enrichment to Defendants.

9       128.    Defendants' failure to provide the proper writing also required

10   Plaintiffs and Wage Statement Class members to spend and continue to spend

11   attorneys' fees and costs to determine the wages owed to them.

12       129.    As a direct result, Plaintiffs and Wage Statement Class members

13   suffered and continue to suffer, substantial losses related to the use and enjoyment

14   of such wages, lost interest on such wages and expenses and attorneys' fees and

15   costs in seeking to gather information and compel Defendants to fully perform

16   their obligations under state law, all to their respective damage in amounts

17   according to proof at trial including but not limited to the right to recover penalties

18   under Labor Code §§ 226, 226.3, and 226.6.

19       130.    Cal. Labor Code §§ 2699, *et seq.* imposes upon all culpable

20   Defendants a penalty of one hundred dollars ($100.00) for each aggrieved

21   employee per pay period for the initial violation and two hundred ($200.00) for

22   each aggrieved employee per pay period for each subsequent violation in which

23   culpable Defendants violated Cal. Labor Code §§ 226 and 1198, the exact amount

24   of the applicable penalty is all in an amount to be shown according to proof at trial,

25   which Plaintiffs seek.

26       131.    Labor Code § 226(e) requires Defendant to pay the greater of all

27   actual damages or fifty dollars ($50.00) for the initial pay period in which a

28   violation occurred, and one hundred dollars ($100.00) per employee for each

1  violation in subsequent pay periods, plus attorneys' fees and costs, to Plaintiffs and

2  Wage Statement Class members who were injured by Defendants' failure to

3  comply with Labor Code § 226(a), which Plaintiffs seeks on behalf of herself and

4  the Wage Statement Class, the exact amount of the applicable penalty is all in an

5  amount to be shown according to proof at trial.

<div align="center">

### SIXTH CAUSE OF ACTION

**Individual, Class, and PAGA Claim for**

**Failure to Reimburse Business Expenses**

**in Violation of Labor Code §§ 1198 and 2802**

(Against All Defendants)
</div>

11    132.    Plaintiffs reallege and incorporate by reference the foregoing

12  paragraphs as though fully set forth herein.

13    133.    Pursuant to California Labor Code § 2802, an employer must

14  indemnify its employees "for all necessary expenditures or losses incurred by the

15  employee in direct consequence of the discharge of his or her duties . . . ."

16    134.    On information and belief, Plaintiffs made necessary expenditures and

17  incurred losses as a direct consequence of the discharge of their duties and in

18  obedience to the directions of Defendants including, but not limited to, mileage,

19  automobile, cell phone, and internet expenses.

20    135.    On information and belief, Defendants knew Plaintiffs were incurring

21  the expenses and were responsible for reimbursing Unreimbursed Expenses Class

22  members for their expenditures and losses as a direct consequence of the discharge

23  of their duties, but failed to do so.

24    136.    Cal. Labor Code § 2699, *et seq.* imposes upon all culpable Defendants

25  a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay

26  period for the initial violation and two hundred ($200.00) for each aggrieved

27  employee per pay period for each subsequent violation in which all culpable

28  Defendants violated the applicable Cal. Labor Code provisions alleged in this

<div align="center">

25

SECOND AMENDED CLASS ACTION COMPLAINT
</div>

1  Complaint, including but not limited to Labor Code §§ 2802 and 1198, the exact
2  amount of the applicable penalty is all in an amount to be shown according to
3  proof at trial, which Plaintiffs seek.

4      137.    As a result of Defendants' unlawful conduct, the Unreimbursed
5  Expenses Class members have suffered damages in an amount within the limited
6  jurisdiction of the Court.

7      138.    Plaintiffs have the right to recover the full amount of the unpaid
8  expenditures and losses, interest thereon, reasonable attorneys' fees and costs of
9  suit.

10                    **SEVENTH CAUSE OF ACTION**
11                **Individual, Class, and PAGA Claim for**
12          **Failure to Maintain Required Records in Violation of**
13            **California Labor Code §§ 1174, 1174.5, Wage Order**
14  **No. 4-2001, § 7, and/or the Applicable Wage Order via Labor Code § 1198**
15                      (Against All Defendants)

16     139.    Plaintiffs reallege and incorporate by reference the foregoing
17  paragraphs as though fully set forth herein.

18     140.    IWC Wage Order Nos. 4-2001 § 7 requires every employer to
19  maintain time and payroll records, including time records showing when the
20  employee begins and ends each work period and when meal periods are taken.

21     141.    Plaintiffs are informed and believe, and based thereon allege, that
22  during all relevant times, all or some of the Defendants failed to comply with § 7
23  of IWC Orders 4-2001 and with Cal. Labor Code § 1174 by failing to maintain
24  certain records which employers are required to maintain, including but not limited
25  to, keeping copies of pay stubs issued to Plaintiffs and the Classes and time entry
26  records showing when meal periods were taken.

27     142.    Cal. Labor Code § 2699, *et seq.* permits Plaintiffs to recover penalties
28  for each aggrieved employee per pay period for each subsequent violation in which

1   all culpable Defendants violated the applicable Cal. Labor Code provisions alleged

2   in this Complaint, including but not limited to Labor Code §§ 1174 and 1198, the

3   exact amount of the applicable penalty is all in an amount to be shown according to

4   proof at trial.

5       143.    For the reasons alleged herein, Plaintiffs seek any and all available

6   remedies in an amount to be proven at trial including but not limited to damages,

7   penalties, attorneys' fees and costs, and interest pursuant to law including but not

8   limited to Cal. Labor Code §§ 1174.5 and/or 1175.

9                       **EIGHTH CAUSE OF ACTION**

10                  **Individual, Class, and PAGA Claim for**

11  **Failure to Comply with the Meal and Rest Break Requirements of Labor Code**

12          **§§ 226.7, 512, 1198, and the applicable IWC Wage Order**

13                      (Against all Defendants)

14      144.    Plaintiffs reallege and incorporate by reference the foregoing

15  paragraphs as though fully set forth herein.

16      145.    Based on the misconduct alleged in this Complaint, Defendants failed

17  to pay premium pay to Plaintiffs for all their missed and noncompliant meal and

18  rest breaks and failed to comply with Labor Code §§ 226.7, 512, and 1198.

19      146.    Because of Defendants' illegal pay practices, said Defendants failed to

20  pay Plaintiffs for all meal and rest breaks despite their requirement under

21  California law and, as such, all culpable Defendants are required to pay Plaintiff

22  and Aggrieved Employees for rest break and/or meal break premium wages.

23      147.    Defendants also failed to provide Plaintiffs legally-compliant meal

24  and rest periods, or compensation in lieu thereof, during their employment by said

25  Defendants.

26      148.    At all material times, Defendants, and DOE Defendants were and/or

27  are Represented Employees' employers or persons acting on behalf of Represented

28  Employees' employer, within the meaning of California Labor Code § 558, who

                                    27

1   violated or caused to be violated, a section of Part 2, Chapter 1 of the California

2   Labor Code or any provision regulating hours and days of work in any Order of the

3   Industrial Welfare Commission and, as such, are subject to penalties for each

4   underpaid employee as set for in Cal. Labor Code § 558.

5        149.    Cal. Labor Code § 2699, *et seq.* imposes upon all culpable Defendants

6   a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay

7   period for the initial violation and two hundred ($200.00) for each aggrieved

8   employee per pay period for each subsequent violation in which all culpable

9   Defendants violated the applicable Cal. Labor Code provisions alleged in this

10  Complaint, including but not limited to Labor Code §§ 226.7, 512, and 1198, the

11  exact amount of the applicable penalty is all in an amount to be shown according to

12  proof at trial.

13       150.    Additionally, pursuant to Cal. Labor Code § 2699, Plaintiffs seek to

14  recover from all culpable Defendants penalties, attorneys' fees, and costs incurred

15  herein.

16       151.    Wherefore, Plaintiffs request the recovery of the unpaid premium pay,

17  interest, attorneys' fees, costs, and related remedies in an amount to be determined

18  at trial.

19                        **NINTH CAUSE OF ACTION**

20                     **Class and Individual Claim for**

21                       **Unfair Competition in**

22          **Violation of Business and Professions Code § 17200, *et seq.***

23               **(Against Entity Defendants and Does 1-10)**

24       152.    Plaintiffs reallege and incorporate by reference the foregoing

25  paragraphs as though fully set forth herein.

26       153.    California Business & Professions Code § 17200, *et seq.* prohibits acts

27  of unfair competition, which includes any "unlawful, unfair or fraudulent business

28  act or practice..."

                                    28

154.    Plaintiffs, as herein alleged, have suffered and continue to suffer injuries in fact due to Defendants' unlawful, fraudulent, and unfair business practices.

155.    As alleged herein, Defendants systematically engaged in unlawful conduct such as wage and hour violations, failing to pay proper wages and monies for hours worked, meal and rest break violations, and failing to reimburse employees for necessary business-related expenses all in order to decrease its costs of doing business and increase profits.

156.    On information and belief, at the time that Plaintiffs were hired, Defendants knowingly, intentionally and illegally misrepresented to each of them conformance with the California Labor Code and/or IWC Wage Orders, including the payment all wages due and the reimbursement of the expenses.

157.    Based on the above alleged misconduct, Defendants failed to comply with the California Labor Code and IWC Wage Orders through their actions as herein alleged including, but not limited to its failure to: (1) failure to provide minimum wages, regular/agreed upon wages and overtime wages and (2) provide reimbursement for all business related expenses.

158.    At all times relevant, on information and belief, Defendants intentionally avoided paying to Plaintiffs wages and monies and other financial obligations attached thereto, thereby creating for Defendants an artificially lower cost of doing business in order to undercut competitors and establish and/or gain a greater foothold in the marketplace, all to the detriment of Plaintiffs.

159.    On information and belief, at all times relevant herein Plaintiffs relied on and believed Defendants' representations concerning its conformance with the California wage and hour laws, all to their detriment.

160.    On information and belief, as a result of Defendants' intentional, willful, purposeful, illegal and fraudulent misrepresentation of its conformance with the Labor Code and IWC Wage Orders, Plaintiffs suffered a loss of wages and

29

1   monies, all in an amount to be shown according to proof at trial.

2   161.   By violating the foregoing statutes and regulations as herein alleged,

3   Defendants' acts constitute unfair, fraudulent and unlawful business practices

4   under Business and Professions Code § 17200, *et seq*.

5   162.   As a result of the unfair, fraudulent and unlawful business practices of

6   Defendants alleged herein, Plaintiffs have the right to obtain declaratory relief,

7   injunctive relief, disgorgement, and restitution in an amount according to proof.

8   163.   As private attorneys general under California Civil Code § 1021.5,

9   Plaintiffs seek to recover any and all attorneys' fees incurred herein.

10                          **PRAYER FOR RELIEF**

11   WHEREFORE, Plaintiffs pray for judgment and relief against Defendants as

12   follows:

13   a.   An order certifying that Plaintiffs may pursue the foregoing

14   claims against Defendants as a class action under Code of Civil Procedure § 382;

15   b.   An order appointing Plaintiff GALVEZ as Class representative

16   and appointing Plaintiffs' counsel as Class Counsel;

17   c.   For general damages and special damages including, but not

18   limited to, unpaid minimum wages, agreed upon wages, overtime wages, and

19   unreimbursed expenses;

20   d.   For reasonable attorneys' fees, costs of suit, and interest to the

21   extent permitted by law, including pursuant to Civil Code § 1021.5 and Labor

22   Code;

23   e.   For liquidated damages pursuant to the Labor Code;

24   f.   Statutory penalties under Labor Code §§ 226, 201.3 and 203

25   and other applicable Labor Code provisions;

26   g.   For restitution, injunctive relief, declaratory relief and other

27   relief provided by Business and Professions Code § 17200, *et seq*., including a

28   declaratory judgment that Defendants violated Labor Code §§ 510, 1194, 1197,

30

1    2802 and other provisions of the Labor Code and/or Orders of the Industrial

2    Welfare Commission, and a permanent injunction prohibiting Defendants from

3    future violations of the same laws;

4             h.       For an order requiring Defendants to restore and disgorge all

5    funds to Plaintiff and Class members acquired by means of any act or practice

6    declared by this Court to be unlawful, unfair or fraudulent and, therefore,

7    constituting unfair competition under Business and Professions Code § 17200, *et*

8    *seq.*;

9             i.       For an accounting to determine all money wrongfully obtained

10   and held by Defendants;

11            j.       Penalties and injunctive relief under Labor Code §§ 226(f)&(g),

12   432, and 1198.5(k);

13            k.       For pre- judgment and post-judgment interest;

14            l.       For all remedies available to Plaintiffs under the applicable

15   Industrial Welfare Commission Order including but not limited to Wage Order

16   Number 4-2001 and Cal. Labor Code §§ 201, 201.3, 202, 203, 204 and/or 204b,

17   210, 216, 218, 218.5, 226, 226.3, 226.6, 226.7, 246, 246.5, 247, 247.5, 248.5, 510,

18   512, 558, 1174, 1174.5, 1175, 1182.12, 1194, 1197, 1197.1, 1198, 2802, 2804,

19   2810.3, and 2810.5 via the PAGA, Cal. Labor Code §§ 2698, *et seq.,* including an

20   award of unpaid wages, attorneys' fees, costs, interest, liquidated damages,

21   damages, penalties and waiting time penalties according to proof to the extent

22   permitted by law; and

23

24

25

26

27

28

31

SECOND AMENDED CLASS ACTION COMPLAINT

1      m.   For such other relief as the Court deems just and proper.

2

3    DATE   AUGUST 13, 2021                    LAW OFFICE OF THOMAS D. RUTLEDGE

4

5                                              BY _____

6                                                    THOMAS D. RUTLEDGE
                                               ATTORNEYS FOR PLAINTIFF, LYSETTE
7                                              GALVEZ AND SIMILARLY SITUATED
                                               FORMER AND CURRENT EMPLOYEES OF
8                                              DEFENDANTS

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    32

# EXHIBIT H

1  KEVIN F. WOODALL (SBN 180650)
   **WOODALL LAW OFFICES**
2  100 PINE STREET, SUITE 1250
   SAN FRANCISCO, CALIFORNIA 94111
3  TELEPHONE: (415) 413-4629
   FACSIMILE: (866) 937-4109
4  KEVIN@KWOODALLLAW.COM

5  THOMAS D. RUTLEDGE (SBN 200497)
   ATTORNEY-AT-LAW
6  113 WEST G STREET, SUITE 231
   SAN DIEGO, CALIFORNIA 92101
7  TELEPHONE:   (619) 886-7224
   THOMASRUTLEDGELAW@GMAIL.COM

8  ATTORNEYS FOR PLAINTIFFS, LYSETTE
9  GALVEZ AND THOSE SIMILARLY
   SITUATED

10

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**09/07/2021**
**Clerk of the Court**
**BY: EDWARD SANTOS**
Deputy Clerk

11          **SUPERIOR COURT OF CALIFORNIA**

12          **COUNTY OF SAN FRANCISCO**

13          **UNLIMITED JURISDICTION**

14

15  LYSETTE GALVEZ, INDIVIDUALLY       )   CASE NO.  CGC-19-578983
    AND ON BEHALF OF THOSE SIMILARLY   )
16  SITUATED,                          )   Judge: Garrett L. Wong
                                       )   Department: CR 610
17          PLAINTIFFS,                )
                                       )
18      V.                             )   **SECOND AMENDED CLASS**
                                       )   **ACTION COMPLAINT AND PAGA**
19  COWORX STAFFING SERVICES           )   **REPRESENTATIVE ACTION**
    LLC, a Delaware Corporation;       )
20  MICHAEL EPSTEIN, an individual;    )   1) Failure to Provide Employee
    ROBERT BADOLATO, an individual; TIM )      Records;
21  HARTNETT, an individual; KEN       )   2) Failure to Pay Overtime Wages;
    SUDNIKOVICH, an individual;        )   3) Failure to Pay Minimum and
22                                     )      Regular Wages;
                                       )   4) Failure to Make Timely Final
23  AND DOES 1 THROUGH 10, INCLUSIVE,  )      Wage Payments;
                                       )   5) Failure to Provide Proper
24          DEFENDANTS.                )      Itemized Wage Statements;
                                       )   6) Failure to Reimburse Expenses
25                                     )   7) Failure to Maintain Required
                                       )      Records in Violation of
26                                     )      California Labor Code §§ 1174,
                                       )      *et seq.*;
27                                     )   8) Meal and Rest Break Claims;
                                       )   9) Unfair Competition
28

_____

SECOND AMENDED CLASS ACTION COMPLAINT

|  | ) | Complaint Filed: September 4, 2019 |
|--|---|---|
|  | ) | Trial Date: TBA |
|  | ) | Disc. Cutoff: TBA |
|  | ) | |
|  | ) | |
|  | ) | **JURY TRIAL DEMANDED** |
|  | ) | |
|  | ) | |
|  | ) | |

Plaintiff LYSETTE GALVEZ, on behalf of herself and others similarly situated ("Plaintiff" or collectively "Plaintiffs"), makes the following allegations against Defendants, Coworx Staffing Services LLC, Michael Epstein, Robert Badolato, Tim Hartnett, Ken Sudnikovichand Does 1 through 10, inclusive.

## I.    NATURE OF ACTION AND INTRODUCTORY STATEMENT.

1. Plaintiffs bring this class action against Defendant COWORX STAFFING SERVICES LLC, MICHAEL EPSTEIN, Robert Badolato, Tim Hartnett, Ken Sudnickovich and Does 1 through 10, inclusive ("Defendants") for engaging in systematic violations of wage and hour laws.

2. On information and belief, Defendants failed to: (1) pay Plaintiffs and other current and former non-exempt employees overtime wages, regular wages and minimum wages in violation of Labor Code §§ 510, 1194 and 1197, Industrial Welfare Commission Wage Orders (the "IWC Wage Orders"); (2) provide Plaintiffs and current and former non-exempt California employees with proper wage statements in violation of Labor Code § 226; (3) timely pay all final wages and wages during employment to Plaintiffs and former non-exempt California employees from February 1, 2019 to present in violation of Labor Code §§ 201-203; (4) reimburse Plaintiffs and current and former non-exempt California employees for all business expenses in violation of Labor Code § 2802; (5) maintain records in accordance with the Labor Code and the applicable Wage Order(s); and (6) pay premium payments for missed meal and rest breaks.

2

3. Plaintiffs also contends that they requested their personnel files and wage statements, but Defendants did not timely produce them.

4. Plaintiffs also brings Private Attorneys General Act ("PAGA") claims against Defendants for the same violations, among others.

5. Plaintiffs seeks all damages, restitution, injunctive relief, statutory penalties, civil penalties and other relief to which she and other similarly situated current and former non-exempt employees of Defendants are entitled under California law.

## II.    JURISDICTION AND VENUE

6. Defendants are subject to the Court's personal jurisdiction and have minimal contacts with this county.

7. Defendants conduct business by providing staffing services to clients within this county.

8. In addition, venue is proper in this Court under Code of Civil Procedure §§ 395, *et seq*. because, on information and belief, a substantial number of events, obligations, and claims accrued or occurred in this county.

9. Defendant COWORX STAFFING SERVICES LLC is a registered limited liability company in Delaware without an office in California, according to the California Secretary of State's website.

10.     On information and belief, Defendant Michael Epstein resides in New Jersey and owned and operated Defendant COWORX STAFFING SERVICES LLC during the putative Class Period.

## III.    PARTIES.

11.     Plaintiff Lysette Galvez is and at all relevant times was a resident of Chula Vista, California.

12.     At all relevant times, Defendant COWORX STAFFING SERVICES LLC was a Delaware limited liability company without an office in the State of California.

13.     During relevant times, Defendant MICHAEL EPSTEIN was a

3

manager and member of Defendant COWORX STAFFING SERVICES LLC, and, as such, this Defendant is believed to be an "other person acting on behalf of an employer" within the meaning of Labor Code §§ 558 and 558.1.

14.     During relevant times, Defendant ROBERT BODOLATO is and was Defendant COWORX STAFFING SERVICES LLC's Chief Financial Officer and, as such, this Defendant is believed to be an "other person acting on behalf of an employer" within the meaning of Labor Code §§ 558 and 558.1.

15.     During relevant times, Defendant TIM HARNETT is and was Defendant COWORX STAFFING SERVICES LLC's Chief Executive Officer and, as such, this Defendant is believed to be an "other person acting on behalf of an employer" within the meaning of Labor Code §§ 558 and 558.1.

16.     During relevant times, Defendant KEN SUDNIKOVICH is and was Defendant COWORX STAFFING SERVICES LLC's Chief Operating Officer and, as such, this Defendant is believed to be an "other person acting on behalf of an employer" within the meaning of Labor Code §§ 558 and 558.1.

17.     The true names and capacities of the Defendants named as DOES 1 through 10, inclusive, are presently unknown to Plaintiffs.  Plaintiffs will amend this Complaint, setting forth the true names and capacities of these fictitious Defendants when they are ascertained.  Plaintiffs are informed and believe and thereon alleges that each Defendant, directly or indirectly, or through agents or other persons, jointly employed Plaintiffs, and exercised control over her working conditions, pay and discharge.  Plaintiffs are informed and believe and thereon allege that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest, alter ego, and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect

4

to the matters alleged below.  Plaintiffs are informed and believe and thereon allege that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, and aided and abetted the conduct of all other Defendants.

## IV.    CLASS ACTION ALLEGATIONS.

18.    Plaintiff GALVEZ brings claims on behalf of herself and all other similarly situated current and former non-exempt employees of Defendants who worked in California (collectively, the "Class") as a class action pursuant to Code of Civil Procedure § 382.

19.    Plaintiff GALVEZ seeks to represent the classes and/or subclasses composed of and defined as follows:

> **All current or former nonexempt employees who worked in California, at any time, from September 4, 2015 to the present for the Defendants.**

20.    Plaintiff GALVEZ seeks to represent the following subclasses:

**Overtime Wage Subclass:** All non-exempt employees who, four years before the filing of this action to the present, worked over eight (8) hours in a workday or forty (40) hours in a workweek.

**Minimum Wage Subclass:** All non-exempt employees who, four years before the filing of this action to the present, worked for Defendants.

**Wage Statement Subclass:** All employees who, from one year before the filing of this action to the present, are included in the Overtime Wage Class and/or Minimum Wage Class.

**Waiting Time Subclass:** All former non-exempt employees who, from February 1, 2019 to the present, are in the Overtime Wage Class, the Minimum Wage Class and/or did not receive all wages due on the termination date or within 72 hours of resignation.

**Unreimbursed Expenses Subclass:** All employees who, four years before the filing of this action to the present, were not reimbursed for business related expenses, such as mileage and automobile expenses associated with driving to client locations and/or cell phone and internet expenses despite using such devices or services for business purposes or other expenses.

**Meal and Rest Break Subclass:** All putative Class Members who, during the applicable statute of limitations period worked for Defendants in California as an hourly-paid non-exempt employee, were not provided compliant meal and/or rest breaks and were not provided one hour of pay at their regular rate of compensation in lieu thereof.

**Recordkeeping Subclass:** All putative Class Members who, during the applicable statutory period, worked for Defendants wherein said Defendants failed to maintain proper and required records of their employees.

**Labor Code § 201.3 Penalty Subclass:** All putative Class Members who worked for Defendants during the applicable limitations period and who were issued paychecks more than one week after they performed labor.

**UCL Subclass:** All putative Class Members who, during the relevant period, worked for Defendants and who, as a result of said Defendants' unfair business acts and/or practices, may have the right to restitution in the form of (1) unreimbursed business-related expenses and/or (2) wages and/or premium pay that were earned but were unpaid.

SECOND AMENDED CLASS ACTION COMPLAINT

21.     Plaintiffs reserve the right under the Code of Civil Procedure and other applicable authority to amend or modify the class descriptions with greater specificity or further division into subclasses or limitation to particular issues.

22.     Plaintiffs' claims are brought and may be maintained as a class action under Code of Civil Procedure § 382.

**Numerosity**.  The Class members are so numerous that individual joinder of all of them as plaintiffs is impractical.  While the exact number of Class members is unknown to Plaintiffs at this time, Plaintiffs are informed and believe and thereon allege that there are hundreds of members in each Class.

**Commonality**.  There are questions of law or fact common to Class members, such as whether it was Defendants' practice or policy not to compensate Overtime Wage Class members and Minimum Wage Class members when they drove between two or more client locations in the same workday, whether it was Defendants' practice or policy to provide itemized wage statements (and maintain them for 3 years) that do not include correct gross and net wages earned, the correct total hours worked, and the correct hours worked at each rate of pay for those employees who drove between two client locations in the same workday, among other things required by Labor Code § 226, whether it was Defendants' policy or practice to fail to pay Waiting Time Class members all wages earned upon their discharge or within 72 hours of resignation as required by Labor Code §§ 201-203, whether it was Defendants' practice or policy to not reimburse Unreimbursed Expenses Class members for auto expenses relating to miles driven between two client locations in the same workday, driving to and from client locations from home, and cell phone and/or internet expenses as required by Labor Code § 2802, whether Defendants used an auto-deduct policy that

7

SECOND AMENDED CLASS ACTION COMPLAINT

automatically deducted 30 minutes for a meal period, regardless of whether a putative class member recorded a meal period; whether Defendants failed to pay wages the week after work was performed; whether Defendant did not maintain records showing when putative class members took meal periods; and whether Defendants engaged in unlawful and unfair wage and hour practices in violation of the California Labor Code, Business & Professions Code § 17200 and IWC Wage Orders.

21.    **Adequate Representation.**  Plaintiffs will adequately and fairly protect the interests of the members of the Class.  Plaintiffs have no interests adverse to the interests of the absent Class members.  Plaintiffs are represented by legal counsel with substantial class action experience in civil litigation and employment law.

23.    **Typicality.**   Plaintiff is a member of each Class, and her claims are typical of the claims of the other Class members who Plaintiff seeks to represent inasmuch as Plaintiff suffered the same kinds of injuries suffered by other Class members and seeks the same kind of relief sought by other Class members.

24.    **Adequate Representation.**  Plaintiffs will adequately and fairly protect the interests of the members of the Class because, among other reasons, Plaintiff have no interests adverse to the interests of the absent Class members and Plaintiffs are represented by legal counsel with substantial class action experience in civil litigation and employment law.

25.    This case is brought and may be maintained as a class action under Code of Civil Procedure § 382.

26.    Questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

27.    Class action treatment will allow a large number of similarly situated

SECOND AMENDED CLASS ACTION COMPLAINT

employees to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.

28.     Further, the monetary amounts due to many individual members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual Class members to seek and obtain relief.

29.     A class action will serve an important public interest by permitting employees harmed by Defendants' unlawful practices to effectively pursue recovery of the sums owed to them.

## V. FACTUAL ALLEGATIONS.

30.     Defendants provide temporary staffing services to customers in California.

31.     Defendants employed Plaintiffs and other similarly situated current and former employees, as defined in the California Labor Code, Industrial Welfare Commission Wage Orders, in California.

32.     From in or about December, 2016 to the present, Defendants employed Plaintiff GALVEZ to perform temporary staffing services at Defendants' client locations in and around San Diego, California.

33.     At all relevant times, Plaintiffs and putative Class Members were Defendants' non-exempt employees.

34.     Furthermore, Plaintiff is an "aggrieved employee" within the meaning of Labor Code § 2699(c) because she was employed by Defendants and suffered the Labor Code violations in common with former or current non-exempt employees of Defendants.

**Unpaid Overtime and Minimum Wages.**

35.     Plaintiff and similar putative Class Members worked as temporary labor for Defendants' customers, normally at shopping malls and retail locations

selling cosmetics, perfumes, and similar sundries.

36.     Plaintiff and similar putative Class Members normally started work from home, gathering equipment, supplies, product brochures, and other information Defendants mailed or otherwise supplied to its workers' homes, unpacking the foregoing materials and placing such materials into their cars to bring to the workplace for set-up and display.

37.     The process of unpacking materials Defendants sent to putative Class Members and travelling to client locations sometimes took minutes, sometimes hours to perform and Defendants regularly and systematically, as a policy and practice, did not permit Plaintiff and, upon information and belief, other employees, to report this worktime and, thus, Defendants did not pay them for this labor in violation of California law.

38.     Plaintiffs and other Class members were required to drive their personal vehicles, but were not paid for their travel time despite the requirement to pay them for travel time per California law.

39.     Plaintiffs' unpaid wage claims are also premised on many situations, the exact number which will be proven at trial, where putative Class Members' two distinct work periods during the same workday were separated by more than a one-hour break during which time Defendants regularly and systematically, as a policy and practice, failed to pay split-shift pay for one hour of pay at no less than minimum wage for the time between the shifts in violation of California law, including but not limited to § 4(C) of IWC Wage Order 4.

40.     Plaintiffs are also informed and believe and based thereon allege that Defendants regularly and systematically, as a policy and practice, deducted 30 minutes or more from Plaintiff and other putative Class Members' time records via some sort of auto-deduction system whereby Defendants underpaid the putative Class wages in violation of California law.

41.     As to Plaintiffs' PAGA case, this claim is also premised, in part, on

Plaintiff's right to pursue all Labor Code claims on behalf of Aggrieved Employees per *Huff v. Securitas Security Services USA, Inc*. (2018) 23 Cal.App.5th 745.

**Unreimbursed Expenses.**

42.    When Plaintiff and other Class members drove their personal vehicles for work purposes, Defendants regularly and systematically, as a policy and practice, did not reimburse their workers for mileage and automobile expenses when required to do so per California law, i.e., when travelling from one work station to another and travelling from home to a work station and back home.

43.    Plaintiff and similarly situated putative Class Members worked at retail locations and businesses where they had no access to work phones, other than their personal cell phones.

44.    Defendants regularly and systematically, as a policy and practice, did not did not reimburse Plaintiffs and other Class members when they used their cell phones and/or internet to record their hours worked and communicate with Defendants regarding their jobs.

45.    Plaintiffs are informed and believe, and thereupon allege, that Defendants' requirement for employees to use their supplies and equipment to perform their work duties without reimbursement was an attempt to defray the costs onto its employees.

46.    Defendants passed the cost of doing business onto its employees by requiring, without reimbursement, their employees to purchase equipment, tools, and services necessary to perform work for Defendants.

47.    Based on this misconduct, Plaintiff and other Class members suffered from unreimbursed expenses in violation of Labor Code §§ 2802and 1198.

48.    As to Plaintiffs' PAGA case, this claim is also premised, in part, on Plaintiff's right to pursue all Labor Code claims on behalf of Aggrieved Employees per *Huff v. Securitas Security Services USA, Inc*. (2018) 23

Cal.App.5th 745.

**Meal Break Claims.**

49.     Defendants regularly and systematically, as a policy and practice, did not provide all meal periods or payment of one additional hour of pay at their respective regular rate of pay/compensation when they missed or received non-compliant meal periods (i.e., untimely, short, or interrupted).

50.     During all times relevant, for example, Defendants were on notice that Plaintiff and similar putative Class Members were not reporting their time taken for meal breaks on their timesheets or that their breaks were too late in the workday to comply with California law.

51.     On those occasions, the exact amount to be proven at trial, Defendants failed to pay meal break premiums to Plaintiff and Class Members.

52.     As to Plaintiffs' PAGA case, this claim is also premised, in part, on Plaintiff's right to pursue all Labor Code claims on behalf of Aggrieved Employees per *Huff v. Securitas Security Services USA, Inc*. (2018) 23 Cal.App.5th 745.

**Rest Break Claims.**

53.     Defendants regularly and systematically, as a policy and practice, did not provide all rest periods or payment of one additional hour of pay at their respective regular rate of pay/compensation when they missed or received non-compliant rest periods (i.e., untimely, short, or interrupted).

54.     Based on Defendants' policies, Defendants prohibited its workers who manned stations alone, normally at kiosks or similar retail stations, to leave their work station due to Defendants' concerns over the theft of unmonitored property.

55.     On those occasions, the exact amount to be proven at trial, Defendants failed to pay rest period premiums to Plaintiff and Class Members.

56.     As to Plaintiffs' PAGA case, this claim is also premised, in part, on Plaintiff's right to pursue all Labor Code claims on behalf of Aggrieved

Employees per *Huff v. Securitas Security Services USA, Inc*. (2018) 23 Cal.App.5th 745.

**Untimeliness of Pay.**

57.     Defendants paid putative Class Members late on many occasions.

58.     In particular, instead of paying putative Class Members the week after their work was performed, Defendants paid putative Class Members sometimes two weeks or more after the work was performed.

**Derivative Claims.**

59.     Defendants failed to provide accurate and compliant wage statements to Plaintiffs and other Class members in violation of Labor Code § 226.

60.     The wage statements did not contain the correct number of hours worked, the correct number of hours of work at each rate of pay, and the correct gross and net wages, among other things.

61.     For example, the gross and net wages earned, the number of hours worked and number of hours worked at each rate of pay were incorrect, as noted above, because Defendants did not pay Plaintiffs and Class Members for all time spent driving between two or more client locations in the same workday and Defendant used an auto-deduct practice, among other things.

62.     On information and belief, when Plaintiffs and other Class members were discharged or resigned, Defendants did not timely pay them all wages due under Labor Code §§ 201-203 including, but not limited to, unpaid minimum wages, regular/agreed upon wages and/or overtime wages.

63.     Defendants settled another class action lawsuit for failing to timely pay final wages under Labor Code §§ 201-203 through January 31, 2019.

64.     Accordingly, Plaintiffs only bring derivative claims under Labor Code §§ 201-203.1 on behalf of those whose employment ended on or after February 1, 2019.

**Individual Claims.**

65.    In addition to the foregoing Class and PAGA claims to which Plaintiff has the right to pursue individual remedies, Defendants also failed to comply with the Labor Code as to her based on the below mentioned.

66.    In May, 2019, Plaintiffs by and through her counsel made a written request to obtain her wage statements and personnel file pursuant to Labor Code §§ 226 and 1198.5.

67.    Defendants did not produce any documents until late July, 2019, well beyond the statutory deadlines under Labor Code §§ 226 and 1198.5.

68.    Within the last 12 months from the date of this Complaint, Plaintiff GALVEZ via counsel has made numerous requests for Plaintiff's records and despite Plaintiff's request, the requested records have not been produced in violation of Labor Code §§ 226, 432, and 1198.5

69.    On information and belief, when documents were produced, Defendants did not produce all responsive documents.

**PAGA Claims.**

70.    Pursuant to Labor Code § 2699, any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") or any of its departments, divisions, commissions, boards, agencies or employees for violation of the code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former California employees pursuant to the procedures specified in Labor Code § 2699.3.

71.    Plaintiff is an "aggrieved employee" because she was employed by the alleged violators and had one or more of the alleged violations committed against her, and therefore is properly suited to represent the interests of other current and former non-exempt and exempt California employees of Defendants who had the same, similar or other violations committed against them ("PAGA

14

SECOND AMENDED CLASS ACTION COMPLAINT

Represented Employees").

72.     With the exception of Plaintiffs' meal and rest break claims, Plaintiffs exhausted her administrative remedies and notice requirements by the online filing of a letter with the LWDA on or about September 5, 2019, which sets forth allegations contained herein including, but not limited to, violations of Labor Code §§ 201-204, 210, 225.5, 226, 226.3, 226.7, 510, 512, 558, 1174, 1175, 1194, 1197, 1197.1, 1198 and 2802.

73.     Plaintiffs also paid the required $75 filing fee to the LWDA on the same date pursuant to Labor Code § 2699.3(a)(1)(B).

74.     Further, the letter was served on Defendants via certified mail on the same date.

75.     The LWDA did not respond within the 65-day statutory period for the LWDA to respond under Labor Code § 2699.3(a)(2)(A).

76.     Thus, Plaintiffs exhausted her administrative remedies and notice requirements under the Private Attorneys General Act and is authorized to pursue this representative action against Defendants pursuant to Labor Code § 2699.3.

77.     On July 7, 2021, Plaintiff further exhausted her administrative remedies with respect to all allegations and claims herein by filing an amended PAGA notice online and mailing the same to Defendants via certified mail.

## VI.     CAUSES OF ACTION.

### FIRST CAUSE OF ACTION

**Individual Claim for**

**Failure to Produce Personnel File and Wage Statements in**

**Violation of Labor Code §§ 226(b) & (c), 432, and 1198.5**

**(Against All Defendants)**

78.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

79.     Labor Code § 226(b) provides an employer shall afford current and

15

former employees the right to inspect or copy records pertaining to their employment, upon reasonable request to the employer.

80.     Labor Code § 226(c) provides that an employer who receives a written or oral request to inspect or copy records pertaining to a current or former employee shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request.

81.     If an employer fails to permit a current or former employee to inspect or copy records within 21 days of the request, the current or former employee is entitled to a $750 penalty, injunctive relief and an award of costs and reasonable attorneys' fees under Labor Code § 226(f) & (g).

82.     Labor Code § 1198.5 provides that current and former employees, through their representatives or otherwise, have the right to inspect and receive a copy of their personnel files within 30 calendar days of making a written request.

83.     Labor Code § 432 generally requires employers to provide, upon request, any signed instrument their applicants, employees, or both signed during the application or employment process.

84.     If an employer fails to permit the inspection of the personnel file within 30 calendar days of the request, the current or former employee may recover a penalty of $750 and seek to compel the employer to produce the records, along with costs and reasonable attorneys' fees under Labor Code § 1198.5(k) & (l), which Plaintiffs seeks.

85.     In May, 2019, by and through her attorneys, Plaintiffs made a written request for their personnel file, wage statements and documents signed by Plaintiffs relating to the obtaining or holding employment, and other records relating to Plaintiff's employment.

86.     Defendants failed to produce all requested documents within 30 days of the written request in violation of Labor Code §§ 226 432, and 1198.5.

87.     While some documents were produced in late July, 2019, on

16

SECOND AMENDED CLASS ACTION COMPLAINT

information and belief, Defendants still have not produced all responsive documents as of the filing of this action despite numerous requests within the last 12 months and should be compelled to do so.

88.    As a result, Plaintiffs has the right to recover penalties under both Labor Code §§ 226 and 1198.5 for each violation thereof in an amount to be proven, injunctive relief, and reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION

**Individual, Class, and PAGA Claim for Failure to Pay Overtime Wages in Violation of Labor Code §§ 510, 1194, and 1198**

**(Against All Defendants)**

89.    Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set forth herein.

90.    Plaintiffs and the Overtime Wage Class members were "non-exempt" employees of Defendants who did not receive proper protections and benefits of the laws governing payment of overtime wages.

91.     During the time of Plaintiffs' employment with Defendants, they were not exempt from receiving overtime compensation and had the right to receive overtime compensation under Labor Code §§ 510, 1194, 1198, and IWC Wage Orders for any and all work performed in excess of 8 hours per day, and/or for any and all work performed in excess of 40 hours per week.

92.    Based on the misconduct alleged in this Complaint, Defendants knowingly and willfully failed to pay Plaintiffs and the Overtime Wage Class members all overtime compensation owed to them, including: (a) 1.5 times their regular rate of pay for hours worked in excess of 8 hours per day and 40 hours per week and during the first 8 hours worked on the seventh day of a workweek; and/or (b) 2 times their regular rate of pay for all hours worked in excess of 12 hours per day and for any work performed in excess of 8 hours on any seventh day of a workweek.

93.     Based on the misconduct alleged in this Complaint, Defendants failed to pay overtime wages for all such hours because , e.g., Defendants did not pay wages when employees drove between two client locations in the same workday, for Plaintiffs' time spent performing work at home before travelling to the first retail station, and due to the auto-deduct practice, among other reasons.

94.     As a direct result, Plaintiffs and the Overtime Wage Class members have suffered and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages and expenses and attorneys' fees in seeking to compel Defendants to fully perform their obligations under the Labor Code, all to their respective damage in amounts according to proof at trial.

95.   At all material times, Defendants, and DOE Defendants were and/or are Represented Employees' employers or persons acting on behalf of Represented Employees' employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set for in Cal. Labor Code § 558.

96.   Cal. Labor Code § 2699, *et seq.* imposes upon all culpable Defendants a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred ($200.00) for each aggrieved employee per pay period for each subsequent violation in which all culpable Defendants violated the overtime wage provisions of the Labor Code, including but not limited to §§ 510, 1194,   and other provisions, the exact amount of the applicable penalty is all in an amount to be shown according to proof at trial.

97.   Additionally, pursuant to Cal. Labor Code § 2699, Plaintiffs and Class Members seek to recover from Defendants, and DOE Defendants penalties, attorneys' fees and costs incurred herein.

98.     Plaintiffs seek to recover the unpaid balance of the full amount of the

18

SECOND AMENDED CLASS ACTION COMPLAINT

unpaid overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit, and other remedies provided under the Labor Code, in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

**Individual, Class, and PAGA Claim for**

**Failure to Pay Minimum and Regular Wages**

**in Violation of Labor Code §§ 1194, 1194.2, 1197, and 1198**

(Against All Defendants)

99.     Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set forth herein.

100.    Labor Code § 1194(a) states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit."

101.    Labor Code § 1194.2 states: "In any action under Section 98, 1193.6, 1194, or 1197.1 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

102.    Labor Code § 1194.2 also provides for liquidated damages equal to unlawfully unpaid minimum wages, with interest.

103.    Labor Code § 1197 states: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than minimum wage so fixed is unlawful."

104.    Pursuant to the applicable Wage Order, an employer may not pay employees less than the applicable minimum wage for all hours worked.

105.    At all material times, Defendants, and DOE Defendants were and/or are Represented Employees' employers or persons acting on behalf of Represented Employees' employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set for in Cal. Labor Code § 558.

106.    Cal. Labor Code § 2699, *et seq.* imposes upon each culpable Defendant a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred ($200.00) for each aggrieved employee per pay period for each subsequent violation in which each culpable Defendant violated the minimum wage provisions of the Labor Code, including but not limited to §§ 1197 and 1194,  the exact amount of the penalties sought is in an amount to be shown according to proof at trial.

107.    Additionally, pursuant to Cal. Labor Code § 2699, Plaintiffs seek to recover from culpable Defendants penalties, attorneys' fees and costs incurred herein.

108.     Based on the misconduct alleged in this Complaint, Plaintiffs and Minimum Wage Class members were not paid the minimum wage or regular, agreed upon wages when, for example, they drove between two client locations in the same workday, for pre-travel time, and/or for split shift pay, auto-deductions, among other situations.

109.    As a direct result, Plaintiffs have suffered and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages and expenses and attorneys' fees in seeking to compel Defendants to fully perform their obligations under the Labor Code, all to their respective damage in amounts according to proof at trial.

110.     Plaintiffs seek to recover in a civil action the unpaid balance of the full amount of the unpaid minimum wage and regular wage compensation and liquidated damages, including interest thereon, reasonable attorneys' fees, and costs of suit, and other remedies provided under the Labor Code.

## FOURTH CAUSE OF ACTION

**Individual, Class, and PAGA Claim for**

**Failure to Pay Wages Within Required Time in**

**Violation of Labor Code §§ 201, 201.3, 202 and 203**

(Against All Defendants)

111.     Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set forth herein.

112.     Labor Code § 201 requires Defendants to immediately pay any wages, without abatement or reduction, to any employee who is discharged.

113.     Labor Code § 202 requires Defendants to pay all wages earned and unpaid, without abatement or reduction, no later than 72 hours of receiving an employee's notice of intent to quit or immediately at the time of quitting if the employee provided at least 72 hours' notice of intent to quit.

114.     Pursuant to Cal. Labor Code Labor Code § 201.3, a "Temporary services employer" (i.e., Defendants) must pay its employees weekly "due and payable not later than the regular payday of the following calendar week." Cal. Labor Code § 201.3(b)(1)(A).

115.     For a willful violation of Labor Code §§ 201, 201.3, and/or 202, Labor Code § 203 causes the unpaid wages of the employee to continue as a penalty from the due date thereof at the same rate until paid, but the wages shall not continue for more than 30 days.

116.     At all material times, Defendants, and DOE Defendants were and/or are Represented Employees' employers or persons acting on behalf of Represented Employees' employer, within the meaning of California Labor Code § 558, who

21

violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set for in Cal. Labor Code § 558.

117.    Cal. Labor Code § 2699, *et seq.* imposes upon each culpable Defendant a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred ($200.00) for each aggrieved employee per pay period for each subsequent violation in which each culpable Defendant violated the overtime provisions of the Labor Code, including but not limited to §§ 201, 201.3, 202, and 203, the exact amount of the penalties sought is in an amount to be shown according to proof at trial.

118.    Additionally, pursuant to Cal. Labor Code § 2699, Plaintiffs seek to recover from culpable Defendants penalties, attorneys' fees, and costs incurred herein.

119.    On information and belief, Defendants willfully did not provide Plaintiffs and Waiting Time Class members, after their discharge or resignation or timely during employment, with all wages due and owing including, but not limited to, all minimum wages, regular/agreed upon wages, overtime wages and premium pay by the times specified by Labor Code § 201, 201.3, or 202.

120.    Consequently, pursuant to Labor Code § 203, Defendants owe Plaintiffs and Waiting Time Class members the above-described waiting time penalty, all in an amount to be shown according to proof at trial, which Plaintiffs seeks on behalf of herself and the Waiting Time Class.

## FIFTH CAUSE OF ACTION

### Individual, Class, and PAGA Claim for

### Failure to Provide Compliant Itemized Wage Statements

### in Violation of Labor Code §§ 226 and 1198

(Against All Defendants)

121.    Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth herein.

122.    Labor Code § 226(a) requires that employers, including Defendants, to furnish employees with each wage payment an accurate, itemized writing that shows gross wages earned, total hours worked, all deductions, net wages earned, the inclusive dates of the period for which the employee is paid, the name and address of the legal entity that is the employer, the name of the employee and the portion of his or her social security number (or identification number) as required by law, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, among other things.

123.    Defendants knowingly and intentionally failed to provide Plaintiffs and Wage Statement Class members with the above-described writing required by Labor Code § 226 through actions alleged herein including, but not limited to, a failure to provide correct total hours worked, correct gross and net wages earned, the correct number of hours worked at the correct hourly rates, and the correct hourly rates of pay, among other things.

124.    Based on the above alleged misconduct, Defendants did not pay Plaintiffs and Wage Statement Class members all wages due and did not include all hours worked on their wage statements, which made their wage statements inaccurate.

125.    Defendants' failure to provide a proper writing deprived Plaintiffs and Wage Statement Class members with the ability to know, understand and question

23

SECOND AMENDED CLASS ACTION COMPLAINT

the calculation and rate of pay and hours used to calculate the wages paid by Defendants.

126.    Indeed, a reasonable person could not determine from the wage statements alone the correct total hours worked, the correct hours worked at each rate of pay or the correct gross and net wages earned, among other things.

127.    Plaintiffs and Wage Statement Class members, therefore, had no way to dispute the resulting miscalculation of wages, all of which resulted in an unjustified economic enrichment to Defendants.

128.    Defendants' failure to provide the proper writing also required Plaintiffs and Wage Statement Class members to spend and continue to spend attorneys' fees and costs to determine the wages owed to them.

129.    As a direct result, Plaintiffs and Wage Statement Class members suffered and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages and expenses and attorneys' fees and costs in seeking to gather information and compel Defendants to fully perform their obligations under state law, all to their respective damage in amounts according to proof at trial including but not limited to the right to recover penalties under Labor Code §§ 226, 226.3, and 226.6.

130.    Cal. Labor Code §§ 2699, *et seq.* imposes upon all culpable Defendants a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred ($200.00) for each aggrieved employee per pay period for each subsequent violation in which culpable Defendants violated Cal. Labor Code §§ 226 and 1198, the exact amount of the applicable penalty is all in an amount to be shown according to proof at trial, which Plaintiffs seek.

131.    Labor Code § 226(e) requires Defendant to pay the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurred, and one hundred dollars ($100.00) per employee for each

24

violation in subsequent pay periods, plus attorneys' fees and costs, to Plaintiffs and Wage Statement Class members who were injured by Defendants' failure to comply with Labor Code § 226(a), which Plaintiffs seeks on behalf of herself and the Wage Statement Class, the exact amount of the applicable penalty is all in an amount to be shown according to proof at trial.

## SIXTH CAUSE OF ACTION

### Individual, Class, and PAGA Claim for
### Failure to Reimburse Business Expenses
### in Violation of Labor Code §§ 1198 and 2802

(Against All Defendants)

132.     Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set forth herein.

133.     Pursuant to California Labor Code § 2802, an employer must indemnify its employees "for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties . . . ."

134.     On information and belief, Plaintiffs made necessary expenditures and incurred losses as a direct consequence of the discharge of their duties and in obedience to the directions of Defendants including, but not limited to, mileage, automobile, cell phone, and internet expenses.

135.     On information and belief, Defendants knew Plaintiffs were incurring the expenses and were responsible for reimbursing Unreimbursed Expenses Class members for their expenditures and losses as a direct consequence of the discharge of their duties, but failed to do so.

136.     Cal. Labor Code § 2699, *et seq.* imposes upon all culpable Defendants a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred ($200.00) for each aggrieved employee per pay period for each subsequent violation in which all culpable Defendants violated the applicable Cal. Labor Code provisions alleged in this

Complaint, including but not limited to Labor Code §§ 2802 and 1198, the exact amount of the applicable penalty is all in an amount to be shown according to proof at trial, which Plaintiffs seek.

137.    As a result of Defendants' unlawful conduct, the Unreimbursed Expenses Class members have suffered damages in an amount within the limited jurisdiction of the Court.

138.    Plaintiffs have the right to recover the full amount of the unpaid expenditures and losses, interest thereon, reasonable attorneys' fees and costs of suit.

## SEVENTH CAUSE OF ACTION

### Individual, Class, and PAGA Claim for

### Failure to Maintain Required Records in Violation of

### California Labor Code §§ 1174, 1174.5, Wage Order

### No. 4-2001, § 7, and/or the Applicable Wage Order via Labor Code § 1198

(Against All Defendants)

139.    Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set forth herein.

140.    IWC Wage Order Nos. 4-2001 § 7 requires every employer to maintain time and payroll records, including time records showing when the employee begins and ends each work period and when meal periods are taken.

141.    Plaintiffs are informed and believe, and based thereon allege, that during all relevant times, all or some of the Defendants failed to comply with § 7 of IWC Orders 4-2001 and with Cal. Labor Code § 1174 by failing to maintain certain records which employers are required to maintain, including but not limited to, keeping copies of pay stubs issued to Plaintiffs and the Classes and time entry records showing when meal periods were taken.

142.    Cal. Labor Code § 2699, *et seq.* permits Plaintiffs to recover penalties for each aggrieved employee per pay period for each subsequent violation in which

all culpable Defendants violated the applicable Cal. Labor Code provisions alleged in this Complaint, including but not limited to Labor Code §§ 1174 and 1198, the exact amount of the applicable penalty is all in an amount to be shown according to proof at trial.

143.    For the reasons alleged herein, Plaintiffs seek any and all available remedies in an amount to be proven at trial including but not limited to damages, penalties, attorneys' fees and costs, and interest pursuant to law including but not limited to Cal. Labor Code §§ 1174.5 and/or 1175.

**EIGHTH CAUSE OF ACTION**

**Individual, Class, and PAGA Claim for**

**Failure to Comply with the Meal and Rest Break Requirements of Labor Code §§ 226.7, 512, 1198, and the applicable IWC Wage Order**

(Against all Defendants)

144.    Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set forth herein.

145.    Based on the misconduct alleged in this Complaint, Defendants failed to pay premium pay to Plaintiffs for all their missed and noncompliant meal and rest breaks and failed to comply with Labor Code §§ 226.7, 512, and 1198.

146.    Because of Defendants' illegal pay practices, said Defendants failed to pay Plaintiffs for all meal and rest breaks despite their requirement under California law and, as such, all culpable Defendants are required to pay Plaintiff and Aggrieved Employees for rest break and/or meal break premium wages.

147.    Defendants also failed to provide Plaintiffs legally-compliant meal and rest periods, or compensation in lieu thereof, during their employment by said Defendants.

148.    At all material times, Defendants, and DOE Defendants were and/or are Represented Employees' employers or persons acting on behalf of Represented Employees' employer, within the meaning of California Labor Code § 558, who

27

violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set for in Cal. Labor Code § 558.

149.     Cal. Labor Code § 2699, *et seq.* imposes upon all culpable Defendants a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred ($200.00) for each aggrieved employee per pay period for each subsequent violation in which all culpable Defendants violated the applicable Cal. Labor Code provisions alleged in this Complaint, including but not limited to Labor Code §§ 226.7, 512, and 1198, the exact amount of the applicable penalty is all in an amount to be shown according to proof at trial.

150.     Additionally, pursuant to Cal. Labor Code § 2699, Plaintiffs seek to recover from all culpable Defendants penalties, attorneys' fees, and costs incurred herein.

151.     Wherefore, Plaintiffs request the recovery of the unpaid premium pay, interest, attorneys' fees, costs, and related remedies in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### Class and Individual Claim for

### Unfair Competition in

### Violation of Business and Professions Code § 17200, *et seq.*

(Against Entity Defendants and Does 1-10)

152.     Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set forth herein.

153.     California Business & Professions Code § 17200, *et seq.* prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice..."

28

SECOND AMENDED CLASS ACTION COMPLAINT

154.    Plaintiffs, as herein alleged, have suffered and continue to suffer injuries in fact due to Defendants' unlawful, fraudulent, and unfair business practices.

155.    As alleged herein, Defendants systematically engaged in unlawful conduct such as wage and hour violations, failing to pay proper wages and monies for hours worked, meal and rest break violations, and failing to reimburse employees for necessary business-related expenses all in order to decrease its costs of doing business and increase profits.

156.    On information and belief, at the time that Plaintiffs were hired, Defendants knowingly, intentionally and illegally misrepresented to each of them conformance with the California Labor Code and/or IWC Wage Orders, including the payment all wages due and the reimbursement of the expenses.

157.    Based on the above alleged misconduct, Defendants failed to comply with the California Labor Code and IWC Wage Orders through their actions as herein alleged including, but not limited to its failure to: (1) failure to provide minimum wages, regular/agreed upon wages and overtime wages and (2) provide reimbursement for all business related expenses.

158.    At all times relevant, on information and belief, Defendants intentionally avoided paying to Plaintiffs wages and monies and other financial obligations attached thereto, thereby creating for Defendants an artificially lower cost of doing business in order to undercut competitors and establish and/or gain a greater foothold in the marketplace, all to the detriment of Plaintiffs.

159.    On information and belief, at all times relevant herein Plaintiffs relied on and believed Defendants' representations concerning its conformance with the California wage and hour laws, all to their detriment.

160.    On information and belief, as a result of Defendants' intentional, willful, purposeful, illegal and fraudulent misrepresentation of its conformance with the Labor Code and IWC Wage Orders, Plaintiffs suffered a loss of wages and

1    monies, all in an amount to be shown according to proof at trial.

2    161.    By violating the foregoing statutes and regulations as herein alleged,

3    Defendants' acts constitute unfair, fraudulent and unlawful business practices

4    under Business and Professions Code § 17200, *et seq*.

5    162.    As a result of the unfair, fraudulent and unlawful business practices of

6    Defendants alleged herein, Plaintiffs have the right to obtain declaratory relief,

7    injunctive relief, disgorgement, and restitution in an amount according to proof.

8    163.    As private attorneys general under California Civil Code § 1021.5,

9    Plaintiffs seek to recover any and all attorneys' fees incurred herein.

10    **PRAYER FOR RELIEF**

11    WHEREFORE, Plaintiffs pray for judgment and relief against Defendants as

12    follows:

13    a.    An order certifying that Plaintiffs may pursue the foregoing

14    claims against Defendants as a class action under Code of Civil Procedure § 382;

15    b.    An order appointing Plaintiff GALVEZ as Class representative

16    and appointing Plaintiffs' counsel as Class Counsel;

17    c.    For general damages and special damages including, but not

18    limited to, unpaid minimum wages, agreed upon wages, overtime wages, and

19    unreimbursed expenses;

20    d.    For reasonable attorneys' fees, costs of suit, and interest to the

21    extent permitted by law, including pursuant to Civil Code § 1021.5 and Labor

22    Code;

23    e.    For liquidated damages pursuant to the Labor Code;

24    f.    Statutory penalties under Labor Code §§ 226, 201.3 and 203

25    and other applicable Labor Code provisions;

26    g.    For restitution, injunctive relief, declaratory relief and other

27    relief provided by Business and Professions Code § 17200, *et seq*., including a

28    declaratory judgment that Defendants violated Labor Code §§ 510, 1194, 1197,

30

2802 and other provisions of the Labor Code and/or Orders of the Industrial Welfare Commission, and a permanent injunction prohibiting Defendants from future violations of the same laws;

h.     For an order requiring Defendants to restore and disgorge all funds to Plaintiff and Class members acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and, therefore, constituting unfair competition under Business and Professions Code § 17200, *et seq.*;

i.     For an accounting to determine all money wrongfully obtained and held by Defendants;

j.     Penalties and injunctive relief under Labor Code §§ 226(f)&(g), 432, and 1198.5(k);

k.     For pre- judgment and post-judgment interest;

l.     For all remedies available to Plaintiffs under the applicable Industrial Welfare Commission Order including but not limited to Wage Order Number 4-2001 and Cal. Labor Code §§ 201, 201.3, 202, 203, 204 and/or 204b, 210, 216, 218, 218.5, 226, 226.3, 226.6, 226.7, 246, 246.5, 247, 247.5, 248.5, 510, 512, 558, 1174, 1174.5, 1175, 1182.12, 1194, 1197, 1197.1, 1198, 2802, 2804, 2810.3, and 2810.5 via the PAGA, Cal. Labor Code §§ 2698, *et seq.,* including an award of unpaid wages, attorneys' fees, costs, interest, liquidated damages, damages, penalties and waiting time penalties according to proof to the extent permitted by law; and

m.    For such other relief as the Court deems just and proper.

DATE  AUGUST 13, 2021

LAW OFFICE OF THOMAS D. RUTLEDGE

BY

THOMAS D. RUTLEDGE
ATTORNEYS FOR PLAINTIFF, LYSETTE
GALVEZ AND SIMILARLY SITUATED
FORMER AND CURRENT EMPLOYEES OF
DEFENDANTS

32

1

## PROOF OF SERVICE

2

      I, Kevin Woodall, am a resident of the State of California and over the age of 18, and not a party to the within action; my business address is 100 Pine Street, Suite 1250, San Francisco, CA 94111.

3

4

**ON SEPTEMBER 6, 2021, I SERVED THE DOCUMENT(S) DESCRIBED AS:**

5

**SECOND AMENDED CLASS ACTION COMPLAINT AND PAGA REPRESENTATIVE ACTION**

6

7

on the following interested parties at the following address:

8

David Ongaro

9

Cara Sherman

Ongaro PC

10

1604 Union Street

San Francisco, CA 94123

11

dongaro@ongaropc.com

12

csherman@ongaropc.com

13

Attorneys for CoWorx Staffing Services

14

☐    (BY MAIL)  I served the foregoing document(s) by U.S. mail.  I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence was deposited with the United States Postal Service this same day in the ordinary course of business at Corte Madera, California.

15

16

17

☐    (BY FACSIMILE)  I transmitted via facsimile, the document(s) listed above to the fax number(s) set forth above on this date from Corte Madera, California.  The transmitting facsimile machine telephone number is (415) 413-4629.

18

19

20

☐    (BY FEDEX GROUND)  I served the foregoing document(s) by placing it in a sealed envelope or container provided by Federal Express, affixing a pre-paid air bill for ground delivery, and causing the envelope or container to be delivered to a Federal Express agent or depositing it in a box or other facility regularly maintained by Federal Express.

21

22

23

☐    (BY PERSONAL DELIVERY)  I hired a vendor to personally deliver the foregoing document(s) to the addresses listed above.

24

☒    (BY EMAIL and E-SERVICE)  I served the foregoing documents by sending them via email to Defendant's counsel listed above.  In addition, One Legal electronically served the documents described above on the recipients designated on the Transaction Receipt (Defendant's counsel listed above) located on the One Legal website (www.onelegal.com) pursuant to the Court's Local Rules authorizing electronic service of the documents.

25

26

27

28

PROOF OF SERVICE

Executed this September 6, 2021 at Corte Madera, California.

I declare under penalty of perjury under the laws of the State of California and the United States that the above is true and correct.

_____
KEVIN F. WOODALL

PROOF OF SERVICE

# EXHIBIT I

# AMENDED

**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CoWorx Staffing Services LLC, a Delaware Corporation (see attached additional Defendants)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Lysette Galvez, individually and on behalf of those similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California, County of San Francisco, 400 McAllister Street, San Francisco, CA 94102

CASE NUMBER: *(Número del Caso):*
CGC-19-578983

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Kevin Woodall, Woodall Law Offices, 100 Pine Street, Suite 1250, San Francisco, CA 94111; (415) 413-4629

DATE:                                    Clerk, by                                    , Deputy
*(Fecha)*                               *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

[ Print this form ]  [ Save this form ]      [ Clear this form ]

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Galvez v. CoWorx Staffing Services LLC et al. | CGC-19-578983 |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff      ☒ Defendant      ☐ Cross-Complainant      ☐ Cross-Defendant

Michael Epstein, an individual

Robert Badolato, an individual

Tim Hartnett, an individual

Ken Sudnikovich, an individual

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form    Save this form    Clear this form

1

## PROOF OF SERVICE

2

I, Kevin Woodall, am a resident of the State of California and over the age of 18,
and not a party to the within action; my business address is 100 Pine Street, Suite 1250,
San Francisco, CA 94111.

3

4

**ON SEPTEMBER 20, 2021, I SERVED THE DOCUMENT(S) DESCRIBED AS:**

5

**AMENDED SUMMONS**

6

on the following interested parties at the following address:

7

8

David Ongaro
Cara Sherman

9

Ongaro PC
1604 Union Street
San Francisco, CA 94123

10

11

dongaro@ongaropc.com
csherman@ongaropc.com

12

Attorneys for CoWorx Staffing Services

13

14

☐    (BY MAIL)  I served the foregoing document(s) by U.S. mail.  I am
readily familiar with the business practice for collection and processing of
correspondence for mailing with the United States Postal Service.  This
correspondence was deposited with the United States Postal Service this
same day in the ordinary course of business at Corte Madera, California.

15

16

17

☐    (BY FACSIMILE)  I transmitted via facsimile, the document(s) listed
above to the fax number(s) set forth above on this date from Corte Madera,
California.  The transmitting facsimile machine telephone number is (415)
413-4629.

18

19

☐    (BY FEDEX GROUND)  I served the foregoing document(s) by placing it
in a sealed envelope or container provided by Federal Express, affixing a
pre-paid air bill for ground delivery, and causing the envelope or container
to be delivered to a Federal Express agent or depositing it in a box or other
facility regularly maintained by Federal Express.

20

21

22

☐    (BY PERSONAL DELIVERY)  I hired a vendor to personally deliver the
foregoing document(s) to the addresses listed above.

23

24

☒    (BY EMAIL and E-SERVICE)  I served the foregoing documents by
sending them via email to Defendant's counsel listed above.  In addition,
One Legal electronically served the documents described above on the
recipients designated on the Transaction Receipt (Defendant's counsel
listed above) located on the One Legal website (www.onelegal.com)
pursuant to the Court's Local Rules authorizing electronic service of the
documents.

25

26

27

28

Executed this September 20, 2021 at Corte Madera, California.

---

PROOF OF SERVICE

1    I declare under penalty of perjury under the laws of the State of California and the
2 United States that the above is true and correct.

3

4                                    KEVIN F. WOODALL

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# AMENDED

**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SEE ATTACHED

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LYSETTE GALVEZ, individually and on behalf of those similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of California, County of San Francisco, 400 McAllister Street, San Francisco, CA 94102 | CASE NUMBER: *(Número del Caso):*<br>CGC-19-578983 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Kevin Woodall, Woodall Law Offices, 100 Pine Street, Suite 1250, San Francisco, CA 94111; (415) 413-4629

| DATE:<br>*(Fecha)* | | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

[ Print this form ] [ Save this form ]     [ Clear this form ]

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Galvez v. CoWorx Staffing Services LLC | CGC-19-578983 |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

CoWorx Staffing Services LLC, a Delaware Corporation

Michael Epstein, an individual

Robert Badolato, an individual

Tim Hartnett, an individual

Ken Sudnikovich, an individual

AND DOES 1 THROUGH 10, INCLUSIVE

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]
**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

Print this form   Save this form   Clear this form

## PROOF OF SERVICE

I, Kevin Woodall, am a resident of the State of California and over the age of 18, and not a party to the within action; my business address is 100 Pine Street, Suite 1250, San Francisco, CA 94111.

**ON SEPTEMBER 10, 2021, I SERVED THE DOCUMENT(S) DESCRIBED AS:**

**AMENDED SUMMONS**

on the following interested parties at the following address:

David Ongaro
Cara Sherman
Ongaro PC
1604 Union Street
San Francisco, CA 94123
dongaro@ongaropc.com
csherman@ongaropc.com

Attorneys for CoWorx Staffing Services

☐ (BY MAIL) I served the foregoing document(s) by U.S. mail. I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence was deposited with the United States Postal Service this same day in the ordinary course of business at Corte Madera, California.

☐ (BY FACSIMILE) I transmitted via facsimile, the document(s) listed above to the fax number(s) set forth above on this date from Corte Madera, California. The transmitting facsimile machine telephone number is (415) 413-4629.

☐ (BY FEDEX GROUND) I served the foregoing document(s) by placing it in a sealed envelope or container provided by Federal Express, affixing a pre-paid air bill for ground delivery, and causing the envelope or container to be delivered to a Federal Express agent or depositing it in a box or other facility regularly maintained by Federal Express.

☐ (BY PERSONAL DELIVERY) I hired a vendor to personally deliver the foregoing document(s) to the addresses listed above.

☒ (BY EMAIL and E-SERVICE) I served the foregoing documents by sending them via email to Defendant's counsel listed above. In addition, One Legal electronically served the documents described above on the recipients designated on the Transaction Receipt (Defendant's counsel listed above) located on the One Legal website (www.onelegal.com) pursuant to the Court's Local Rules authorizing electronic service of the documents.

Executed this September 10, 2021 at Corte Madera, California.

PROOF OF SERVICE

1        I declare under penalty of perjury under the laws of the State of California and the
2    United States that the above is true and correct.

3

                KEVIN F. WOODALL

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

# EXHIBIT J

1   Thomas D. Rutledge (SBN 200497)
    Attorney-at-Law
2   113 West G Street, Suite 231
    San Diego, California 92101
3   Telephone: (619) 886-7224
    thomasrutledgelaw@gmail.com
4
    Kevin F. Woodall (SBN 180650)
5   Woodall Law Offices
    100 Pine Street, Suite 1250
6   San Francisco, California 94111
    Telephone:   (415) 413-4629
7   Facsimile:   (866) 937-4109
8   kevin@kwoodalllaw.com

9   Attorneys for Plaintiffs

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                        COUNTY OF SAN FRANCISCO

12

13  LYSETTE GALVEZ, individually and on      )   Case No. CGC-19-578983
    behalf of those similarly situated,      )
14                                           )   Judge:        Hon. Garrett L. Wong
                                             )   Department:   610
15              Plaintiffs,                  )
                                             )
16                                           )   **PLAINTIFFS' MEMO. OF P&A'S ISO**
         vs.                                 )   **PLAINTIFFS' MOTION TO COMPEL**
17                                           )   **DEFENDANT COWORX STAFFING**
    COWORX STAFFING SERVICES LLC, et         )   **SERVICES LLC TO PROVIDE FURTHER**
18  al.                                      )   **RESPONSES TO PLAINTIFFS' DEMAND**
                                             )   **FOR INSPECTION OF DOCUMENT NOS.**
19              Defendants.                  )   **1-56 & REQUEST FOR MONETARY**
                                             )   **SANCTIONS**
20                                           )
                                             )   [Discovery Related Issue]
21                                           )
                                             )   Hearing Date:      Oct. 7, 2021
22                                           )   Hearing Time:      9:00 a.m.
                                             )   Hearing Location: Dept.: 301 (Discovery)
23                                           )
                                             )   Date Complaint Filed: Sept. 4, 2019
24                                           )   Trial Date: Sept. 2, 2022
                                             )   Discovery Cutoff: July 19, 2020
25                                           )
                                             )   [Decs. of Thomas D. Rutledge and Kevin
26                                           )   Woodall, Sep. Stat. of Items in Dispute, and
                                             )   Not. of Mot. filed concurrently herewith]
27                                           )
28                                           )

---

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.    <u>INTRODUCTION.</u>**

3    This wage and hour class action concerns a group of employees whose employer, among

4  other things, failed to (1) pay for its employees' travel time from one location to another during the

5  same workday, (2) failed to reimburse putative class members for mileage, cell phone, home

6  internet, and similar expenses incurred while performing work, and (3) failed to comply with

7  California meal break law. Plaintiff Galvez, one of more than 4,000 nonexempt Aggrieved

8  Employees (Plaintiffs) that Defendant Coworx Staffing Services LLC (Defendant CoWorx)

9  employed during the putative class period, also alleges Defendant CoWorx required Aggrieved

10  Employees to work off-the-clock without compensation, suffer paystub violations, and endure a

11  myriad of Labor Code violations. In addition to class claims, Plaintiffs likewise assert representative

12  Private Attorney General Act (PAGA) claims based on Defendant's Labor Code violations. (Second

13  Amend. Comp. (SAC), ¶¶ 1-163.)

14    This Motion is pursuant to Code of Civil Procedure § 2031.300, *et seq.* on the grounds that

15  Defendant has failed, without justification, to serve proper responses to Plaintiffs' Demand for

16  Inspection of Documents (Set One) (DFID) Numbers 1-56. In a nutshell, this discovery generally

17  requires Defendant to provide information relating to (1) the named Plaintiff's records, (2) contact

18  information and records concerning the putative Class Members, (3) records pertaining to

19  Defendant's applicable written wage and hour policy documents applicable to the putative Class,

20  and (4) documents, if any, in support of Defendant's affirmative defenses. Instead of providing

21  substantive responses, Defendant asserted boilerplate objections, such as privacy, overbroad, vague

22  and ambiguousness, and similar objections.

23    Despite Plaintiffs' numerous attempts to meet and confer about these matters, Defendant

24  CoWorx refuses to provide further responses to foundational discovery requests. The responses

25  Plaintiffs seek to compel are critical to the trier-of-fact because they address the central issues in this

26  case, and withholding such information from the Plaintiffs is prejudicial and without substantial

27  justification. This is especially true since trial is less than a year away.

28    Plaintiffs very respectfully request this Court to grant Plaintiffs' Motion to Compel and issue

PLAINTIFFS' MEM. OF P&A'S ISO MOT. TO COMPEL FURTHER RESP. TO DFID (SET 1) NOS. 1-56

1   an Order compelling Defendant CoWorx to provide full and complete responses to Plaintiffs' DFID

2   Numbers 1-56, without objections, within seven days from the date of the Court's Order

3   accompanied by a verification. Plaintiffs also very respectfully request that Defendant to pay

4   Plaintiffs' Counsel monetary sanctions in the amount of $7,500 for Defendant's unjustified abuse of

5   the Discovery Act.

6   **II.    STATEMENT OF FACTS.**

7        **A.  The Parties.**

8        Defendant CoWorx is a large out-of-state limited liability company generally in the business

9   of providing temporary placement services to joint employers. Defendant CoWorx employed more

10  than 4,000 employees in California during the putative class period. (Rutledge Decl., ¶¶ 2, 3.)

11       For more than three years, Defendant employed Plaintiff Galvez from time-to-time as a

12  nonexempt employee performing work selling fragrance and similar products to the general public

13  at various malls in southern California. Plaintiff Galvez alleges Defendant owes her and her former

14  coworkers wages and expense reimbursements. (SAC, ¶¶ 49-55; Rutledge Decl., ¶¶ 4, 5.)

15       **B.  Relevant Facts to this Motion.**

16       On September 4, 2019, Plaintiffs filed a wage and hour class action Complaint seeking,

17  among other things, unpaid wages, unreimbursed expenses, and remedies for Labor Code violations.

18  Following two amendments, Plaintiffs' operative Complaint alleges the following causes of action:

19  (1) failure to pay minimum/regular wages; (2) failure to pay overtime wages; (3) meal period

20  violations; (4) rest period violations; (5) failure to provide accurate itemized wage statements; (6)

21  waiting time penalties; (7) failure to reimburse business expenses; (8) remedies under the PAGA,

22  Labor Code §§ 2698, 2699, *et seq.*; and (9) unfair business practices in violation of Cal. Bus & Prof.

23  Code §§ 17200, *et seq*. (SAC, ¶¶ 1-163.)

24       Plaintiffs served discovery immediately after filing this case per Code. On December 13,

25  2019, Plaintiffs, via counsel, served Defendant with written discovery including but not limited to

26  the DFID's at issue here. (Woodall Decl., ¶2, **Ex. 2.**) On July 17, 2020, Defendant, via counsel, mail

27  served Plaintiffs with Defendant's responses to Plaintiffs' DFID's. (*Id.* at ¶ 3.) Because Defendant's

28  responses contained only boilerplate objections, the parties via counsel subsequently met and

1 | conferred on July 23, 2020, and Defendant CoWorx agreed to provide supplemental responses.

2 | (Woodall Dec., ¶ 4.)

3 |     On August 17, 2020, Defendant, via counsel, mail served Plaintiffs with Defendant's

4 | *unverified* supplemental responses to Plaintiffs' DFID's. These discovery responses likewise contain

5 | only boilerplate objections. (Woodall Decl., ¶ 5, Ex. 6.)

6 |     From almost the commencement of this litigation, the parties spent considerable time

7 | waiting for COVID-19 to work its course and preparing for private mediation. To this end, the

8 | parties generally agreed to stay formal discovery pending the private mediation process. The parties

9 | also agreed to indefinitely extend Plaintiffs' deadline to move to compel further responses to

10 | Plaintiffs' written discovery, including but not limited to Plaintiffs' DFID's and Document

11 | Requests. (Woodall Decl., ¶ 6, Ex. 7.) The parties agreed that if there was a failed mediation,

12 | Defendant CoWorx would provide the class list, including the names, addresses and email addresses

13 | of all putative class members, to an administrator (Phoenix) for purposes of mailing a *Belaire West*

14 | notice. (Woodall Decl., ¶ 7.)  The parties agreed the class list would be provided to Phoenix within

15 | approximately 72 hours of a failed mediation.  (*Id.*)

16 |     Although the mediation was originally scheduled to occur in February 2021, that date was

17 | extended to July 17, 2021. (Woodall Decl., ¶ 8.) After the failed mediation, CoWorx requested a

18 | two-week extension for further mediation efforts because its general counsel could not attend the

19 | mediation on July 17 due to a family emergency, which Galvez granted.  (*Id.*) At the end of the two-

20 | week extension, CoWorx did not produce the class list to the administrator. (*Id.*)

21 |     Following the failed mediation, Defendant CoWorx fired its previous counsel and hired new

22 | counsel. (Woodall Decl., ¶ 9.)  Meanwhile, Plaintiffs informed Defendant CoWorx that Plaintiffs

23 | have no plans to return to mediation and to prepare for trial. Plaintiffs also need to file a class

24 | certification motion and the information Plaintiffs seek in response to the DFID's here is critical to

25 | this process. (Rutledge Decl., ¶¶ 8-10.)

26 |     Rather than waste useful time and money fighting over the Class List and going the typical

27 | *Belaire West* notice process before turning over the Class List, Defendant CoWorx agreed to

28 | provide Plaintiffs the Class List dispensing with the *Belaire West* notice process. (Woodall Decl., ¶

10.)  On August 30, 2021, Defendant purported to provide Plaintiffs the Class List, but Defendant produced less than 500 names (approximately 10 percent of the Class List) with no email addresses. (*Id.*) Plaintiffs know the Class List is incomplete because Defendant CoWorx told Plaintiffs there are 4,027 putative Class Members before mediation. Further, Defendant CoWorx is unreasonably refusing to provide Plaintiffs putative Class Members' email addresses despite such information being well within their custody and control since email is the predominant form of communication between the Defendant and the putative Class.

### C. Facts Concerning Plaintiffs' Discovery Dispute and Meet and Confer Attempts.

Defendant CoWorx and Plaintiffs, via counsel (previous defendant counsel and current), have had numerous discussions about Plaintiffs' contentions that Defendant CoWorx must provide supplemental responses and documents. (Woodall Decl., ¶¶ 4-11.)  On August 31, 2021, Plaintiffs via counsel sent Defendant CoWorx a letter asking CoWorx to provide further responses to Plaintiffs' written discovery. Notwithstanding the foregoing, the parties are at an impasse and cannot resolve this discovery dispute without Court intervention. (Rutledge Decl., ¶¶ 6-8, **Ex. 1**.) On August 30, 2021, Plaintiff's counsel asked Defendant CoWorx's counsel about their availability for a hearing, requesting this information by September 2, but Defendant's counsel never provided their availability. (Woodall Decl., ¶ 11.)

## III.  <u>STANDARD OF REVIEW.</u>

The discovery statutes are construed liberally in favor of disclosure. (*Greyhound Corp. v. Super. Ct. In and for Merced County* (1961) 56 Cal.2d 355, 377; *Obregon v. Super. Ct.* (1998) 67 Cal.App.4th 424, 434.) All doubts about discoverability are normally resolved in favor of disclosure. (*Greyhound Corp., supra,* p. 378*; Glenfed Development Corp. v. Super. Ct.* (1997) 53 Cal.App.4th 1113, 1119.)

Pursuant to Code of Civil Procedure, §§ 2030.300 (interrogatories) 2031.310 (demands for production), 2033.290 (requests for admission), (a) upon receipt of Defendant's verified discovery responses, a discovery propounding party may move for an order compelling further discovery responses if the responses (1) are evasive/incomplete; (2) documents produced pursuant to Code of Civil Procedure, § 2030.230 is unwarranted/inadequate; or (3) objection is without merit/too

general. A party filing a motion to compel a further response to a discovery demand must show "good cause" justifying the discovery sought, which is met by a fact-specific showing of relevance. (Code Civ. Pro. § 2031.310(b)(1); *Kirkland v. Super. Ct.* (2002) 95 Cal.App.4th 92, 98.) Once the moving party demonstrates good cause for the discovery, the burden is on the responding party to justify any objection or failure to fully respond to the discovery demand. (*Kirkland*, supra.)

**A. Defendant CoWorx Must Provide Further Response to DFID Nos. 1-10, 15, 16, 18, 21, 28-30, 41, 43, 44, 48 and 50 Because These DFID's Concern only the Named Plaintiff.**

The foregoing DFID's generally require Defendant to provide documents for only the named Plaintiff. Despite the relative simplicity of the requests for documents, Defendant still has not provided Plaintiff's complete personnel file, including but not limited to her timesheets, W-2, actual copies of her wage statements, Form 2810.5, job application, work schedules, among other things. These records are relevant to this case and critical for Plaintiffs' prosecution of her Labor Code claims.

Despite the general rule of disclosure, Defendant refuses to provide this information. Instead, Defendant CoWorx asserts boilerplate objections to these DFID's using virtually every objection in the book. For the reasons explained specifically in Plaintiffs' Separate Statement of Items in Dispute ("SSID") filed concurrently herewith, Defendant CoWorx's objections are without merit.

Any claim from Defendant CoWorx that Plaintiffs' Motion is untimely is yet another frivolous assertion. A motion to compel must be served within 45 days of the service of the verified response (five extra days if mailed pursuant to C.C.P. § 1013) or by a specific date agreed upon in writing by both parties or the right to bring the motion is waived. (C.C.P. § 2031.310(c).) The parties agreed to indefinitely extend Plaintiffs' deadline to file motions to compel. This Motion is timely.

**B. Defendant CoWorx Must Provide Further Response to DFID Nos. 12, 13, 17, 19, 35, 42, 45-47, 49, and 51 Because These DFID's Concern Witness Contact Information and Records Concerning the Class Members and Aggrieved Employees.**

The foregoing DFID's generally require Defendant CoWorx to provide information

identifying contact information and records concerning the putative Class Members and Aggrieved Employees. Good cause for full and complete responses to the foregoing DFID's exists because responses will identify percipient witnesses, the number of affected putative Class Members as to the issue of numerosity, similarity of work experiences to allow Plaintiffs to demonstrate liability and typicality of the asserted class claims, and similar evidentiary issues critical Plaintiffs' class and PAGA claims. Disclosure of this information is virtually mandatory in wage and hour class and PAGA actions. (*Iskanian v. CLS Transp. Los Angeles, LLC* (2014) 59 Cal.4th 348, 383 [plaintiff-employees are a proxy for the state in PAGA actions]; *Williams v. Super. Ct.* (2017) 3 Cal.5th 531 [the default position is that class information is within the proper scope of discovery, an essential first step to prosecution of any representative action]; *Huff v. Securitas Security Services USA, Inc.* (2018) 23 Cal.App.5th 745 [plaintiff-employee in a representative action via PAGA has standing to obtain records and contact information of aggrieved employees even for Labor Code violations he or she never sustained].) Indeed, most federal courts in wage and hour cases like this one universally agree that a "protective order [alone], in lieu of a Belaire-West notice, sufficiently protects putative class members and aggrieved employees' privacy interests in the confidentiality of their contact information." (*Amaraut v. Sprint/United Mgmt. Co*. (2020) 2020 U.S. Dist. LEXIS 7558 *20-21, Case No. 3:19CV411 [collecting cases]).

Despite the general rule of disclosure, Defendant refuses to provide this information. Instead, Defendant CoWorx asserts boilerplate objections to these DFID's using virtually every objection in the book. For the reasons explained specifically in Plaintiffs' SSID filed concurrently herewith, Defendant CoWorx's objections are without merit.

As to Defendant's objection that the discovery terms are vague, argumentative, irrelevant, compound, or unascertainable, this cannot be the case because Defendant CoWorx has already managed to produce a partial production of the Class List. This Class List, however, is incomplete because it is missing more than 3,500 names. As discussed, Defendant informed Plaintiffs there are more than 4,000 putative Class Members, yet the list provided has less than 500 names. Further, Defendant failed to produce and continues to refuse to produce putative Class Members' email addresses even though the Defendant has them.

PLAINTIFFS' MEM. OF P&A'S ISO MOT. TO COMPEL FURTHER RESP. TO DFID (SET 1) NOS. 1-56

1    Likewise, the attorney-client privilege objection cannot apply because Defendant CoWorx

2  has already managed to produce a portion of the Class List. If the remaining portion of the Class

3  List is in possession of only Defendant's former attorneys, Defendant can nevertheless instruct its

4  previous counsel to provide Plaintiffs the remaining portion of the Class List.

5    As far as Defendant's privacy, sequencing, and confidentiality objections are concerned,

6  Plaintiffs offered to do a *Belaire West* notice process, but Defendant agreed to dispense with this

7  requirement. After all, there is an enforceable protective order in place and Plaintiffs' Counsel are

8  well experienced in knowing how to handle Class Lists. (See, e.g., *Crab Addison v. Superior Court*

9  (2008) 169 Cal.App.4th 958; *Tierno v. Rite Aid Corp.*, 2008 WL 3287035 at *3 (N.D. Cal. July 31,

10 2008); *McArdle v. AT&T Mobility LLC,* 2010 WL 1532334 at *3-*4 (N.D. Cal. April 16, 2010)

11 [cases requiring defendant-employers to provide class contact information without a *Belaire West*

12 notice process.])

13    **C.  Defendant CoWorx Must Provide Further Responses to DFID Nos. 11, 14, 20, 31-**

14       **34, and 52-54 Because These Records Concern Defendant's Wage and Hour**

15       **Policies.**

16    The foregoing DFID's generally require Defendant CoWorx to provide Plaintiffs'

17 information concerning even more benign things, namely, Defendant CoWorx's applicable wage

18 and hour policies in effect during the putative Class Period. Good cause for full and complete

19 responses to the foregoing DFID's exists because responses will determine if Defendant CoWorx's

20 written policies are lawful.

21    Defendant asserted virtually the same boilerplate objections to the foregoing DFID's.

22 Moreover, these DFID's do not seek any information that even remotely could be considered

23 private. For the same reasons the foregoing objections are without merit, Plaintiffs respectfully

24 request the Court to disregard these objections.

25    **D.  Defendant CoWorx Must Provide Further Responses to DFID Nos. 26, 36-40, 55,**

26       **and 56 Because These Records Concern Defendant's Affirmative Defenses, if any.**

27    The foregoing DFID's generally require Defendant CoWorx to provide Plaintiffs' in

28 support of Defendant CoWorx's affirmative defenses. The foregoing DFID's generally require

1  Defendant to produce documents such as arbitration agreements, questionnaires, signed

2  declarations, among other documents. Good cause for full and complete responses to the foregoing

3  DFID's exists because responses will determine if Defendant CoWorx's has any viable defenses to

4  Plaintiffs' class claims.

5      Defendant asserted virtually the same boilerplate objections to the foregoing DFID's.

6  Moreover, these DFID's do not seek any information that even remotely could be considered

7  private. For the same reasons the foregoing objections are without merit, Plaintiffs respectfully

8  request the Court to disregard these objections.

9      **E.  Defendant CoWorx Should Pay Plaintiffs' Counsel Monetary Sanctions for Its**

10         **Discovery Abuses.**

11      Per Code of Civil Procedure § 2031.300(c), the court "shall impose" sanctions to the

12  prevailing party, "unless it finds that the one subject to sanctions acted with substantial justification

13  or other circumstances that would make imposition of sanctions unjust." There is nothing

14  substantially justifying Defendant's dilatory tactics.

15      Here, as evidenced in the concurrently filed Declarations, Plaintiffs' Counsel met and

16  conferred with Defendant's counsel on numerous occasions in writing and over the telephone

17  highlighting the above-mentioned deficient discovery responses, yet Defendant refused to

18  supplement. On August 31, 2021, Plaintiffs even gave Defendant one last chance to provide

19  supplemental responses, but Defendant refused thus necessitating this Motion. (Rutledge Decl., **Ex.**

20  **1**.)

21      Defendant refuses to provide highly relevant information and documents to this wage and

22  hour class and PAGA action without substantial justification. Defendant's objections are without

23  merit based on the overwhelming authority provided herein. (*Iskanian; Williams*; *Huff, supra*.)

24  Despite the general rule of disclosure, Defendant CoWorx asserts boilerplate objections to these

25  DFID's asserting virtually every objection in the book. For the reasons explained specifically in

26  Plaintiffs' SSID filed concurrently herewith, Defendant CoWorx's objections are without merit.

27  Therefore, monetary sanctions are appropriate in this situation.

28

1    Plaintiffs have or will incur at least $7,500 in attorneys' fees and costs related to the

2  preparation of this motion to compel, including the time needed to prepare reply papers and attend

3  the hearing. (Rutledge Decl., ¶¶ 9-18.) Thus, Plaintiffs' Counsel very respectfully requests $7,500 in

4  monetary sanctions for the discovery abuses outlined above.

5  **IV.    <u>CONCLUSION.</u>**

6    For the foregoing reasons, Plaintiffs very respectfully request this Court to issue an Order to

7  compel Defendant CoWorx to provide full and complete responses to Plaintiffs' DFID Numbers 1-

8  56 without objections within seven days from the date of the Court's Order accompanied by a

9  verification in compliance with the Code and paying Plaintiffs' Counsel $7,500 in monetary

10  sanctions.

11  Dated: September 11, 2021                    Law Office of
                                                Thomas D. Rutledge
12

13                                    By:    /s/*Thomas D. Rutledge*
                                            Thomas D. Rutledge
14                                          Attorney for the Plaintiffs, *et al.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **PROOF OF SERVICE**

2

3   STATE OF CALIFORNIA

    COUNTY OF SAN DIEGO
4

5        I, THOMAS D. RUTLEDGE, the undersigned, am employed in the County of San Diego,
    State of California; I am over the age of 18 and not a party to the within action; my business address
6   is 113 West G Street, Suite 231, San Diego, California 92101.

7        On September 11, 2021, I served the foregoing document(s) described as:

8   **PLAINTIFFS' MEMO. OF P&A'S ISO PLAINTIFFS' MOTION TO COMPEL
    DEFENDANT COWORX STAFFING SERVICES LLC TO PROVIDE FURTHER
9   RESPONSES TO PLAINTIFFS' DEMAND FOR INSPECTION OF DOCUMENT NOS. 1-56
    & REQUEST FOR MONETARY SANCTIONS**

10

11  on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope
    addressed as follows:  **See Attached List.**

12  ☒**(BY MAIL)** I am readily familiar with the business practice for collection and processing of
    correspondence for mailing with the United States Postal Service.   This correspondence was
13  deposited with the United States Postal Service this same day in the ordinary course of business at
    our Firm's office address in San Diego, California.

14

    ☒(BY EMAIL) I served the foregoing document by email to the abovementioned.
15

16  ☐(BY PERSONAL SERVICE)   I caused such envelope to be delivered by hand to the offices of
    the above named addressee(s).

17  ☐(BY FACSIMILE)   I caused such documents to be delivered via facsimile to the offices of the
    addressee(s) at the following facsimile number:
18

19        Executed September 11, 2021, at San Diego, California.

20        I declare under penalty of perjury under the laws of the State of California that the above is
    true and correct.

21
                                                    *THOMAS D. RUTLEDGE*
22                                                  /s/THOMAS D. RUTLEDGE

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# SERVICE LIST

David R. Ongaro, Esquire
1604 Union Street
San Francisco, California 94123

Attorneys for Defendants

Thomas D. Rutledge (SBN 200497)
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Telephone: (619) 886-7224
thomasrutledgelaw@gmail.com

Kevin F. Woodall (SBN 180650)
Woodall Law Offices
100 Pine Street, Suite 1250
San Francisco, California 94111
Telephone:   (415) 413-4629
Facsimile:    (866) 937-4109
kevin@kwoodalllaw.com

Attorneys for Plaintiffs

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| LYSETTE GALVEZ, individually and on behalf of those similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> COWORX STAFFING SERVICES LLC, *et al.* <br><br> Defendants. | Case No. CGC-19-578983 <br><br> Judge:       Hon. Garrett L. Wong <br> Department:   610 <br><br> **PLAINTIFFS' MEMO. OF P&A'S ISO PLAINTIFFS' MOTION TO COMPEL DEFENDANT COWORX STAFFING SERVICES LLC TO PROVIDE FURTHER RESPONSES TO PLAINTIFFS' SPECIAL INTERROGATORY NOS. 2-9 & REQUEST FOR MONETARY SANCTIONS** <br><br> [Discovery Related Issue] <br><br> Hearing Date:      Oct. 7, 2021 <br> Hearing Time:       9:00 a.m. <br> Hearing Location: Dept.: 301 (Discovery) <br><br> Date Complaint Filed: Sept. 4, 2019 <br> Trial Date:  Sept. 2, 2022 <br> Discovery Cutoff:  July 19, 2020 <br><br> [Decs. of Thomas D. Rutledge and Kevin Woodall, Sep. Stat. of Items in Dispute, and Not. of Mot. filed concurrently herewith] |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION.

This wage and hour class action concerns a group of employees whose employer, among other things, failed to (1) pay for its employees' travel time from one location to another during the same workday, (2) failed to reimburse putative class members for mileage, cell phone, home internet, and similar expenses incurred while performing work, and (3) failed to comply with California meal break law. Plaintiff Galvez, one of more than 4,000 nonexempt Aggrieved Employees (Plaintiffs) that Defendant Coworx Staffing Services LLC (Defendant CoWorx) employed during the putative class period, also alleges Defendant CoWorx required Aggrieved Employees to work off-the-clock without compensation, suffer paystub violations, and endure a myriad of Labor Code violations. In addition to class claims, Plaintiffs likewise assert representative Private Attorney General Act (PAGA) claims based on Defendant's Labor Code violations. (Second Amend. Comp. (SAC), ¶¶ 1-169.)

This Motion is pursuant to Code of Civil Procedure § 2030.300, *et seq.* on the grounds that Defendant has failed, without justification, to serve proper responses to Plaintiffs' Special Interrogatories (Set One) (SI) Numbers 2-9. In a nutshell, these SI's generally require Defendant to provide information relating to (1) contact and statistical information of Class Members and Aggrieved Employees, (2) benign information about the start and end date of Defendant's workweeks, and (3) even more harmless information such as the total number of pay periods Aggrieved Employees worked during the putative class period. Instead of providing substantive responses, Defendant asserted boilerplate objections, such as privacy, overbroad, vague and ambiguousness, and similar objections.

Despite Plaintiffs' numerous attempts to meet and confer about these matters, Defendant CoWorx refuses to provide further responses to foundational discovery requests. The responses Plaintiffs seek to compel are critical to the trier-of-fact

because they address the central issues in this case, and withholding such information from the Plaintiffs is prejudicial and without substantial justification. This is especially true since trial is less than a year away.

Plaintiffs very respectfully request this Court to grant Plaintiffs' Motion to Compel and issue an Order compelling Defendant CoWorx to provide full and complete responses to Plaintiffs' Special Interrogatories (Set One) Numbers 2-9, without objections, within seven days from the date of the Court's Order accompanied by a verification. Plaintiffs also very respectfully request that Defendant to pay Plaintiffs' Counsel monetary sanctions in the amount of $7,500 for Defendant's unjustified abuse of the Discovery Act.

## II.   STATEMENT OF FACTS.

### A. The Parties.

Defendant CoWorx is a large out-of-state limited liability company generally in the business of providing temporary placement services to joint employers. Defendant CoWorx employed more than 4,000 employees in California during the putative class period. (Rutledge Decl., ¶¶ 2, 3.)

For more than three years, Defendant employed Plaintiff Galvez from time-to-time as a nonexempt employee performing work selling fragrance and similar products to the general public at various malls in southern California. Plaintiff Galvez alleges Defendant owes her and her former coworkers wages and expense reimbursements. (SAC, ¶¶ 49-55; Rutledge Decl., ¶¶ 4, 5.)

### B. Relevant Facts to this Motion.

On September 4, 2019, Plaintiffs filed a wage and hour class action Complaint seeking, among other things, unpaid wages, unreimbursed expenses, and remedies for Labor Code violations. Following two amendments, Plaintiffs' operative Complaint alleges the following causes of action: (1) failure to pay minimum/regular wages; (2) failure to pay overtime wages; (3) meal period violations; (4) rest period violations; (5) failure to provide accurate itemized wage statements; (6) waiting time penalties;

1  (7) failure to reimburse business expenses; (8) remedies under the PAGA, Labor

2  Code §§ 2698, 2699, *et seq*.; and (9) unfair business practices in violation of Cal. Bus

3  & Prof. Code §§ 17200, *et seq*. (SAC, ¶¶ 1-169.)

4      Plaintiffs served discovery immediately after filing this case per Code. On

5  December 13, 2019, Plaintiffs, via counsel, served Defendant with written discovery

6  including but not limited to the SI's at issue here. (Woodall Decl., ¶2, **Ex. 1**.) On July

7  17, 2020, Defendant, via counsel, mail served Plaintiffs with Defendant's responses

8  to Plaintiffs' SI's (Set One). (*Id.* at ¶ 3.)  Because Defendant's responses contained

9  only boilerplate objections, the parties via counsel subsequently met and conferred on

10  July 23, 2020, and Defendant CoWorx agreed to provide supplemental responses.

11  (WoodallDec., ¶4.)

12      On August 17, 2020, Defendant, via counsel, mail served Plaintiffs with

13  Defendant's *unverified* supplemental responses to Plaintiffs' SI's (Set One). These

14  discovery responses likewise contain only boilerplate objections. (Woodall Decl., ¶ 5,

15  Ex. 5.)

16      From almost the commencement of this litigation, the parties spent

17  considerable time waiting for COVID-19 to work its course and preparing for private

18  mediation. To this end, the parties generally agreed to stay formal discovery pending

19  the private mediation process. The parties also agreed to indefinitely extend Plaintiffs'

20  deadline to move to compel further responses to Plaintiffs' written discovery,

21  including but not limited to Plaintiffs' SI's and Document Requests. (Woodall Decl.,

22  ¶ 6, Ex. 7.) The parties agreed that if there was a failed mediation, Defendant CoWorx

23  would provide the class list, including the names, addresses and email addresses of all

24  putative class members, to an administrator (Phoenix) for purposes of mailing a

25  *Belaire West* notice. (Woodall Decl., ¶ 7.)  The parties agreed the class list would be

26  provided to Phoenix within approximately 72 hours of a failed mediation. (*Id.*)

27  Although the mediation was originally scheduled to occur in February 2021, that date

28  was extended to July 17, 2021. (Woodall Decl., ¶ 8.) After the failed mediation,

CoWorx requested a two-week extension for further mediation efforts because its general counsel could not attend the mediation on July 17th due to a family emergency, which Galvez granted. (*Id.*) At the end of the two-week extension, CoWorx did not produce the class list to the administrator. (*Id.)*

Following the failed mediation, Defendant CoWorx fired its previous counsel and hired new counsel. (Woodall Decl., ¶ 9.) Meanwhile, Plaintiffs informed Defendant CoWorx that Plaintiffs have no plans to return to mediation and to prepare for trial. Plaintiffs also need to file a class certification motion and the information Plaintiffs seek in response to the SI's here is critical to this process. (Rutledge Decl., ¶¶ 8-10.)

Rather than waste useful time and money fighting over the Class List and going the typical *Belaire West* notice process before turning over the Class List, Defendant CoWorx agreed to provide Plaintiffs the Class List dispensing with the *Belaire West* notice process. (Woodall Decl., ¶ 10.)  On August 30, 2021, Defendant purported to provide Plaintiffs the Class List, but Defendant produced less than 500 names (approximately 10 percent of the Class List) with no email addresses. (*Id.*) Plaintiffs know the Class List is incomplete because Defendant CoWorx told Plaintiffs there are 4,027 putative Class Members before mediation. Further, Defendant CoWorx is unreasonably refusing to provide Plaintiffs putative Class Members' email addresses despite such information being well within their custody and control since email is the predominant form of communication between the Defendant and the putative Class.

## C. Facts Concerning Plaintiffs' Discovery Dispute and Meet and Confer Attempts.

Defendant CoWorx and Plaintiffs, via counsel (previous defendant counsel and current), have had numerous discussions about Plaintiffs' contentions that Defendant CoWorx must provide supplemental responses and documents. (Woodall Decl., ¶¶ 4-11.)  On August 31, 2021, Plaintiffs via counsel sent Defendant CoWorx a letter asking CoWorx to provide further responses to Plaintiffs' written discovery.

Notwithstanding the foregoing, the parties are at an impasse and cannot resolve this discovery dispute without Court intervention. (Rutledge Decl., ¶¶ 6-8, **Ex. 1**.)  On August 30, 2021, Plaintiff's counsel asked Defendant CoWorx's counsel about their availability for a hearing, requesting this information by September 2, but Defendant's counsel never provided their availability. (Woodall Decl., ¶ 11.)

### III.   STANDARD OF REVIEW.

The discovery statutes are construed liberally in favor of disclosure. (*Greyhound Corp. v. Super. Ct. In and for Merced County* (1961) 56 Cal.2d 355, 377; *Obregon v. Super. Ct.* (1998) 67 Cal.App.4th 424, 434.) All doubts about discoverability are normally resolved in favor of disclosure. (*Greyhound Corp., supra,* p. 378*; Glenfed Development Corp. v. Super. Ct.* (1997) 53 Cal.App.4th 1113, 1119.)

Pursuant to Code of Civil Procedure, §§ 2030.300 (interrogatories) 2031.310 (demands for production), 2033.290 (requests for admission), (a) upon receipt of Defendant's verified discovery responses, a discovery propounding party may move for an order compelling further discovery responses if the responses (1) are evasive/incomplete; (2) documents produced pursuant to Code of Civil Procedure, § 2030.230 is unwarranted/inadequate; or (3) objection is without merit/too general. A party filing a motion to compel a further response to a discovery demand must show "good cause" justifying the discovery sought, which is met by a fact-specific showing of relevance. (Code Civ. Pro. § 2031.310(b)(1); *Kirkland v. Super. Ct.* (2002) 95 Cal.App.4th 92, 98.) Once the moving party demonstrates good cause for the discovery, the burden is on the responding party to justify any objection or failure to fully respond to the discovery demand. (*Kirkland*, supra.)

### A. Defendant CoWorx Must Provide Further Response to SI Nos. 2 and 3 Because These SI's Concern Witness Contact Information of Class Members and Aggrieved Employees.

The foregoing SI's require Defendant CoWorx to provide information

identifying contact information for the putative Class Members and Aggrieved Employees. Good cause for full and complete responses to the foregoing SI's exists because responses will identify percipient witnesses, the number of affected putative Class Members as to the issue of numerosity, similarity of work experiences to allow Plaintiffs to demonstrate liability and typicality of the asserted class claims, and similar evidentiary issues critical Plaintiffs' class and PAGA claims. Disclosure of this information is virtually mandatory in wage and hour class and PAGA actions. (*Iskanian v. CLS Transp. Los Angeles, LLC* (2014) 59 Cal.4th 348, 383 [plaintiff-employees are a proxy for the state in PAGA actions]; *Williams v. Super. Ct.* (2017) 3 Cal.5th 531 [the default position is that class information is within the proper scope of discovery, an essential first step to prosecution of any representative action]; *Huff v. Securitas Security Services USA, Inc.* (2018) 23 Cal.App.5th 745 [plaintiff-employee in a representative action via PAGA has standing to obtain records and contact information of aggrieved employees even for Labor Code violations he or she never sustained].) Indeed, most federal courts in wage and hour cases like this one universally agree that a "protective order [alone], in lieu of a Belaire-West notice, sufficiently protects putative class members and aggrieved employees' privacy interests in the confidentiality of their contact information." (*Amaraut v. Sprint/United Mgmt. Co*. (2020) 2020 U.S. Dist. LEXIS 7558 *20-21, Case No. 3:19CV411 [collecting cases]).

Despite the general rule of disclosure, Defendant refuses to provide this information. Instead, Defendant CoWorx asserts boilerplate objections to these SI's using virtually every objection in the book. For the reasons explained specifically in Plaintiffs' Separate Statement of Items in Dispute ("SSID") filed concurrently herewith, Defendant CoWorx's objections are without merit.

As to Defendant's objection that the discovery terms are vague, argumentative, irrelevant, compound, or unascertainable, this cannot be the case because Defendant CoWorx has already managed to produce a partial production of the Class List. This

Class List, however, is incomplete because it is missing more than 3,500 names. As discussed, Defendant informed Plaintiffs there are more than 4,000 putative Class Members, yet the list provided has less than 500 names. Further, Defendant failed to produce and continues to refuse to produce putative Class Members' email addresses even though the Defendant has them.

Likewise, the attorney-client privilege objection cannot apply because Defendant CoWorx has already managed to produce a portion of the Class List. If the remaining portion of the Class List is in possession of only Defendant's former attorneys, Defendant can nevertheless instruct its previous counsel to provide Plaintiffs the remaining portion of the Class List.

As far as Defendant's privacy, sequencing, and confidentiality objections are concerned, Plaintiffs offered to do a *Belaire West* notice process, but Defendant agreed to dispense with this requirement. After all, there is an enforceable protective order in place and Plaintiffs' Counsel are well experienced in knowing how to handle Class Lists. (See, e.g., *Crab Addison v. Superior Court* (2008) 169 Cal.App.4th 958; *Tierno v. Rite Aid Corp*., 2008 WL 3287035 at *3 (N.D. Cal. July 31, 2008); *McArdle v. AT&T Mobility LLC,* 2010 WL 1532334 at *3-*4 (N.D. Cal. April 16, 2010) [cases requiring defendant-employers to provide class contact information without a *Belaire West* notice process.])

Any claim from Defendant CoWorx that Plaintiffs' Motion is untimely is yet another frivolous assertion. A motion to compel must be served within 45 days of the service of the verified response (five extra days if mailed pursuant to C.C.P. § 1013) or by a specific date agreed upon in writing by both parties or the right to bring the motion is waived. (C.C.P. § 2030.300(c).) The parties agreed to indefinitely extend Plaintiffs' deadline to file motions to compel. This Motion is timely.

**B. Defendant CoWorx Must Provide Further Responses to SI Nos. 4-9.**

The foregoing SI's require Defendant CoWorx to provide Plaintiffs' information concerning even more benign things, such as the number of total putative

Class Members and Aggrieved Employees, the beginning period of Defendant's workweeks, total number of pay periods the respective groups worked during the PAGA/putative class period. Good cause for full and complete responses to the foregoing SI's exists because responses will resolve the issue of numerosity, liability issues, and similar issues.

Defendant asserted virtually the same boilerplate objections to SI's 2-3 discussed above. Moreover, these SI's do not seek any information that even remotely could be considered private. For the same reasons the foregoing objections are without merit, Plaintiffs request the Court to disregard these objections.

## C. Defendant CoWorx Should Pay Plaintiffs' Counsel Monetary Sanctions for Its Discovery Abuses.

Per Code of Civil Procedure § 2030.300(d), the court "shall impose" sanctions to the prevailing party, "unless it finds that the one subject to sanctions acted with substantial justification or other circumstances that would make imposition of sanctions unjust." There is nothing substantially justifying Defendant's dilatory tactics.

Here, as evidenced in the concurrently filed Declaration of Thomas D. Rutledge, Plaintiffs' Counsel met and conferred with Defendant's counsel on numerous occasions in writing and over the telephone highlighting the above-mentioned deficient discovery responses, yet Defendant refused to supplement. On August 31, 2021, Plaintiffs even gave Defendant one last chance to provide supplemental responses, but Defendant refused thus necessitating this Motion. (Rutledge Decl., **Ex. 1**.)

Defendant refuses to provide highly relevant information and documents to this wage and hour class and PAGA action without substantial justification. With respect to SI Nos. 3-9, these do not seek any information that even remotely could be considered private. Moreover, Defendant's objections are without merit based on the overwhelming authority provided herein. (*Iskanian; Williams*; *Huff, supra*.)

Therefore, monetary sanctions are appropriate in this situation.

Plaintiffs have or will incur at least $7,500 in attorneys' fees and costs related to the preparation of this motion to compel, including the time needed to prepare reply papers and attend the hearing. (Rutledge Decl., ¶¶ 9-18.) Thus, Plaintiffs' Counsel very respectfully requests $7,500 in monetary sanctions for the discovery abuses outlined above.

**IV.    <u>CONCLUSION.</u>**

For the foregoing reasons, Plaintiffs very respectfully request this Court to issue an Order to compel Defendant CoWorx to provide full and complete responses to Plaintiffs' Special Interrogatories (Set One) Numbers 2-9 without objections within seven days from the date of the Court's Order accompanied by a verification in compliance with the Code and paying Plaintiffs' Counsel $7,500 in monetary sanctions.

Dated: September 11, 2021          Law Office of
                                  Thomas D. Rutledge

                          By:    /s/*Thomas D. Rutledge*
                                  Thomas D. Rutledge
                                  Attorney for the Plaintiffs, *et al.*

# PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

    I, THOMAS D. RUTLEDGE, the undersigned, am employed in the County of San Diego, State of California; I am over the age of 18 and not a party to the within action; my business address is 113 West G Street, Suite 231, San Diego, California 92101.

    On September 11, 2021, I served the foregoing document(s) described as:

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANT CoWorx STAFFING SERVICES LLC TO PROVIDE FURTHER RESPONSES TO PLAINTIFFS' SPECIAL INTERROGATORY NOS. 2-9 & REQUEST FOR MONETARY SANCTIONS**

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:  **See Attached List.**

☒**(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence was deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in San Diego, California.

☒(BY EMAIL) I served the foregoing document by email to the abovementioned.

☐(BY PERSONAL SERVICE)   I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☐(BY FACSIMILE)   I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number:

    Executed September 11, 2021, at San Diego, California.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

            *THOMAS D. RUTLEDGE*
            /s/THOMAS D. RUTLEDGE

1

## <u>SERVICE LIST</u>

2

David R. Ongaro, Esquire

3 1604 Union Street
San Francisco, California 94123

4

5 Attorneys for Defendants

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' MEM. OF P&A'S ISO MOT. TO COMPEL FURTHER RESP. TO SROGS (SET 1)

1  Thomas D. Rutledge (SBN 200497)
   Attorney-at-Law
2  113 West G Street, Suite 231
3  San Diego, California 92101
   Telephone: (619) 886-7224
4  thomasrutledgelaw@gmail.com

5  Kevin F. Woodall (SBN 180650)
6  Woodall Law Offices
   100 Pine Street, Suite 1250
7  San Francisco, California 94111
   Telephone:  (415) 413-4629
8  Facsimile:   (866) 937-4109
9  kevin@kwoodalllaw.com

10
   Attorneys for Plaintiffs
11

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                    COUNTY OF SAN FRANCISCO

14

15 LYSETTE GALVEZ, individually and      )   Case No. CGC-19-578983
   on behalf of those similarly situated, )
16                                         )   **PLAINTIFFS' NOTICE OF MOTION AND**
                                           )   **MOTION TO COMPEL DEFENDANT**
17          Plaintiffs,                    )   **COWORX STAFFING SERVICES LLC**
                                           )   **TO PROVIDE FURTHER RESPONSES TO**
18                                         )   **PLAINTIFFS' DEMAND FOR**
                                           )   **INSPECTION OF DOCUMENTS (SET**
19          vs.                            )   **ONE) NOS. 1-56 AND REQUEST FOR**
                                           )   **MONETARY SANCTIONS**
20 COWORX STAFFING SERVICES              )
   LLC, *et al.*                           )
21                                         )   [Discovery Related Issue]
                                           )
22          Defendants.                    )   Hearing Date:       October 7, 2021
                                           )   Hearing Time:       9:00 a.m.
23                                         )   Hearing Location: Dept.: 301 (Discovery)
                                           )
24                                         )   Date Complaint Filed: Sept. 4, 2019
                                           )   Trial Date:  Sept. 2, 2022
25                                         )   Discovery Cutoff:  July 19, 2020
                                           )
26                                         )   [Decs. of Thomas D. Rutledge and Kevin Woodall,
                                           )   Sep. Stat. of Items in Dispute, and MPA filed
27                                         )   concurrently herewith]
                                           )
28 _____      )

1    TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that on **Oct. 7, 2021 at 9:00 a.m**., or as soon

3    thereafter as the  matter may be heard in Department 301 (Discovery) of the above-

4    entitled court, located at Civic Center Courthouse, 400 McAllister Street, San

5    Francisco, CA 94102-4514, Plaintiff Lysette Galvez, on behalf of herself and other

6    similarly aggrieved employees ("Plaintiffs") in a wage and hour class and

7    representative action, will move and hereby does move the Court for an order

8    compelling Defendant Coworx Staffing Services LLC ("Defendant") to serve further

9    responses to Plaintiffs' Demand for Inspection of Documents (Set One) Numbers 1-

10    59 absent objections and requiring Defendant to pay Plaintiffs' Counsel monetary

11    sanctions in the amount of **$7,500**.

12    This Motion is made pursuant to Code of Civil Procedure § 2031.010, *et seq.*

13    on the grounds that Defendant has failed, without justification, to serve proper

14    responses to Plaintiffs' Demand for Inspection of Documents (Set One) Numbers 1-

15    56. In a nutshell, this discovery generally requires Defendant to provide information

16    relating to (1) the named Plaintiff's records, (2) contact information and records

17    concerning the putative Class Members, (3) records pertaining to Defendant's

18    applicable written wage and hour policy documents applicable to the putative Class,

19    and (4) documents, if any, in support of Defendant's affirmative defenses. Instead of

20    producing responses, Defendant asserted boilerplate objections, such as privacy,

21    overbroad, vague and ambiguousness, and similar objections.

22    This Motion is based upon this Notice, and pleadings this moving party will

23    file per Code, such as a Memorandum of Points and Authorities, Declarations, and

24    Separate Statement of Items in Dispute, the records in the Court's file in this action,

25    and upon such further evidence and argument as may be presented before or at the

26    time of the hearing on the Motion.

27

28

Dated: September 11, 2021                    Law Office of
                                             Thomas D. Rutledge

                                       By:    /s/*Thomas D. Rutledge*
                                             Thomas D. Rutledge
                                             Attorney for the Plaintiffs, *et al.*

1

## PROOF OF SERVICE

2

3   STATE OF CALIFORNIA

4   COUNTY OF SAN DIEGO

5       I, THOMAS D. RUTLEDGE, the undersigned, am employed in the County of
San Diego, State of California; I am over the age of 18 and not a party to the within
6   action; my business address is 113 West G Street, Suite 231, San Diego, California
92101.

7       On September 11, 2021, I served the foregoing document(s) described as:

8

9   **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANT
COWORX STAFFING SERVICES LLC TO PROVIDE FURTHER RESPONSES TO
10  PLAINTIFFS' DEMAND FOR INSPECTION OF DOCUMENTS (SET ONE) NOS. 1-
56 AND REQUEST FOR MONETARY SANCTIONS AND DECLARATION OF
11  KEVIN WOODALL**

12  on the interested parties to this action by placing a copy thereof enclosed in a sealed
envelope addressed as follows: **See Attached List.**

13

14  ☒**(BY MAIL)** I am readily familiar with the business practice for collection and
processing of correspondence for mailing with the United States Postal Service. This
15  correspondence was deposited with the United States Postal Service this same day in
the ordinary course of business at our Firm's office address in San Diego, California.

16  ☒(BY EMAIL) I served the foregoing document by email to the abovementioned.

17  ☐(BY PERSONAL SERVICE)   I caused such envelope to be delivered by hand to
the offices of the above named addressee(s).

18

19  ☐(BY FACSIMILE)   I caused such documents to be delivered via facsimile to the
offices of the addressee(s) at the following facsimile number:

20      Executed September 11, 2021, at San Diego, California.

21      I declare under penalty of perjury under the laws of the State of California that
the above is true and correct.

22

23  *THOMAS D. RUTLEDGE*
/s/THOMAS D. RUTLEDGE

24

25

26

27

28

# SERVICE LIST

David R. Ongaro, Esquire
1604 Union Street
San Francisco, California 94123

Attorneys for Defendants

PLAINTIFFS' NOT. OF MOT. & MOT. TO COMPEL FURTHER RESP. TO DFID NOS. 1-59

1  Thomas D. Rutledge (SBN 200497)
   Attorney-at-Law
2  113 West G Street, Suite 231
3  San Diego, California 92101
   Telephone: (619) 886-7224
4  thomasrutledgelaw@gmail.com

5  Kevin F. Woodall (SBN 180650)
6  Woodall Law Offices
   100 Pine Street, Suite 1250
7  San Francisco, California 94111
   Telephone:   (415) 413-4629
8  Facsimile:   (866) 937-4109
9  kevin@kwoodalllaw.com

10
   Attorneys for Plaintiffs
11

12            SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                    COUNTY OF SAN FRANCISCO

14  LYSETTE GALVEZ, individually and    )  Case No. CGC-19-578983
15  on behalf of those similarly situated,  )
                                         )  **PLAINTIFFS' NOTICE OF MOTION AND**
16            Plaintiffs,               )  **MOTION TO COMPEL DEFENDANT**
                                         )  **COWORX STAFFING SERVICES LLC**
17                                       )  **TO PROVIDE FURTHER RESPONSES TO**
                                         )  **PLAINTIFFS' SPECIAL**
18       vs.                            )  **INTERROGATORY NOS. 2-9 &**
                                         )  **REQUEST FOR MONETARY**
19                                       )  **SANCTIONS**
20  COWORX STAFFING SERVICES            )
    LLC, *et al.*                        )  [Discovery Related Issue]
21                                       )
             Defendants.                )  Hearing Date:      October 7, 2021
22                                       )  Hearing Time:      9:00 a.m.
                                         )  Hearing Location: Dept.: 301 (Discovery)
23                                       )
                                         )  Date Complaint Filed: Sept. 4, 2019
24                                       )  Trial Date:  Sept. 2, 2022
                                         )  Discovery Cutoff:  July 19, 2020
25                                       )
                                         )  [Decs. of Thomas D. Rutledge and Kevin
26                                       )  Woodall, Sep. Stat. of Items in Dispute, and
                                         )  MPA filed concurrently herewith]
27  _____ )

28

1    TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that on **Oct. 7, 2021 at 9:00 a.m**., or as soon

3    thereafter as the  matter may be heard in Department 301 (Discovery) of the above-

4    entitled court, located at Civic Center Courthouse, 400 McAllister Street, San

5    Francisco, CA 94102-4514, Plaintiff Lysette Galvez, on behalf of herself and other

6    similarly aggrieved employees ("Plaintiffs") in a wage and hour class and

7    representative action, will move and hereby does move the Court for an order

8    compelling Defendant Coworx Staffing Services LLC ("Defendant") to serve further

9    responses to Plaintiffs' Special Interrogatories (Set One) Numbers 2-9 absent

10   objections and requiring Defendant to pay Plaintiffs' Counsel monetary sanctions in

11   the amount of **$7,500**.

12   This Motion is pursuant to Code of Civil Procedure § 2030.300, *et seq.* on the

13   grounds that Defendant has failed, without justification, to serve proper responses to

14   Plaintiffs' Special Interrogatories (Set One) ("SI") Numbers 2-9. In a nutshell, these

15   SI's generally require Defendant to provide information relating to (1) contact and

16   statistical information of Class Members. Instead of producing responses, Defendant

17   asserted boilerplate objections, such as privacy, overbroad, vague and ambiguousness,

18   and similar objections. In abuse of the Discovery Act, Defendant is unwilling to

19   supplement, despite Plaintiffs' numerous meet and confer attempts to get Defendant

20   to comply with its discovery requirements. Based thereon, Plaintiffs very respectfully

21   request monetary sanctions.

22   This Motion is based upon this Notice, and pleadings this moving party will

23   file per Code, such as a Memorandum of Points and Authorities, Declarations, and

24   Separate Statement of Items in Dispute, the records in the Court's file in this action,

25   and upon such further evidence and argument as may be presented before or at the

26   time of the hearing on the Motion.

27

28

Dated: September 11, 2021                    Law Office of
                                             Thomas D. Rutledge

                                     By:    /s/*Thomas D. Rutledge*
                                             Thomas D. Rutledge
                                             Attorney for the Plaintiffs, *et al.*

# PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

I, THOMAS D. RUTLEDGE, the undersigned, am employed in the County of San Diego, State of California; I am over the age of 18 and not a party to the within action; my business address is 113 West G Street, Suite 231, San Diego, California 92101.

On September 11, 2021, I served the foregoing document(s) described as:

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANT COWORX STAFFING SERVICES LLC TO PROVIDE FURTHER RESPONSES TO PLAINTIFFS' SPECIAL INTERROGATORY NOS. 2-9 & REQUEST FOR MONETARY SANCTIONS AND DECLARATION OF KEVIN WOODALL**

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows: **See Attached List.**

☒**(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence was deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in San Diego, California.

☒(BY EMAIL) I served the foregoing document by email to the abovementioned.

☐(BY PERSONAL SERVICE)   I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☐(BY FACSIMILE)   I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number:

Executed September 11, 2021, at San Diego, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*THOMAS D. RUTLEDGE*
/s/THOMAS D. RUTLEDGE

# SERVICE LIST

David R. Ongaro, Esquire
1604 Union Street
San Francisco, California 94123

Attorneys for Defendants

PLAINTIFFS' NOT. OF MOT. & MOT. TO COMPEL FURTHER RESP. TO SROGS (SET 1)

1  Thomas D. Rutledge (SBN 200497)
   Attorney-at-Law
2  113 West G Street, Suite 231
3  San Diego, California 92101
   Telephone: (619) 886-7224
4  thomasrutledgelaw@gmail.com

5  Kevin F. Woodall (SBN 180650)
6  Woodall Law Offices
   100 Pine Street, Suite 1250
7  San Francisco, California 94111
8  Telephone:   (415) 413-4629
   Facsimile:    (866) 937-4109
9  kevin@kwoodalllaw.com

10
   Attorneys for Plaintiffs
11

12        SUPERIOR COURT OF THE STATE OF CALIFORNIA

13             COUNTY OF SAN FRANCISCO

14

15  LYSETTE GALVEZ, individually and    )   Case No. CGC-19-578983
16  on behalf of those similarly situated,  )
                                          )   Judge:      Hon. Garrett L. Wong
                                          )   Department:  610
17         Plaintiffs,                    )
                                          )   **DECLARATION OF THOMAS D.**
18                                        )   **RUTLEDGE ISO PLAINTIFFS' MOTION**
                                          )   **TO COMPEL DEFENDANT COWORX**
19         vs.                            )   **STAFFING SERVICES LLC TO PROVIDE**
                                          )   **FURTHER RESPONSES TO PLAINTIFFS'**
20                                        )   **SPECIAL DEMAND FOR INSPECTION**
   COWORX STAFFING SERVICES              )   **OF DOCUMENTS NOS. 1-56 & REQUEST**
21  LLC, *et al.*,                        )   **FOR MONETARY SANCTIONS**
                                          )
22         Defendants.                    )   Hearing Date:    Oct. 7, 2021
                                          )   Hearing Time:    9:00 a.m.
23                                        )   Hearing Location: Dept.: 301 (Discovery)
                                          )
24                                        )   Date Complaint Filed: Sept. 4, 2019
                                          )   Trial Date:  Sept. 2, 2022
25                                        )   Discovery Cutoff:  July 19, 2020
                                          )
26                                        )   [SSID, Dec. of Kevin Woodall, Not. of Mot., and MPA
                                          )   filed concurrently herewith]
27                                        )
28  _____ )

## <u>DECLARATION OF THOMAS D. RUTLEDGE</u>

I, THOMAS D. RUTLEDGE, declare and state as follows:

1.      I am counsel of record for the named Plaintiff, the putative Class, the State of California as a quasi-assistant attorney general, and Aggrieved Employees pursuant to the Private Attorney General Act (PAGA) under Lab. Code § 2699, *et seq.* in this wage and hour class and PAGA action. As such, I am fully familiar with the facts, pleadings, and history of this matter. The following facts are within my own personal knowledge, and if called as a witness, I could testify competently to the matters stated herein.

**The Parties.**

2.      Defendant CoWorx Staffing Services LLC (CoWorx) is a large out-of-state limited liability company generally in the business of providing temporary placement services to joint employers.

3.      We are informed that Defendant CoWorx employed more than 4,000 employees in California during the putative class period because that is what their previous counsel told us.

4.      For more than three years, Defendant employed Plaintiff Galvez from time-to-time as a nonexempt employee performing work selling fragrance and similar products to the general public at various malls in southern California.

5.      Plaintiff Galvez alleges Defendant owes her and her former coworkers wages and expense reimbursements.

**The Relevant Facts.**

6.      In addition to the meet and confer efforts stated my co-counsel, Mr. Woodall's accompanying Declaration filed concurrently herewith, on August 31, 2021, I sent Defendant CoWorx's counsel a letter via U.S. mail and email asking CoWorx to provide further responses to Plaintiffs' written discovery, a true and correct copy of which is attached hereto and marked as **Exhibit 1**.

7.      The foregoing letter asked Defendant CoWorx's counsel for their

availability for a hearing on this Motion, requesting this information by September 2, 2021 but Defendant's counsel never provided their availability or any response to the foregoing letter.

8. Based on the foregoing, the parties are at an impasse and cannot resolve this discovery dispute and it suffices to say Defendant has no intention of providing further responses to this discovery without a court order requiring the Defendant to comply.

**Plaintiffs' Request for Monetary Sanctions for Discovery Abuse.**

9. Defendant and its counsel are unreasonably delaying Plaintiffs right to obtain discovery.

10. Based on all facts stated in this Motion, Defendant's objections to Plaintiffs' discovery are unsubstantially justified and Defendant's unwillingness to meet and confer is in bad faith.

11. I have been a licensed attorney for 26 years.

12. I received B.A. in History and Political Science from the University of Massachusetts, Boston, Massachusetts (1990), a C.S.S. in Management and Administration from Harvard University, Cambridge, Massachusetts (1992), a J. D. from Temple University (1995); I am member of the State Bars of Florida (admitted in 1995, inactive currently), Massachusetts (admitted in 1995, retired), and California (admitted 1999); from 1995 to 2002, I served in various capacities as a prosecutor, defense attorney, and staff judge advocate in the U.S. Navy Judge Advocate General's Corps handling hundreds of criminal and civil litigation matters; from 2002 to 2004, I was a litigation associate for the law firm of Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP in Los Angeles, California, a large firm that was primarily devoted to litigation of large matters; from 2004 to 2009, I was a litigation associate for Branton & Wilson, APC, San Diego, California; and in September 2009, I opened the Law Offices of Thomas D. Rutledge and began representing plaintiffs in employment litigation.

13.    My hourly rate is $914, a reasonable fee based on my level of experience, practice area, and as established in the Laffey Matrix, a well-respected source of what the average attorney earns in the U.S., a true and correct copy of which is attached as **Exhibit 2**.

14.    Before filing these papers, my co-counsel (Mr. Woodall) and I had a number of discussions with defense counsel via the phone and email in an attempt to resolve this dispute.

15.    I easily spent at least 12 hours drafting this Motion and the other accompanying discovery Motion, will likely spend five more preparing Reply papers, and another hour appearing in this matter.

16.    By the time these papers are filed, we also will have advanced the Plaintiffs' filing and One Legal fees in the amount of $75 and another $94 in Courtcall fees for a total of $169.

17.    My reasonable attorney's fees are as follows: $914 X 17 hours = **$15,538**.

18.    In total, my office incurred **$15,707** in attorney's fees and costs, for which we respectfully request reimbursement.

**Conclusion.**

19.    For the foregoing reasons, Plaintiffs very respectfully request this Court to issue an Order to compel Defendant to provide full and complete responses to Plaintiffs' Demand for Inspection of Documents (Set One) Numbers 1-56 without objections within seven days from the date of the Court's Order accompanied by a verification in compliance with the Code without requiring a *Belaire West* notice process and paying Plaintiffs' Counsel $7,500 in monetary sanctions for the filing of this Motion.

Except as to those matters made upon information and belief, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed September 11, 2021, at San Diego, California

Dated:  September 11, 2021                              Law Office of
                                                                      Thomas D. Rutledge

                                                              By:  *Thomas D. Rutledge*
                                                                      Declarant, /s/Thomas D. Rutledge

# Exhibit 1

**Thomas D. Rutledge**
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Tel.:  619-886-7224
thomasrutledgelaw@gmail.com

August 31, 2021

File No. 695

<u>**VIA U.S. MAIL AND EMAIL**</u>

David R. Ongaro, Esquire
1604 Union Street
San Francisco, California 94123

      Re:    *Galvez, et al. v. Coworx Staffing LLC, et al.*
              SCSF Case Number: CGC-19-578983

Dear Defense Counsel:

    This is an attempt to meet and confer with you without seeking court intervention. On December 13, 2019, Plaintiffs, via counsel, served Defendant Coworx with Plaintiffs' Demand for Inspection of Documents (DFID's) Nos. 1-56. On August 17, 2020, after several extensions granted by the Plaintiffs, Defendant Coworx responded to Plaintiffs' DFID's with boilerplate responses and no verifications. The parties subsequently agreed to indefinitely extend Plaintiffs' deadline to compel (technically no deadline applies since Defendant failed to serve verifications) further responses.

    Accordingly, please respond to this letter by the close of business of **Thursday, September 2, 2021** promising to provide further responses to Plaintiffs' DFID's for a specific future date in September 2021 absent objections except for the attorney client privilege objection if applicable. Alternatively, please provide agreeable hearing dates to appear for Plaintiffs' Motion to Compel further responses and request for monetary sanctions for the week of October 4, 2021.

    Failure to respond to this letter in writing will constitute a waiver, in which case we will unilaterally set a motion hearing date. Time is of the essence. Thank you.

              Very truly yours,

              /s/*Thomas D. Rutledge*
              Thomas D. Rutledge

Cc:   Kevin Woodall, Esquire (via e-mail)

# Exhibit 2

# LAFFEY MATRIX

History

Case Law

See the Matrix

Contact us

Home

|  |  |  | Years Out of Law School * |  |  |  |  |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Year | Adjustmt Factor** | Paralegal/ Law Clerk | 1-3 | 4-7 | 8-10 | 11-19 | 20 + |
| 6/01/21- 5/31/22 | 1.006053 | $208 | $381 | $468 | $676 | $764 | $919 |
| 6/01/20- 5/31/21 | 1.015894 | $206 | $378 | $465 | $672 | $759 | $914 |
| 6/01/19- 5/31/20 | 1.0049 | $203 | $372 | $458 | $661 | $747 | $899 |
| 6/01/18- 5/31/19 | 1.0350 | $202 | $371 | $455 | $658 | $742 | $894 |
| 6/01/17- 5/31/18 | 1.0463 | $196 | $359 | $440 | $636 | $717 | $864 |
| 6/01/16- 5/31/17 | 1.0369 | $187 | $343 | $421 | $608 | $685 | $826 |
| 6/01/15- 5/31/16 | 1.0089 | $180 | $331 | $406 | $586 | $661 | $796 |
| 6/01/14- 5/31/15 | 1.0235 | $179 | $328 | $402 | $581 | $655 | $789 |
| 6/01/13- 5/31/14 | 1.0244 | $175 | $320 | $393 | $567 | $640 | $771 |
| 6/01/12- 5/31/13 | 1.0258 | $170 | $312 | $383 | $554 | $625 | $753 |
| 6/01/11- 5/31/12 | 1.0352 | $166 | $305 | $374 | $540 | $609 | $734 |
| 6/01/10- 5/31/11 | 1.0337 | $161 | $294 | $361 | $522 | $589 | $709 |
| 6/01/09- 5/31/10 | 1.0220 | $155 | $285 | $349 | $505 | $569 | $686 |
| 6/01/08- 5/31/09 | 1.0399 | $152 | $279 | $342 | $494 | $557 | $671 |
| 6/01/07-5/31/08 | 1.0516 | $146 | $268 | $329 | $475 | $536 | $645 |
| 6/01/06-5/31/07 | 1.0256 | $139 | $255 | $313 | $452 | $509 | $614 |
| 6/1/05-5/31/06 | 1.0427 | $136 | $249 | $305 | $441 | $497 | $598 |
| 6/1/04-5/31/05 | 1.0455 | $130 | $239 | $293 | $423 | $476 | $574 |
| 6/1/03-6/1/04 | 1.0507 | $124 | $228 | $280 | $405 | $456 | $549 |
| 6/1/02-5/31/03 | 1.0727 | $118 | $217 | $267 | $385 | $434 | $522 |
| 6/1/01-5/31/02 | 1.0407 | $110 | $203 | $249 | $359 | $404 | $487 |
| 6/1/00-5/31/01 | 1.0529 | $106 | $195 | $239 | $345 | $388 | $468 |
| 6/1/99-5/31/00 | 1.0491 | $101 | $185 | $227 | $328 | $369 | $444 |
| 6/1/98-5/31/99 | 1.0439 | $96 | $176 | $216 | $312 | $352 | $424 |
| 6/1/97-5/31/98 | 1.0419 | $92 | $169 | $207 | $299 | $337 | $406 |
| 6/1/96-5/31/97 | 1.0396 | $88 | $162 | $198 | $287 | $323 | $389 |
| 6/1/95-5/31/96 | 1.032 | $85 | $155 | $191 | $276 | $311 | $375 |
| 6/1/94-5/31/95 | 1.0237 | $82 | $151 | $185 | $267 | $301 | $363 |

 The methodology of calculation and benchmarking for this Updated Laffey Matrix has been approved in a number of cases. See, e.g.,DL v. District of Columbia, 267 F.Supp.3d 55, 69 (D.D.C. 2017)

* "Years Out of Law School" is calculated from June 1 of each year, when most law students graduate. "1-3" includes an attorney in his 1st, 2nd and 3rd years of practice, measured from date of graduation (June 1). "4-7" applies to attorneys in their 4th, 5th, 6th and 7th years of practice. An attorney who graduated in May 1996 would be in tier "1-3" from June 1, 1996 until May 31, 1999, would move into tier "4-7" on June 1, 1999, and tier "8-10" on June 1, 2003.

** The Adjustment Factor refers to the nation-wide Legal Services Component of the Consumer Price Index produced by the Bureau of Labor Statistics of the United States Department of Labor.

1

# PROOF OF SERVICE

2

3    STATE OF CALIFORNIA

4    COUNTY OF SAN DIEGO

5        I, THOMAS D. RUTLEDGE, the undersigned, am employed in the County of San Diego, State of California; I am over the age of 18 and not a party to the within action; my business address is 113 West G Street, Suite 231, San Diego, California 92101.

6

7        On September 11, 2021, I served the foregoing document(s) described as:

8

9    **DECLARATION OF THOMAS D. RUTLEDGE ISO PLAINTIFFS' MOTION TO COMPEL DEFENDANT COWORX STAFFING SERVICES LLC TO PROVIDE FURTHER RESPONSES TO PLAINTIFFS' SPECIAL DEMAND FOR INSPECTION OF DOCUMENTS NOS. 1-56 & REQUEST FOR MONETARY SANCTIONS**

10

11    on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:  **See Attached List.**

12

13    ☒**(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence was deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in San Diego, California.

14

15    ☒(BY EMAIL) I served the foregoing document by email to the abovementioned.

16    ☐(BY PERSONAL SERVICE)   I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

17

18    ☐(BY FACSIMILE)   I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number:

19

20        Executed September 11, 2021, at San Diego, California.

21        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22                    *THOMAS D. RUTLEDGE*
                /s/THOMAS D. RUTLEDGE

23

24

25

26

27

28

1

## SERVICE LIST

2

David R. Ongaro, Esquire

3

1604 Union Street

4

San Francisco, California 94123

5

Attorneys for Defendants

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RUTLEDGE DECL. ISO MOT. TO COMPEL FURTHER RESP. TO DFID (SET 1) NOS. 1-56

1 | Thomas D. Rutledge (SBN 200497)
Attorney-at-Law
2 | 113 West G Street, Suite 231
3 | San Diego, California 92101
Telephone: (619) 886-7224
4 | thomasrutledgelaw@gmail.com

5 | Kevin F. Woodall (SBN 180650)
6 | Woodall Law Offices
100 Pine Street, Suite 1250
7 | San Francisco, California 94111
Telephone:   (415) 413-4629
8 | Facsimile:   (866) 937-4109
9 | kevin@kwoodalllaw.com

10 |
Attorneys for Plaintiffs
11 |

12 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

13 | COUNTY OF SAN FRANCISCO

14 |

15 | LYSETTE GALVEZ, individually and        ) Case No. CGC-19-578983
16 | on behalf of those similarly situated,   )
                                            ) Judge:        Hon. Garrett L. Wong
17 |                  Plaintiffs,            ) Department:   610
                                            )
18 |                                        ) **DECLARATION OF THOMAS D.**
                                            ) **RUTLEDGE ISO PLAINTIFFS' MOTION**
19 |           vs.                          ) **TO COMPEL DEFENDANT COWORX**
                                            ) **STAFFING SERVICES LLC TO PROVIDE**
20 |                                        ) **FURTHER RESPONSES TO PLAINTIFFS'**
      COWORX STAFFING SERVICES             ) **SPECIAL INTERROGATORY NOS. 2-9 &**
21 | LLC, *et al.*,                         ) **REQUEST FOR MONETARY**
                                            ) **SANCTIONS**
22 |                  Defendants.           )
                                            ) [Discovery Related Issue]
23 |                                        )
                                            ) Hearing Date:    Oct. 7, 2021
24 |                                        ) Hearing Time:    9:00 a.m.
                                            ) Hearing Location: Dept.: 301 (Discovery)
25 |                                        )
                                            ) Date Complaint Filed: Sept. 4, 2019
26 |                                        ) Trial Date: Sept. 2, 2022
                                            ) Discovery Cutoff: July 19, 2020
27 |                                        )
                                            ) [SSID, Dec. of Kevin Woodall, Not. of Mot., and MPA
28 |                                        ) filed concurrently herewith]

## DECLARATION OF THOMAS D. RUTLEDGE

I, THOMAS D. RUTLEDGE, declare and state as follows:

1.     I am counsel of record for the named Plaintiff, the putative Class, the State of California as a quasi-assistant attorney general, and Aggrieved Employees pursuant to the Private Attorney General Act (PAGA) under Lab. Code § 2699, *et seq.* in this wage and hour class and PAGA action. As such, I am fully familiar with the facts, pleadings, and history of this matter. The following facts are within my own personal knowledge, and if called as a witness, I could testify competently to the matters stated herein.

**The Parties.**

2.     Defendant CoWorx Staffing Services LLC (CoWorx) is a large out-of-state limited liability company generally in the business of providing temporary placement services to joint employers.

3.     We are informed that Defendant CoWorx employed more than 4,000 employees in California during the putative class period because that is what their previous counsel told us.

4.     For more than three years, Defendant employed Plaintiff Galvez from time-to-time as a nonexempt employee performing work selling fragrance and similar products to the general public at various malls in southern California.

5.     Plaintiff Galvez alleges Defendant owes her and her former coworkers wages and expense reimbursements.

**The Relevant Facts.**

6.     In addition to the meet and confer efforts stated my co-counsel, Mr. Woodall's accompanying Declaration filed concurrently herewith, on August 31, 2021, I sent Defendant CoWorx's counsel a letter via U.S. mail and email asking CoWorx to provide further responses to Plaintiffs' written discovery, a true and correct copy of which is attached hereto and marked as **Exhibit 1**.

7.     The foregoing letter asked Defendant CoWorx's counsel for their

availability for a hearing on this Motion, requesting this information by September 2, 2021 but Defendant's counsel never provided their availability or any response to the foregoing letter.

8.     Based on the foregoing, the parties are at an impasse and cannot resolve this discovery dispute and it suffices to say Defendant has no intention of providing further responses to this discovery without a court order requiring the Defendant to comply.

**Plaintiffs' Request for Monetary Sanctions for Discovery Abuse.**

9.     Defendant and its counsel are unreasonably delaying Plaintiffs right to obtain discovery.

10.     Based on all facts stated in this Motion, Defendant's objections to Plaintiffs' discovery are unsubstantially justified and Defendant's unwillingness to meet and confer is in bad faith.

11.     I have been a licensed attorney for 26 years.

12.     I received B.A. in History and Political Science from the University of Massachusetts, Boston, Massachusetts (1990), a C.S.S. in Management and Administration from Harvard University, Cambridge, Massachusetts (1992), a J. D. from Temple University (1995); I am member of the State Bars of Florida (admitted in 1995, inactive currently), Massachusetts (admitted in 1995, retired), and California (admitted 1999); from 1995 to 2002, I served in various capacities as a prosecutor, defense attorney, and staff judge advocate in the U.S. Navy Judge Advocate General's Corps handling hundreds of criminal and civil litigation matters; from 2002 to 2004, I was a litigation associate for the law firm of Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP in Los Angeles, California, a large firm that was primarily devoted to litigation of large matters; from 2004 to 2009, I was a litigation associate for Branton & Wilson, APC, San Diego, California; and in September 2009, I opened the Law Offices of Thomas D. Rutledge and began representing plaintiffs in employment litigation.

13.    My hourly rate is $914, a reasonable fee based on my level of experience, practice area, and as established in the Laffey Matrix, a well-respected source of what the average attorney earns in the U.S., a true and correct copy of which is attached as **Exhibit 2**.

14.    Before filing these papers, my co-counsel (Mr. Woodall) and I had a number of discussions with defense counsel via the phone and email in an attempt to resolve this dispute.

15.    I easily spent at least 12 hours drafting this Motion and the other accompanying discovery Motion, will likely spend five more preparing Reply papers, and another hour appearing in this matter.

16.    By the time these papers are filed, we also will have advanced the Plaintiffs' filing and One Legal fees in the amount of $75 and another $94 in Courtcall fees for a total of $169.

17.    My reasonable attorney's fees are as follows: $914 X 17 hours = **$15,538**.

18.    In total, my office incurred **$15,707** in attorney's fees and costs, for which we respectfully request reimbursement.

**Conclusion.**

19.    For the foregoing reasons, Plaintiffs very respectfully request this Court to issue an Order to compel Defendant to provide full and complete responses to Plaintiffs' Special Interrogatories (Set One) Numbers 2-9 without objections within seven days from the date of the Court's Order accompanied by a verification in compliance with the Code without requiring a *Belaire West* notice process and paying Plaintiffs' Counsel $7,500 in monetary sanctions for the filing of this Motion.

1

2        Except as to those matters made upon information and belief, I declare under

3   penalty of perjury under the laws of the State of California that the foregoing is true

4   and correct. Executed September 11, 2021, at San Diego, California

5
    Dated:  September 11, 2021                    Law Office of
6                                                 Thomas D. Rutledge

7
                                            By: *Thomas D. Rutledge*
8                                               Declarant, /s/Thomas D. Rutledge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 1

**Thomas D. Rutledge**
Attorney-at-Law
113 West G Street, Suite 231
San Diego, California 92101
Tel.:  619-886-7224
thomasrutledgelaw@gmail.com

August 31, 2021

File No. 695

**VIA U.S. MAIL AND EMAIL**

David R. Ongaro, Esquire
1604 Union Street
San Francisco, California 94123

      Re:    *Galvez, et al. v. Coworx Staffing LLC, et al.*
              SCSF Case Number: CGC-19-578983

Dear Defense Counsel:

      This is an attempt to meet and confer with you without seeking court intervention. On December 13, 2019, Plaintiffs, via counsel, served Defendant Coworx with Special Interrogatories (SROG's) Nos. 1-9. On August 17, 2020, after several extensions granted by the Plaintiffs, Defendant Coworx responded to Plaintiffs' SROG's with boilerplate responses and no verifications. The parties subsequently agreed to indefinitely extend Plaintiffs' deadline to compel (technically no deadline applies since Defendant failed to serve verifications) further responses.

      Accordingly, please respond to this letter by the close of business of **Thursday, September 2, 2021** promising to provide further responses to Plaintiffs' SROG's for a specific future date in September 2021 absent objections except for the attorney client privilege objection if applicable. This time please be sure to include the remaining names of the Class Members and their email addresses (we received the names and addresses of only about 500 putative class members, when Defendant informed us there are more than 4000 and no email addresses). Alternatively, please provide agreeable hearing dates to appear for Plaintiffs' Motion to Compel further responses and request for monetary sanctions for the week of October 4, 2021.

      Failure to respond to this letter in writing will constitute a waiver, in which case we will unilaterally set a motion hearing date. Time is of the essence. Thank you.

      Very truly yours,

      /s/*Thomas D. Rutledge*
      Thomas D. Rutledge

Cc:   Kevin Woodall, Esquire (via e-mail)

# Exhibit 2

# LAFFEY MATRIX

History

Case Law

See the Matrix

Contact us

Home

| | | | Years Out of Law School * | | | | |
|---|---|---|---|---|---|---|---|
| Year | Adjustmt Factor** | Paralegal/ Law Clerk | 1-3 | 4-7 | 8-10 | 11-19 | 20 + |
| 6/01/21- 5/31/22 | 1.006053 | $208 | $381 | $468 | $676 | $764 | $919 |
| 6/01/20- 5/31/21 | 1.015894 | $206 | $378 | $465 | $672 | $759 | $914 |
| 6/01/19- 5/31/20 | 1.0049 | $203 | $372 | $458 | $661 | $747 | $899 |
| 6/01/18- 5/31/19 | 1.0350 | $202 | $371 | $455 | $658 | $742 | $894 |
| 6/01/17- 5/31/18 | 1.0463 | $196 | $359 | $440 | $636 | $717 | $864 |
| 6/01/16- 5/31/17 | 1.0369 | $187 | $343 | $421 | $608 | $685 | $826 |
| 6/01/15- 5/31/16 | 1.0089 | $180 | $331 | $406 | $586 | $661 | $796 |
| 6/01/14- 5/31/15 | 1.0235 | $179 | $328 | $402 | $581 | $655 | $789 |
| 6/01/13- 5/31/14 | 1.0244 | $175 | $320 | $393 | $567 | $640 | $771 |
| 6/01/12- 5/31/13 | 1.0258 | $170 | $312 | $383 | $554 | $625 | $753 |
| 6/01/11- 5/31/12 | 1.0352 | $166 | $305 | $374 | $540 | $609 | $734 |
| 6/01/10- 5/31/11 | 1.0337 | $161 | $294 | $361 | $522 | $589 | $709 |
| 6/01/09- 5/31/10 | 1.0220 | $155 | $285 | $349 | $505 | $569 | $686 |
| 6/01/08- 5/31/09 | 1.0399 | $152 | $279 | $342 | $494 | $557 | $671 |
| 6/01/07-5/31/08 | 1.0516 | $146 | $268 | $329 | $475 | $536 | $645 |
| 6/01/06-5/31/07 | 1.0256 | $139 | $255 | $313 | $452 | $509 | $614 |
| 6/1/05-5/31/06 | 1.0427 | $136 | $249 | $305 | $441 | $497 | $598 |
| 6/1/04-5/31/05 | 1.0455 | $130 | $239 | $293 | $423 | $476 | $574 |
| 6/1/03-6/1/04 | 1.0507 | $124 | $228 | $280 | $405 | $456 | $549 |
| 6/1/02-5/31/03 | 1.0727 | $118 | $217 | $267 | $385 | $434 | $522 |
| 6/1/01-5/31/02 | 1.0407 | $110 | $203 | $249 | $359 | $404 | $487 |
| 6/1/00-5/31/01 | 1.0529 | $106 | $195 | $239 | $345 | $388 | $468 |
| 6/1/99-5/31/00 | 1.0491 | $101 | $185 | $227 | $328 | $369 | $444 |
| 6/1/98-5/31/99 | 1.0439 | $96 | $176 | $216 | $312 | $352 | $424 |
| 6/1/97-5/31/98 | 1.0419 | $92 | $169 | $207 | $299 | $337 | $406 |
| 6/1/96-5/31/97 | 1.0396 | $88 | $162 | $198 | $287 | $323 | $389 |
| 6/1/95-5/31/96 | 1.032 | $85 | $155 | $191 | $276 | $311 | $375 |
| 6/1/94-5/31/95 | 1.0237 | $82 | $151 | $185 | $267 | $301 | $363 |

 The methodology of calculation and benchmarking for this Updated Laffey Matrix has been approved in a number of cases. See, e.g.,DL v. District of Columbia, 267 F.Supp.3d 55, 69 (D.D.C. 2017)

* "Years Out of Law School" is calculated from June 1 of each year, when most law students graduate. "1-3" includes an attorney in his 1st, 2nd and 3rd years of practice, measured from date of graduation (June 1). "4-7" applies to attorneys in their 4th, 5th, 6th and 7th years of practice. An attorney who graduated in May 1996 would be in tier "1-3" from June 1, 1996 until May 31, 1999, would move into tier "4-7" on June 1, 1999, and tier "8-10" on June 1, 2003.

** The Adjustment Factor refers to the nation-wide Legal Services Component of the Consumer Price Index produced by the Bureau of Labor Statistics of the United States Department of Labor.

# PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

I, THOMAS D. RUTLEDGE, the undersigned, am employed in the County of San Diego, State of California; I am over the age of 18 and not a party to the within action; my business address is 113 West G Street, Suite 231, San Diego, California 92101.

On September 11, 2021, I served the foregoing document(s) described as:

**DECLARATION OF THOMAS D. RUTLEDGE ISO PLAINTIFFS' MOTION TO COMPEL DEFENDANT COWORX STAFFING SERVICES LLC TO PROVIDE FURTHER RESPONSES TO PLAINTIFFS' SPECIAL INTERROGATORY NOS. 2-9 & REQUEST FOR MONETARY SANCTIONS**

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows: **See Attached List.**

☒**(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence was deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in San Diego, California.

☒(BY EMAIL) I served the foregoing document by email to the abovementioned.

☐(BY PERSONAL SERVICE)   I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☐(BY FACSIMILE)   I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number:

Executed September 11, 2021, at San Diego, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*THOMAS D. RUTLEDGE*
/s/THOMAS D. RUTLEDGE

1

<u>**SERVICE LIST**</u>

2

David R. Ongaro, Esquire

3
1604 Union Street

4
San Francisco, California 94123

5
Attorneys for Defendants

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RUTLEDGE DECL. ISO MOT. TO COMPEL FURTHER RESP. TO SROGS (SET 1)

1  Thomas D. Rutledge (SBN 200497)
   Attorney-at-Law
2  113 West G Street, Suite 231
   San Diego, California 92101
3  Telephone: (619) 886-7224
   thomasrutledgelaw@gmail.com
4
   Kevin F. Woodall (SBN 180650)
5  Woodall Law Offices
   100 Pine Street, Suite 1250
6  San Francisco, California 94111
   Telephone:   (415) 413-4629
7  Facsimile:   (866) 937-4109
   kevin@kwoodalllaw.com
8
9  Attorneys for Plaintiffs
10
                SUPERIOR COURT OF THE STATE OF CALIFORNIA
11
                      COUNTY OF SAN FRANCISCO
12

| | |
|---|---|
| 13  LYSETTE GALVEZ, individually and on behalf of those similarly situated, | )  Case No. CGC-19-578983 |
| 14 | ) |
| 15          Plaintiffs, | )  **PLAINTIFFS' SEPARATE STATEMENT OF ITEMS IN DISPUTE ISO PLAINTIFFS' MOTION TO COMPEL DEFENDANT COWORX STAFFING SERVICES LLC TO PROVIDE FURTHER RESPONSES TO PLAINTIFFS' DEMAND FOR INSPECTION OF DOCUMENT NOS. 1-56 & REQUEST FOR MONETARY SANCTIONS** |
| 16 | ) |
| 17     vs. | ) |
| 18  COWORX STAFFING SERVICES LLC, *et al.* | ) |
| 19          Defendants. | ) |
| 20 | )  [Discovery Related Issue] |
| 21 | )  Hearing Date:      Oct. 7, 2021 |
| 22 | )  Hearing Time:      9:00 a.m.<br>)  Hearing Location: Dept.: 301 (Discovery) |
| 23 | ) |
| 24 | )  Date Complaint Filed: Sept. 4, 2019<br>)  Trial Date:  Sept. 2, 2022 |
| 25 | )  Discovery Cutoff:  July 19, 2020 |
| 26 | )  [[Prop.] Order, Decs. of Thomas D. Rutledge and Kevin Woodall, Not. of Mot., and MPA filed concurrently herewith] |
| 27 | ) |
| 28 | ) |

**PLAINTIFFS' SEPARATE STATEMENT OF ITEMS IN DISPUTE**

**DDID No. 1**

The PLAINTIFF'S complete PERSONNEL FILE.  (The term "PLAINTIFF" shall mean **LYSETTE GALVEZ**) (The term "PERSONNEL FILE" shall mean and include any and all records maintained either in the normal course of business or for any special purpose with respect to the application, course of employment, and termination of any employee of Defendant, and specifically includes applications, disciplinary notices, performance evaluations, employment histories or summaries, records of residential address and telephone numbers, termination notices, job assignments or classification records, compensation, payroll records, background checks, and other similar records. The term "PERSONNEL FILE" includes, but is not limited to, all writings within the meaning of Labor Code §§ 226 and 1198.5.)

**DEFENDANT'S FURTHER RESPONSE TO DFID NO. 1**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects to this request as vague, ambiguous, overbroad, and unintelligible in that it provides two alternate definitions for the term "PERSONNEL FILE." Defendant objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request to the extent it seeks information that is protected from disclosure under the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to the extent that this request seeks documents equally accessible to Plaintiff and previously produced. Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the

circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing. Defendant agrees to produce Plaintiff's personnel file that is in its possession, custody, and control once resource and accessibility issues have been resolved.

**REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 1**

Defendant's boilerplate objections are without merit. First, Defendant is not allowed to incorporate "by reference its Preliminary Statement and General Objections as though fully set forth herein," and such objection must be removed from supplemental responses. Second, the discovery terms are not vague, ambiguous, overbroad, and unintelligible because the terms are in plain English with defined terms. Third, responsive documents are highly relevant because they will allow Plaintiffs to prove their claims in this case. Fourth, Plaintiffs are not asking for Defendant to provide previously produced documents; rather, Plaintiffs seek documents in Defendants' sole custody and control which records Defendants are required by law to retain. Fifth, Defendants' argumentative objection is nonsense because it is undisputed that Plaintiff is/was Defendant's employee. Sixth, Defendant's attorney-client privilege objection cannot apply because this request does not trigger such an objection and to the extent there is a privilege, Defendant must provide a privilege log. To date, Defendant still has not provided Plaintiff's complete personnel file, including but not limited to her timesheets, W-2, actual copies of her wage statements, Form 2810.5, job application, work schedules, among other things. A full response absent objections is required.

**DDID No. 2**

All DOCUMENTS evidencing PLAINTIFF'S job duties while she worked for YOU, including but not limited to performance appraisals or evaluations, commendations, awards, and/or letters of thanks, background investigations and related disclosure forms, recognition or appreciation or any other similar DOCUMENTS. (As used herein, "YOU" or "YOUR" shall mean **COWORX STAFFING SERVICES LLC**, and its servants, agents, subsidiaries, parent companies, partners, including but not limited to any of the named Defendants in this action, employees, representatives, divisions, attorneys, and anyone else acting on its behalf)(The terms "DOCUMENT" or "DOCUMENTS" are used in their customary broad sense and include but are not limited to any kind of written, typewritten, printed, reproduced, recorded or stored material whatsoever, whether printed, recorded or stored electronically, magnetically or otherwise, or reproduced by hand,

including, but without limitation, notes, memoranda, emails, letters, reports, telegrams, telex

communications, publications, contracts, recordings, transcriptions of recordings and business

records, books of accounts, ledgers, balance sheets, financial statements and all other financial

documents of any kind, diaries, telephone logs, telephone bills, appointment books, desk calendars,

drafts, working papers, routing slips and similar materials and shall include, without limitation,

originals, file copies, and all non-identical duplicates, no matter how produced, prepared, stored,

recorded or reproduced. "DOCUMENT" or "DOCUMENTS" includes all associated metadata and

ELECTRONICALLY STORED INFORMATION ("ESI") which means all information that is

stored in an ELECTRONIC medium as defined by California Code of Civil Procedure §

2016.020(e). The term "ELECTRONIC" means "technology having electric, digital, magnetic,

wireless, optical, electromagnetic or similar capabilities as defined in California Code of Civil

Procedure § 2016.020(d)." This request is intended to include DOCUMENTS and things which the

Defendant (a) owns in whole or in part, (b) has a right by contract, statute or otherwise to use,

inspect, examine or copy such DOCUMENT on any terms, (c) has an understanding, express or

implied, that it may use, inspect, examine or copy such DOCUMENT on any terms, or (d) has, as a

practical matter, been able to use, inspect, examine or copy such DOCUMENT when it has sought

to do so.  Such DOCUMENTS shall include, without limitation, DOCUMENTS that are in the

custody of the Defendant's attorney(s) or other agents.)

**DEFENDANT'S FURTHER RESPONSE TO DFID NO. 2**

Defendant incorporates by reference its Preliminary Statement and General Objections as

though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

in that it fails to specifically describe the items sought with reasonable particularity in violation of

section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant objects to this

request to the extent it seeks information that is protected from disclosure under the attorney-client

privilege and/or the attorney work-product doctrine. Defendant objects to this request to the extent

that it seeks information that is neither relevant to the subject matter of this action nor reasonably

calculated to lead to the discovery of admissible evidence. Furthermore, this request is

argumentative to the extent it requires the adoption of an improper assumption. Defendant further

objects to the extent that this request seeks documents equally accessible to Plaintiff and previously produced. Defendant further objects that this request is unintelligible, as phrased. Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing. Defendant agrees to produce job descriptions for the positions held by Plaintiff that is in its possession, custody, and control once resource and accessibility issues have been resolved.

**REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 2**

Please see reason to provide a further response to DFID No. 1 above.

**DDID No. 3**

All DOCUMENTS signed by PLAINTIFF concerning PLAINTIFF'S employment with YOU as defined by Labor Code § 432 including but not limited to background investigations and related disclosure forms.

**DEFENDANT'S FURTHER RESPONSE TO DFID NO. 3**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant objects to this request to the extent it seeks information that is protected from disclosure under the attorney-client privilege and/or the attorney work-product doctrine. Defendant objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request on the grounds that it calls for a legal conclusion.  Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant shall produce job

PLAINTIFFS' SSID. ISO MOT. TO COMPEL FURTHER RESP. TO DFID NOS. 1-59

descriptions for the positions held by Plaintiff that are in its possession, custody, and control.

Subject to and without waiving the foregoing and general objections, Defendant responds as

follows: Defendant has been unable to access necessary files and records contained at its main office

in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In

light of the pandemic, Defendant has had limited resources and personnel to investigate the

circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and

investigation is ongoing and continuing. Defendant agrees to produce job descriptions for the

positions held by Plaintiff that is in its possession, custody, and control once resource and

accessibility issues have been resolved.

**REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 3**

Please see reason to provide a further response to DFID No. 1 above.

**DDID No. 4**

All DOCUMENTS signed by PLAINTIFF in YOUR possession, custody, or control.

**DEFENDANT'S FURTHER RESPONSE TO DFID NO. 4**

Defendant incorporates by reference its Preliminary Statement and General Objections as though

fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it

fails to specifically describe the items sought with reasonable particularity in violation of

section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant objects to this

request to the extent it seeks information that is protected from disclosure under the attorney-client

privilege and/or the attorney work-product doctrine. Defendant objects to this request to the extent

that it seeks information that is neither relevant to the subject matter of this action nor reasonably

calculated to lead to the discovery of admissible evidence. Furthermore, this request is

argumentative to the extent it requires the adoption of an improper assumption. Defendant further

objects that this request has been propounded solely to harass and annoy in that it is duplicative of

Request for Production No. 3.  Subject to and without waiving the foregoing and general objections,

Defendant responds as follows: Defendant shall produce job descriptions for the positions held by

Plaintiff that are in its possession, custody, and control.  Subject to and without waiving the

foregoing and general objections, Defendant responds as follows: Defendant has been unable to

access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing. Defendant agrees to produce documents signed by Plaintiff that are in its possession, custody, and control once resource and accessibility issues have been resolved.

**REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 4**

Please see reason to provide a further response to DFID No. 1 above.

**DDID No. 5**

The complete contents of any other file or files, other than the PERSONNEL FILE of PLAINTIFF, concerning the PLAINTIFF while PLAINTIFF worked for YOU.

**DEFENDANT'S FURTHER RESPONSE TO DFID NO. 5**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant objects to this request to the extent it seeks information that is protected from disclosure under the attorney-client privilege and/or the attorney work-product doctrine. Defendant objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant further objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent it violations the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf.

**REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 5**

Please see reason to provide a further response to DFID No. 1 above.

1  **DDID No. 6**

2      All DOCUMENTS explaining PLAINTIFF'S job duties while PLAINTIFF worked for YOU.

3  **DEFENDANT'S FURTHER RESPONSE TO DFID NO. 6**

4      Defendant incorporates by reference its Preliminary Statement and General Objections as

5  though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

6  in that it fails to specifically describe the items sought with reasonable particularity in violation of

7  section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects

8  on the ground that this request seeks information that is protected by the attorney-client privilege

9  and/or the attorney work-product doctrine. Defendant objects to this request to the extent that it

10  seeks information that is neither relevant to the subject matter of this action nor reasonably

11  calculated to lead to the discovery of admissible evidence. Furthermore, this request is

12  argumentative to the extent it requires the adoption of an improper assumption. Defendant further

13  objects to the extent that this request seeks documents equally accessible to Plaintiff and previously

14  produced.  Defendant further objects to the extent that this request to the extent it seeks disclosure of

15  confidential and/or proprietary information.  Defendant further objects that this request has been

16  produced solely to harass and annoy in that it is duplicative of Request for Production, No. 2.

17  Subject to and without waiving the foregoing and general objections, Defendant responds as

18  follows: Defendant has been unable to access necessary files and records contained at its main office

19  in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In

20  light of the pandemic, Defendant has had limited resources and personnel to investigate the

21  circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and

22  investigation is ongoing and continuing. Defendant agrees to produce job descriptions for the

23  positions held by Plaintiff that is in its possession, custody, and control once resource and

24  accessibility issues have been resolved.

25  **REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 6**

26      Please see reason to provide a further response to DFID No. 1 above.

27  **DDID No. 7**

28      All DOCUMENTS evidencing all sources of compensation, including but not limited to

1  descriptions of any commission programs, overtime compensation, vacation, bonus, pension, or

2  retirement plans to which PLAINTIFF was eligible to receive at any time while PLAINTIFF worked

3  for YOU.

4  **DEFENDANT'S FURTHER RESPONSE TO DFID NO. 7**

5  Defendant incorporates by reference its Preliminary Statement and General Objections as

6  though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

7  in that it fails to specifically describe the items sought with reasonable particularity in violation of

8  section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects

9  on the ground that this request seeks information that is protected by the attorney-client privilege

10  and/or the attorney work-product doctrine. Defendant objects to this request to the extent that it

11  seeks information that is neither relevant to the subject matter of this action nor reasonably

12  calculated to lead to the discovery of admissible evidence. Furthermore, this request is

13  argumentative to the extent it requires the adoption of an improper assumption. Defendant further

14  objects to the extent that this request to the extent it seeks disclosure of confidential and/or

15  proprietary information.  Subject to and without waiving the foregoing and general objections,

16  Defendant responds as follows: Defendant has been unable to access necessary files and records

17  contained at its main office in Morristown, New Jersey, for several months because of statewide

18  closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and

19  personnel to investigate the circumstances surrounding Plaintiff's claims in the present action.

20  Accordingly, discovery and investigation is ongoing and continuing. Defendant agrees to produce

21  any non-privileged documents responsive to this request that is in its possession, custody, and

22  control once resource and accessibility issues have been resolved.

23  **REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 7**

24  Please see reason to provide a further response to DFID No. 1 above.

25  **DDID No. 8**

26  A full and complete copy of any collective bargaining agreements that governed

27  PLAINTIFF'S employment.

28

PLAINTIFFS' SSID. ISO MOT. TO COMPEL FURTHER RESP. TO DFID NOS. 1-59

**DEFENDANT'S FURTHER RESPONSE TO DFID NO. 8**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects on the ground that this request seeks information that is protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant further objects to the extent that this request to the extent it seeks disclosure of confidential and/or proprietary information.  Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing. To the extent that any non-privileged document responsive to this request is in Defendant's possession, custody, and control Defendant agrees to produce said documents once resource and accessibility issues have been resolved.  Defendant further agrees to supplement the present response to the extent no responsive documents are determined to be within its possession, custody or control.

**REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 8**

Please see reason to provide a further response to DFID No. 1 above.

**DDID No. 9**

All DOCUMENTS evidencing YOUR requirement that PLAINTIFF drive a car while working for YOU.

PLAINTIFFS' SSID. ISO MOT. TO COMPEL FURTHER RESP. TO DFID NOS. 1-59

**DEFENDANT'S FURTHER RESPONSE TO DFID NO. 9**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects on the ground that this request seeks information that is protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant further objects to the extent that this request to the extent it seeks disclosure of confidential and/or proprietary information.  Defendant further objects that this request is unintelligible, as written. Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.  To the extent that any non-privileged document responsive to this request is in Defendant's possession, custody, and control Defendant agrees to produce said documents once resource and accessibility issues have been resolved.  Defendant further agrees to supplement the present response to the extent no responsive documents are determined to be within its possession, custody or control.

**REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 9**

Please see reason to provide a further response to DFID No. 1 above.

**DDID No. 10**

All DOCUMENTS evidencing YOUR requirement that PLAINTIFF had to have a personal cell phone while working for YOU.

**DEFENDANT'S FURTHER RESPONSE TO DFID NO. 10**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects on the ground that this request seeks information that is protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant further objects to the extent that this request to the extent it seeks disclosure of confidential and/or proprietary information.  Defendant further objects that this request is unintelligible, as written. Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.  To the extent that any non-privileged document responsive to this request is in Defendant's possession, custody, and control Defendant agrees to produce said documents once resource and accessibility issues have been resolved.  Defendant further agrees to supplement the present response to the extent no responsive documents are determined to be within its possession, custody or control.

**REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 10**

Please see reason to provide a further response to DFID No. 1 above.

**DDID No. 11**

All DOCUMENTS evidencing YOUR reimbursement policies.

PLAINTIFFS' SSID. ISO MOT. TO COMPEL FURTHER RESP. TO DFID NOS. 1-59

**DEFENDANT'S FURTHER RESPONSE TO DFID NO. 11**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time and scope. Defendant further objects on the ground that this request seeks information that is protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant further objects to the extent that this request to the extent it seeks disclosure of confidential and/or proprietary information.  Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.  To the extent that any non-privileged document responsive to this request is in Defendant's possession, custody, and control Defendant agrees to produce said documents once resource and accessibility issues have been resolved.  Defendant further agrees to supplement the present response to the extent no responsive documents are determined to be within its possession, custody or control.

**REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 11**

Please see reason to provide a further response to DFID No. 1 above.

**DDID No. 12**

All DOCUMENTS evidencing any request made by CLASS MEMBERS (As used herein, the term "CLASS MEMBERS" means all current or former nonexempt employees who worked in California from **September 4, 2015** to the present for YOU.) seeking reimbursement for EMPLOYMENT RELATED EXPENSES (The term "EMPLOYMENT RELATED EXPENSES"

1    shall mean expenses any employee made toward work related expenses, such as mileage, gas, auto

2    repair, auto insurance, cell phones, internet, communications devices, etc.) for which YOU did not

3    pay.

4    **DEFENDANT'S FURTHER RESPONSE TO DFID NO. 12**

5        Defendant incorporates by reference its Preliminary Statement and General Objections as

6    though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

7    in that it fails to specifically describe the items sought with reasonable particularity in violation of

8    section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant objects to the

9    definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in

10   Plaintiff's operative Complaint.  Furthermore, Defendant objects that the putative class is not

11   presently ascertainable in light of Plaintiff's improper definition contained herein.  Defendant

12   further objects to the definition of "EMPLOYMENT RELATED EXPENSES" as vague,

13   ambiguous, and overbroad.  Defendant further objects that this request calls for a legal conclusion.

14   Defendant objects on the ground that this request seeks information that is protected by the attorney-

15   client privilege and/or the attorney work-product doctrine. Furthermore, this request is

16   argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to

17   this request to the extent it seeks information that is neither relevant to the subject matter of this

18   action, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further

19   objects to the extent that this request to the extent it seeks disclosure of confidential and/or

20   proprietary information.  Defendant further objects to this request to the extent that it violates the

21   privacy rights of former and/or current employees, and other third parties who are not parties to this

22   action, which objection Defendant is obligated to assert on their behalf.  Subject to and without

23   waiving the foregoing and general objections, Defendant responds as follows: Defendant has been

24   unable to access necessary files and records contained at its main office in Morristown, New Jersey,

25   for several months because of statewide closures due to COVID-19. In light of the pandemic,

26   Defendant has had limited resources and personnel to investigate the circumstances surrounding

27   Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and

28   continuing.  To the extent that any non-privileged document responsive to this request is in

Defendant's possession, custody, and control Defendant agrees to produce said documents once resource and accessibility issues have been resolved and former and/or current employees have permitted release of such a document pursuant to a sanctioned *Belaire-West* notice.  Defendant further agrees to supplement the present response to the extent no responsive documents are determined to be within its possession, custody or control.

**REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 12**

Please see reason to provide a further response to DFID No. 1 above.

As far as Defendant's privacy, sequencing, and confidentiality objections are concerned, Plaintiffs offered to do a *Belaire West* notice process, but Defendant agreed to dispense with this requirement. After all, there is an enforceable protective order in place and Plaintiffs' Counsel are well experienced in knowing how to handle Class Lists. (See, e.g., *Crab Addison v. Superior Court* (2008) 169 Cal.App.4th 958; *Tierno v. Rite Aid Corp*., 2008 WL 3287035 at *3 (N.D. Cal. July 31, 2008); *McArdle v. AT&T Mobility LLC,* 2010 WL 1532334 at *3-*4 (N.D. Cal. April 16, 2010) [cases requiring defendant-employers to provide class contact information without a *Belaire West* notice process.)

Plaintiffs' need to obtain this information outweighs Defendant's privacy/confidentiality objections because the disclosure of the foregoing information will provide the names and contact information of percipient witnesses to the wage and hour violations Plaintiff here is prosecuting. Plaintiff is the representative for the aggrieved employees in an unpaid wage and hour representative action filed pursuant to the PAGA per Labor Code §§ 2699, *et seq*. seeking to recover PAGA penalties. As such, Plaintiffs essentially stands in the shoes of a California Labor Commissioner's investigation into a company's exposure for civil penalties, giving Plaintiff broad investigative discovery rights. (*Iskanian v. CLS Transportation Los Angeles, LLC,* (2014) 59 Cal.4th 348, at pp. 387 and 394, *cert. denied*, 190 L. Ed. 2d 911, 2015 U.S. LEXIS 735 [holding that "*every* PAGA action," whether seeking penalties as to only one aggrieved employee or as to other employees as well, "is a representative action on behalf of the state."]; *Franco v. Arakelian Enterprises, Inc*. (2015) 234 Cal.App.4th 947.)

In support of its ruling, the *Iskanian* Court compared PAGA claims to *qui tam* actions stating,

1

2

3

4

5

6

7

8

> Nothing in the text or legislative history of the FAA nor in the Supreme Court's construction of the statute suggests that the FAA was intended to limit the ability of states to enhance their public enforcement capabilities by enlisting willing employees in qui tam actions. Representative actions under the PAGA, unlike class action suits for damages, do not displace the bilateral arbitration of private disputes between employers and employees over their respective rights and obligations toward each other. Instead, they directly enforce the states interest in penalizing and deterring employers who violate California's labor laws. In crafting the PAGA, the Legislature could have chosen to deputize citizens who were not employees of the defendant employer to prosecute qui tam actions. The Legislature instead chose to limit qui tam plaintiffs to willing employees who had been aggrieved by the employer in order to avoid "private plaintiff abuse."

9

(*Iskanian,* 59 Cal.4th at 314-316.)

10

Moreover, according to the Supreme Court of California, the discovery of the names and

11

contact information of represented employees in PAGA actions is mandatory. (*Williams v. Super.*

12

*Ct.,* 3 Cal.5th 531 (2017); *Stern v. Superior Court* (2003) 105 Cal.App.4th 223, 232 ["Each party,

13

moreover, must have an opportunity to conduct discovery on class action issues before filing

14

documents to support or oppose a class action certification motion . . . so the trial court can

15

realistically determine if common questions are sufficiently pervasive to permit adjudication in a

class action."].) By law, plaintiff-employees in a wage and hour PAGA actions have the

16

independent right to ascertain the names and contact information of aggrieved employees to

17

interview them before trial or before filing any dispositive motion. (*Williams*.) Indeed, many courts

18

have held that no *Belaire-West* type notice is required to be issued to putative class members before

19

their contact information is provided to plaintiffs in a wage and hour class action. (See *Crab*

20

*Addison v. Superior Court* (2008) 169 Cal.App.4th 958 [class contact information is available to

21

plaintiffs without a *Belaire-West* notice being required to be sent]; *Pioneer Electronics (USA) Inc. v.*

22

*Super. Ct.* (2007) 40 Cal.4th 360, 372-373.) Plaintiffs believe a *Belaire-West* notice procedure is

23

unnecessary, especially since this is a civil enforcement action per PAGA.

24

Accordingly, Defendant must agree to provide a supplemental response with substantive

25

responses, including providing putative Class Members last known email addresses, absent the

26

foregoing objections. To the extent Defendant asserts any privileges, Defendant must provide a

privilege log.

27

**DDID No. 13**

28

All DOCUMENTS evidencing any payment YOU made to any CLASS MEMBER for

1  EMPLOYMENT RELATED EXPENSES during the CLASS PERIOD (As used herein, "CLASS

2  PERIOD" shall mean from September 4, 2015 through the present).

3  **DEFENDANT'S FURTHER RESPONSE TO DFID NO. 13**

4       Defendant incorporates by reference its Preliminary Statement and General Objections as

5  though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

6  in that it fails to specifically describe the items sought with reasonable particularity in violation of

7  section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant objects to the

8  definition of "CLASS MEMBER" as overbroad and outside the scope of the claims alleged in

9  Plaintiff's operative Complaint.  Furthermore, Defendant objects that the putative class is not

10  presently ascertainable in light of Plaintiff's improper definition contained herein.  Defendant

11  further objects to the definition of "EMPLOYMENT RELATED EXPENSES" as vague,

12  ambiguous, and overbroad.  Defendant also objects to the definition of "CLASS PERIOD" in that it

13  seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's,

14  and/or any purported putative class members.  Defendant further objects that this request calls for a

15  legal conclusion.  Defendant objects on the ground that this request seeks information that is

16  protected by the attorney-client privilege and/or the attorney work-product doctrine. Furthermore,

17  this request is argumentative to the extent it requires the adoption of an improper assumption.

18  Defendant objects to this request to the extent it seeks information that is neither relevant to the

19  subject matter of this action, nor reasonably calculated to lead to the discovery of admissible

20  evidence.  Defendant further objects to the extent that this request to the extent it seeks disclosure of

21  confidential and/or proprietary information.  Defendant further objects to this request to the extent

22  that it violates the privacy rights of former and/or current employees, and other third parties who are

23  not parties to this action, which objection Defendant is obligated to assert on their behalf.  Subject to

24  and without waiving the foregoing and general objections, Defendant responds as follows:

25  Defendant has been unable to access necessary files and records contained at its main office in

26  Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In

27  light of the pandemic, Defendant has had limited resources and personnel to investigate the

28  circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and

investigation is ongoing and continuing. To the extent that any non-privileged document responsive to this request is in Defendant's possession, custody, and control Defendant agrees to produce said documents once resource and accessibility issues have been resolved and former and/or current employees have permitted release of such a document pursuant to a sanctioned *Belaire-West* notice. Defendant further agrees to supplement the present response to the extent no responsive documents are determined to be within its possession, custody or control.

**REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 13**

Please see reason to provide a further response to DFID Nos. 1 and 12 above.

**DDID No. 14**

All procedures, memoranda, employment/personnel manuals or handbooks, instructional materials, or other DOCUMENTS that evidence YOUR policies and procedures governing employment conditions of any kind applicable to CLASS MEMBERS during the CLASS PERIOD.

**DEFENDANT'S FURTHER RESPONSE TO DFID NO. 14**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant objects to the definition of "CLASS MEMBER" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Furthermore, Defendant objects that the putative class is not presently ascertainable in light of Plaintiff's improper definition contained herein. Defendant further objects to the definition of "EMPLOYMENT RELATED EXPENSES" as vague, ambiguous, and overbroad. Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members. Defendant further objects that this request calls for a legal conclusion. Defendant objects on the ground that this request seeks information that is protected by the attorney-client privilege and/or the attorney work-product doctrine. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption.

Defendant objects to this request to the extent it seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent that this request to the extent it seeks disclosure of confidential and/or proprietary information. Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing. Defendant agrees to produce any non-privileged documents responsive to this request that is in its possession, custody, and control once resource and accessibility issues have been resolved.

**REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 14**

Please see reason to provide a further response to DFID No. 1 above.

**DDID No. 15**

All DOCUMENTS evidencing PLAINTIFF'S hours worked while PLAINTIFF worked for YOU, including but not limited to PLAINTIFF'S time cards/sheets, schedules, pay records, wage and earning statements, evidence of lunch breaks provided, rest periods, etc.

**DEFENDANT'S FURTHER RESPONSE TO DFID NO. 15**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects on the ground that this request seeks information that is protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant objects to this request to the extent it seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant further objects to the extent that this request to the extent it seeks disclosure of confidential and/or proprietary information.

Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.  Defendant agrees to produce any non-privileged documents responsive to this request that are in its possession, custody, and control once resource and accessibility issues have been resolved.

**REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 15**

Please see reason to provide a further response to DFID No. 1 above.

**DDID No. 16**

All PAYROLL INFORMATION (As used herein, the term "PAYROLL INFORMATION" is defined as including any computerized and machine-readable databases, reports, and any other type of DOCUMENTS RELATING TO the PLAINTIFFS' part-time or full-time status, permanent or temporary status, casual and/or permanent hire dates, work schedules, initial pay rates, any subsequent pay rates or adjustments (including the dates of such subsequent rates or adjustments), amount and dates of any wages paid, including whether they were regular or overtime wages, total compensation, hours worked, and any other fields compiled for YOUR payroll functions, including providing a key for interpreting any codes used to interpret the data, as well as any DOCUMENTS describing, explaining or pertaining to the methods and techniques used in compiling, editing, modifying or updating computer databases, if any, paystubs and W-2's) for the PLAINTIFF.

**DEFENDANT'S FURTHER RESPONSE TO DFID NO. 16**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*.  Defendant objects on the ground that this request seeks information that is protected by the attorney-client privilege and/or the attorney work-product doctrine.  Defendant further objects to the definition of "PAYROLL

INFORMATION" as vague, ambiguous, overbroad.  Defendant objects to this request to the extent

it seeks information that is neither relevant to the subject matter of this action, nor reasonably

calculated to lead to the discovery of admissible evidence.  Furthermore, this request is

argumentative to the extent it requires the adoption of an improper assumption.  Defendant further

objects to the extent that this request to the extent it seeks disclosure of confidential and/or

proprietary information.  Subject to and without waiving the foregoing and general objections,

Defendant responds as follows: Defendant has been unable to access necessary files and records

contained at its main office in Morristown, New Jersey, for several months because of statewide

closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and

personnel to investigate the circumstances surrounding Plaintiff's claims in the present action.

Accordingly, discovery and investigation is ongoing and continuing.  Defendant agrees to produce

any non-privileged documents responsive to this request that is in its possession, custody, and

control, and control once resource and accessibility issues have been resolved.

**REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 16**

Please see reason to provide a further response to DFID No. 1 above.

**DDID No. 17**

All PAYROLL INFORMATION for the CLASS MEMBERS.

**DEFENDANT'S FURTHER RESPONSE TO DFID NO. 17**

Defendant incorporates by reference its Preliminary Statement and General Objections as

though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

in that it fails to specifically describe the items sought with reasonable particularity in violation of

section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time

and scope.  Defendant further objects to this request as unduly burdensome, oppressive, and

disproportionate to the needs of the case.  Defendant objects to the definition of "CLASS

MEMBER" as overbroad and outside the scope of the claims alleged in Plaintiff's operative

Complaint.  Furthermore, Defendant objects that the putative class is not presently ascertainable in

light of Plaintiff's improper definition contained herein.  Defendant further objects to the definition

of "PAYROLL INFORMATION" as vague, ambiguous, overbroad.  Defendant further objects on

the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.  Defendant objects to this request to the extent it seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption.  Defendant further objects to the extent that this request to the extent it seeks disclosure of confidential and/or proprietary information.  Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf.  Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.  Defendant agrees to produce any non-privileged documents responsive to this request that is in its possession, custody, and control once resource and accessibility issues have been resolved and former and/or current employees have permitted release of such a document pursuant to a sanctioned *Belaire-West* notice.

**REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 17**

Please see reason to provide a further response to DFID Nos. 1 and 12 above.

**DDID No. 18**

All work schedules identifying the locations (by name and address) at which PLAINTIFF was present for each workday PLAINTIFF worked during the CLASS PERIOD, including but not limited to the date and time PLAINTIFF was present at that location.

**DEFENDANT'S FURTHER RESPONSE TO DFID NO. 18**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*.  Defendant objects to the

definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members.  Defendant objects that this request is improperly compound.  Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.  Defendant objects to this request to the extent it seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption.  Defendant further objects to the extent that this request to the extent it seeks disclosure of confidential and/or proprietary information.  Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.  Defendant agrees to produce any non-privileged documents responsive to this request that is in its possession, custody, and control once resource and accessibility issues have been resolved.

**REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 18**

Please see reason to provide a further response to DFID No. 1 above.

**DDID No. 19**

All work schedules identifying the locations (by name and address) at which CLASS MEMBERS were present for each workday during the CLASS PERIOD, including but not limited to the date and time each CLASS MEMBER was present at that location.

**DEFENDANT'S FURTHER RESPONSE TO DFID NO. 19**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time

and scope.  Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case.  Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint.  Furthermore, Defendant objects that the putative class is not presently ascertainable in light of Plaintiff's improper definition contained herein.  Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members.  Defendant objects on the ground that this request seeks information that is protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant objects to this request to the extent it seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption.  Defendant further objects to the extent that this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf.  Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.  Defendant agrees to produce any non-privileged documents responsive to this request that is in its possession, custody, and control once resource and accessibility issues have been resolved and former and/or current employees have permitted release of such a document pursuant to a sanctioned *Belaire-West* notice.

**<u>REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 19</u>**

Please see reason to provide a further response to DFID Nos. 1 and 12 above.

**DDID No. 20**

All DOCUMENTS, including but not limited to organizational charts or graphs, describing the chain of authority or command above, of equal level, and below the CLASS MEMBERS.

**DEFENDANT'S FURTHER RESPONSE TO DFID NO. 20**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time and scope. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Furthermore, Defendant objects that the putative class is not presently ascertainable in light of Plaintiff's improper definition contained herein. Defendant further objects on the ground that this request seeks information that is protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant objects to this request to the extent it seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant further objects to the extent that this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing. To the extent that any non-privileged document responsive to this request that is in Defendant's possession, custody, and

1  control, Defendant agrees to produce said documents once resource and accessibility issues have

2  been resolved and former and/or current employees have permitted release of such a document

3  pursuant to a sanctioned *Belaire-West* notice.  Defendant further agrees to supplement the present

4  response to the extent no responsive documents are determined to be within its possession, custody,

5  or control.

6  **REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 20**

7      Please see reason to provide a further response to DFID Nos. 1 and 12 above.

8  **DDID No. 21**

9      All DOCUMENTS evidencing payments YOU made to PLAINTIFF for mileage

10 reimbursements.

11 **DEFENDANT'S FURTHER RESPONSE TO DFID NO. 21**

12     Defendant incorporates by reference its Preliminary Statement and General Objections as

13 though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

14 in that it fails to specifically describe the items sought with reasonable particularity in violation of

15 section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*.  Defendant further objects

16 on the ground that this request seeks information that is protected by the attorney-client privilege

17 and/or the attorney work-product doctrine.  Furthermore, this request is argumentative to the extent

18 it requires the adoption of an improper assumption.  Subject to and without waiving the foregoing

19 and general objections, Defendant responds as follows: Defendant has been unable to access

20 necessary files and records contained at its main office in Morristown, New Jersey, for several

21 months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has

22 had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims

23 in the present action. Accordingly, discovery and investigation is ongoing and continuing.

24 To the extent that any non-privileged document responsive to this request that is in Defendant's

25 possession, custody, and control, Defendant agrees to produce said documents once resource and

26 accessibility issues have been resolved.  Defendant further agrees to supplement the present

27 response to the extent no responsive documents are determined to be within its possession, custody,

28 or control.

1  **REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 21**

2  **DDID No. 22**

3      All DOCUMENTS identified in YOUR response to PLAINTIFF'S first set of form

4  interrogatories-employment.

5  **DEFENDANT'S FURTHER RESPONSE TO DFID NO. 22**

6      Defendant incorporates by reference its Preliminary Statement and General Objections as

7  though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

8  in that it fails to specifically describe the items sought with reasonable particularity in violation of

9  section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects

10  on the ground that this request seeks information that is protected by the attorney-client privilege

11  and/or the attorney work-product doctrine. Furthermore, this request is argumentative to the extent

12  it requires the adoption of an improper assumption. Subject to and without waiving the foregoing

13  and general objections, Defendant responds as follows: Defendant has been unable to access

14  necessary files and records contained at its main office in Morristown, New Jersey, for several

15  months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has

16  had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims

17  in the present action. Accordingly, discovery and investigation is ongoing and continuing.

18  To the extent that any non-privileged document responsive to this request that is in Defendant's

19  possession, custody, and control, Defendant agrees to produce said documents once resource and

20  accessibility issues have been resolved. Defendant further agrees to supplement the present

21  response to the extent no responsive documents are determined to be within its possession, custody,

22  or control.

23  **REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 22**

24      Please see reason to provide a further response to DFID No. 1 above.

25  **DDID No. 23**

26      All DOCUMENTS identified in YOUR response to PLAINTIFF'S first set of form

27  interrogatories-general.

28

**DEFENDANT'S FURTHER RESPONSE TO DFID NO. 23**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects on the ground that this request seeks information that is protected by the attorney-client privilege and/or the attorney work-product doctrine. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing. To the extent that any non-privileged document responsive to this request that is in Defendant's possession, custody, and control, Defendant agrees to produce said documents once resource and accessibility issues have been resolved. Defendant further agrees to supplement the present response to the extent no responsive documents are determined to be within its possession, custody, or control.

**REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 23**

Please see reason to provide a further response to DFID No. 1 above.

**DDID No. 24**

All DOCUMENTS identified in YOUR response to PLAINTIFF'S first set of request for admissions.

**DEFENDANT'S FURTHER RESPONSE TO DFID NO. 24**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects

1  on the ground that this request seeks information that is protected by the attorney-client privilege

2  and/or the attorney work-product doctrine.  Defendant further objects that this request is

3  unintelligible and has been propounded solely to harass and annoy in that it seeks documents

4  pertaining to request for admissions that were not served by Plaintiff.  Subject to and without

5  waiving the foregoing and general objections, Defendant responds as follow: Not applicable in that

6  Plaintiff failed to serve request for admissions upon Defendant.

7  **REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 24**

8      Please see reason to provide a further response to DFID No. 1 above.

9  **DDID No. 25**

10     All DOCUMENTS identified in YOUR response to PLAINTIFF'S first set of special

11  interrogatories.

12  **DEFENDANT'S FURTHER RESPONSE TO DFID NO. 25**

13     Defendant incorporates by reference its Preliminary Statement and General Objections as

14  though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

15  in that it fails to specifically describe the items sought with reasonable particularity in violation of

16  section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*.  Defendant further objects

17  on the ground that this request seeks information that is protected by the attorney-client privilege

18  and/or the attorney work-product doctrine.  Furthermore, this request is argumentative to the extent

19  it requires the adoption of an improper assumption.  Subject to and without waiving the foregoing

20  and general objections, Defendant responds as follows: Defendant has been unable to access

21  necessary files and records contained at its main office in Morristown, New Jersey, for several

22  months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has

23  had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims

24  in the present action. Accordingly, discovery and investigation is ongoing and continuing.

25  To the extent that any non-privileged document responsive to this request that is in Defendant's

26  possession, custody, and control, Defendant agrees to produce said documents once resource and

27  accessibility issues have been resolved and former and/or current employees have permitted release

28  of such a document pursuant to a sanctioned *Belaire-West* notice.  Defendant further agrees to

supplement the present response to the extent no responsive documents are determined to be within its possession, custody, or control.

**REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 25**

Please see reason to provide a further response to DFID Nos. 1 and 12 above.

**DDID No. 26**

All DOCUMENTS that support any affirmative defenses YOU have pleaded or will plead in this action.

**DEFENDANT'S FURTHER RESPONSE TO DFID NO. 26**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*, and is unlimited in time and scope. Defendant further objects to this request on the grounds that it is premature as it relates to Defendant's affirmative defenses, which are generally intended to preserve defenses at trial, and insofar as it violates Defendant's right under *Code of Civil Procedure* section 431.30 to file a general denial in response to Plaintiff's unverified Complaint. Defendant further objects to this request because discovery in this matter is continuing and certain of Defendant's denials and/or affirmative defenses will be based, in whole or in part, upon information not presently within Defendant's knowledge, which will be discovered during the course of discovery. Defendant further objects to this request on the grounds that "supporting any" is vague and ambiguous. Defendant further objects on the ground that this request seeks information that is protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds it assumes facts not in evidence and calls for a legal conclusion. Defendant further objects to this request on the grounds that it seeks the confidential and proprietary information. Defendant further objects to this request to the extent it seeks production of the mental impressions or legal theories of defense counsel. Defendant further objects to this request on the grounds that it

is unreasonably burdensome, harassing, and oppressive.  Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf.

**REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 26**

Please see reason to provide a further response to DFID No. 1 above.

**DDID No. 27**

All DOCUMENTS, including but not limited to memoranda, handwritten notes, letters, correspondence, policies, and policy numbers pertaining to insurance policies that may cover YOU for damages and/or defense costs related to this action.

**DEFENDANT'S FURTHER RESPONSE TO DFID NO. 27**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*, and is unlimited in time, scope, and matter.  Defendant further objects on the ground that this request seeks information that is protected by the attorney-client privilege and/or the attorney work-product doctrine.  Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption.  Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information.

**REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 27**

Please see reason to provide a further response to DFID No. 1 above.

**DDID No. 28**

All written COMMUNICATIONS between YOU and PLAINTIFF concerning or in any way referring to PLAINTIFF during the CLASS PERIOD. (The terms "COMMUNICATION" or "COMMUNICATIONS" are used in their broadest sense and include, but are not limited to, any transmittal and/or receipt of information, whether oral, written, or verbal or nonverbal, whether such

was by chance, prearranged, formal or informal, oral or written, and specifically includes

conversations in person, DOCUMENTS, telephone conversations, telegrams, letters or memoranda,

formal statements, press releases, emails, texts, social media posts, and newspaper articles.)

**DEFENDANT'S FURTHER RESPONSE TO DFID NO. 28**

Defendant incorporates by reference its Preliminary Statement and General Objections as

though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

in that it fails to specifically describe the items sought with reasonable particularity in violation of

section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*, and is unlimited in time,

scope, and matter.  Defendant further objects to this request as unduly burdensome, oppressive, and

disproportionate to the needs of the case.  Defendant also objects to the definition of "CLASS

PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's

employment of Plaintiff's, and/or any purported putative class members.  Defendant further objects

on the ground that this request seeks information that is protected by the attorney-client privilege

and/or the attorney work-product doctrine.  Defendant objects to the definition of

"COMMUNICATIONS" as vague, ambiguous, overbroad, and not meaningfully defined.

Defendant further objects to this request on the grounds that it seeks information that is neither

relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Furthermore,

this request is argumentative to the extent it requires the adoption of an improper assumption.

Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary

information.  Defendant further objects to this request to the extent that it violates the privacy rights

of former and/or current employees, and other third parties who are not parties to this action, which

objection Defendant is obligated to assert on their behalf.

**REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 28**

Please see reason to provide a further response to DFID Nos. 1 and 12 above.

**DDID No. 29**

All DOCUMENTS evidencing COMMUNICATIONS (whether written, oral or otherwise)

between YOU and any person concerning any of PLAINTIFF'S request(s) for PLAINTIFF'S

PERSONNEL FILE, including but not limited to any voicemail messages or audio recordings of any

kind and this discovery instrument.

**DEFENDANT'S FURTHER RESPONSE TO DFID NO. 29**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*, and is unlimited in time, scope, and matter.  Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case.  Defendant objects to the definition of "COMMUNICATIONS" as vague, ambiguous, overbroad, and not meaningfully defined. Defendant further objects on the ground that this request seeks information that is protected by the attorney-client privilege and/or the attorney work-product doctrine.  Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption.  Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf.

**REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 29**

Please see reason to provide a further response to DFID Nos. 1 and 12 above.

**DDID No. 30**

All COMMUNICATIONS including but not limited to e-mails exchanged between YOU and any person(s) concerning the PLAINTIFF during the CLASS PERIOD.

**DEFENDANT'S FURTHER RESPONSE TO DFID NO. 30**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*, and is unlimited in time,

scope, and matter.  Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case.  Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members.  Defendant further objects on the ground that this request seeks information that is protected by the attorney-client privilege and/or the attorney work-product doctrine.  Defendant objects to the definition of "COMMUNICATIONS" as vague, ambiguous, overbroad, and not meaningfully defined. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information.  Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf.

**REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 30**

Please see reason to provide a further response to DFID Nos. 1 and 12 above.

**DDID No. 31**

All COMMUNICATIONS including but not limited to e-mails exchanged between YOU and any persons regarding YOUR intent to pay CLASS MEMBERS the applicable minimum wage rate as required under the local ordinance in which they were working during the CLASS PERIOD.

**DEFENDANT'S FURTHER RESPONSE TO DFID NO. 31**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*, and is unlimited in time, scope, and matter.  Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case.  Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative

1  Complaint.  Defendant objects that the putative class is not presently ascertainable in light of

2  Plaintiff's improper definition contained herein.  Defendant also objects to the definition of

3  "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's

4  employment of Plaintiff's, and/or any purported putative class members.  Defendant further objects

5  on the ground that this request seeks information that is protected by the attorney-client privilege

6  and/or the attorney work-product doctrine.  Defendant objects to the definition of

7  "COMMUNICATIONS" as vague, ambiguous, overbroad, and not meaningfully defined.

8  Defendant further objects to this request on the grounds that it seeks information that is neither

9  relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Furthermore,

10  this request is argumentative to the extent it requires the adoption of an improper assumption.

11  Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary

12  information.  Defendant further objects to this request to the extent that it violates the privacy rights

13  of former and/or current employees, and other third parties who are not parties to this action, which

14  objection Defendant is obligated to assert on their behalf.  Subject to and without waiving the

15  foregoing and general objections, Defendant responds as follows: Defendant has been unable to

16  access necessary files and records contained at its main office in Morristown, New Jersey, for

17  several months because of statewide closures due to COVID-19. In light of the pandemic,

18  Defendant has had limited resources and personnel to investigate the circumstances surrounding

19  Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and

20  continuing.  To the extent that any non-privileged document responsive to this request that is in

21  Defendant's possession, custody, and control, Defendant agrees to produce said documents once

22  resource and accessibility issues have been resolved and former and/or current employees have

23  permitted release of such a document pursuant to a sanctioned *Belaire-West* notice.  Defendant

24  further agrees to supplement the present response to the extent no responsive documents are

25  determined to be within its possession, custody, or control.

26  **REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 31**

27      Please see reason to provide a further response to DFID Nos. 1 and 12 above.

28

**DDID No. 32**

All COMMUNICATIONS including but not limited to e-mails exchanged between YOU and any of YOUR supervisorial and/or managerial employees and their subordinates concerning YOUR policies regarding CLASS MEMBERS' use of vehicles during the CLASS PERIOD.

**DEFENDANT'S FURTHER RESPONSE TO DFID NO. 32**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*, and is unlimited in time, scope, and matter. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects that the putative class is not presently ascertainable in light of Plaintiff's improper definition contained herein. Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members. Defendant further objects on the ground that this request seeks information that is protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant objects to the definition of "COMMUNICATIONS" as vague, ambiguous, overbroad, and not meaningfully defined. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request on the grounds that it calls for a legal conclusion. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary

files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.  To the extent that any non-privileged document responsive to this request that is in Defendant's possession, custody, and control, Defendant agrees to produce said documents once resource and accessibility issues have been resolved and former and/or current employees have permitted release of such a document pursuant to a sanctioned *Belaire-West* notice.  Defendant further agrees to supplement the present response to the extent no responsive documents are determined to be within its possession, custody, or control.

**REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 32**

Please see reason to provide a further response to DFID Nos. 1 and 12 above.

**DDID No. 33**

All COMMUNICATIONS including but not limited to e-mails exchanged between YOU and any of YOUR supervisorial and/or managerial employees and their subordinates concerning YOUR reimbursement policies during the CLASS PERIOD.

**DEFENDANT'S FURTHER RESPONSE TO DFID NO. 33**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*, and is unlimited in time, scope, and matter.  Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case.  Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint.  Defendant objects that the putative class is not presently ascertainable in light of Plaintiff's improper definition contained herein.  Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members.  Defendant further objects

on the ground that this request seeks information that is protected by the attorney-client privilege

and/or the attorney work-product doctrine.  Defendant objects to the definition of

"COMMUNICATIONS" as vague, ambiguous, overbroad, and not meaningfully defined.

Defendant further objects to this request on the grounds that it seeks information that is neither

relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Furthermore,

this request is argumentative to the extent it requires the adoption of an improper assumption.

Defendant objects to this request on the grounds that it calls for a legal conclusion.  Defendant

objects to this request to the extent it seeks disclosure of confidential and/or proprietary information.

Defendant further objects to this request to the extent that it violates the privacy rights of former

and/or current employees, and other third parties who are not parties to this action, which objection

Defendant is obligated to assert on their behalf.  Subject to and without waiving the foregoing and

general objections, Defendant responds as follows: Defendant has been unable to access necessary

files and records contained at its main office in Morristown, New Jersey, for several months because

of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited

resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the

present action. Accordingly, discovery and investigation is ongoing and continuing.  To the extent

that any non-privileged document responsive to this request that is in Defendant's possession,

custody, and control, Defendant agrees to produce said documents once resource and accessibility

issues have been resolved and former and/or current employees have permitted release of such a

document pursuant to a sanctioned *Belaire-West* notice.  Defendant further agrees to supplement the

present response to the extent no responsive documents are determined to be within its possession,

custody, or control.

**REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 33**

Please see reason to provide a further response to DFID Nos. 1 and 12 above.

**DDID No. 34**

All COMMUNICATIONS including but not limited to e-mails exchanged between YOU

and any of YOUR supervisorial and/or managerial employees and their subordinates concerning

YOUR policies regarding overtime during the CLASS PERIOD.

1   **DEFENDANT'S FURTHER RESPONSE TO DFID NO. 34**

2        Defendant incorporates by reference its Preliminary Statement and General Objections as

3   though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

4   in that it fails to specifically describe the items sought with reasonable particularity in violation of

5   section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*, and is unlimited in time,

6   scope, and matter.  Defendant further objects to this request as unduly burdensome, oppressive, and

7   disproportionate to the needs of the case.  Defendant objects to the definition of "CLASS

8   MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative

9   Complaint.  Defendant objects that the putative class is not presently ascertainable in light of

10  Plaintiff's improper definition contained herein.  Defendant also objects to the definition of

11  "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's

12  employment of Plaintiff's, and/or any purported putative class members.  Defendant further objects

13  on the ground that this request seeks information that is protected by the attorney-client privilege

14  and/or the attorney work-product doctrine.  Defendant objects to the definition of

15  "COMMUNICATIONS" as vague, ambiguous, overbroad, and not meaningfully defined.

16  Defendant further objects to this request on the grounds that it seeks information that is neither

17  relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Furthermore,

18  this request is argumentative to the extent it requires the adoption of an improper assumption.

19  Defendant objects to this request on the grounds that it calls for a legal conclusion.  Defendant

20  objects to this request to the extent it seeks disclosure of confidential and/or proprietary information.

21  Defendant further objects to this request to the extent that it violates the privacy rights of former

22  and/or current employees, and other third parties who are not parties to this action, which objection

23  Defendant is obligated to assert on their behalf.  Subject to and without waiving the foregoing and

24  general objections, Defendant responds as follows: Defendant has been unable to access necessary

25  files and records contained at its main office in Morristown, New Jersey, for several months because

26  of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited

27  resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the

28  present action. Accordingly, discovery and investigation is ongoing and continuing.  To the extent

1  that any non-privileged document responsive to this request that is in Defendant's possession,

2  custody, and control, Defendant agrees to produce said documents once resource and accessibility

3  issues have been resolved and former and/or current employees have permitted release of such a

4  document pursuant to a sanctioned *Belaire-West* notice.  Defendant further agrees to supplement the

5  present response to the extent no responsive documents are determined to be within its possession,

6  custody, or control.

7  **REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 34**

8       Please see reason to provide a further response to DFID Nos. 1 and 12 above.

9  **DDID No. 35**

10      All COMMUNICATIONS evidencing requests made by any CLASS MEMBERS to YOU

11  seeking reimbursement for unpaid wages including but not limited to mileage, travel, vehicle costs,

12  computer, internet, cell phone, telephone, etc.

13  **DEFENDANT'S FURTHER RESPONSE TO DFID NO. 35**

14      Defendant incorporates by reference its Preliminary Statement and General Objections as

15  though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

16  in that it fails to specifically describe the items sought with reasonable particularity in violation of

17  section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*, and is unlimited in time,

18  scope, and matter.  Defendant further objects to this request as unduly burdensome, oppressive, and

19  disproportionate to the needs of the case.  Defendant objects to the definition of "CLASS

20  MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative

21  Complaint.  Defendant objects that the putative class is not presently ascertainable in light of

22  Plaintiff's improper definition contained herein.  Defendant further objects on the ground that this

23  request seeks information that is protected by the attorney-client privilege and/or the attorney work-

24  product doctrine.  Defendant objects to the definition of "COMMUNICATIONS" as vague,

25  ambiguous, overbroad, and not meaningfully defined.  Defendant further objects to this request on

26  the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the

27  discovery of admissible evidence.  Furthermore, this request is argumentative to the extent it

28  requires the adoption of an improper assumption.  Defendant objects to this request on the grounds

that it calls for a legal conclusion.  Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information.  Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.  To the extent that any non-privileged document responsive to this request that is in Defendant's possession, custody, and control, Defendant agrees to produce said documents once resource and accessibility issues have been resolved and former and/or current employees have permitted release of such a document pursuant to a sanctioned *Belaire-West* notice. Defendant further agrees to supplement the present response to the extent no responsive documents are determined to be within its possession, custody, or control.

**REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 35**

Please see reason to provide a further response to DFID Nos. 1 and 12 above.

**DDID No. 36**

All COMMUNICATIONS evidencing written or recorded statements obtained from any person concerning any of the allegations contained in PLAINTIFFS' operative Complaint or, if applicable, the predecessor Complaint.

**DEFENDANT'S FURTHER RESPONSE TO DFID NO. 36**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*, and is unlimited in time, scope, and matter.  Defendant objects to the definition of "COMMUNICATIONS" as vague, ambiguous, overbroad, and not meaningfully defined.  Defendant further objects to this request as

PLAINTIFFS' SSID. ISO MOT. TO COMPEL FURTHER RESP. TO DFID NOS. 1-59

unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request on the grounds that it calls for a legal conclusion. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing. To the extent that any non-privileged document responsive to this request that is in Defendant's possession, custody, and control, Defendant agrees to produce said documents once resource and accessibility issues have been resolved. Defendant further agrees to supplement the present response to the extent no responsive documents are determined to be within its possession, custody, or control.

**REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 36**

Please see reason to provide a further response to DFID Nos. 1 and 12 above.

**DDID No. 37**

All COMMUNICATIONS between YOU and any state or federal (e.g. Department of Labor) governmental agency regarding claims for unpaid work-related expenses or unpaid wages including but not limited to mileage expenses.

**DEFENDANT'S FURTHER RESPONSE TO DFID NO. 37**

Defendant incorporates by reference its Preliminary Statement and General Objections as

though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*, and is unlimited in time, scope, and matter.  Defendant objects to the definition of "COMMUNICATIONS" as vague, ambiguous, overbroad, and not meaningfully defined.  Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case.  Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or work product doctrine.  Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant objects that this request is improperly compound.  Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption.  Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf.  Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.  To the extent that any non-privileged document responsive to this request that is in Defendant's possession, custody, and control, Defendant agrees to produce said documents once resource and accessibility issues have been resolved.  Defendant further agrees to supplement the present response to the extent no responsive documents are determined to be within its possession, custody, or control.

**REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 37**

Please see reason to provide a further response to DFID Nos. 1 and 12 above.

**DDID No. 38**

All COMMUNICATIONS that evidence complaints, formal or informal, by any person

1   concerning YOUR failure to pay wages to any of YOUR employees during the last ten years.

2   **DEFENDANT'S FURTHER RESPONSE TO DFID NO. 38**

3          Defendant incorporates by reference its Preliminary Statement and General Objections as

4   though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

5   in that it fails to specifically describe the items sought with reasonable particularity in violation of

6   section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*, and is unlimited in time,

7   scope, and matter.  Defendant objects to the definition of "COMMUNICATIONS" as vague,

8   ambiguous, overbroad, and not meaningfully defined.  Defendant further objects to this request as

9   unduly burdensome, oppressive, and disproportionate to the needs of the case.  Defendant further

10  objects on the ground that this request seeks information protected by the attorney-client privilege

11  and/or work product doctrine.  Defendant further objects to this request on the grounds that it seeks

12  information that is neither relevant nor reasonably calculated to lead to the discovery of admissible

13  evidence.  Defendant further objects to the extent this request seeks documents beyond the scope of

14  Plaintiff's employment and requisite statute of limitations.  Defendant objects that this request is

15  improperly compound.  Furthermore, this request is argumentative to the extent it requires the

16  adoption of an improper assumption.  Defendant objects to this request to the extent it seeks

17  disclosure of confidential and/or proprietary information.  Defendant further objects to this request

18  to the extent that it violates the privacy rights of former and/or current employees, and other third

19  parties who are not parties to this action, which objection Defendant is obligated to assert on their

20  behalf.

21  **REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 38**

22          Please see reason to provide a further response to DFID Nos. 1 and 12 above.

23  **DDID No. 39**

24          All COMMUNICATIONS with any person regarding this case or the allegations contained

25  in PLAINTIFF'S operative Complaint.

26  **DEFENDANT'S FURTHER RESPONSE TO DFID NO. 39**

27          Defendant incorporates by reference its Preliminary Statement and General Objections as

28  though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*, and is unlimited in time, scope, and matter.  Defendant objects to the definition of "COMMUNICATIONS" as vague, ambiguous, overbroad, and not meaningfully defined.  Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case.  Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or work product doctrine.  Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to the extent this request seeks documents beyond the scope of Plaintiff's employment and requisite statute of limitations.  Defendant objects that this request is improperly compound.  Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption.  Defendant objects to this request on the grounds that it calls for a legal conclusion.  Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information.  Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf.

**REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 39**

Please see reason to provide a further response to DFID Nos. 1 and 12 above.

**DDID No. 40**

All COMMUNICATIONS evidencing questionnaires or statements, signed or completed by any of YOUR current or former employees concerning this litigation.

**DEFENDANT'S FURTHER RESPONSE TO DFID NO. 40**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*, and is unlimited in time, scope, and matter.  Defendant objects to the definition of "COMMUNICATIONS" as vague, ambiguous, overbroad, and not meaningfully defined.  Defendant further objects to this request as

unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant further

objects on the ground that this request seeks information protected by the attorney-client privilege

and/or work product doctrine. Defendant further objects to this request on the grounds that it seeks

information that is neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence. Defendant further objects to the extent this request seeks documents beyond the scope of

Plaintiff's employment and requisite statute of limitations. Defendant objects that this request is

improperly compound. Furthermore, this request is argumentative to the extent it requires the

adoption of an improper assumption. Defendant objects to this request on the grounds that it calls

for a legal conclusion. Defendant objects to this request to the extent it seeks disclosure of

confidential and/or proprietary information. Defendant further objects to this request to the extent

that it violates the privacy rights of former and/or current employees, and other third parties who are

not parties to this action, which objection Defendant is obligated to assert on their behalf. Subject to

and without waiving the foregoing and general objections, Defendant responds as follows:

Defendant has been unable to access necessary files and records contained at its main office in

Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In

light of the pandemic, Defendant has had limited resources and personnel to investigate the

circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and

investigation is ongoing and continuing. To the extent that any non-privileged document responsive

to this request that is in Defendant's possession, custody, and control, Defendant agrees to produce

said documents once resource and accessibility issues have been resolved. Defendant further agrees

to supplement the present response to the extent no responsive documents are determined to be

within its possession, custody, or control.

**REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 40**

Please see reason to provide a further response to DFID Nos. 1 and 12 above.

**DDID No. 41**

All DOCUMENTS IDENTIFYING (The term "IDENTIFY" or "IDENTIFYING" shall

mean provide the name, home and work address, work and personal email address, and personal and

work telephone number) each person involved in managing and/or supervising PLAINTIFF'S work

1    during the CLASS PERIOD.

2    **DEFENDANT'S FURTHER RESPONSE TO DFID NO. 41**

3          Defendant incorporates by reference its Preliminary Statement and General Objections as

4    though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

5    in that it fails to specifically describe the items sought with reasonable particularity in violation of

6    section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*.  Defendant further objects

7    to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case.

8    Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining

9    to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative

10   class members.  Defendant further objects on the ground that this request seeks information that is

11   protected by the attorney-client privilege and/or the attorney work-product doctrine.  Defendant

12   further objects to this request on the grounds that it seeks information that is neither relevant nor

13   reasonably calculated to lead to the discovery of admissible evidence.  Furthermore, this request is

14   argumentative to the extent it requires the adoption of an improper assumption.  Defendant objects

15   to this request to the extent it seeks disclosure of confidential and/or proprietary information.

16   Defendant further objects to this request to the extent that it violates the privacy rights of former

17   and/or current employees, and other third parties who are not parties to this action, which objection

18   Defendant is obligated to assert on their behalf.

19   **REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 41**

20         Please see reason to provide a further response to DFID Nos. 1 and 12 above.

21   **DDID No. 42**

22         All DOCUMENTS IDENTIFYING each person involved in managing and/or supervising

23   any of the CLASS MEMBERS' work during the CLASS PERIOD.

24   **DEFENDANT'S FURTHER RESPONSE TO DFID NO. 42**

25         Defendant incorporates by reference its Preliminary Statement and General Objections as

26   though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

27   in that it fails to specifically describe the items sought with reasonable particularity in violation of

28   section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*, and is unlimited in time,

scope, and matter.  Defendant further objects to this request as unduly burdensome, oppressive, and

disproportionate to the needs of the case.  Defendant objects to the definition of "CLASS

MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative

Complaint.  Defendant objects that the putative class is not presently ascertainable in light of

Plaintiff's improper definition contained herein.  Defendant also objects to the definition of

"CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's

employment of Plaintiff's, and/or any purported putative class members.  Defendant further objects

on the ground that this request seeks information that is protected by the attorney-client privilege

and/or the attorney work-product doctrine.  Defendant further objects to this request on the grounds

that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence.  Furthermore, this request is argumentative to the extent it requires the

adoption of an improper assumption.  Defendant objects to this request to the extent it seeks

disclosure of confidential and/or proprietary information.  Defendant further objects to this request

to the extent that it violates the privacy rights of former and/or current employees, and other third

parties who are not parties to this action, which objection Defendant is obligated to assert on their

behalf.  Subject to and without waiving the foregoing and general objections, Defendant responds as

follows: Defendant has been unable to access necessary files and records contained at its main office

in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In

light of the pandemic, Defendant has had limited resources and personnel to investigate the

circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and

investigation is ongoing and continuing.  To the extent that any non-privileged document responsive

to this request that is in Defendant's possession, custody, and control, Defendant agrees to produce

said documents once resource and accessibility issues have been resolved.  Defendant further agrees

to supplement the present response to the extent no responsive documents are determined to be

within its possession, custody, or control.

**REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 42**

Please see reason to provide a further response to DFID Nos. 1 and 12 above.

**DDID No. 43**

Any workplace calendar, daily planner, or any other similar DOCUMENT PLAINTIFF'S supervisor and/or manager maintained containing his or her notes concerning the PLAINTIFF'S working hours.

**DEFENDANT'S FURTHER RESPONSE TO DFID NO. 43**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*, and is unlimited in time, scope, and matter. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant further objects on the ground that this request seeks information that is protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing. To the extent that any non-privileged document responsive to this request that is in Defendant's possession, custody, and control, Defendant agrees to produce said documents once resource and accessibility issues have been resolved. Defendant further agrees to supplement the present response to the extent no responsive documents are determined to be within its possession,

PLAINTIFFS' SSID. ISO MOT. TO COMPEL FURTHER RESP. TO DFID NOS. 1-59

custody, or control.

**REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 43**

Please see reason to provide a further response to DFID Nos. 1 and 12 above.

**DDID No. 44**

Any workplace calendar, daily planner, or any other similar DOCUMENT PLAINTIFF'S supervisor and/or manager maintained containing his or her notes concerning the PLAINTIFF'S work locations.

**DEFENDANT'S FURTHER RESPONSE TO DFID NO. 44**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*, and is unlimited in time, scope, and matter.  Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case.  Defendant further objects on the ground that this request seeks information that is protected by the attorney-client privilege and/or the attorney work-product doctrine.  Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption.  Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information.  Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf.

**REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 44**

Please see reason to provide a further response to DFID Nos. 1 and 12 above.

**DDID No. 45**

All DOCUMENTS that IDENTIFY CLASS MEMBERS.

**DEFENDANT'S FURTHER RESPONSE TO DFID NO. 45**

Defendant incorporates by reference its Preliminary Statement and General Objections as

though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*, and is unlimited in time, scope, and matter.  Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case.  Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint.  Defendant objects that the putative class is not presently ascertainable in light of Plaintiff's improper definition contained herein.  Defendant further objects on the ground that this request seeks information that is protected by the attorney-client privilege and/or the attorney work-product doctrine.  Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption.  Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information.  Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf.

**REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 45**

Please see reason to provide a further response to DFID Nos. 1 and 12 above.

**DDID No. 46**

Any DOCUMENT(S) that best identifies the number of CLASS MEMBERS during the CLASS PERIOD.

**DEFENDANT'S FURTHER RESPONSE TO DFID NO. 46**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*, and is unlimited in time, scope, and matter.  Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case.  Defendant objects to the definition of "CLASS

1   MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative

2   Complaint.  Defendant objects that the putative class is not presently ascertainable in light of

3   Plaintiff's improper definition contained herein.  Defendant also objects to the definition of

4   "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's

5   employment of Plaintiff's, and/or any purported putative class members.  Defendant further objects

6   on the ground that this request seeks information that is protected by the attorney-client privilege

7   and/or the attorney work-product doctrine.  Defendant further objects to this request on the grounds

8   that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

9   admissible evidence.  Furthermore, this request is argumentative to the extent it requires the

10  adoption of an improper assumption.  Defendant objects to this request to the extent it seeks

11  disclosure of confidential and/or proprietary information.  Defendant further objects to this request

12  to the extent that it violates the privacy rights of former and/or current employees, and other third

13  parties who are not parties to this action, which objection Defendant is obligated to assert on their

14  behalf.

15  **REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 46**

16      Please see reason to provide a further response to DFID Nos. 1 and 12 above.

17  **DDID No. 47**

18      Any DOCUMENT(S) that best identifies the number of AGGRIEVED EMPLOYEES (As

19  used herein, the term "AGGRIEVED EMPLOYEES" means all current or former nonexempt

20  employees who worked in California from **September 4, 2018** to the present for the Defendants)

21  during the PAGA PERIOD (As used herein, "PAGA PERIOD" shall mean from September 5, 2018

22  through the present).

23  **DEFENDANT'S FURTHER RESPONSE TO DFID NO. 47**

24      Defendant incorporates by reference its Preliminary Statement and General Objections as

25  though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

26  in that it fails to specifically describe the items sought with reasonable particularity in violation of

27  section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*, and is unlimited in time,

28  scope, and matter.  Defendant further objects to this request as unduly burdensome, oppressive, and

disproportionate to the needs of the case.  Defendant objects to the definition of "AGGRIEVED

EMPLOYEES" as overbroad and outside the scope of the claims alleged in Plaintiff's operative

Complaint.  Defendant objects that the putative aggrieved employees is not presently ascertainable

in light of Plaintiff's improper definition contained herein.  Defendant also objects to the definition

of "PAGA PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's

employment of Plaintiff's, and/or any purported putative aggrieve employees.  Defendant further

objects on the ground that this request seeks information that is protected by the attorney-client

privilege and/or the attorney work-product doctrine.  Defendant further objects to this request on the

grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence.  Furthermore, this request is argumentative to the extent it

requires the adoption of an improper assumption.  Defendant objects to this request to the extent it

seeks disclosure of confidential and/or proprietary information.  Defendant further objects to this

request to the extent that it violates the privacy rights of former and/or current employees, and other

third parties who are not parties to this action, which objection Defendant is obligated to assert on

their behalf.

**REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 47**

Please see reason to provide a further response to DFID Nos. 1 and 12 above.

**DDID No. 48**

Actual copies of all wage and earning statements PLAINTIFF was issued during

PLAINTIFF'S employment with YOU.

**DEFENDANT'S FURTHER RESPONSE TO DFID NO. 48**

Defendant incorporates by reference its Preliminary Statement and General Objections as

though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

in that it fails to specifically describe the items sought with reasonable particularity in violation of

section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*.  Defendant objects to the

phrase "actual copies" as vague, ambiguous, overbroad, and not meaningfully defined.  Defendant

further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs

of the case.  Defendant further objects on the ground that this request seeks information that is

1  protected by the attorney-client privilege and/or the attorney work-product doctrine.  Defendant

2  objects to this request as being propounded solely to harass and annoy in that it is duplicative of

3  Request for Production No. 15.  Subject to and without waiving the foregoing and general

4  objections, Defendant responds as follows: Defendant has been unable to access necessary files and

5  records contained at its main office in Morristown, New Jersey, for several months because of

6  statewide closures due to COVID-19.  In light of the pandemic, Defendant has had limited resources

7  and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action.

8  Accordingly, discovery and investigation is ongoing and continuing.  Defendant agrees to produce

9  any non-privileged documents responsive to this request that are in its possession, custody, and

10 control once resource and accessibility issues have been resolved.

11 **REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 48**

12      Please see reason to provide a further response to DFID Nos. 1 and 12 above.

13 **DDID No. 49**

14      Actual copies of all wage and earning statements CLASS MEMBERS were issued during

15 the CLASS PERIOD.

16 **DEFENDANT'S FURTHER RESPONSE TO DFID NO. 49**

17      Defendant incorporates by reference its Preliminary Statement and General Objections as

18 though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

19 in that it fails to specifically describe the items sought with reasonable particularity in violation of

20 section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*, and is unlimited in time,

21 scope, and matter.  Defendant objects to the phrase "actual copies" as vague, ambiguous, overbroad,

22 and not meaningfully defined.  Defendant further objects to this request as unduly burdensome,

23 oppressive, and disproportionate to the needs of the case.  Defendant objects to the definition of

24 "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's

25 operative Complaint.  Defendant objects that the putative class is not presently ascertainable in light

26 of Plaintiff's improper definition contained herein.  Defendant also objects to the definition of

27 "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's

28 employment of Plaintiff's, and/or any purported putative class members.  Defendant further objects

1  on the ground that this request seeks information that is protected by the attorney-client privilege

2  and/or the attorney work-product doctrine.  Defendant further objects to this request on the grounds

3  that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

4  admissible evidence.  Furthermore, this request is argumentative to the extent it requires the

5  adoption of an improper assumption.  Defendant objects to this request to the extent it seeks

6  disclosure of confidential and/or proprietary information.  Defendant further objects to this request

7  to the extent that it violates the privacy rights of former and/or current employees, and other third

8  parties who are not parties to this action, which objection Defendant is obligated to assert on their

9  behalf.  Subject to and without waiving the foregoing and general objections, Defendant responds as

10  follows: Defendant has been unable to access necessary files and records contained at its main office

11  in Morristown, New Jersey, for several months because of statewide closures due to COVID-19.  In

12  light of the pandemic, Defendant has had limited resources and personnel to investigate the

13  circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and

14  investigation is ongoing and continuing.  Defendant agrees to produce any non-privileged

15  documents responsive to this request that are in its possession, custody, and control once resource

16  and accessibility issues have been resolved and former and/or current employees have permitted

17  release of such a document pursuant to a sanctioned *Belaire-West* notice.  Defendant further agrees

18  to supplement the present response to the extent no responsive documents are determined to be

19  within its possession, custody, or control.

20  **REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 49**

21       Please see reason to provide a further response to DFID Nos. 1 and 12 above.

22  **DDID No. 50**

23       Actual copies of all W-2's PLAINTIFF was issued during PLAINTIFF'S employment with

24  YOU.

25  **DEFENDANT'S FURTHER RESPONSE TO DFID NO. 50**

26       Defendant incorporates by reference its Preliminary Statement and General Objections as

27  though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

28  in that it fails to specifically describe the items sought with reasonable particularity in violation of

section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*.  Defendant objects to the phrase "actual copies" as vague, ambiguous, overbroad, and not meaningfully defined.  Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case.  Defendant further objects on the ground that this request seeks information that is protected by the attorney-client privilege and/or the attorney work-product doctrine.  Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19.  In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.  Defendant agrees to produce any non-privileged documents responsive to this request that are in its possession, custody, and control once resource and accessibility issues have been resolved.

**REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 50**

Please see reason to provide a further response to DFID Nos. 1 and 12 above.

**DDID No. 51**

Actual copies of all W-2's CLASS MEMBERS were issued during the CLASS PERIOD.

**DEFENDANT'S FURTHER RESPONSE TO DFID NO. 51**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*, and is unlimited in time, scope, and matter.  Defendant objects to the phrase "actual copies" as vague, ambiguous, overbroad, and not meaningfully defined.  Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case.  Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint.  Defendant objects that the putative class is not presently ascertainable in light of Plaintiff's improper definition contained herein.  Defendant also objects to the definition of

"CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members.  Defendant further objects on the ground that this request seeks information that is protected by the attorney-client privilege and/or the attorney work-product doctrine.  Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption.  Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information.  Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf.  Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19.  In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.  To the extent that any non-privileged document responsive to this requests is in Defendant's possession, custody, and control, Defendant agrees to produce said documents once resource and accessibility issues have been resolved and former and/or current employees have permitted release of such a document pursuant to a sanctioned *Belaire-West* notice. Defendant further agrees to supplement the present response to the extent no responsive documents are determined to be within its possession, custody, or control.

**REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 51**

Please see reason to provide a further response to DFID Nos. 1 and 12 above.

**DDID No. 52**

All DOCUMENTS that refer to any actions or measures taken by YOU to ensure that CLASS MEMBERS are reimbursed for work related expenses CLASS MEMBERS' incurred during the CLASS PERIOD.

1    **DEFENDANT'S FURTHER RESPONSE TO DFID NO. 52**

2         Defendant incorporates by reference its Preliminary Statement and General Objections as

3    though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

4    in that it fails to specifically describe the items sought with reasonable particularity in violation of

5    section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*, and is unlimited in time,

6    scope, and matter.  Defendant objects to the phrase "any actions or measures" as vague, ambiguous,

7    overbroad, and not meaningfully defined.  Defendant further objects to this request as unduly

8    burdensome, oppressive, and disproportionate to the needs of the case.  Defendant objects to the

9    definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in

10   Plaintiff's operative Complaint.  Defendant objects that the putative class is not presently

11   ascertainable in light of Plaintiff's improper definition contained herein.  Defendant also objects to

12   the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time

13   beyond Defendant's employment of Plaintiff's, and/or any purported putative class members.

14   Defendant further objects on the ground that this request seeks information that is protected by the

15   attorney-client privilege and/or the attorney work-product doctrine.  Defendant further objects to

16   this request on the grounds that it seeks information that is neither relevant nor reasonably

17   calculated to lead to the discovery of admissible evidence.  Furthermore, this request is

18   argumentative to the extent it requires the adoption of an improper assumption.  Defendant objects

19   to this request to the extent it seeks disclosure of confidential and/or proprietary information.

20   Defendant further objects to this request to the extent that it violates the privacy rights of former

21   and/or current employees, and other third parties who are not parties to this action, which objection

22   Defendant is obligated to assert on their behalf.  Subject to and without waiving the foregoing and

23   general objections, Defendant responds as follows: Defendant has been unable to access necessary

24   files and records contained at its main office in Morristown, New Jersey, for several months because

25   of statewide closures due to COVID-19.  In light of the pandemic, Defendant has had limited

26   resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the

27   present action. Accordingly, discovery and investigation is ongoing and continuing.  To the extent

28   that any non-privileged document responsive to this requests is in Defendant's possession, custody,

and control, Defendant agrees to produce said documents once resource and accessibility issues have been resolved and former and/or current employees have permitted release of such a document pursuant to a sanctioned *Belaire-West* notice.  Defendant further agrees to supplement the present response to the extent no responsive documents are determined to be within its possession, custody, or control.

**REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 52**

Please see reason to provide a further response to DFID Nos. 1 and 12 above.

**DDID No. 53**

All DOCUMENTS that evidence any measures taken by YOU during the CLASS PERIOD to ensure that CLASS MEMBERS are paid for all working hours during the workday, including but not limited to for commute time, administrative time, and/or working from home.

**DEFENDANT'S FURTHER RESPONSE TO DFID NO. 53**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*, and is unlimited in time, scope, and matter.  Defendant objects to the phrases "any measures," "commute time," and "administrative time" as vague, ambiguous, overbroad, and not meaningfully defined.  Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case.  Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint.  Defendant objects that the putative class is not presently ascertainable in light of Plaintiff's improper definition contained herein.  Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members.  Defendant further objects on the ground that this request seeks information that is protected by the attorney-client privilege and/or the attorney work-product doctrine.  Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Furthermore,

1  this request is argumentative to the extent it requires the adoption of an improper assumption.

2  Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary

3  information.  Defendant further objects to this request to the extent that it violates the privacy rights

4  of former and/or current employees, and other third parties who are not parties to this action, which

5  objection Defendant is obligated to assert on their behalf.  Subject to and without waiving the

6  foregoing and general objections, Defendant responds as follows: Defendant has been unable to

7  access necessary files and records contained at its main office in Morristown, New Jersey, for

8  several months because of statewide closures due to COVID-19.  In light of the pandemic,

9  Defendant has had limited resources and personnel to investigate the circumstances surrounding

10  Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and

11  continuing.  To the extent that any non-privileged document responsive to this requests is in

12  Defendant's possession, custody, and control, Defendant agrees to produce said documents once

13  resource and accessibility issues have been resolved and former and/or current employees have

14  permitted release of such a document pursuant to a sanctioned *Belaire-West* notice.  Defendant

15  further agrees to supplement the present response to the extent no responsive documents are

16  determined to be within its possession, custody, or control.

17  **REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 53**

18      Please see reason to provide a further response to DFID Nos. 1 and 12 above.

19  **DDID No. 54**

20      All DOCUMENTS evidencing YOUR TRAINING provided to CLASS MEMBERS (As

21  used herein, "TRAINING" includes, for example, training provided to CLASS MEMBERS in the

22  areas of reimbursements for work related expenses incurred by YOUR employees or reporting

23  worktime regarding their wages.)

24  **DEFENDANT'S FURTHER RESPONSE TO DFID NO. 54**

25      Defendant incorporates by reference its Preliminary Statement and General Objections as

26  though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

27  in that it fails to specifically describe the items sought with reasonable particularity in violation of

28  section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*, and is unlimited in time,

1   scope, and matter.  Defendant objects to the definition of "TRAINING" as vague, ambiguous,

2   overbroad, and not meaningfully defined.  Defendant further objects to this request as unduly

3   burdensome, oppressive, and disproportionate to the needs of the case.  Defendant objects to the

4   definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in

5   Plaintiff's operative Complaint.  Defendant objects that the putative class is not presently

6   ascertainable in light of Plaintiff's improper definition contained herein.  Defendant also objects to

7   the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time

8   beyond Defendant's employment of Plaintiff's, and/or any purported putative class members.

9   Defendant further objects on the ground that this request seeks information that is protected by the

10  attorney-client privilege and/or the attorney work-product doctrine.  Defendant further objects to

11  this request on the grounds that it seeks information that is neither relevant nor reasonably

12  calculated to lead to the discovery of admissible evidence.  Furthermore, this request is

13  argumentative to the extent it requires the adoption of an improper assumption.  Defendant objects

14  to this request to the extent it seeks disclosure of confidential and/or proprietary information.

15  Defendant further objects to this request to the extent that it violates the privacy rights of former

16  and/or current employees, and other third parties who are not parties to this action, which objection

17  Defendant is obligated to assert on their behalf.  Subject to and without waiving the foregoing and

18  general objections, Defendant responds as follows: Defendant has been unable to access necessary

19  files and records contained at its main office in Morristown, New Jersey, for several months because

20  of statewide closures due to COVID-19.  In light of the pandemic, Defendant has had limited

21  resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the

22  present action. Accordingly, discovery and investigation is ongoing and continuing.  To the extent

23  that any non-privileged document responsive to this requests is in Defendant's possession, custody,

24  and control, Defendant agrees to produce said documents once resource and accessibility issues

25  have been resolved and former and/or current employees have permitted release of such a document

26  pursuant to a sanctioned *Belaire-West* notice.  Defendant further agrees to supplement the present

27  response to the extent no responsive documents are determined to be within its possession, custody,

28  or control.

PLAINTIFFS' SSID. ISO MOT. TO COMPEL FURTHER RESP. TO DFID NOS. 1-59

**REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 54**

Please see reason to provide a further response to DFID Nos. 1 and 12 above.

**DDID No. 55**

All DOCUMENTS that support YOUR contention that PLAINTIFFS' case cannot be maintained as a representative action.

**DEFENDANT'S FURTHER RESPONSE TO DFID NO. 55**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*, and is unlimited in time, scope. Defendant further objects on the ground that this request seeks information that is protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds it assumes facts not in evidence and calls for a legal conclusion. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent it seeks production of the mental impressions or legal theories of defense counsel. Defendant also objects in so far as Plaintiff attempts to improperly shift her affirmative burden of proof by requiring this Defendant to define and disprove Plaintiff's entire case, and/or prove the negative. Defendant further objects to this request on the grounds that it is unreasonably burdensome, harassing, and oppressive. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf.

**REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 55**

Please see reason to provide a further response to DFID Nos. 1 and 12 above.

**DDID No. 56**

All DOCUMENTS evidencing that YOU included the correct name of the employer on

1    PLAINTIFF's wage statements during the CLASS PERIOD.

2    **DEFENDANT'S FURTHER RESPONSE TO DFID NO. 56**

3            Defendant incorporates by reference its Preliminary Statement and General Objections as

4    though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

5    in that it fails to specifically describe the items sought with reasonable particularity in violation of

6    section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*, and is unlimited in time,

7    scope, and matter.  Defendant further objects to this request as unduly burdensome, oppressive, and

8    disproportionate to the needs of the case.  Defendant also objects to the definition of "CLASS

9    PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's

10   employment of Plaintiff's, and/or any purported putative class members.  Defendant further objects

11   on the ground that this request seeks information that is protected by the attorney-client privilege

12   and/or the attorney work-product doctrine.  Defendant further objects to this request on the grounds

13   that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

14   admissible evidence.  Defendant further objects to this request on the grounds it assumes facts not in

15   evidence and calls for a legal conclusion.  Defendant objects to this request to the extent it seeks

16   disclosure of confidential and/or proprietary information.  Defendant further objects to this request

17   to the extent it seeks production of the mental impressions or legal theories of defense counsel.

18   Defendant also objects in so far as Plaintiff attempts to improperly shift her affirmative burden of

19   proof by requiring this Defendant to define and disprove Plaintiff's entire case, and/or prove the

20   negative.  Defendant further objects to this request on the grounds that it is unreasonably

21   burdensome, harassing, and oppressive.

22   **REASON TO PROVIDE A FURTHER RESPONSE TO DFID NO. 56**

23           Please see reason to provide a further response to DFID Nos. 1 and 12 above.

24   Dated: September 11, 2021                    Law Office of
25                                               Thomas D. Rutledge

26                                        By:    *Thomas D. Rutledge*
                                                /s/Thomas D. Rutledge
27                                              Attorney for the Plaintiffs, *et al.*

28

1

**PROOF OF SERVICE**

2

3  STATE OF CALIFORNIA

   COUNTY OF SAN DIEGO

4

5       I, THOMAS D. RUTLEDGE, the undersigned, am employed in the County of San Diego, State of California; I am over the age of 18 and not a party to the within action; my business address is 113 West G Street, Suite 231, San Diego, California 92101.

6

7       On September 11, 2021, I served the foregoing document(s) described as:

8  **PLAINTIFFS' SEPARATE STATEMENT OF ITEMS IN DISPUTE ISO PLAINTIFFS' MOTION TO COMPEL DEFENDANT COWORX STAFFING SERVICES LLC TO**
9  **PROVIDE FURTHER RESPONSES TO PLAINTIFFS' DEMAND FOR INSPECTION OF DOCUMENT NOS. 1-56 & REQUEST FOR MONETARY SANCTIONS**

10

11  on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:  **See Attached List.**

12  ☒**(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence was
13  deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in San Diego, California.

14

15  ☒(BY EMAIL) I served the foregoing document by email to the abovementioned.

16  ☐(BY PERSONAL SERVICE)   I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

17  ☐(BY FACSIMILE)   I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number:

18

19       Executed September 11, 2021, at San Diego, California.

20       I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

21
                              *THOMAS D. RUTLEDGE*
22                            /s/THOMAS D. RUTLEDGE

23

24

25

26

27

28

1

## SERVICE LIST

2

3
David R. Ongaro, Esquire
1604 Union Street
San Francisco, California 94123

4

5
Attorneys for Defendants

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' SSID. ISO MOT. TO COMPEL FURTHER RESP. TO DFID NOS. 1-59

1  Thomas D. Rutledge (SBN 200497)
   Attorney-at-Law
2  113 West G Street, Suite 231
3  San Diego, California 92101
   Telephone: (619) 886-7224
4  thomasrutledgelaw@gmail.com

5  Kevin F. Woodall (SBN 180650)
6  Woodall Law Offices
   100 Pine Street, Suite 1250
7  San Francisco, California 94111
8  Telephone:   (415) 413-4629
   Facsimile:   (866) 937-4109
9  kevin@kwoodalllaw.com

10
   Attorneys for Plaintiffs
11

12            SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                    COUNTY OF SAN FRANCISCO

14

15  LYSETTE GALVEZ, individually and    )   Case No. CGC-19-578983
    on behalf of those similarly situated,  )
16                                       )   Judge:       Hon. Garrett L. Wong
                                         )   Department:  610
17            Plaintiffs,                )
                                         )   PLAINTIFFS' SEPARATE STATEMENT OF
18                                       )   ITEMS IN DISPUTE ISO PLAINTIFFS' MOTION
                                         )   TO COMPEL DEFENDANT COWORX STAFFING
19      vs.                              )   SERVICES LLC TO PROVIDE FURTHER
                                         )   RESPONSES TO PLAINTIFFS' SPECIAL
20                                       )   INTERROGATORY NOS. 2-9 & REQUEST FOR
    COWORX STAFFING SERVICES            )   MONETARY SANCTIONS
21  LLC, et al.                          )
                                         )   [Discovery Related Issue]
22                                       )
              Defendants.                )   Hearing Date:     Oct. 7, 2021
23                                       )   Hearing Time:     9:00 a.m.
                                         )   Hearing Location: Dept.: 301 (Discovery)
24                                       )
                                         )   Date Complaint Filed: Sept. 4, 2019
25                                       )   Trial Date:  Sept. 2, 2022
                                         )   Discovery Cutoff:  July 19, 2020
26                                       )
                                         )   [Decs. of Thomas D. Rutledge and Kevin Woodall, Not.
27                                       )   of Mot., and MPA filed concurrently herewith]
                                         )
28  _____)

**PLAINTIFFS' SEPARATE STATEMENT OF ITEMS IN DISPUTE**

**SPECIAL INTERROGATORY NO. 1:**

NA.

**SPECIAL INTERROGATORY NO. 2:**

For each CLASS MEMBER (As used herein, the term "CLASS MEMBERS" means all current or former nonexempt employees who worked in California from **September 4, 2015** to the present for YOU.) (As used herein, "YOU" or "YOUR" shall mean **COWORX STAFFING SERVICES LLC**, and its servants, agents, subsidiaries, parent companies, partners, including but not limited to any of the named Defendants in this action, employees, representatives, divisions, attorneys, and anyone else acting on its behalf) employed by YOU in California during the CLASS PERIOD (As used herein, "CLASS PERIOD" shall mean from September 4, 2015 through the present), IDENTIFY (The term "IDENTIFY" or "IDENTIFYING" shall mean provide the name, home and work address, work and personal email address, and personal and work telephone number) each CLASS MEMBER.

**FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though set forth herein full. Defendant objects to this interrogatory as vague, ambiguous, and overbroad in that it is unlimited in time, scope, and matter. Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects to Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members. Defendant further objects to this interrogatory on the ground that it violates *Code of Civil Procedure* section 2030.230 as it calls for a compilation, abstract, or summary of or from documents. Furthermore, this interrogatory is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this interrogatory to the extent that it

seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this interrogatory to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant further objects to this request as improperly compound. Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing and Defendant is presently unable to provide a response to this interrogatory. Defendant agrees to supplement the present response once resource and accessibility issues have been resolved, and former and/or current employees have permitted release of their private information sought in this interrogatory pursuant to a sanctioned *Belaire-West* notice.

**REASON TO PROVIDE FURTHER RESPONSE TO SPEC. INT. NO. 2**

Defendant's boilerplate objections are without merit. First, the discovery terms are not vague, argumentative, irrelevant, compound, or unascertainable, as proven by Defendant CoWorx's partial production of the Class List. Defendant's attorney-client privilege objection cannot apply because Defendant CoWorx has already managed to produce a portion of the Class List. If the remaining portion of the Class List is in possession of only Defendant's former attorneys, Defendant can nevertheless instruct its previous counsel to provide Plaintiffs the remaining portion of the Class List.

As far as Defendant's privacy, sequencing, and confidentiality objections are concerned, Plaintiffs offered to do a *Belaire West* notice process, but Defendant agreed to dispense with this requirement. After all, there is an enforceable protective order in place and Plaintiffs' Counsel are well experienced in knowing how to handle

Class Lists. (See, e.g., *Crab Addison v. Superior Court* (2008) 169 Cal.App.4th 958; *Tierno v. Rite Aid Corp*., 2008 WL 3287035 at *3 (N.D. Cal. July 31, 2008); *McArdle v. AT&T Mobility LLC,* 2010 WL 1532334 at *3-*4 (N.D. Cal. April 16, 2010) [cases requiring defendant-employers to provide class contact information without a *Belaire West* notice process.)

Plaintiffs' need to obtain this information outweighs Defendant's privacy/confidentiality objections because the disclosure of the foregoing information will provide the names and contact information of percipient witnesses to the wage and hour violations Plaintiff here is prosecuting. Plaintiff is the representative for the aggrieved employees in an unpaid wage and hour representative action filed pursuant to the PAGA per Labor Code §§ 2699, *et seq*. seeking to recover PAGA penalties. As such, Plaintiffs essentially stands in the shoes of a California Labor Commissioner's investigation into a company's exposure for civil penalties, giving Plaintiff broad investigative discovery rights. (*Iskanian v. CLS Transportation Los Angeles, LLC,* (2014) 59 Cal.4th 348, at pp. 387 and 394, *cert. denied*, 190 L. Ed. 2d 911, 2015 U.S. LEXIS 735 [holding that "*every* PAGA action," whether seeking penalties as to only one aggrieved employee or as to other employees as well, "is a representative action on behalf of the state."]; *Franco v. Arakelian Enterprises, Inc*. (2015) 234 Cal.App.4th 947.)

In support of its ruling, the *Iskanian* Court compared PAGA claims to *qui tam* actions stating,

> Nothing in the text or legislative history of the FAA nor in the Supreme Court's construction of the statute suggests that the FAA was intended to limit the ability of states to enhance their public enforcement capabilities by enlisting willing employees in qui tam actions. Representative actions under the PAGA, unlike class action suits for damages, do not displace the bilateral arbitration of private disputes between employers and employees over their respective rights and obligations toward each other. Instead, they directly enforce the states interest in penalizing and deterring employers who violate California's labor laws. In crafting the PAGA, the Legislature could have chosen to deputize citizens who were not employees of the defendant employer to prosecute qui tam actions. The Legislature instead chose to limit qui tam plaintiffs to willing employees who had been aggrieved by the employer in order to avoid "private plaintiff abuse."

1  (*Iskanian,* 59 Cal.4th at 314-316.)

2       Moreover, according to the Supreme Court of California, the discovery of the

3  names and contact information of represented employees in PAGA actions is

4  mandatory. (*Williams v. Super. Ct.,* 3 Cal.5th 531 (2017); *Stern v. Superior Court*

5  (2003) 105 Cal.App.4th 223, 232 ["Each party, moreover, must have an opportunity to

6  conduct discovery on class action issues before filing documents to support or oppose

   a class action certification motion . . . so the trial court can realistically determine if

7  common questions are sufficiently pervasive to permit adjudication in a class

8  action."].) By law, plaintiff-employees in a wage and hour PAGA actions have the

9  independent right to ascertain the names and contact information of aggrieved

10 employees to interview them before trial or before filing any dispositive motion.

11 (*Williams*.) Indeed, many courts have held that <u>no</u> *Belaire-West* type notice is

12 required to be issued to putative class members before their contact information is

13 provided to plaintiffs in a wage and hour class action. (See *Crab Addison v. Superior*

14 *Court* (2008) 169 Cal.App.4th 958 [class contact information is available to plaintiffs

15 without a *Belaire-West* notice being required to be sent]; *Pioneer Electronics (USA)*

16 *Inc. v. Super. Ct.* (2007) 40 Cal.4th 360, 372-373.) Plaintiffs believe a *Belaire-West*

17 notice procedure is unnecessary, especially since this is a civil enforcement action per

   PAGA.

18      Accordingly, Defendant must agree to provide a supplemental response with

19 substantive responses, including providing putative Class Members last known email

20 addresses, absent the foregoing objections. To the extent Defendant asserts any

21 privileges, Defendant must provide a privilege log.

22 **SPECIAL INTERROGATORY NO. 3:**

23      For each AGGRIEVED EMPLOYEE (As used herein, the term "AGGRIEVED

24 EMPLOYEES" means all current or former nonexempt employees who worked in

25 California from **September 4, 2018** to the present for the Defendants) employed by

26 YOU in California during the PAGA PERIOD (As used herein, "PAGA PERIOD"

27 shall mean from September 4, 2018 through the present), IDENTIFY each

   AGGRIEVED EMPLOYEE.

28

**FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though set forth herein full. Defendant objects to this interrogatory as vague, ambiguous, and overbroad in that it is unlimited in time, scope, and matter. Defendant objects to the definition of "AGGRIEVED EMPLOYEE" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects to Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant also objects to the definition of "PAGA PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members. Defendant further objects to this interrogatory on the ground that it violates *Code of Civil Procedure* section 2030.230 as it calls for a compilation, abstract, or summary of or from documents. Furthermore, this interrogatory is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this interrogatory to the extent that it seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this interrogatory to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant further objects to this request as improperly compound. Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing and Defendant is presently unable to provide a response to this interrogatory. Defendant agrees to supplement the present response

once resource and accessibility issues have been resolved, and former and/or current employees have permitted release of their private information sought in this interrogatory pursuant to a sanctioned *Belaire-West* notice.

**REASON TO PROVIDE FURTHER RESPONSE TO SPEC. INT. NO. 3**

Please see reasons to provide further response to Special Interrogatory No. 2 above. Moreover, in a PAGA civil enforcement action, in contrast with only a wage and hour class action, a plaintiff-employee has broad standing rights to recover civil PAGA penalties on behalf of all aggrieved employees even if he or she was never negatively affected by the defendant-employer's violation of the Labor Code to which plaintiff-employee seeks PAGA remedies. (*Huff v. Securitas Security Services USA, Inc*. (2018) 23 Cal.App.5th 745 [plaintiff-employee has standing for her PAGA enforcement action because an aggrieved employee need only suffer one or more of the Labor Code violations and can recover penalties for violations the representative plaintiff did not suffer]; see also *Williams*, *supra* at 546 [PAGA standing is satisfied by a plaintiff's *allegation* that one or more violations were committed against him or her—the statute requires nothing more].) This is because a PAGA plaintiff is representing the state of California as a quasi-deputy Labor Commissioner. (*Iskanian*.)

**SPECIAL INTERROGATORY NO. 4:**

Please state the total number of CLASS MEMBERS.

**FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though set forth herein full. Defendant objects to this interrogatory as vague, ambiguous, and overbroad in that it is unlimited in time, scope, and matter. Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects to Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members. Defendant further objects to

this interrogatory on the ground that it violates *Code of Civil Procedure* section 2030.230 as it calls for a compilation, abstract, or summary of or from documents. Furthermore, this interrogatory is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this interrogatory to the extent that it seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this interrogatory to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant further objects to this request as improperly compound. Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing and Defendant is presently unable to provide a response to this interrogatory. Defendant agrees to supplement the present response once resource and accessibility issues have been resolved.

**REASON TO PROVIDE FURTHER RESPONSE TO SPEC. INT. NO. 4**

Please see reasons to provide further response to Special Interrogatory No. 2 above. Moreover, this discovery, which only requires a number and nothing more, has nothing to do with the asserted objections.

**SPECIAL INTERROGATORY NO. 5:**

Please state the total number of AGGRIEVED EMPLOYEES.

**FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though set forth herein full. Defendant objects to this interrogatory as vague, ambiguous, and overbroad in that it is unlimited in time, scope, and matter.

Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects to Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members. Defendant further objects to this interrogatory on the ground that it violates *Code of Civil Procedure* section 2030.230 as it calls for a compilation, abstract, or summary of or from documents. Furthermore, this interrogatory is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this interrogatory to the extent that it seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this interrogatory to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant further objects to this request as improperly compound. Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing and Defendant is presently unable to provide a response to this interrogatory. Defendant agrees to supplement the present response once resource and accessibility issues have been resolved.

**REASON TO PROVIDE FURTHER RESPONSE TO SPEC. INT. NO. 5**

Please see reasons to provide further response to Special Interrogatory No. 2 above. Moreover, this discovery, which only requires a number and nothing more, has

nothing to do with the asserted objections.

**SPECIAL INTERROGATORY NO. 6:**

Provide the starting and ending day for CLASS MEMBERS' WORKWEEK(S) (WORKWEEK shall have the same definition as set forth in California Labor Code § 500(b) and shall mean "any seven consecutive days, starting with the same calendar day each week. "Workweek" is a fixed and regularly recurring period of 168 hours, seven consecutive 24-hour periods).

**FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though set forth herein full. Defendant objects to this interrogatory as vague, ambiguous, and overbroad in that it is unlimited in time, scope, and matter. Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects to Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members. Defendant further objects to this interrogatory on the ground that it violates *Code of Civil Procedure* section 2030.230 as it calls for a compilation, abstract, or summary of or from documents. Furthermore, this interrogatory is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this interrogatory to the extent that it seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this interrogatory to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant further objects to this request as improperly compound. Subject to and without waiving the foregoing and general objections,

Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing and Defendant is presently unable to provide a response to this interrogatory. Defendant agrees to supplement the present response once resource and accessibility issues have been resolved.

**REASON TO PROVIDE FURTHER RESPONSE TO SPEC. INT. NO. 6**

Please see reasons to provide further response to Special Interrogatory No. 2 above. Moreover, this discovery, which only requires providing information normally readily available to any employer and nothing more, has nothing to do with the asserted objections.

**SPECIAL INTERROGATORY NO. 7:**

Provide the start and end time for CLASS MEMBERS' WORKDAY(S) (WORKDAY shall have the same definition as set forth in California Labor Code § 500(a) and shall mean "any consecutive 24-hour period commencing at the same time each calendar day").

**FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though set forth herein full. Defendant objects to this interrogatory as vague, ambiguous, and overbroad in that it is unlimited in time, scope, and matter. Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects to Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members. Defendant further objects to this interrogatory on the ground that it violates *Code of Civil Procedure* section

2030.230 as it calls for a compilation, abstract, or summary of or from documents. Furthermore, this interrogatory is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this interrogatory to the extent that it seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this interrogatory to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant further objects to this request as improperly compound. Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing and Defendant is presently unable to provide a response to this interrogatory. Defendant agrees to supplement the present response once resource and accessibility issues have been resolved.

**REASON TO PROVIDE FURTHER RESPONSE TO SPEC. INT. NO. 7**

Please see reasons to provide further response to Special Interrogatory No. 2 above. Moreover, this discovery, which only requires providing information normally readily available to any employer and nothing more, has nothing to do with the asserted objections.

**SPECIAL INTERROGATORY NO. 8:**

Provide the total number of pay periods that CLASS MEMBERS worked when they worked for YOU.

**FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though set forth herein full. Defendant objects to this interrogatory as

vague, ambiguous, and overbroad in that it is unlimited in time, scope, and matter. Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects to Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members. Defendant further objects to this interrogatory on the ground that it violates *Code of Civil Procedure* section 2030.230 as it calls for a compilation, abstract, or summary of or from documents. Furthermore, this interrogatory is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this interrogatory to the extent that it seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this interrogatory to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant further objects to this request as improperly compound. Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing and Defendant is presently unable to provide a response to this interrogatory. Defendant agrees to supplement the present response once resource and accessibility issues have been resolved.

**REASON TO PROVIDE FURTHER RESPONSE TO SPEC. INT. NO. 8**

Please see reasons to provide further response to Special Interrogatory No. 2

above. Moreover, this discovery, which only requires a number and nothing more, has nothing to do with the asserted objections.

**SPECIAL INTERROGATORY NO. 9:**

Provide the total number of pay periods that AGGRIEVED EMPLOYEES worked when they worked for YOU.

**FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though set forth herein full. Defendant objects to this interrogatory as vague, ambiguous, and overbroad in that it is unlimited in time, scope, and matter. Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects to Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members. Defendant further objects to this interrogatory on the ground that it violates *Code of Civil Procedure* section 2030.230 as it calls for a compilation, abstract, or summary of or from documents. Furthermore, this interrogatory is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this interrogatory to the extent that it seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this interrogatory to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant further objects to this request as improperly compound. Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several

PLAINTIFFS' SSID. ISO MOT. TO COMPEL FURTHER RESP. TO SROGS (SET 1)

months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing and Defendant is presently unable to provide a response to this interrogatory. Defendant agrees to supplement the present response once resource and accessibility issues have been resolved.

**REASON TO PROVIDE FURTHER RESPONSE TO SPEC. INT. NO. 9**

Please see reasons to provide further response to Special Interrogatory No. 2 above. Moreover, this discovery, which only requires a number and nothing more, has nothing to do with the asserted objections.

Dated: September 11, 2021                    Law Office of
                                             Thomas D. Rutledge

                                        By:  *Thomas D. Rutledge*
                                             /s/Thomas D. Rutledge
                                             Attorney for the Plaintiffs, *et al.*

# PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

I, THOMAS D. RUTLEDGE, the undersigned, am employed in the County of San Diego, State of California; I am over the age of 18 and not a party to the within action; my business address is 113 West G Street, Suite 231, San Diego, California 92101.

On September 11, 2021, I served the foregoing document(s) described as:

**PLAINTIFFS' SEPARATE STATEMENT OF ITEMS IN DISPUTE ISO PLAINTIFFS' MOTION TO COMPEL DEFENDANT COWORX STAFFING SERVICES LLC TO PROVIDE FURTHER RESPONSES TO PLAINTIFFS' SPECIAL INTERROGATORY NOS. 2-9 & REQUEST FOR MONETARY SANCTIONS**

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:  **See Attached List.**

☒**(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence was deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in San Diego, California.

☒(BY EMAIL) I served the foregoing document by email to the abovementioned.

☐(BY PERSONAL SERVICE)   I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☐(BY FACSIMILE)   I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number:

Executed September 11, 2021, at San Diego, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*THOMAS D. RUTLEDGE*
/s/THOMAS D. RUTLEDGE

1

## <u>SERVICE LIST</u>

2

David R. Ongaro, Esquire

3
1604 Union Street

4
San Francisco, California 94123

5
Attorneys for Defendants

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' SSID. ISO MOT. TO COMPEL FURTHER RESP. TO SROGS (SET 1)

KEVIN F. WOODALL (SBN 180650)
**WOODALL LAW OFFICES**
100 PINE STREET, SUITE 1250
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 413-4629
FACSIMILE: (866) 937-4109
KEVIN@KWOODALLLAW.COM

THOMAS D. RUTLEDGE (SBN 200497)
ATTORNEY-AT-LAW
113 WEST G STREET, SUITE 231
SAN DIEGO, CALIFORNIA 92101
TELEPHONE:   (619) 886-7224
THOMASRUTLEDGELAW@GMAIL.COM

ATTORNEYS FOR PLAINTIFFS, LYSETTE
GALVEZ AND THOSE SIMILARLY
SITUATED

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

## UNLIMITED JURISDICTION

| | |
|---|---|
| LYSETTE GALVEZ, INDIVIDUALLY AND ON BEHALF OF THOSE SIMILARLY SITUATED,<br><br>    PLAINTIFFS,<br><br>  V.<br><br>COWORX STAFFING SERVICES LLC, a Delaware Corporation; MICHAEL EPSTEIN, an individual; and DOES 1 through 10, inclusive,<br><br>    DEFENDANTS. | CASE NO.  CGC-19-578983<br><br>**DECLARATION OF KEVIN WOODALL IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**<br><br>**Date:  Oct. 7, 2021**<br>**Time: 9:00 a.m.**<br>**Dept:  301 (Discovery)**<br><br>Complaint Filed: September 4, 2019<br>Trial Date: September 6, 2022 |

DECLARATION OF KEVIN WOODALL ISO PLAINTIFF'S MOTION TO COMPEL

I, Kevin Woodall, declare and state as follows:

1. I am an attorney licensed to practice in the State of California and before this Court. I am counsel to Plaintiff Lysette Galvez ("Galvez"), the putative Class, the State of California as a quasi-deputy attorney general and the Aggrieved Employees pursuant to the Private Attorney General Act, Lab. Code §§ 2699, *et seq.* in the above-captioned matter. Except as otherwise indicated, I have personal knowledge of the facts set forth in this declaration.

2. On January 21, 2021, Galvez propounded the First Set of Special Interrogatories and First Set of Document Requests and to Defendant CoWorx Staffing Services LLC ("CoWorx"). Attached hereto as Exhibits 1 and 2 are true and correct copies of the First Set of Special Interrogatories and First Set of Document Requests, respectively.

3. In July, 2020, after multiple extensions, Defendant provided its deficient responses to the First Set of Document Requests and First Set of Special Interrogatories. Attached hereto as Exhibits 3 and 4, respectively, are true and correct copies of CoWorx's Responses to the First Set of Special Interrogatories and First Set of Document Requests, respectively.

4. On July 23, 2020, my co-counsel (Thomas D. Rutledge) and I met and conferred with Defendant's counsel (Sean Kim) and explained why CoWorx's responses to the First Sets of Special Interrogatories and Document Requests were deficient in response to which Mr. Kim agreed to provide further responses.

5. On August 17, 2020, CoWorx provided further responses to Plaintiff's First Set of Interrogatories and First Set of Document Requests. Attached hereto as Exhibits 5 and 6 are true and correct copies of CoWorx's Further Responses to Plaintiff's First Set of Interrogatories and First Set of Document Requests, respectively.

6. On August 18, 2020, CoWorx agreed to provide an indefinite extension regarding Galvez's deadline to file a motion to compel relating to CoWorx's Responses to the First Sets of Interrogatories and Document Requests, as the parties agreed to participate in mediation. Attached hereto as Exhibit 7 is a true and correct copy of an email exchange

1    setting forth the agreed upon indefinite extension.

2        7.  The parties also agreed that if there was a failed mediation, CoWorx would

3    provide the class list, including includes the names, addresses and email addresses of all

4    putative class members, to an administrator (Phoenix Settlement Administrators) for

5    purposes of mailing a *Belaire West* notice.  The parties agreed the class list would be

6    provided within approximately 72 hours of a failed mediation.

7        8.  Although the mediation was originally scheduled to occur in February 2021, the

8    date was extended to July 17, 2021.  After the mediation date, CoWorx requested a two-

9    week extension for further mediation efforts because its general counsel could not attend

10   the mediation on July 17th due to a family emergency, which Galvez granted.  At the end

11   of the two-week extension, CoWorx did not produce the class list to the administrator.

12       9.  In the last few weeks, CoWorx substituted in new attorneys.  In the last couple of

13   weeks, counsel for the parties have met and conferred extensively regarding the class list.

14   CoWorx's new counsel, David Ongaro, agreed to produce the class list directly to

15   Galvez's counsel after signing a protective order.

16       10.     On August 30, 2021, the parties executed a protective order, but CoWorx

17   only produced approximately 10 percent of the names and addresses of putative class

18   members, without email addresses.  Galvez's counsel immediately requested the rest of

19   the class list and email addresses, but CoWorx has not produced it.

20       11.     On or about August 30, 2021, my co-counsel (Thomas D. Rutledge) asked

21   CoWorx's counsel for their availability for a hearing date regarding Galvez's motion to

22   compel.  Mr. Rutledge asked that the availability be provided by September 2, 2021, but

23   opposing counsel has failed to provide any dates of availability for the hearing to date.

24

25

26

27

28

DECLARATION OF KEVIN WOODALL ISO MOTION TO COMPEL

1     I declare under penalty of perjury of the laws of California and the United States that

2  this statement is true and correct to the best of my knowledge. Executed this 10th day of

3  September, 2021, at Corte Madera, California.

4

5                                     _____

6                                        KEVIN WOODALL

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF KEVIN WOODALL ISO MOTION TO COMPEL

EXHIBIT 1

1  Kevin F. Woodall (SBN 180650)
2  Woodall Law Offices
   100 Pine Street, Suite 1250
3  San Francisco, California 94111
   Telephone:  (415) 413-4629
4  Facsimile:  (866) 937-4109
5  kevin@kwoodalllaw.com

6  Attorneys for Plaintiff, LYSETTE GALVEZ and those similarly situated

7               SUPERIOR COURT OF CALIFORNIA

8                 COUNTY OF SAN FRANCSICO

9                  UNLIMITED JURISDICTION

10

11 LYSETTE GALVEZ, individually and on          ) Case No. CGC-19-578983
   behalf of those similarly situated,          )
12                                              ) Judge:        Hon. Garrett L. Wong
              Plaintiffs,                        ) Department:  610
13                                              )
14                                              ) **PLAINTIFFS' SPECIAL**
       vs.                                      ) **INTERROGATORIES TO**
15                                              ) **DEFENDANT COWORX STAFFING**
   COWORX STAFFING SERVICES LLC, a )            **SERVICES LLC (SET ONE)**
16 Delaware Corporation; MICHAEL                )
17 EPSTEIN, an individual; and DOES 1           )
   through 10 inclusive;                        )
18                                              )
19            Defendants.                        ) Date Complaint Filed: September 4, 2019
                                                ) Trial Date:  TBA
20 _____             ) Discovery Cutoff:  TBA

21

22

23

24

25

26

27

28

**PROPOUNDING PARTY:**     **LYSETTE GALVEZ**

**RESPONDING PARTY:**      **COWORX STAFFING SERVICES LLC**

**SET NUMBER:**            **ONE**

**TO DEFENDANT AND ITS ATTORNEY OF RECORD:**

Pursuant to California Code of Civil Procedure § 2030.020, Plaintiffs request that Defendant COWORX STAFFING SERVICES LLC respond, under oath, to the following set of Specially-Prepared Interrogatories within thirty (30) days.

<div align="center"><u>SPECIAL INTERROGATORIES</u></div>

## SPECIAL INTERROGATORY NO. 1:

Identify all persons answering or supplying information in answering these interrogatories.

## SPECIAL INTERROGATORY NO. 2:

For each CLASS MEMBER (As used herein, the term "CLASS MEMBERS" means all current or former nonexempt employees who worked in California from **September 4, 2015** to the present for YOU.) (As used herein, "YOU" or "YOUR" shall mean **COWORX STAFFING SERVICES LLC**, and its servants, agents, subsidiaries, parent companies, partners, including but not limited to any of the named Defendants in this action, employees, representatives, divisions, attorneys, and anyone else acting on its behalf) employed by YOU in California during the CLASS PERIOD (As used herein, "CLASS PERIOD" shall mean from September 4, 2015 through the present), IDENTIFY (As used here, the term "IDENTIFY" or "IDENTIFYING" shall mean provide the name, home and work address, work and personal email address, and personal and work telephone number) each CLASS MEMBER.

## SPECIAL INTERROGATORY NO. 3:

For each AGGRIEVED EMPLOYEE (As used herein, the term "AGGRIEVED EMPLOYEES" means all current or former nonexempt employees who worked in California from **September 4, 2018** to the present for the Defendants) employed by YOU in California during the PAGA PERIOD (As used herein, "PAGA PERIOD" shall mean from

September 4, 2018 through the present), IDENTIFY each AGGRIEVED EMPLOYEE.

**SPECIAL INTERROGATORY NO. 4:**

Please state the total number of CLASS MEMBERS.

**SPECIAL INTERROGATORY NO. 5:**

Please state the total number of AGGRIEVED EMPLOYEES.

**SPECIAL INTERROGATORY NO. 6:**

Provide the starting and ending day for CLASS MEMBERS' WORKWEEK(S) (WORKWEEK shall have the same definition as set forth in California Labor Code § 500(b) and shall mean "any seven consecutive days, starting with the same calendar day each week. "Workweek" is a fixed and regularly recurring period of 168 hours, seven consecutive 24-hour periods).

**SPECIAL INTERROGATORY NO. 7:**

Provide the start and end time for CLASS MEMBERS' WORKDAY(S) (WORKDAY shall have the same definition as set forth in California Labor Code § 500(a) and shall mean "any consecutive 24-hour period commencing at the same time each calendar day").

**SPECIAL INTERROGATORY NO. 8:**

Provide the total number of pay periods that CLASS MEMBERS worked when they worked for YOU.

**SPECIAL INTERROGATORY NO. 9:**

Provide the total number of pay periods that AGGRIEVED EMPLOYEES worked when they worked for YOU.

Dated: January 17, 2020                    WOODALL LAW OFFICES

By: _____

Kevin F. Woodall
Attorneys for Plaintiffs

**PROOF OF SERVICE**

I, Kevin F. Woodall, am a resident of the State of California and over the age of 18, and not a party to the within action; my business address is 100 Pine Street, Suite 1250, San Francisco, CA 94111.

**ON JANUARY 21, 2020, I CAUSED TO BE SERVED THE DOCUMENT(S) DESCRIBED AS:**

Form Interrogatories-General
For Interrogatories-Employment Law
Plaintiff's Special Interrogatories to Defendant Coworx Staffing Services LLC (Set One)
Plaintiff's Demand for Inspection of Documents to Defendant Coworx Staffing Services LLC (Set One)

on the following interested parties at the following address:

Sean M. Kim
Ogletree, Deakins, Nash, Smoak & Stewart P.C.
Park Tower, 695 Town Center Drive, Fifteenth Floor
Costa Mesa, CA 92626
Attorneys for Defendant, Coworx Staffing Services, LLC

☒      (BY MAIL)  I served the foregoing document(s) by U.S. mail.  I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence was deposited with the United States Postal Service this same day in the ordinary course of business at Corte Madera, California.

☐      (BY FACSIMILE)  I transmitted via facsimile, the document(s) listed above to the fax number(s) set forth above on this date from Corte Madera, California.  The transmitting facsimile machine telephone number is (415) 413-4629.

☐      (BY FEDEX GROUND)  I served the foregoing document(s) by placing it in a sealed envelope or container provided by Federal Express, affixing a pre-paid air bill for ground delivery, and causing the envelope or container to be delivered to a Federal Express agent or depositing it in a box or other facility regularly maintained by Federal Express.

☐      (BY PERSONAL DELIVERY)  I caused to be personally delivered the foregoing document(s) to the individual(s) at the address(es) listed above.

☐      (BY EMAIL and E-SERVICE)  I served the foregoing documents by sending them via email to Defendant's counsel listed above.  In addition, One Legal electronically served the documents described above on the recipients designated on the Transaction Receipt (Defendant's counsel listed above) located on the One Legal website (www.onelegal.com) pursuant to the Court's Local Rules authorizing electronic service of the documents.

Executed this January 21, 2020 at Corte Madera, California.

I declare under penalty of perjury under the laws of the State of California and the United States that the above is true and correct.

_____
Kevin F. Woodall

EXHIBIT 2

Kevin F. Woodall (SBN 180650)
Woodall Law Offices
100 Pine Street, Suite 1250
San Francisco, California 94111
Telephone:  (415) 413-4629
Facsimile:   (866) 937-4109
kevin@kwoodalllaw.com

Attorneys for Plaintiff, LYSETTE GALVEZ and those similarly situated

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCSICO

UNLIMITED JURISDICTION

| | |
|---|---|
| LYSETTE GALVEZ, individually and on behalf of those similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>COWORX STAFFING SERVICES LLC, a Delaware Corporation; MICHAEL EPSTEIN, an individual; and DOES 1 through 10 inclusive;<br><br>    Defendants. | Case No. CGC-19-578983<br><br>Judge:         Hon. Garrett L. Wong<br>Department:  610<br><br>**PLAINTIFFS' DEMAND FOR INSPECTION OF DOCUMENTS TO DEFENDANT COWORX STAFFING SERVICES LLC (SET ONE)**<br><br>Date Complaint Filed: September 4, 2019<br>Trial Date:  TBA<br>Discovery Cutoff:  TBA |

**PROPOUNDING PARTY:**  **LYSETTE GALVEZ**

**RESPONDING PARTY:**  **COWORX STAFFING SERVICES LLC**

**SET NUMBER:**    **ONE**

 Pursuant to § 2031.010, *et seq*. of the California Code of Civil Procedure, Defendant COWORX STAFFING SERVICES LLC ("Defendant") is directed to provide documents responsive to each inspection demand to the office of the attorneys of record for Plaintiffs within thirty (30) days of service of this document.

<div align="center">

**I. INSTRUCTIONS**

</div>

A. The documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the paragraph of the document demand to which they are responsive. If more than one copy of any document exists, and if as a result of handwritten additions and notations, or for any other reason, the copies are not identical, each non-identical copy is a separate document and should be separately identified.

B. With respect to each document demand to which a claim of privilege is asserted, contemporaneously with production of a written response to this demand, produce a privilege log that separately states the following:

 (1) A general description of the document;

 (2) Its date;

 (3) The name, business address and present position of its originator(s) and/or author(s) and the name, business address and present position of each recipient or person copied sufficient to establish that the communication was privileged; and

 (4) The basis of any claim of privilege. If work-product immunity is being asserted, identify the proceeding for which the document was prepared.

C. This demand for production calls for all items in the possession of the person to whom this demand is directed, and any of his/her/its present or former agents, employees, attorneys, consultants, fiduciaries and all other person(s)

acting on his/her/its behalf. This demand requires responding party to produce all documents that are in her/his/its possession, custody, or control, whether actual or constructive, including documents that may be in the physical possession of another entity holding the document on behalf of responding party, such as a business or a law firm.

D.    This demand for production calls for production as a separate document any copy or copies of a document that is or are no longer identical by reason of notation or modification of any kind whatsoever.

E.    In the event that any of the demanded documents have been destroyed, lost, discarded, or otherwise disposed of, all such documents shall be identified as completely as possible by specifying:

(1)    the date of disposal;

(2)    the manner of disposal;

(3)    reasons for disposal;

(4)    the person authorizing disposal; and

(5)    the person who disposed of the documents.

F.    If originals are produced, the documents are to be produced in boxes, file folders or bindings, or other containers in which the documents are ordinarily kept, the title, labels, or other descriptions on the boxes, file folders, bindings, or other containers are to be left intact. To the extent that the documents are responsive, but have been previously provided pursuant to another document production in this matter, you do not have to produce these documents so long as you specify the identity of the documents by the bates' number, or if no such number exists, identify the document(s) by name, date, author, and subject.

G.    Unless otherwise specified, the time period covered by this demand shall be from **September 4, 2015** to the date of production of documents in response to

this demand and shall include all documents which relate to such period, even though prepared or published prior to or subsequent to that period.

H.    This demand is a continuing demand for all documents described below and that may hereafter come into the possession, custody, or control of the responding party.

I.    Please bates stamp your response.

## II.    PLAINTIFF'S INSPECTION DEMAND

1.    The PLAINTIFF'S complete PERSONNEL FILE.  (The term "PLAINTIFF" shall mean **LYSETTE GALVEZ**) (The term "PERSONNEL FILE" shall mean and include any and all records maintained either in the normal course of business or for any special purpose with respect to the application, course of employment, and termination of any employee of Defendant, and specifically includes applications, disciplinary notices, performance evaluations, employment histories or summaries, records of residential address and telephone numbers, termination notices, job assignments or classification records, compensation, payroll records, background checks, and other similar records.  The term "PERSONNEL FILE" includes, but is not limited to, all writings within the meaning of Labor Code §§ 226 and 1198.5.)

2.    All DOCUMENTS evidencing PLAINTIFF'S job duties while she worked for YOU, including but not limited to performance appraisals or evaluations, commendations, awards, and/or letters of thanks, background investigations and related disclosure forms, recognition or appreciation or any other similar DOCUMENTS. (As used herein, "YOU" or "YOUR" shall mean **COWORX STAFFING SERVICES LLC**, and its servants, agents, subsidiaries, parent companies, partners, including but not limited to any of the named Defendants in this action, employees, representatives, divisions, attorneys, and anyone else acting on its behalf)(As used herein, the terms "DOCUMENT" or "DOCUMENTS" are used in their customary broad sense and include but are not limited to any kind of written, typewritten, printed, reproduced, recorded or stored material whatsoever, whether printed, recorded or stored electronically, magnetically or otherwise, or reproduced by hand,

including, but without limitation, notes, memoranda, emails, letters, reports, telegrams, telex communications, publications, contracts, recordings, transcriptions of recordings and business records, books of accounts, ledgers, balance sheets, financial statements and all other financial documents of any kind, diaries, telephone logs, telephone bills, appointment books, desk calendars, drafts, working papers, routing slips and similar materials and shall include, without limitation, originals, file copies, and all non-identical duplicates, no matter how produced, prepared, stored, recorded or reproduced. "DOCUMENT" or "DOCUMENTS" includes all associated metadata and ELECTRONICALLY STORED INFORMATION ("ESI") which means all information that is stored in an ELECTRONIC medium as defined by California Code of Civil Procedure § 2016.020(e). The term "ELECTRONIC" means "technology having electric, digital, magnetic, wireless, optical, electromagnetic or similar capabilities as defined in California Code of Civil Procedure § 2016.020(d)." This request is intended to include DOCUMENTS and things which the Defendant (a) owns in whole or in part, (b) has a right by contract, statute or otherwise to use, inspect, examine or copy such DOCUMENT on any terms, (c) has an understanding, express or implied, that it may use, inspect, examine or copy such DOCUMENT on any terms, or (d) has, as a practical matter, been able to use, inspect, examine or copy such DOCUMENT when it has sought to do so.  Such DOCUMENTS shall include, without limitation, DOCUMENTS that are in the custody of the Defendant's attorney(s) or other agents.)

3.    All DOCUMENTS signed by PLAINTIFF concerning PLAINTIFF'S employment with YOU as defined by Labor Code § 432 including but not limited to background investigations and related disclosure forms.

4.    All DOCUMENTS signed by PLAINTIFF in YOUR possession, custody, or control.

5.    The complete contents of any other file or files, other than the PERSONNEL FILE of PLAINTIFF, concerning the PLAINTIFF while PLAINTIFF worked for YOU.

6.    All DOCUMENTS explaining PLAINTIFF'S job duties while PLAINTIFF

1  worked for YOU.

2      7.    All DOCUMENTS evidencing all sources of compensation, including but not

3  limited to descriptions of any commission programs, overtime compensation, vacation,

4  bonus, pension, or retirement plans to which PLAINTIFF was eligible to receive at any time

5  while PLAINTIFF worked for YOU.

6      8.    A full and complete copy of any collective bargaining agreements that

7  governed PLAINTIFF'S employment.

8      9.    All DOCUMENTS evidencing YOUR requirement that PLAINTIFF drive a car

9  while working for YOU.

10      10.    All DOCUMENTS evidencing YOUR requirement that PLAINTIFF had to have

11  a personal cell phone while working for YOU.

12      11.    All DOCUMENTS evidencing YOUR reimbursement policies.

13      12.    All DOCUMENTS evidencing any request made by CLASS MEMBERS (As

14  used herein, the term "CLASS MEMBERS" means all current or former nonexempt

15  employees who worked in California from **September 4, 2015** to the present for YOU.)

16  seeking reimbursement for EMPLOYMENT RELATED EXPENSES (The term

17  "EMPLOYMENT RELATED EXPENSES" shall mean expenses any employee made

18  toward work related expenses, such as mileage, gas, auto repair, auto insurance, cell phones,

19  internet, communications devices, etc.) for which YOU did not pay.

20      13.    All DOCUMENTS evidencing any payment YOU made to any CLASS

21  MEMBER for EMPLOYMENT RELATED EXPENSES during the CLASS PERIOD (As

22  used herein, "CLASS PERIOD" shall mean from September 4, 2015 through the present).

23      14.    All procedures, memoranda, employment/personnel manuals or handbooks,

24  instructional materials, or other DOCUMENTS that evidence YOUR policies and procedures

25  governing employment conditions of any kind applicable to CLASS MEMBERS during the

26  CLASS PERIOD.

27      15.    All DOCUMENTS evidencing PLAINTIFF'S hours worked while PLAINTIFF

28  worked for YOU, including but not limited to PLAINTIFF'S time cards/sheets, schedules, pay

1  records, wage and earning statements, evidence of lunch breaks provided, rest periods, etc.

2      16.    All PAYROLL INFORMATION (As used herein, the term "PAYROLL

3  INFORMATION" is defined as including any computerized and machine-readable

4  databases, reports, and any other type of DOCUMENTS RELATING TO the PLAINTIFFS'

5  part-time or full-time status, permanent or temporary status, casual and/or permanent hire

6  dates, work schedules, initial pay rates, any subsequent pay rates or adjustments (including

7  the dates of such subsequent rates or adjustments), amount and dates of any wages paid,

8  including whether they were regular or overtime wages, total compensation, hours worked,

9  and any other fields compiled for YOUR payroll functions, including providing a key for

10  interpreting any codes used to interpret the data, as well as any DOCUMENTS describing,

11  explaining or pertaining to the methods and techniques used in compiling, editing,

12  modifying or updating computer databases, if any, paystubs and W-2's) for the PLAINTIFF.

13      17.    All PAYROLL INFORMATION for the CLASS MEMBERS.

14      18.    All work schedules identifying the locations (by name and address) at which

15  PLAINTIFF was present for each workday PLAINTIFF worked during the CLASS

16  PERIOD, including but not limited to the date and time PLAINTIFF was present at that

17  location.

18      19.    All work schedules identifying the locations (by name and address) at which

19  CLASS MEMBERS were present for each workday during the CLASS PERIOD, including

20  but not limited to the date and time each CLASS MEMBER was present at that location.

21      20.    All DOCUMENTS, including but not limited to organizational charts or graphs,

22  describing the chain of authority or command above, of equal level, and below the CLASS

23  MEMBERS.

24      21.    All DOCUMENTS evidencing payments YOU made to PLAINTIFF for mileage

25  reimbursements.

26      22.    All DOCUMENTS identified in YOUR response to PLAINTIFF'S first set of

27  form interrogatories-employment.

28      23.    All DOCUMENTS identified in YOUR response to PLAINTIFF'S first set of

form interrogatories-general.

24.    All DOCUMENTS identified in YOUR response to PLAINTIFF'S first set of request for admissions.

25.    All DOCUMENTS identified in YOUR response to PLAINTIFF'S first set of special interrogatories.

26.    All DOCUMENTS that support any affirmative defenses YOU have pleaded or will plead in this action.

27.    All DOCUMENTS, including but not limited to memoranda, handwritten notes, letters, correspondence, policies, and policy numbers pertaining to insurance policies that may cover YOU for damages and/or defense costs related to this action.

28.    All written COMMUNICATIONS between YOU and PLAINTIFF concerning or in any way referring to PLAINTIFF during the CLASS PERIOD. (The terms "COMMUNICATION" or "COMMUNICATIONS" are used in their broadest sense and include, but are not limited to, any transmittal and/or receipt of information, whether oral, written, or verbal or nonverbal, whether such was by chance, prearranged, formal or informal, oral or written, and specifically includes conversations in person, DOCUMENTS, telephone conversations, telegrams, letters or memoranda, formal statements, press releases, emails, texts, social media posts, and newspaper articles.)

29.    All DOCUMENTS evidencing COMMUNICATIONS (whether written, oral or otherwise) between YOU and any person concerning any of PLAINTIFF'S request(s) for PLAINTIFF'S PERSONNEL FILE, including but not limited to any voicemail messages or audio recordings of any kind and this discovery instrument.

30.    All COMMUNICATIONS including but not limited to e-mails exchanged between YOU and any person(s) concerning the PLAINTIFF during the CLASS PERIOD.

31.    All COMMUNICATIONS including but not limited to e-mails exchanged between YOU and any persons regarding YOUR intent to pay CLASS MEMBERS the applicable minimum wage rate as required under the local ordinance in which they were working during the CLASS PERIOD.

32.    All COMMUNICATIONS including but not limited to e-mails exchanged between YOU and any of YOUR supervisorial and/or managerial employees and their subordinates concerning YOUR policies regarding CLASS MEMBERS' use of vehicles during the CLASS PERIOD.

33.    All COMMUNICATIONS including but not limited to e-mails exchanged between YOU and any of YOUR supervisorial and/or managerial employees and their subordinates concerning YOUR reimbursement policies during the CLASS PERIOD.

34.    All COMMUNICATIONS including but not limited to e-mails exchanged between YOU and any of YOUR supervisorial and/or managerial employees and their subordinates concerning YOUR policies regarding overtime during the CLASS PERIOD.

35.    All COMMUNICATIONS evidencing requests made by any CLASS MEMBERS to YOU seeking reimbursement for unpaid wages including but not limited to mileage, travel, vehicle costs, computer, internet, cell phone, telephone, etc..

36.    All COMMUNICATIONS evidencing written or recorded statements obtained from any person concerning any of the allegations contained in PLAINTIFFS' operative Complaint or, if applicable, the predecessor Complaint.

37.    All COMMUNICATIONS between YOU and any state or federal (e.g. Department of Labor) governmental agency regarding claims for unpaid work-related expenses or unpaid wages including but not limited to mileage expenses.

38.    All COMMUNICATIONS that evidence complaints, formal or informal, by any person concerning YOUR failure to pay wages to any of YOUR employees during the last ten years.

39.    All COMMUNICATIONS with any person regarding this case or the allegations contained in PLAINTIFF'S operative Complaint.

40.    All COMMUNICATIONS evidencing questionnaires or statements, signed or completed by any of YOUR current or former employees concerning this litigation.

41.    All DOCUMENTS IDENTIFYING (The term "IDENTIFY" or "IDENTIFYING" shall mean provide the name, home and work address, work and personal

email address, and personal and work telephone number) each person involved in managing and/or supervising PLAINTIFF'S work during the CLASS PERIOD.

42.    All DOCUMENTS IDENTIFYING each person involved in managing and/or supervising any of the CLASS MEMBERS' work during the CLASS PERIOD.

43.    Any workplace calendar, daily planner, or any other similar DOCUMENT PLAINTIFF'S supervisor and/or manager maintained containing his or her notes concerning the PLAINTIFF'S working hours.

44.    Any workplace calendar, daily planner, or any other similar DOCUMENT PLAINTIFF'S supervisor and/or manager maintained containing his or her notes concerning the PLAINTIFF'S work locations.

45.    All DOCUMENTS that IDENTIFY CLASS MEMBERS.

46.    Any DOCUMENT(S) that best identifies the number of CLASS MEMBERS during the CLASS PERIOD.

47.    Any DOCUMENT(S) that best identifies the number of AGGRIEVED EMPLOYEES (As used herein, the term "AGGRIEVED EMPLOYEES" means all current or former nonexempt employees who worked in California from **September 4, 2018** to the present for the Defendants) during the PAGA PERIOD (As used herein, "PAGA PERIOD" shall mean from September 5, 2018 through the present).

48.    Actual copies of all wage and earning statements PLAINTIFF was issued during PLAINTIFF'S employment with YOU.

49.    Actual copies of all wage and earning statements CLASS MEMBERS were issued during the CLASS PERIOD.

50.    Actual copies of all W-2's PLAINTIFF was issued during PLAINTIFF'S employment with YOU.

51.    Actual copies of all W-2's CLASS MEMBERS were issued during the CLASS PERIOD.

52.    All DOCUMENTS that refer to any actions or measures taken by YOU to ensure that CLASS MEMBERS are reimbursed for work related expenses CLASS

1    MEMBERS' incurred during the CLASS PERIOD.

2        53.    All DOCUMENTS that evidence any measures taken by YOU during the

3    CLASS PERIOD to ensure that CLASS MEMBERS are paid for all working hours during

4    the workday, including but not limited to for commute time, administrative time, and/or

5    working from home.

6        54.    All DOCUMENTS evidencing YOUR TRAINING provided to CLASS

7    MEMBERS (As used herein, "TRAINING" includes, for example, training provided to

8    CLASS MEMBERS in the areas of reimbursements for work related expenses incurred by

9    YOUR employees or reporting worktime regarding their wages.)

10       55.    All DOCUMENTS that support YOUR contention that PLAINTIFFS' case

11   cannot be maintained as a representative action.

12       56.    All DOCUMENTS evidencing that YOU included the correct name of the

13   employer on PLAINTIFF's wage statements during the CLASS PERIOD.

14   Dated: January 17, 2020                    WOODALL LAW OFFICES

15

16                                    By: _____

17                                        Kevin F. Woodall
                                           Attorneys for Plaintiffs
18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2

I, Kevin F. Woodall, am a resident of the State of California and over the age of
18, and not a party to the within action; my business address is 100 Pine Street, Suite
1250, San Francisco, CA 94111.

3

4

**ON JANUARY 21, 2020, I CAUSED TO BE SERVED THE DOCUMENT(S) DESCRIBED AS:**

5

Form Interrogatories-General
For Interrogatories-Employment Law
Plaintiff's Special Interrogatories to Defendant Coworx Staffing Services LLC (Set One)
Plaintiff's Demand for Inspection of Documents to Defendant Coworx Staffing Services
LLC (Set One)

6

7

8

on the following interested parties at the following address:

9

Sean M. Kim
Ogletree, Deakins, Nash, Smoak & Stewart P.C.
Park Tower, 695 Town Center Drive, Fifteenth Floor
Costa Mesa, CA 92626
Attorneys for Defendant, Coworx Staffing Services, LLC

10

11

12

☒          (BY MAIL)  I served the foregoing document(s) by U.S. mail.  I am readily
familiar with the business practice for collection and processing of
correspondence for mailing with the United States Postal Service.  This
correspondence was deposited with the United States Postal Service this same day
in the ordinary course of business at Corte Madera, California.

13

14

15

☐          (BY FACSIMILE)  I transmitted via facsimile, the document(s) listed above to
the fax number(s) set forth above on this date from Corte Madera, California.  The
transmitting facsimile machine telephone number is (415) 413-4629.

16

17

☐          (BY FEDEX GROUND)  I served the foregoing document(s) by placing it in a
sealed envelope or container provided by Federal Express, affixing a pre-paid air
bill for ground delivery, and causing the envelope or container to be delivered to a
Federal Express agent or depositing it in a box or other facility regularly
maintained by Federal Express.

18

19

20

☐          (BY PERSONAL DELIVERY)  I caused to be personally delivered the foregoing
document(s) to the individual(s) at the address(es) listed above.

21

22

☐          (BY EMAIL and E-SERVICE)  I served the foregoing documents by sending
them via email to Defendant's counsel listed above.  In addition, One Legal
electronically served the documents described above on the recipients designated
on the Transaction Receipt (Defendant's counsel listed above) located on the One
Legal website (www.onelegal.com) pursuant to the Court's Local Rules
authorizing electronic service of the documents.

23

24

25

Executed this January 21, 2020 at Corte Madera, California.

26

I declare under penalty of perjury under the laws of the State of California and the United
States that the above is true and correct.

27

28

_____
Kevin F. Woodall

_____

PROOF OF SERVICE

EXHIBIT 3

1   Patricia A. Matias, CA Bar No. 254125
    patricia.matias@ogletree.com
2   Sean M. Kim, CA Bar No. 271901
    sean.kim@ogletree.com
3   OGLETREE, DEAKINS, NASH, SMOAK &
    STEWART, P.C.
4   Park Tower, Fifteenth Floor
    695 Town Center Drive
5   Costa Mesa, CA  92626
    Telephone:     714-800-7900
6   Facsimile:     714-754-1298

7   Attorneys for Defendants CoWorx Staffing
    Services LLC and Michael Epstein
8

9               SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                   FOR THE COUNTY OF SAN FRANCISCO

11                        UNLIMITED JURISDICTION

12   LYSETTE GALVEZ, individually and on behalf   Case No. CGC-19-578983
     of those similarly situated,
13                                                **DEFENDANT COWORX STAFFING**
                   Plaintiffs,                    **SERVICES LLC'S RESPONSE TO**
14                                                **PLAINTIFF LYSETTE GALVEZ'S**
           vs.                                    **SPECIAL INTERROGATORIES, SET ONE**
15
     COWORX STAFFING SERVICES LLC, a          [Assigned for all purposes to The Honorable
16   Delaware Corporation; MICHAEL EPSTEIN, an   Garrett L. Wong, Dept. 610]
     individual; and DOES 1 through 10, inclusive,
17
                   Defendants.                    Action Filed:     September 4, 2019
18                                                Trial Date:       None Set

19

20   PROPOUNDING PARTY:          Plaintiff LYSETTE GALVEZ

21   RESPONDING PARTY:           Defendant COWORX STAFFING SERVICES LLC

22   SET NO.:                    ONE (1)

23        Defendant  COWORX  STAFFING  SERVICES  LLC  ("Defendant")  hereby  responds  to

24   Plaintiff LYSETTE GALVEZ's ("Plaintiff") Special Interrogatories, Set One, as follows:

25                                    I.

26                        **PRELIMINARY STATEMENT**

27        Defendant makes these responses solely for the purpose of this action.  Defendant's responses

28   to Plaintiff's Special Interrogatories ("Interrogatories") are made to the best of Defendant's present

Galvez - CoWorx
Staffing s

                                        1

knowledge, information and belief.  The responses are at all times subject to such additional or different information as discovery or further investigation may disclose and, while based on the present state of Defendant's recollection, are subject to such refreshing of recollection, and such additional knowledge of fact, as may result from Defendant's further discovery and/or investigation. Defendant reserves the right to make any use of, or to introduce at any hearing or trial, information and/or documents responsive to the Interrogatories discovered subsequent to the date of this response, including, but not limited to, any such documents or information obtained in discovery herein.

Any information provided in response to these Interrogatories is subject to any and all objections regarding competence, relevance, materiality, propriety and admissibility.  Defendant reserves these objections and any other objections not stated herein that would require the exclusion of any information, if such information is offered as evidence at any time during this action. Defendant may interpose these objections at any time prior to and during the trial of this case. Defendant reserves the right to object on any ground at any time to such other or supplemental interrogatories as Plaintiff may at any time propound involving or relating to the subject matter of the Interrogatories.

Defendant makes no incidental or implied admissions by these responses.  Accordingly, Plaintiff shall not construe Defendant's response or objection to any Interrogatory as Defendant's admission that it accepts or admits the existence of any facts assumed by the Interrogatory, and Plaintiff shall not construe Defendant's response or objection as admissible evidence of any such assumed facts.

## II.

## <u>GENERAL OBJECTIONS</u>

1.    Defendant objects to each Interrogatory that calls for information protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.  Defendant will not provide any such privileged or protected information in response to any Interrogatory that seeks it.

/ / /

Galvez - CoWorx Staffing  s

DEFENDANT COWORX STAFFING SERVICES LLC'S RESPONSE TO
PLAINTIFF LYSETTE GALVEZ'S SPECIAL INTERROGATORIES, SET ONE

2.     Defendant objects to each Interrogatory that seeks confidential or private information regarding individuals who are not parties to this action, the disclosure of which would violate those individuals' right to privacy established and protected by the California Constitution.

3.     Defendant objects to each Interrogatory that seeks the disclosure of confidential, proprietary, or competitively sensitive information of Defendant and/or any parent or subsidiary of any Defendant in this action.

4.     Defendant objects to each Interrogatory that seeks information beyond the applicable statutes of limitations period.

5.     Defendant objects to each Interrogatory that imposes upon Defendant requirements exceeding those set forth in the Code of Civil Procedure.

6.     Defendant objects to each Interrogatory to the extent that it is overbroad, burdensome and oppressive, and the information requested is not reasonably available without undue burden and/or expense.

7.     Defendant objects to each Interrogatory to the extent it seeks information concerning individuals whom Defendant cannot adequately represent in a class, collective, or representative action.

8.     Defendant objects to each Interrogatory to the extent it is overly broad as to the time period and/or the scope of this litigation.

9.     Defendant has not fully completed its investigation of the facts relating to this case, has not completed discovery in this action, and has not completed preparation for trial.  Furthermore, the COVID-19 pandemic has had a dramatic impact on Defendant's business operations and severely limited its' ability to dedicate resources into investigating circumstances surrounding Plaintiff's claims, as well as accessing necessary records and files of Defendant that are located in its' main office in New Jersey that was subject to statewide closure for several months. Therefore, Defendant's responses are based on its knowledge, information and belief at this time.  It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts and documents, add meaning to known facts or documents, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and

Galvez - CoWorx
Staffing s

variations from the facts, admissions and denials herein set forth.  The responses contained herein are made in good faith, but should in no way be to the prejudice of Defendant in relation to further discovery, research or analysis.

The foregoing Preliminary Statement and General Objections are incorporated by reference into each response stated below as though fully set forth in the response, regardless of whether the Preliminary Statement or General Objections are repeated therein.  Plaintiff shall not construe Defendant's response or objection to any Interrogatory as a waiver to that Interrogatory by Defendant of any part of the foregoing Preliminary Statement, General Objections or any other objections reserved herein by Defendant.

**III.**

**SPECIAL INTERROGATORIES AND RESPONSES**

**SPECIAL INTERROGATORY NO. 1:**

Identify all persons answering or supplying information in answering these interrogatories.

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to the interrogatory on the grounds that the term "identify" is vague and ambiguous in that it is undefined. Defendant objects to this interrogatory on the basis that it is overly broad, unduly burdensome, and oppressive. Defendant further objects to this interrogatory on the basis that it seeks information that is beyond the permissible scope of discovery set forth in *Code of Civil Procedure* section 2017.010. Defendant further objects that this interrogatory has been propounded solely to harass and annoy in that it is duplicative of Form Interrogatories-General No. 1.1 concurrently propounded herewith by Plaintiff on Defendant. Defendant also objects to this interrogatory as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing. Subject to and without

waiving the foregoing and general objections, Defendant responds as follows based on its current

knowledge, information, and belief: Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

**SPECIAL INTERROGATORY NO. 2:**

For each CLASS MEMBER (As used herein, the term "CLASS MEMBERS" means all

current or former nonexempt employees who worked in California from **September 4, 2015** to the

present for YOU.) (As used herein, "YOU" or "YOUR" shall mean **COWORX STAFFING**

**SERVICES LLC**, and its servants, agents, subsidiaries, parent companies, partners, including but

not limited to any of the named Defendants in this action, employees, representatives, divisions,

attorneys, and anyone else acting on its behalf) employed by YOU in California during the CLASS

PERIOD (As used herein, "CLASS PERIOD" shall mean from September 4, 2015 through the

present), IDENTIFY (As used here, the term "IDENTIFY" or "IDENTIFYING" shall mean provide

the name, home and work address, work and personal email address, and personal and work

telephone number) each CLASS MEMBER.

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

Defendant incorporates by reference its Preliminary Statement and General Objections as

though set forth herein full. Defendant objects to this interrogatory as vague, ambiguous, and

overbroad in that it is unlimited in time, scope, and matter. Defendant objects to the definition of

"CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's

operative Complaint. Defendant objects to Defendant further objects on the ground that this request

seeks information protected by the attorney-client privilege and/or the attorney work-product

doctrine. Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information

pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported

putative class members. Defendant further objects to this interrogatory on the ground that it

*Code of Civil Procedure* section 2030.230 as it calls for a compilation, abstract, or summary of or

from documents. Furthermore, this interrogatory is argumentative to the extent it requires the

adoption of an improper assumption.  Defendant objects to this interrogatory to the extent that it

seeks information that is neither relevant to the subject matter of this action, nor reasonably

calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the

Galvez - CoWorx
Staffing  s

DEFENDANT COWORX STAFFING SERVICES LLC'S RESPONSE TO
PLAINTIFF LYSETTE GALVEZ'S SPECIAL INTERROGATORIES, SET ONE

extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this interrogatory to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant further objects to this request as improperly compound. Defendant also objects to this interrogatory as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

**SPECIAL INTERROGATORY NO. 3:**

For each AGGRIEVED EMPLOYEE (As used herein, the term "AGGRIEVED EMPLOYEES" means all current or former nonexempt employees who worked in California from **September 4, 2018** to the present for the Defendants) employed by YOU in California during the PAGA PERIOD (As used herein, "PAGA PERIOD" shall mean from September 4, 2018 through the present), IDENTIFY each AGGRIEVED EMPLOYEE.

**RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though set forth herein full. Defendant objects to this interrogatory on the basis that it is overly broad, unduly burdensome and oppressive. Defendant objects to the definition of "AGGRIEVED EMPLOYEES" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects to Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported aggrieved employees. Defendant further objects to this interrogatory on the ground that it violates *Code of Civil Procedure* section 2030.230 as it calls for a compilation, abstract, or summary of or from documents. Furthermore, this interrogatory is argumentative to the extent it requires the adoption of an improper

assumption.  Defendant objects to this interrogatory to the extent that it seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this interrogatory to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant further objects to this request as improperly compound. Defendant further objects that to the extent that Plaintiff improperly seeks information subject to sequencing pursuant to *Code of Civil Procedure* section 2019.020(b). (See *Williams v. Superior Court* (2017) 3 Cal. 5th 531, 552). Defendant also objects to this interrogatory as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

**SPECIAL INTERROGATORY NO. 4:**

Please state the total number of CLASS MEMBERS.

**RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though set forth herein full. Defendant objects to this interrogatory as vague, ambiguous, and overbroad in that it is unlimited in time, scope, and matter. Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects to Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this interrogatory on the ground that it violates *Code of Civil Procedure* section 2030.230 as it calls for a compilation, abstract, or summary of or from documents. Furthermore, this interrogatory is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this interrogatory to the extent that it seeks information that is

neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this interrogatory to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant further objects to this request as improperly compound. Furthermore, Defendant objects that the putative class is not presently ascertainable in light of Plaintiff's improper definition contained herein. Defendant also objects to this interrogatory as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

**SPECIAL INTERROGATORY NO. 5:**

Please state the total number of AGGRIEVED EMPLOYEES.

**RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though set forth herein full. Defendant objects to this interrogatory as vague, ambiguous, and overbroad in that it is unlimited in time, scope, and matter. Defendant objects to the definition of "AGGRIEVED EMPLOYEES" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects to Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this interrogatory on the ground that it violates *Code of Civil Procedure* section 2030.230 as it calls for a compilation, abstract, or summary of or from documents. Furthermore, this interrogatory is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this interrogatory to the extent that it seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the

Galvez - CoWorx
Staffing  s

8

discovery of admissible evidence. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this interrogatory to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant further objects to this request as improperly compound. Defendant further objects that to the extent that Plaintiff improperly seeks information subject to sequencing pursuant to *Code of Civil Procedure* section 2019.020(b). (See *Williams v. Superior Court* (2017) 3 Cal. 5th 531, 552). Furthermore, Defendant objects that the number of aggrieved employees is not presently ascertainable in light of Plaintiff's improper definition contained herein. Defendant also objects to this interrogatory as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

**SPECIAL INTERROGATORY NO. 6:**

Provide the starting and ending day for CLASS MEMBERS' WORKWEEK(S) (WORKWEEK shall have the same definition as set forth in California Labor Code § 500(b) and shall mean "any seven consecutive days, starting with the same calendar day each week. "Workweek" is a fixed and regularly recurring period of 168 hours, seven consecutive 24-hour periods).

**RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though set forth herein full. Defendant objects to this interrogatory as vague, ambiguous, and overbroad in that it is unlimited in time, scope, and matter. Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects to Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product

Galvez - CoWorx
Staffing s

doctrine. Defendant further objects to this interrogatory on the ground that it violates *Code of Civil Procedure* section 2030.230 as it calls for a compilation, abstract, or summary of or from documents. Furthermore, this interrogatory is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this interrogatory to the extent that it seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this interrogatory to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant further objects to this request as improperly compound. Furthermore, Defendant objects that the putative class is not presently ascertainable in light of Plaintiff's improper definition contained herein. Defendant also objects to this interrogatory as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

**SPECIAL INTERROGATORY NO. 7:**

Provide the start and end time for CLASS MEMBERS' WORKDAY(S) (WORKDAY shall have the same definition as set forth in California Labor Code § 500(a) and shall mean "any consecutive 24-hour period commencing at the same time each calendar day").

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though set forth herein full. Defendant objects to this interrogatory as vague, ambiguous, and overbroad in that it is unlimited in time, scope, and matter. Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects to Defendant further objects on the ground that this request

Galvez - CoWorx
Staffing s

seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this interrogatory on the ground that it violates *Code of Civil Procedure* section 2030.230 as it calls for a compilation, abstract, or summary of or from documents. Furthermore, this interrogatory is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this interrogatory to the extent that it seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this interrogatory to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant further objects to this request as improperly compound. Furthermore, Defendant objects that the putative class is not presently ascertainable in light of Plaintiff's improper definition contained herein. Defendant also objects to this interrogatory as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

## SPECIAL INTERROGATORY NO. 8:

Provide the total number of pay periods that CLASS MEMBERS worked when they worked for YOU.

## RESPONSE TO SPECIAL INTERROGATORY NO. 8:

Defendant incorporates by reference its Preliminary Statement and General Objections as though set forth herein full. Defendant objects to this interrogatory as vague, ambiguous, and overbroad in that it is unlimited in time, scope, and matter. Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects to Defendant further objects on the ground that this request

Galvez - CoWorx
Staffing s

11

seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this interrogatory on the ground that it violates *Code of Civil Procedure* section 2030.230 as it calls for a compilation, abstract, or summary of or from documents. Furthermore, this interrogatory is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this interrogatory to the extent that it seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this interrogatory to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant further objects to this request as improperly compound. Furthermore, Defendant objects that the putative class is not presently ascertainable in light of Plaintiff's improper definition contained herein. Defendant also objects to this interrogatory as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

**SPECIAL INTERROGATORY NO. 9:**

Provide the total number of pay periods that AGGRIEVED EMPLOYEES worked when they worked for YOU.

**RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though set forth herein full. Defendant objects to this interrogatory as vague, ambiguous, and overbroad in that it is unlimited in time, scope, and matter. Defendant objects to the definition of "AGGRIEVED EMPLOYEES" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects to Defendant further objects on the ground that

this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this interrogatory on the ground that it violates *Code of Civil Procedure* section 2030.230 as it calls for a compilation, abstract, or summary of or from documents. Furthermore, this interrogatory is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this interrogatory to the extent that it seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this interrogatory to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant further objects to this request as improperly compound. Defendant further objects that to the extent that Plaintiff improperly seeks information subject to sequencing pursuant to *Code of Civil Procedure* section 2019.020(b). (See *Williams v. Superior Court* (2017) 3 Cal. 5th 531, 552). Furthermore, Defendant objects that the number of aggrieved employees is not presently ascertainable in light of Plaintiff's improper definition contained herein. Defendant also objects to this interrogatory as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

///

///

///

Galvez - CoWorx
Staffing  s

13

1

2     DATED:  July 17, 2020                    OGLETREE, DEAKINS, NASH, SMOAK &
                                              STEWART, P.C.

3

4

5                                             By: _____
                                                  Patricia A. Matias
6                                                 Sean M. Kim

7                                             Attorneys for Defendants CoWorx Staffing
                                              Services LLC and Michael Epstein
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27     Galvez - CoWorx
       Staffing  s

28

DEFENDANT COWORX STAFFING SERVICES LLC'S RESPONSE TO
PLAINTIFF LYSETTE GALVEZ'S SPECIAL INTERROGATORIES, SET ONE

**VERIFICATION**
*Galvez, et al. v. CoWorx Staffing Services, LLC, et al.*
**CASE NO.: CGC-19-578983**

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN FRANCISCO**

I, Robert DiMartino, under penalty of perjury, declare as follows:

I am the Chief Human Resources Officer of CoWorx Staffing Services, LLC, a party to this action.  I am authorized to make this verification for, and on behalf of, CoWorx Staffing Services, LLC, and I make this verification for that reason. I have read the foregoing **DEFENDANT COWORX STAFFING SERVICES LLC'S RESPONSE TO PLAINTIFF LYSETTE GALVEZ'S SPECIAL INTERROGATORIES, SET ONE** and know its contents.

I am informed and believe that the facts stated in the foregoing responses are within the knowledge of CoWorx Staffing Services, LLC, but not entirely within my personal knowledge, that there is not one agent or officer of CoWorx Staffing Services, LLC, who has personal knowledge of all such facts, and that the facts stated herein have been assembled by authorized agents and counsel of CoWorx Staffing Services, LLC.

The responses are based upon and therefore necessarily limited by the records and information still in existence, presently recollected, and thus far discovered in the course of preparing these responses. Consequently, CoWorx Staffing Services, LLC reserves the right to make changes to these responses if it appears at any time that inadvertent errors or omissions have been made.

I declare under penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct.

Executed this 17th day of July, 2020, at Morristown, New Jersey.

_____
Robert DiMartino

**PROOF OF SERVICE**
*Lysette Galvez v. CoWorx Staffing Services LLC, et al.*
Case No. CGC-19-578983

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made.  My business address is Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

On July 17, 2020, I served the following document(s):

**DEFENDANT COWORX STAFFING SERVICES LLC'S RESPONSE TO PLAINTIFF LYSETTE GALVEZ'S SPECIAL INTERROGATORIES, SET ONE**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☐   **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒   **BY MAIL:**  I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐   **BY OVERNIGHT DELIVERY:**  I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California.  I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐   **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐   **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

☐   the written confirmation of counsel in this action:

☐   [State Court motion, opposition, or reply only] Code of Civil Procedure section 1005(b):

☒   **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the

Galvez - CoWorx
Staffing s

documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒  **(State)**        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 17, 2020, at Costa Mesa, California.

_____
Sean M. Kim

Galvez - CoWorx
Staffing  s

DEFENDANT COWORX STAFFING SERVICES LLC'S RESPONSE TO
PLAINTIFF LYSETTE GALVEZ'S SPECIAL INTERROGATORIES, SET ONE

1

**SERVICE LIST**

2

Kevin F. Woodall, Esq.                    Attorneys for Plaintiff
3    WOODALL LAW OFFICES                Lysette Galvez and those similarly situated
100 Pine Street, Suite 1250
4    San Francisco, CA  94111
Telephone:     415-413-4629
5    Facsimile:       866-937-4109
kevin@woodalllaw.com
6

7

8                                                                            41763376.1

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Galvez - CoWorx    27
Staffing  s

28

DEFENDANT COWORX STAFFING SERVICES LLC'S RESPONSE TO
PLAINTIFF LYSETTE GALVEZ'S SPECIAL INTERROGATORIES, SET ONE

EXHIBIT 4

1  Patricia A. Matias, CA Bar No. 254125
   patricia.matias@ogletree.com
2  Sean M. Kim CA Bar No. 271901
   sean.kim@ogletree.com
3  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
4  Park Tower, Fifteenth Floor
   695 Town Center Drive
5  Costa Mesa, CA  92626
   Telephone:     714-800-7900
6  Facsimile:     714-754-1298

7  Attorneys for Defendants CoWorx Staffing
   Services LLC and Michael Epstein
8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                 FOR THE COUNTY OF SAN FRANCISCO

11                        UNLIMITED JURISDICTION

12 LYSETTE GALVEZ, individually and on behalf    Case No. CGC-19-578983
   of those similarly situated,
13                                               **DEFENDANT COWORX STAFFING
                Plaintiffs,                       SERVICES LLC'S RESPONSE TO
14                                                PLAINTIFF LYSETTE GALVEZ'S
        vs.                                       DEMAND FOR INSPECTION OF
15                                                DOCUMENTS, SET ONE**
   COWORX STAFFING SERVICES LLC, a
16 Delaware Corporation; MICHAEL EPSTEIN, an    [Assigned for all purposes to The Honorable
   individual; and DOES 1 through 10, inclusive, Garrett L. Wong, Dept. 610]
17
                Defendants.
18                                               Action Filed:     September 4, 2019
                                                 Trial Date:       None Set
19

20

21 PROPOUNDING PARTY:          Plaintiff LYSETTE GALVEZ

22 RESPONDING PARTY:           Defendant COWORX STAFFING SERVICES LLC

23 SET NO.:                    ONE (1)

24      Defendant COWORX STAFFING SERVICES LLC ("Defendant") hereby responds to

25 Plaintiff LYSETTE GALVEZ's ("Plaintiff") Demand for Inspection of Documents, Set One, as

26 follows:

27 / / /

28 / / /

                                        1

# I.

## PRELIMINARY STATEMENT

Defendant makes these responses solely for the purpose of this action. Defendant's responses to Plaintiff's Demand for Inspection of Documents ("Demand") are made to the best of Defendant's present knowledge, information and belief. The responses are at all times subject to such additional or different information as discovery or further investigation may disclose and, while based on the present state of Defendant's recollection, are subject to such refreshing of recollection, and such additional knowledge of fact, as may result from Defendant's further discovery and/or investigation. Defendant reserves the right to make any use of, or to introduce at any hearing or trial, information and/or documents responsive to the Demands discovered subsequent to the date of this response, including, but not limited to, any such documents or information obtained in discovery herein.

Any information provided in response to these Demands is subject to any and all objections regarding competence, relevance, materiality, propriety and admissibility. Defendant reserves these objections and any other objections not stated herein that would require the exclusion of any information, if such information is offered as evidence at any time during this action. Defendant may interpose these objections at any time prior to and during the trial of this case. Defendant reserves the right to object on any ground at any time to such other or supplemental Demands as Plaintiff may at any time propound involving or relating to the subject matter of the Demands.

Defendant makes no incidental or implied admissions by these responses. Accordingly, Plaintiff shall not construe Defendant's response or objection to any Demand as Defendant's admission that it accepts or admits the existence of any facts assumed by the Demand, and Plaintiff shall not construe Defendant's response or objection as admissible evidence of any such assumed facts.

# II.

## GENERAL OBJECTIONS

1.    Defendant objects to each Demand that calls for information protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine. Defendant will not provide any such privileged or protected information in response to any Demand that seeks it.

DEFENDANT COWORX STAFFING SERVICES LLC'S RESPONSE TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

Galvez - CoWorx
Staffing s

2.      Defendant objects to each Demand that seeks confidential or private information regarding individuals who are not parties to this action, the disclosure of which would violate those individuals' right to privacy established and protected by the California Constitution.

3.      Defendant objects to each Demand that seeks the disclosure of confidential, proprietary, or competitively sensitive information of Defendant and/or any parent or subsidiary of any Defendant in this action.

4.      Defendant objects to each Demand that seeks information beyond the applicable statutes of limitations period.

5.      Defendant objects to each Demand that imposes upon Defendant requirements exceeding those set forth in the Code of Civil Procedure.

6.      Defendant objects to each Demand to the extent that it is overbroad, burdensome and oppressive, and the information Demanded is not reasonably available without undue burden and/or expense.

7.      Defendant objects to each Demand to the extent it seeks information concerning individuals whom Defendant cannot adequately represent in a class, collective, or representative action.

8.      Defendant objects to each Demand to the extent it fails to identify with reasonable particularity the type of documents sought from Defendant.

9.      Defendant objects to each Demand to the extent it is overly broad as to the time period and/or the scope of this litigation.

10.      Defendant has not fully completed its investigation of the facts relating to this case, has not completed discovery in this action, and has not completed preparation for trial. Furthermore, the COVID-19 pandemic has had a dramatic impact on Defendant's business operations and severely limited its' ability to dedicate resources into investigating circumstances surrounding Plaintiff's claims, as well as accessing necessary records and files of Defendant that are located in its' main office in New Jersey that was subject to statewide closure for several months. Therefore, Defendant's responses are based on its knowledge, information and belief at this time.  It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts and

Galvez - CoWorx
Staffing s

3

documents, add meaning to known facts or documents, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the facts, admissions and denials herein set forth. The responses contained herein are made in good faith, but should in no way be to the prejudice of Defendant in relation to further discovery, research or analysis.

The foregoing Preliminary Statement and General Objections are incorporated by reference into each response stated below as though fully set forth in the response, regardless of whether the Preliminary Statement or General Objections are repeated therein. Plaintiff shall not construe Defendant's response or objection to any Demand as a waiver to that Demand by Defendant of any part of the foregoing Preliminary Statement, General Objections or any other objections reserved herein by Defendant.

**III.**

**DEMANDS FOR INSPECTION AND RESPONSES**

**DEMAND FOR INSPECTION NO. 1:**

The PLAINTIFF'S complete PERSONNEL FILE. (The term "PLAINTIFF" shall mean **LYSETTE GALVEZ**) (The term "PERSONNEL FILE" shall mean and include any and all records maintained either in the normal course of business or for any special purpose with respect to the application, course of employment, and termination of any employee of Defendant, and specifically includes applications, disciplinary notices, performance evaluations, employment histories or summaries, records of residential address and telephone numbers, termination notices, job assignments or classification records, compensation, payroll records, background checks, and other similar records. The term "PERSONNEL FILE" includes, but is not limited to, all writings within the meaning of Labor Code §§ 226 and 1198.5.)

**RESPONSE TO DEMAND FOR INSPECTION NO. 1:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects

Galvez - CoWorx Staffing s

4

DEFENDANT COWORX STAFFING SERVICES LLC'S RESPONSE TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

to this request as vague, ambiguous, overbroad, and unintelligible in that it provides two alternate definitions for the term "PERSONNEL FILE." Defendant objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this interrogatory to the extent it seeks information that is protected from disclosure under the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to the extent that this request seeks documents equally accessible to Plaintiff and previously produced. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

**DEMAND FOR INSPECTION NO. 2:**

All DOCUMENTS evidencing PLAINTIFF'S job duties while she worked for YOU, including but not limited to performance appraisals or evaluations, commendations, awards, and/or letters of thanks, background investigations and related disclosure forms, recognition or appreciation or any other similar DOCUMENTS.  (As used herein, "YOU" or "YOUR" shall mean **COWORX STAFFING SERVICES LLC**, and its servants, agents, subsidiaries, parent companies, partners, including but not limited to any of the named Defendants in this action, employees, representatives, divisions, attorneys, and anyone else acting on its behalf)(As used herein, the terms "DOCUMENT" or "DOCUMENTS" are used in their customary broad sense and include but are not limited to any kind of written, typewritten, printed, reproduced, recorded or stored material whatsoever, whether printed, recorded or stored electronically, magnetically or otherwise, or reproduced by hand, including, but without limitation, notes, memoranda, emails, letters, reports, telegrams, telex communications, publications, contracts, recordings, transcriptions of recordings and business records, books of accounts, ledgers, balance sheets, financial statements and all other financial

documents of any kind, diaries, telephone logs, telephone bills, appointment books, desk calendars, drafts, working papers, routing slips and similar materials and shall include, without limitation, originals, file copies, and all non-identical duplicates, no matter how produced, prepared, stored, recorded or reproduced.  "DOCUMENT" or "DOCUMENTS" includes all associated metadata and ELECTRONICALLY STORED INFORMATION ("ESI") which means all information that is stored in an ELECTRONIC medium as defined by California Code of Civil Procedure § 2016.020(e). The term "ELECTRONIC" means "technology having electric, digital, magnetic, wireless, optical, electromagnetic or similar capabilities as defined in California Code of Civil Procedure § 2016.020(d)."  This request is intended to include DOCUMENTS and things which the Defendant (a) owns in whole or in part, (b) has a right by contract, statute or otherwise to use, inspect, examine or copy such DOCUMENT on any terms, (c) has an understanding, express or implied, that it may use, inspect, examine or copy such DOCUMENT on any terms, or (d) has, as a practical matter, been able to use, inspect, examine or copy such DOCUMENT when it has sought to do so.  Such DOCUMENTS shall include, without limitation, DOCUMENTS that are in the custody of the Defendant's attorneys) or other agents.)

**RESPONSE TO DEMAND FOR INSPECTION NO. 2:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine.  Defendant objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant further objects to the extent that this request seeks documents equally accessible to Plaintiff and previously produced. Defendant further objects that this request is unintelligible, as phrased. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing

6

DEFENDANT COWORX STAFFING SERVICES LLC'S RESPONSE TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

**REQUEST FOR INSPECTION NO. 3:**

All DOCUMENTS signed by PLAINTIFF concerning PLAINTIFF'S employment with YOU as defined by Labor Code § 432 including but not limited to background investigations and related disclosure forms.

**RESPONSE TO DEMAND FOR INSPECTION NO. 3:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine.  Defendant objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request on the grounds that it calls for a legal conclusion. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

**REQUEST FOR INSPECTION NO. 4:**

All DOCUMENTS signed by PLAINTIFF in YOUR possession, custody, or control.

**RESPONSE TO DEMAND FOR INSPECTION NO. 4:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant further objects that this request has been propounded solely to harass and annoy in that it is duplicative of Request for Production No. 3. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

**REQUEST FOR INSPECTION NO. 5:**

The complete contents of any other file or files, other than the PERSONNEL FILE of PLAINTIFF, concerning the PLAINTIFF while PLAINTIFF worked for YOU.

**RESPONSE TO DEMAND FOR INSPECTION NO. 5:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to

Galvez - CoWorx Staffing s

lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant further objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

**REQUEST FOR INSPECTION NO. 6:**

All DOCUMENTS explaining PLAINTIFF'S job duties while PLAINTIFF worked for YOU.

**RESPONSE TO DEMAND FOR INSPECTION NO. 6:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant further objects to the extent that this request seeks documents equally accessible to Plaintiff and previously produced. Defendant further objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects that this request has been propounded solely to harass and annoy in that it is duplicative of Request for Production, No. 2. Defendant also objects to this request as burdensome

9

and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

**REQUEST FOR INSPECTION NO. 7:**

All DOCUMENTS evidencing all sources of compensation, including but not limited to descriptions of any commission programs, overtime compensation, vacation, bonus, pension, or retirement plans to which PLAINTIFF was eligible to receive at any time while PLAINTIFF worked for YOU.

**RESPONSE TO DEMAND FOR INSPECTION NO. 7:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant further objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

**REQUEST FOR INSPECTION NO. 8:**

A full and complete copy of any collective bargaining agreements that governed PLAINTIFF'S employment.

**RESPONSE TO DEMAND FOR INSPECTION NO. 8:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant further objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

**REQUEST FOR INSPECTION NO. 9:**

All DOCUMENTS evidencing YOUR requirement that PLAINTIFF drive a car while working for YOU.

**RESPONSE TO DEMAND FOR INSPECTION NO. 9:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects

11

on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine.    Defendant objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant further objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to that this request is unintelligible, as written. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

## REQUEST FOR INSPECTION NO. 10:

All DOCUMENTS evidencing YOUR requirement that PLAINTIFF had to have a personal cell phone while working for YOU.

## RESPONSE TO DEMAND FOR INSPECTION NO. 10:

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine.    Defendant objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant further objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to that this request is unintelligible, as written. Defendant also objects to this request as burdensome

and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

**REQUEST FOR INSPECTION NO. 11:**

All DOCUMENTS evidencing YOUR reimbursement policies.

**RESPONSE TO DEMAND FOR INSPECTION NO. 11:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*, and is unlimited in time and scope. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant further objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

**REQUEST FOR INSPECTION NO. 12:**

All DOCUMENTS evidencing any request made by CLASS MEMBERS (As used herein, the term "CLASS MEMBERS" means all current or former nonexempt employees who worked in

Galvez - CoWorx Staffing s

13

DEFENDANT COWORX STAFFING SERVICES LLC'S RESPONSE TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

California from **September 4, 2015** to the present for YOU.) seeking reimbursement for EMPLOYMENT RELATED EXPENSES (The term "EMPLOYMENT RELATED EXPENSES" shall mean expenses any employee made toward work related expenses, such as mileage, gas, auto repair, auto insurance, cell phones, internet, communications devices, etc.) for which YOU did not pay.

**RESPONSE TO DEMAND FOR INSPECTION NO. 12:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Furthermore, Defendant objects that the putative class is not presently ascertainable in light of Plaintiff's improper definition contained herein. Defendant further objects to the definition of "EMPLOYMENT RELATED EXPENSES" as vague, ambiguous, and overbroad. Defendant further objects that this request calls for a legal conclusion. Defendant objects to Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances

Galvez - CoWorx
Staffing  s

14

1  surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is

2  ongoing and continuing.

3  **REQUEST FOR INSPECTION NO. 13:**

4      All DOCUMENTS evidencing any payment YOU made to any CLASS MEMBER for

5  EMPLOYMENT RELATED EXPENSES during the CLASS PERIOD (As used herein, "CLASS

6  PERIOD" shall mean from September 4, 2015 through the present).

7  **RESPONSE TO DEMAND FOR INSPECTION NO. 13:**

8      Defendant incorporates by reference its Preliminary Statement and General Objections as

9  though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

10 in that it fails to specifically describe the items sought with reasonable particularity in violation of

11 section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant objects to the

12 definition of "CLASS MEMBER" as overbroad and outside the scope of the claims alleged in

13 Plaintiff's operative Complaint. Furthermore, Defendant objects that the putative class is not

14 presently ascertainable in light of Plaintiff's improper definition contained herein. Defendant further

15 objects to the definition of "EMPLOYMENT RELATED EXPENSES" as vague, ambiguous, and

16 overbroad. Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information

17 pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported

18 putative class members. Defendant further objects that this request calls for a legal conclusion.

19 Defendant objects to Defendant further objects on the ground that this request seeks information

20 protected by the attorney-client privilege and/or the attorney work-product doctrine.  Furthermore,

21 this request is argumentative to the extent it requires the adoption of an improper assumption.

22 Defendant objects to this request to the extent that it seeks information that is neither relevant to the

23 subject matter of this action, nor reasonably calculated to lead to the discovery of admissible

24 evidence. Defendant objects to this request to the extent it seeks disclosure of confidential and/or

25 proprietary information. Defendant further objects to this request to the extent that it violates the

26 privacy rights of former and/or current employees, and other third parties who are not parties to this

27 action, which objection Defendant is obligated to assert on their behalf. Defendant also objects to

28 this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's

Galvez - CoWorx
Staffing  s

15

DEFENDANT COWORX STAFFING SERVICES LLC'S RESPONSE TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

**REQUEST FOR INSPECTION NO. 14:**

All procedures, memoranda, employment/personnel manuals or handbooks, instructional materials, or other DOCUMENTS that evidence YOUR policies and procedures governing employment conditions of any kind applicable to CLASS MEMBERS during the CLASS PERIOD.

**RESPONSE TO DEMAND FOR INSPECTION NO. 14:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant objects to the definition of "CLASS MEMBER" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Furthermore, Defendant objects that the putative class is not presently ascertainable in light of Plaintiff's improper definition contained herein. Defendant further objects to the definition of "EMPLOYMENT RELATED EXPENSES" as vague, ambiguous, and overbroad. Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members. Defendant further objects that this request calls for a legal conclusion. Defendant objects to Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine.  Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent it seeks disclosure of

Galvez - CoWorx Staffing s

16

DEFENDANT COWORX STAFFING SERVICES LLC'S RESPONSE TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

confidential and/or proprietary information. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

**REQUEST FOR INSPECTION NO. 15:**

All DOCUMENTS evidencing PLAINTIFF'S hours worked while PLAINTIFF worked for YOU, including but not limited to PLAINTIFF'S time cards/sheets, schedules, pay records, wage and earning statements, evidence of lunch breaks provided, rest periods, etc.

**RESPONSE TO DEMAND FOR INSPECTION NO. 15:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant further objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

Galvez - CoWorx
Staffing  s

**REQUEST FOR INSPECTION NO. 16:**

All PAYROLL INFORMATION (As used herein, the term "PAYROLL INFORMATION" is defined as including any computerized and machine-readable databases, reports, and any other type of DOCUMENTS RELATING TO the PLAINTIFFS' part-time or full-time status, permanent or temporary status, casual and/or permanent hire dates, work schedules, initial pay rates, any subsequent pay rates or adjustments (including the dates of such subsequent rates or adjustments), amount and dates of any wages paid, including whether they were regular or overtime wages, total compensation, hours worked, and any other fields compiled for YOUR payroll functions, including providing a key for interpreting any codes used to interpret the data, as well as any DOCUMENTS describing, explaining or pertaining to the methods and techniques used in compiling, editing, modifying or updating computer databases, if any, paystubs and W-2's) for the PLAINTIFF.

**RESPONSE TO DEMAND FOR INSPECTION NO. 16:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to the definition of "PAYROLL INFORMATION" as vague, ambiguous, overbroad. Defendant objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant further objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and

Galvez - CoWorx
Staffing  s

DEFENDANT COWORX STAFFING SERVICES LLC'S RESPONSE TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

1    personal to investigate the circumstances surrounding Plaintiff's claims in the present action.

2    Accordingly, discovery and investigation is ongoing and continuing.

3    **REQUEST FOR INSPECTION NO. 17:**

4        All PAYROLL INFORMATION for the CLASS MEMBERS.

5    **RESPONSE TO DEMAND FOR INSPECTION NO. 17:**

6        Defendant incorporates by reference its Preliminary Statement and General Objections as

7    though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

8    in that it fails to specifically describe the items sought with reasonable particularity in violation of

9    section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*, and is unlimited in time

10   and scope. Defendant further objects to this request as unduly burdensome, oppressive, and

11   disproportionate to the needs of the case. Defendant objects to the definition of "CLASS

12   MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative

13   Complaint. Furthermore, Defendant objects that the putative class is not presently ascertainable in

14   light of Plaintiff's improper definition contained herein. Defendant further objects to the definition

15   of "PAYROLL INFORMATION" as vague, ambiguous, overbroad. Defendant further objects on

16   the ground that this request seeks information protected by the attorney-client privilege and/or the

17   attorney work-product doctrine. Defendant objects to this request to the extent that it seeks

18   information that is neither relevant to the subject matter of this action nor reasonably calculated to

19   lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent

20   it requires the adoption of an improper assumption. Defendant objects to this request to the extent it

21   seeks disclosure of confidential and/or proprietary information. Defendant further objects to this

22   request to the extent that it violates the privacy rights of former and/or current employees, and other

23   third parties who are not parties to this action, which objection Defendant is obligated to assert on

24   their behalf. Defendant also objects to this request as burdensome and harassing in that Plaintiff's

25   counsel has been advised of Defendant's ongoing inability to access necessary files and records

26   contained at its' main office in Morristown, New Jersey, for several months because of statewide

27   closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited

28

Galvez - CoWorx
Staffing  s

DEFENDANT COWORX STAFFING SERVICES LLC'S RESPONSE TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

**REQUEST FOR INSPECTION NO. 18:**

All work schedules identifying the locations (by name and address) at which PLAINTIFF was present for each workday PLAINTIFF worked during the CLASS PERIOD, including but not limited to the date and time PLAINTIFF was present at that location.

**RESPONSE TO DEMAND FOR INSPECTION NO. 18:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members. Defendant objects that this request is improperly compound. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant further objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

Galvez - CoWorx
Staffing s

DEFENDANT COWORX STAFFING SERVICES LLC'S RESPONSE TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

**REQUEST FOR INSPECTION NO. 19:**

All work schedules identifying the locations (by name and address) at which CLASS MEMBERS were present for each workday during the CLASS PERIOD, including but not limited to the date and time each CLASS MEMBER was present at that location.

**RESPONSE TO DEMAND FOR INSPECTION NO. 19:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*, and is unlimited in time and scope. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Furthermore, Defendant objects that the putative class is not presently ascertainable in light of Plaintiff's improper definition contained herein. Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited

21

1  ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's

2  claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

3  **REQUEST FOR INSPECTION NO. 20:**

4      All DOCUMENTS, including but not limited to organizational charts or graphs, describing

5  the chain of authority or command above, of equal level, and below the CLASS MEMBERS.

6  **RESPONSE TO DEMAND FOR INSPECTION NO. 20:**

7      Defendant incorporates by reference its Preliminary Statement and General Objections as

8  though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

9  in that it fails to specifically describe the items sought with reasonable particularity in violation of

10  section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*, and is unlimited in time

11  and scope. Defendant further objects to this request as unduly burdensome, oppressive, and

12  disproportionate to the needs of the case. Defendant objects to the definition of "CLASS

13  MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative

14  Complaint. Furthermore, Defendant objects that the putative class is not presently ascertainable in

15  light of Plaintiff's improper definition contained herein. Defendant further objects on the ground that

16  this request seeks information protected by the attorney-client privilege and/or the attorney work-

17  product doctrine. Defendant objects to this request to the extent that it seeks information that is

18  neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery

19  of admissible evidence. Furthermore, this request is argumentative to the extent it requires the

20  adoption of an improper assumption. Defendant objects to this request to the extent it seeks disclosure

21  of confidential and/or proprietary information. Defendant further objects to this request to the extent

22  that it violates the privacy rights of former and/or current employees, and other third parties who are

23  not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant

24  also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised

25  of Defendant's ongoing inability to access necessary files and records contained at its' main office

26  in Morristown, New Jersey, for several months because of statewide closures due to COVID-19.

27  Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and

28

Galvez - CoWorx Staffing s

DEFENDANT COWORX STAFFING SERVICES LLC'S RESPONSE TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

1   personnel to investigate the circumstances surrounding Plaintiff's claims in the present action.

2   Accordingly, discovery and investigation is ongoing and continuing.

3   **REQUEST FOR INSPECTION NO. 21:**

4          All DOCUMENTS evidencing payments YOU made to PLAINTIFF for mileage

5   reimbursements.

6   **RESPONSE TO DEMAND FOR INSPECTION NO. 21:**

7          Defendant incorporates by reference its Preliminary Statement and General Objections as

8   though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

9   in that it fails to specifically describe the items sought with reasonable particularity in violation of

10  section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects

11  on the ground that this request seeks information protected by the attorney-client privilege and/or the

12  attorney work-product doctrine.  Furthermore, this request is argumentative to the extent it requires

13  the adoption of an improper assumption. Defendant also objects to this request as burdensome and

14  harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access

15  necessary files and records contained at its' main office in Morristown, New Jersey, for several

16  months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in

17  Defendant having limited ability to dedicate resources and personnel to investigate the circumstances

18  surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is

19  ongoing and continuing.

20  **REQUEST FOR INSPECTION NO. 22:**

21         All DOCUMENTS identified in YOUR response to PLAINTIFF'S first set of form

22  interrogatories-employment.

23  **RESPONSE TO DEMAND FOR INSPECTION NO. 22:**

24         Defendant incorporates by reference its Preliminary Statement and General Objections as

25  though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

26  in that it fails to specifically describe the items sought with reasonable particularity in violation of

27  section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects

28  on the ground that this request seeks information protected by the attorney-client privilege and/or the

Galvez - CoWorx
Staffing  s

attorney work-product doctrine.  Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

**REQUEST FOR INSPECTION NO. 23:**

All DOCUMENTS identified in YOUR response to PLAINTIFF'S first set of form interrogatories-general.

**RESPONSE TO DEMAND FOR INSPECTION NO. 23:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine.  Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

**REQUEST FOR INSPECTION NO. 24:**

All DOCUMENTS identified in YOUR response to PLAINTIFF'S first set of request for admissions.

DEFENDANT COWORX STAFFING SERVICES LLC'S RESPONSE TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

Galvez - CoWorx
Staffing  s

**RESPONSE TO DEMAND FOR INSPECTION NO. 24:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine.  Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant further objects that this interrogatory is unintelligible and has been propounded solely to harass and annoy in that it seeks documents pertaining to request for admissions that were not served by Plaintiff. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

**REQUEST FOR INSPECTION NO. 25:**

All DOCUMENTS identified in YOUR response to PLAINTIFF'S first set of special interrogatories.

**RESPONSE TO DEMAND FOR INSPECTION NO. 25:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine.  Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access

necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

**REQUEST FOR INSPECTION NO. 26:**

All DOCUMENTS that support any affirmative defenses YOU have pleaded or will plead in this action.

**RESPONSE TO DEMAND FOR INSPECTION NO. 26:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time and scope. Defendant further objects to this request on the grounds that it is premature as it relates to Defendant's affirmative defenses, which are generally intended to preserve defenses at trial, and insofar as it violates Defendant's right under *Code of Civil Procedure* section 431.30 to file a general denial in response to Plaintiff's unverified Complaint. Defendant further objects to this request because discovery in this matter is continuing and certain of Defendant's denials and/or affirmative defenses will be based, in whole or in part, upon information not presently within Defendant's knowledge, which will be discovered during the course of discovery. Defendant further objects to this request on the grounds that "supporting any" is vague and ambiguous. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds it assumes facts not in evidence and calls for a legal conclusion. Defendant further objects to this request on the grounds that it seeks the confidential and/or proprietary information. Defendant further objects to this request to the extent it seeks production of the mental impressions or legal theories of defense counsel. Defendant further

Galvez - CoWorx
Staffing s

objects to this request on the grounds that it is unreasonably burdensome, harassing, and oppressive. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

**REQUEST FOR INSPECTION NO. 27:**

All DOCUMENTS, including but not limited to memoranda, handwritten notes, letters, correspondence, policies, and policy numbers pertaining to insurance policies that may cover YOU for damages and/or defense costs related to this action.

**RESPONSE TO DEMAND FOR INSPECTION NO. 27:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time, scope, and matter. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and

records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

**REQUEST FOR INSPECTION NO. 28:**

All written COMMUNICATIONS between YOU and PLAINTIFF concerning or in any way referring to PLAINTIFF during the CLASS PERIOD.   (The terms "COMMUNICATION" or "COMMUNICATIONS" are used in their broadest sense and include, but are not limited to, any transmittal and/or receipt of information, whether oral, written, or verbal or nonverbal, whether such was by chance, prearranged, formal or informal, oral or written, and specifically includes conversations in person, DOCUMENTS, telephone conversations, telegrams, letters or memoranda, formal statements, press releases, emails, texts, social media posts, and newspaper articles.)

**RESPONSE TO DEMAND FOR INSPECTION NO. 28:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time, scope, and matter. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine.   Defendant objects to the definition of "COMMUNICATIONS" as vague, ambiguous, overbroad, and not meaningfully defined. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request to the extent it seeks

28

disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

**REQUEST FOR INSPECTION NO. 29:**

All DOCUMENTS evidencing COMMUNICATIONS (whether written, oral or otherwise) between YOU and any person concerning any of PLAINTIFF'S request(s) for PLAINTIFF'S PERSONNEL FILE, including but not limited to any voicemail messages or audio recordings of any kind and this discovery instrument.

**RESPONSE TO DEMAND FOR INSPECTION NO. 29:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time, scope, and matter. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant objects to the definition of "COMMUNICATIONS" as vague, ambiguous, overbroad, and not meaningfully defined. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to

the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

**REQUEST FOR INSPECTION NO. 30:**

All COMMUNICATIONS including but not limited to e-mails exchanged between YOU and any person(s) concerning the PLAINTIFF during the CLASS PERIOD.

**RESPONSE TO DEMAND FOR INSPECTION NO. 30:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time, scope, and matter. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine.  Defendant objects to the definition of "COMMUNICATIONS" as vague, ambiguous, overbroad, and not meaningfully defined. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties

Galvez - CoWorx
Staffing  s

30

who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

**REQUEST FOR INSPECTION NO. 31:**

All COMMUNICATIONS including but not limited to e-mails exchanged between YOU and any persons regarding YOUR intent to pay CLASS MEMBERS the applicable minimum wage rate as required under the local ordinance in which they were working during the CLASS PERIOD.

**RESPONSE TO DEMAND FOR INSPECTION NO. 31:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time, scope, and matter. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects that the putative class is not presently ascertainable in light of Plaintiff's improper definition contained herein. Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine.  Defendant objects to the definition of "COMMUNICATIONS" as vague, ambiguous, overbroad, and not meaningfully defined. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires

the adoption of an improper assumption. Defendant objects to this request on the grounds that it calls for a legal conclusion. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

**REQUEST FOR INSPECTION NO. 32:**

All COMMUNICATIONS including but not limited to e-mails exchanged between YOU and any of YOUR supervisorial and/or managerial employees and their subordinates concerning YOUR policies regarding CLASS MEMBERS' use of vehicles during the CLASS PERIOD.

**RESPONSE TO DEMAND FOR INSPECTION NO. 32:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time, scope, and matter. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects that the putative class is not presently ascertainable in light of Plaintiff's improper definition contained herein. Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney

Galvez - CoWorx Staffing s

32
DEFENDANT COWORX STAFFING SERVICES LLC'S RESPONSE TO PLAINTIFF LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

work-product doctrine.  Defendant objects to the definition of "COMMUNICATIONS" as vague, ambiguous, overbroad, and not meaningfully defined. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request on the grounds that it calls for a legal conclusion. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

**REQUEST FOR INSPECTION NO. 33:**

All COMMUNICATIONS including but not limited to e-mails exchanged between YOU and any of YOUR supervisorial and/or managerial employees and their subordinates concerning YOUR reimbursement policies during the CLASS PERIOD.

**RESPONSE TO DEMAND FOR INSPECTION NO. 33:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time, scope, and matter. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects that the putative class is not presently ascertainable in light of

33

Plaintiff's improper definition contained herein. Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant objects to the definition of "COMMUNICATIONS" as vague, ambiguous, overbroad, and not meaningfully defined. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request on the grounds that it calls for a legal conclusion. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

**REQUEST FOR INSPECTION NO. 34:**

All COMMUNICATIONS including but not limited to e-mails exchanged between YOU and any of YOUR supervisorial and/or managerial employees and their subordinates concerning YOUR policies regarding overtime during the CLASS PERIOD.

**RESPONSE TO DEMAND FOR INSPECTION NO. 34:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time,

Galvez - CoWorx Staffing s

34

DEFENDANT COWORX STAFFING SERVICES LLC'S RESPONSE TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

scope, and matter. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects that the putative class is not presently ascertainable in light of Plaintiff's improper definition contained herein. Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant objects to the definition of "COMMUNICATIONS" as vague, ambiguous, overbroad, and not meaningfully defined. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request on the grounds that it calls for a legal conclusion. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

**REQUEST FOR INSPECTION NO. 35:**

All COMMUNICATIONS evidencing requests made by any CLASS MEMBERS to YOU seeking reimbursement for unpaid wages including but not limited to mileage, travel, vehicle costs, computer, internet, cell phone, telephone, etc..

Galvez - CoWorx Staffing s

**RESPONSE TO DEMAND FOR INSPECTION NO. 35:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time, scope, and matter. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects that the putative class is not presently ascertainable in light of Plaintiff's improper definition contained herein. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine.  Defendant objects to the definition of "COMMUNICATIONS" as vague, ambiguous, overbroad, and not meaningfully defined. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request on the grounds that it calls for a legal conclusion. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

Galvez - CoWorx
Staffing  s

DEFENDANT COWORX STAFFING SERVICES LLC'S RESPONSE TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

**REQUEST FOR INSPECTION NO. 36:**

All COMMUNICATIONS evidencing written or recorded statements obtained from any person concerning any of the allegations contained in PLAINTIFFS' operative Complaint or, if applicable, the predecessor Complaint.

**RESPONSE TO DEMAND FOR INSPECTION NO. 36:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time, scope, and matter. Defendant objects to the definition of "COMMUNICATIONS" as vague, ambiguous, overbroad, and not meaningfully defined. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request on the grounds that it calls for a legal conclusion. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

Galvez - CoWorx
Staffing s

DEFENDANT COWORX STAFFING SERVICES LLC'S RESPONSE TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

## REQUEST FOR INSPECTION NO. 37:

All COMMUNICATIONS between YOU and any state or federal (e.g. Department of Labor) governmental agency regarding claims for unpaid work-related expenses or unpaid wages including but not limited to mileage expenses.

## RESPONSE TO DEMAND FOR INSPECTION NO. 37:

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time, scope, and matter. Defendant objects to the definition of "COMMUNICATIONS" as vague, ambiguous, overbroad, and not meaningfully defined. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects that this request is improperly compound. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

**REQUEST FOR INSPECTION NO. 38:**

All COMMUNICATIONS that evidence complaints, formal or informal, by any person concerning YOUR failure to pay wages to any of YOUR employees during the last ten years.

**RESPONSE TO DEMAND FOR INSPECTION NO. 38:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time, scope, and matter. Defendant objects to the definition of "COMMUNICATIONS" as vague, ambiguous, overbroad, and not meaningfully defined. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine.  Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent this request seeks documents beyond the scope of Plaintiff's employment and requisite statute of limitations. Defendant objects that this request is improperly compound. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

Galvez - CoWorx
Staffing s

DEFENDANT COWORX STAFFING SERVICES LLC'S RESPONSE TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

1  **REQUEST FOR INSPECTION NO. 39:**

2      All COMMUNICATIONS with any person regarding this case or the allegations contained

3  in PLAINTIFF'S operative Complaint.

4  **RESPONSE TO DEMAND FOR INSPECTION NO. 39:**

5      Defendant incorporates by reference its Preliminary Statement and General Objections as

6  though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

7  in that it fails to specifically describe the items sought with reasonable particularity in violation of

8  section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time,

9  scope, and matter. Defendant objects to the definition of "COMMUNICATIONS" as vague,

10  ambiguous, overbroad, and not meaningfully defined. Defendant further objects to this request as

11  unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant further

12  objects on the ground that this request seeks information protected by the attorney-client privilege

13  and/or the attorney work-product doctrine. Defendant further objects to this request on the grounds

14  that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

15  admissible evidence. Defendant further objects to the extent this request seeks documents beyond

16  the scope of Plaintiff's employment and requisite statute of limitations. Defendant objects that this

17  request is improperly compound. Furthermore, this request is argumentative to the extent it requires

18  the adoption of an improper assumption. Defendant objects to this request to the extent it seeks

19  disclosure of confidential and/or proprietary information. Defendant further objects to this request to

20  the extent that it violates the privacy rights of former and/or current employees, and other third parties

21  who are not parties to this action, which objection Defendant is obligated to assert on their behalf.

22  Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has

23  been advised of Defendant's ongoing inability to access necessary files and records contained at its'

24  main office in Morristown, New Jersey, for several months because of statewide closures due to

25  COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate

26  resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present

27  action. Accordingly, discovery and investigation is ongoing and continuing.

28

Galvez - CoWorx
Staffing s

DEFENDANT COWORX STAFFING SERVICES LLC'S RESPONSE TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

**REQUEST FOR INSPECTION NO. 40:**

All COMMUNICATIONS evidencing questionnaires or statements, signed or completed by any of YOUR current or former employees concerning this litigation.

**RESPONSE TO DEMAND FOR INSPECTION NO. 40:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time, scope, and matter. Defendant objects to the definition of "COMMUNICATIONS" as vague, ambiguous, overbroad, and not meaningfully defined. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent this request seeks documents beyond the scope of Plaintiff's employment and requisite statute of limitations. Defendant objects that this request is improperly compound. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

Galvez - CoWorx Staffing s

DEFENDANT COWORX STAFFING SERVICES LLC'S RESPONSE TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

**REQUEST FOR INSPECTION NO. 41:**

All DOCUMENTS IDENTIFYING (The term "IDENTIFY" or "IDENTIFYING" shall mean provide the name, home and work address, work and personal email address, and personal and work telephone number) each person involved in managing and/or supervising PLAINTIFF'S work during the CLASS PERIOD.

**RESPONSE TO DEMAND FOR INSPECTION NO. 41:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

Galvez - CoWorx
Staffing s

DEFENDANT COWORX STAFFING SERVICES LLC'S RESPONSE TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

**REQUEST FOR INSPECTION NO. 42:**

All DOCUMENTS IDENTIFYING each person involved in managing and/or supervising any of the CLASS MEMBERS' work during the CLASS PERIOD.

**RESPONSE TO DEMAND FOR INSPECTION NO. 42:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time, scope, and matter. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects that the putative class is not presently ascertainable in light of Plaintiff's improper definition contained herein. Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and

43

personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

**REQUEST FOR INSPECTION NO. 43:**

Any workplace calendar, daily planner, or any other similar DOCUMENT PLAINTIFF'S supervisor and/or manager maintained containing his or her notes concerning the PLAINTIFF'S working hours.

**RESPONSE TO DEMAND FOR INSPECTION NO. 43:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time, scope, and matter. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

Galvez - CoWorx Staffing s

DEFENDANT COWORX STAFFING SERVICES LLC'S RESPONSE TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

**REQUEST FOR INSPECTION NO. 44:**

Any workplace calendar, daily planner, or any other similar DOCUMENT PLAINTIFF'S supervisor and/or manager maintained containing his or her notes concerning the PLAINTIFF'S work locations.

**RESPONSE TO DEMAND FOR INSPECTION NO. 44:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time, scope, and matter. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

**REQUEST FOR INSPECTION NO. 45:**

All DOCUMENTS that IDENTIFY CLASS MEMBERS.

Galvez - CoWorx
Staffing s

DEFENDANT COWORX STAFFING SERVICES LLC'S RESPONSE TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

**RESPONSE TO DEMAND FOR INSPECTION NO. 45:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time, scope, and matter. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects that the putative class is not presently ascertainable in light of Plaintiff's improper definition contained herein. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

**REQUEST FOR INSPECTION NO. 46:**

Any DOCUMENT(S) that best identifies the number of CLASS MEMBERS during the CLASS PERIOD.

Galvez - CoWorx Staffing s

46

DEFENDANT COWORX STAFFING SERVICES LLC'S RESPONSE TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

**RESPONSE TO DEMAND FOR INSPECTION NO. 46:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time, scope, and matter. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects that the putative class is not presently ascertainable in light of Plaintiff's improper definition contained herein. Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

///

Galvez - CoWorx Staffing s

DEFENDANT COWORX STAFFING SERVICES LLC'S RESPONSE TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

**REQUEST FOR INSPECTION NO. 47:**

Any DOCUMENT(S) that best identifies the number of AGGRIEVED EMPLOYEES (As used herein, the term "AGGRIEVED EMPLOYEES" means all current or former nonexempt employees who worked in California from **September 4, 2018** to the present for the Defendants) during the PAGA PERIOD (As used herein, "PAGA PERIOD shall mean from September 5, 2018 through the present).

**RESPONSE TO DEMAND FOR INSPECTION NO. 47:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time, scope, and matter. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant objects to the definition of "AGGRIEVED EMPLOYEES" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects that the putative aggrieved employees is not presently ascertainable in light of Plaintiff's improper definition contained herein. Defendant also objects to the definition of "PAGA PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative aggrieved employees. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office

1  in Morristown, New Jersey, for several months because of statewide closures due to COVID-19.

2  Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and

3  personnel to investigate the circumstances surrounding Plaintiff's claims in the present action.

4  Accordingly, discovery and investigation is ongoing and continuing.

5  **REQUEST FOR INSPECTION NO. 48:**

6      Actual copies of all wage and earning statements PLAINTIFF was issued during

7  PLAINTIFF'S employment with YOU.

8  **RESPONSE TO DEMAND FOR INSPECTION NO. 48:**

9      Defendant incorporates by reference its Preliminary Statement and General Objections as

10  though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

11  in that it fails to specifically describe the items sought with reasonable particularity in violation of

12  section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant objects to the

13  phrase "actual copies" as vague, ambiguous, overbroad, and not meaningfully defined. Defendant

14  further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs

15  of the case. Defendant further objects on the ground that this request seeks information protected by

16  the attorney-client privilege and/or the attorney work-product doctrine.  Defendant objects to this

17  request as being propounded solely to harass and annoy in that it is duplicative of Request for

18  Production No. 15. Defendant also objects to this request as burdensome and harassing in that

19  Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and

20  records contained at its' main office in Morristown, New Jersey, for several months because of

21  statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having

22  limited ability to dedicate resources and personnel to investigate the circumstances surrounding

23  Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and

24  continuing.

25  **REQUEST FOR INSPECTION NO. 49:**

26      Actual copies of all wage and earning statements CLASS MEMBERS were issued during the

27  CLASS PERIOD.

28

Galvez - CoWorx
Staffing s

DEFENDANT COWORX STAFFING SERVICES LLC'S RESPONSE TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

**RESPONSE TO DEMAND FOR INSPECTION NO. 49:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in scope and matter. Defendant objects to the phrase "actual copies" as vague, ambiguous, overbroad, and not meaningfully defined. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects that the putative class is not presently ascertainable in light of Plaintiff's improper definition contained herein. Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

Galvez - CoWorx
Staffing s

DEFENDANT COWORX STAFFING SERVICES LLC'S RESPONSE TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

**REQUEST FOR INSPECTION NO. 50:**

Actual copies of all W-2's PLAINTIFF was issued during PLAINTIFF'S employment with YOU.

**RESPONSE TO DEMAND FOR INSPECTION NO. 50:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant objects to the phrase "actual copies" as vague, ambiguous, overbroad, and not meaningfully defined. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

**REQUEST FOR INSPECTION NO. 51:**

Actual copies of all W-2's CLASS MEMBERS were issued during the CLASS PERIOD.

**RESPONSE TO DEMAND FOR INSPECTION NO. 51:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in scope and matter. Defendant objects to the phrase "actual copies" as vague, ambiguous, overbroad, and not meaningfully defined. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant objects to the definition of "CLASS

Galvez - CoWorx
Staffing s

51
DEFENDANT COWORX STAFFING SERVICES LLC'S RESPONSE TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects that the putative class is not presently ascertainable in light of Plaintiff's improper definition contained herein. Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

**REQUEST FOR INSPECTION NO. 52:**

All DOCUMENTS that refer to any actions or measures taken by YOU to ensure that CLASS MEMBERS are reimbursed for work related expenses CLASS MEMBERS' incurred during the CLASS PERIOD.

**RESPONSE TO DEMAND FOR INSPECTION NO. 52:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time,

52

DEFENDANT COWORX STAFFING SERVICES LLC'S RESPONSE TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

scope, and matter. Defendant objects to the phrase "any actions or measures" as vague, ambiguous, overbroad, and not meaningfully defined. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects that the putative class is not presently ascertainable in light of Plaintiff's improper definition contained herein. Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

**REQUEST FOR INSPECTION NO. 53:**

All DOCUMENTS that evidence any measures taken by YOU during the CLASS PERIOD to ensure that CLASS MEMBERS are paid for all working hours during the workday, including but not limited to for commute time, administrative time, and/or working from home.

///

Galvez - CoWorx Staffing s

DEFENDANT COWORX STAFFING SERVICES LLC'S RESPONSE TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

**RESPONSE TO DEMAND FOR INSPECTION NO. 53:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time, scope, and matter. Defendant objects to the phrases "any measures," "commute time," and "administrative time" as vague, ambiguous, overbroad, and not meaningfully defined. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects that the putative class is not presently ascertainable in light of Plaintiff's improper definition contained herein. Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

Galvez - CoWorx
Staffing s

DEFENDANT COWORX STAFFING SERVICES LLC'S RESPONSE TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

**REQUEST FOR INSPECTION NO. 54:**

All DOCUMENTS evidencing YOUR TRAINING provided to CLASS MEMBERS (As used herein, "TRAINING" includes, for example, training provided to CLASS MEMBERS in the areas of reimbursements for work related expenses incurred by YOUR employees or reporting worktime regarding their wages.)

**RESPONSE TO DEMAND FOR INSPECTION NO. 54:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time, scope, and matter. Defendant objects to the definition of "TRAINING" as vague, ambiguous, overbroad, and not meaningfully defined. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects that the putative class is not presently ascertainable in light of Plaintiff's improper definition contained herein. Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its'

55

DEFENDANT COWORX STAFFING SERVICES LLC'S RESPONSE TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

Galvez - CoWorx Staffing s

main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

**REQUEST FOR INSPECTION NO. 55:**

All DOCUMENTS that support YOUR contention that PLAINTIFFS' case cannot be maintained as a representative action.

**RESPONSE TO DEMAND FOR INSPECTION NO. 55:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time and scope. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds it assumes facts not in evidence and calls for a legal conclusion. Defendant further objects to this request on the grounds that it seeks the confidential and/or proprietary information. Defendant further objects to this request to the extent it seeks production of the mental impressions or legal theories of defense counsel. Defendant also objects in so far as Plaintiff attempts to improperly shift her affirmative burden of proof by requiring this Defendant to define and disprove Plaintiff's entire case, and/or prove the negative.  Defendant further objects to this request on the grounds that it is unreasonably burdensome, harassing, and oppressive. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant also objects to this request as burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to

Galvez - CoWorx Staffing s

56

DEFENDANT COWORX STAFFING SERVICES LLC'S RESPONSE TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

1  COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate

2  resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present

3  action. Accordingly, discovery and investigation is ongoing and continuing.

4  **REQUEST FOR INSPECTION NO. 56:**

5      All DOCUMENTS evidencing that YOU included the correct name of the employer on

6  PLAINTIFF's wage statements during the CLASS PERIOD.

7  **RESPONSE TO DEMAND FOR INSPECTION NO. 56:**

8      Defendant incorporates by reference its Preliminary Statement and General Objections as

9  though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

10 in that it fails to specifically describe the items sought with reasonable particularity in violation of

11 section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in scope

12 and matter. Defendant further objects to this request as unduly burdensome, oppressive, and

13 disproportionate to the needs of the case. Defendant also objects to the definition of "CLASS

14 PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment

15 of Plaintiff's, and/or any purported putative class members. Defendant further objects on the ground

16 that this request seeks information protected by the attorney-client privilege and/or the attorney

17 work-product doctrine. Defendant further objects to this request on the grounds that it seeks

18 information that is neither relevant nor reasonably calculated to lead to the discovery of admissible

19 evidence. Defendant further objects to this request on the grounds it assumes facts not in evidence

20 and calls for a legal conclusion. Defendant further objects to this request on the grounds that it seeks

21 the confidential and/or proprietary information. Defendant further objects to this request to the extent

22 it seeks production of the mental impressions or legal theories of defense counsel. Defendant also

23 objects in so far as Plaintiff attempts to improperly shift her affirmative burden of proof by requiring

24 this Defendant to define and disprove Plaintiff's entire case, and/or prove the negative.  Defendant

25 further objects to this request on the grounds that it is unreasonably burdensome, harassing, and

26 oppressive. Defendant further objects to this request to the extent that it violates the privacy rights

27 of former and/or current employees, and other third parties who are not parties to this action, which

28 objection Defendant is obligated to assert on their behalf. Defendant also objects to this request as

Galvez - CoWorx Staffing s

57

burdensome and harassing in that Plaintiff's counsel has been advised of Defendant's ongoing inability to access necessary files and records contained at its' main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. Furthermore, the pandemic has resulted in Defendant having limited ability to dedicate resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing.

DATED:  July 17, 2020

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
    Patricia A. Matias
    Sean M. Kim

Attorneys for Defendants CoWorx Staffing Services LLC and Michael Epstein

Galvez - CoWorx
Staffing  s

**PROOF OF SERVICE**
*Lysette Galvez v. CoWorx Staffing Services LLC, et al.*
Case No. CGC-19-578983

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

On July 17, 2020, I served the following document(s):

**DEFENDANT COWORX STAFFING SERVICES LLC'S RESPONSE TO PLAINTIFF LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☐   **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒   **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐   **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐   **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐   **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

      ☐   the written confirmation of counsel in this action:

      ☐   [State Court motion, opposition, or reply only] Code of Civil Procedure section 1005(b):

☒   **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the

Galvez - CoWorx Staffing s

documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒     **(State)**          I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 17, 2020, at Costa Mesa, California.

_____

Sean M. Kim

Galvez - CoWorx
Staffing  s

DEFENDANT COWORX STAFFING SERVICES LLC'S RESPONSE TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

1

**SERVICE LIST**

2

3    Kevin F. Woodall, Esq.                    Attorneys for Plaintiff
     WOODALL LAW OFFICES                       Lysette Galvez and those similarly situated
4    100 Pine Street, Suite 1250
     San Francisco, CA  94111
5    Telephone:    415-413-4629
     Facsimile:    866-937-4109
6    kevin@woodalllaw.com

7

8                                                                           41763132.1

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Galvez - CoWorx    27
Staffing  s

28

---

61

EXHIBIT 5

1  Patricia A. Matias, CA Bar No. 254125
   patricia.matias@ogletree.com
2  Sean M. Kim, CA Bar No. 271901
   sean.kim@ogletree.com
3  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
4  Park Tower, Fifteenth Floor
   695 Town Center Drive
5  Costa Mesa, CA  92626
   Telephone:     714-800-7900
6  Facsimile:     714-754-1298

7  Attorneys for Defendants CoWorx Staffing
   Services LLC and Michael Epstein
8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              FOR THE COUNTY OF SAN FRANCISCO

11                    UNLIMITED JURISDICTION

12 | LYSETTE GALVEZ, individually and on behalf | Case No. CGC-19-578983
   | of those similarly situated,

13 |                                            | **DEFENDANT COWORX STAFFING**
   |                  Plaintiffs,               | **SERVICES LLC'S FURTHER**
14 |                                            | **RESPONSES TO PLAINTIFF LYSETTE**
   |          vs.                               | **GALVEZ'S SPECIAL**
15 |                                            | **INTERROGATORIES, SET ONE**
16 | COWORX STAFFING SERVICES LLC, a            |
   | Delaware Corporation; MICHAEL EPSTEIN, an  | [Assigned for all purposes to The Honorable
   | individual; and DOES 1 through 10, inclusive, | Garrett L. Wong, Dept. 610]
17 |
18 |                  Defendants.               | Action Filed:     September 4, 2019
   |                                            | Trial Date:       None Set
19

20 PROPOUNDING PARTY:          Plaintiff LYSETTE GALVEZ

21 RESPONDING PARTY:           Defendant COWORX STAFFING SERVICES LLC

22 SET NO.:                    ONE (1) - FURTHER

23        Defendant COWORX STAFFING SERVICES LLC ("Defendant") hereby provides further

24 responses to Plaintiff LYSETTE GALVEZ's ("Plaintiff") Special Interrogatories, Set One, as

25 follows:

26

27

28

43908070_1.docx

                                      1
        DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO
        PLAINTIFF LYSETTE GALVEZ'S SPECIAL INTERROGATORIES, SET ONE

# I.

## **PRELIMINARY STATEMENT**

Defendant makes these responses solely for the purpose of this action. Defendant's responses to Plaintiff's Special Interrogatories ("Interrogatories") are made to the best of Defendant's present knowledge, information and belief. The responses are at all times subject to such additional or different information as discovery or further investigation may disclose and, while based on the present state of Defendant's recollection, are subject to such refreshing of recollection, and such additional knowledge of fact, as may result from Defendant's further discovery and/or investigation. Defendant reserves the right to make any use of, or to introduce at any hearing or trial, information and/or documents responsive to the Interrogatories discovered subsequent to the date of this response, including, but not limited to, any such documents or information obtained in discovery herein.

Any information provided in response to these Interrogatories is subject to any and all objections regarding competence, relevance, materiality, propriety and admissibility. Defendant reserves these objections and any other objections not stated herein that would require the exclusion of any information, if such information is offered as evidence at any time during this action. Defendant may interpose these objections at any time prior to and during the trial of this case. Defendant reserves the right to object on any ground at any time to such other or supplemental interrogatories as Plaintiff may at any time propound involving or relating to the subject matter of the Interrogatories.

Defendant makes no incidental or implied admissions by these responses. Accordingly, Plaintiff shall not construe Defendant's response or objection to any Interrogatory as Defendant's admission that it accepts or admits the existence of any facts assumed by the Interrogatory, and Plaintiff shall not construe Defendant's response or objection as admissible evidence of any such assumed facts.

43908070_1.docx

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO
PLAINTIFF LYSETTE GALVEZ'S SPECIAL INTERROGATORIES, SET ONE

## II.

## **GENERAL OBJECTIONS**

1.    Defendant objects to each Interrogatory that calls for information protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.  Defendant will not provide any such privileged or protected information in response to any Interrogatory that seeks it.

2.    Defendant objects to each Interrogatory that seeks confidential or private information regarding individuals who are not parties to this action, the disclosure of which would violate those individuals' right to privacy established and protected by the California Constitution.

3.    Defendant objects to each Interrogatory that seeks the disclosure of confidential, proprietary, or competitively sensitive information of Defendant and/or any parent or subsidiary of any Defendant in this action.

4.    Defendant objects to each Interrogatory that seeks information beyond the applicable statutes of limitations period.

5.    Defendant objects to each Interrogatory that imposes upon Defendant requirements exceeding those set forth in the Code of Civil Procedure.

6.    Defendant objects to each Interrogatory to the extent that it is overbroad, burdensome and oppressive, and the information requested is not reasonably available without undue burden and/or expense.

7.    Defendant objects to each Interrogatory to the extent it seeks information concerning individuals whom Defendant cannot adequately represent in a class, collective, or representative action.

8.    Defendant objects to each Interrogatory to the extent it is overly broad as to the time period and/or the scope of this litigation.

9.    Defendant has not fully completed its investigation of the facts relating to this case, has not completed discovery in this action, and has not completed preparation for trial.  Furthermore, the COVID-19 pandemic has had a dramatic impact on Defendant's business operations and severely limited its ability to dedicate resources into investigating circumstances surrounding Plaintiff's

43908070_1.docx

3

claims, as well as accessing necessary records and files of Defendant that are located in its main office in New Jersey that was subject to statewide closure for several months. Therefore, Defendant's responses are based on its knowledge, information and belief at this time. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts and documents, add meaning to known facts or documents, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the facts, admissions and denials herein set forth. The responses contained herein are made in good faith, but should in no way be to the prejudice of Defendant in relation to further discovery, research or analysis.

The foregoing Preliminary Statement and General Objections are incorporated by reference into each response stated below as though fully set forth in the response, regardless of whether the Preliminary Statement or General Objections are repeated therein. Plaintiff shall not construe Defendant's response or objection to any Interrogatory as a waiver to that Interrogatory by Defendant of any part of the foregoing Preliminary Statement, General Objections or any other objections reserved herein by Defendant.

**III.**

**SPECIAL INTERROGATORIES AND RESPONSES**

**SPECIAL INTERROGATORY NO. 1:**

Identify all persons answering or supplying information in answering these interrogatories.

**FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to the interrogatory on the grounds that the term "identify" is vague and ambiguous in that it is undefined. Defendant objects to this interrogatory on the basis that it is overly broad, unduly burdensome, and oppressive. Defendant further objects to this interrogatory on the basis that it seeks information that is beyond the permissible scope of discovery set forth in *Code of Civil Procedure* section 2017.010. Defendant further objects that this interrogatory has been propounded solely to harass and annoy in that it is duplicative of Form Interrogatories-General No. 1.1 concurrently propounded herewith by Plaintiff on Defendant.

43908070_1.docx

4

1  Defendant further objects to this interrogatory to the extent that it violates Code of Civil Procedure

2  section 2030.230 and improperly calls for preparation of a compilation, abstract, or summary.

3  Subject to and without waiving the foregoing and general objections, Defendant responds as follows:

4  Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

5  **SPECIAL INTERROGATORY NO. 2:**

6  For each CLASS MEMBER (As used herein, the term "CLASS MEMBERS" means all

7  current or former nonexempt employees who worked in California from **September 4, 2015** to the

8  present for YOU.) (As used herein, "YOU" or "YOUR" shall mean **COWORX STAFFING**

9  **SERVICES LLC**, and its servants, agents, subsidiaries, parent companies, partners, including but

10  not limited to any of the named Defendants in this action, employees, representatives, divisions,

11  attorneys, and anyone else acting on its behalf) employed by YOU in California during the CLASS

12  PERIOD (As used herein, "CLASS PERIOD" shall mean from September 4, 2015 through the

13  present), IDENTIFY (As used here, the term "IDENTIFY" or "IDENTIFYING" shall mean provide

14  the name, home and work address, work and personal email address, and personal and work

15  telephone number) each CLASS MEMBER.

16  **FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

17  Defendant incorporates by reference its Preliminary Statement and General Objections as

18  though set forth herein full. Defendant objects to this interrogatory as vague, ambiguous, and

19  overbroad in that it is unlimited in time, scope, and matter. Defendant objects to the definition of

20  "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's

21  operative Complaint. Defendant objects to Defendant further objects on the ground that this request

22  seeks information protected by the attorney-client privilege and/or the attorney work-product

23  doctrine. Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information

24  pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported

25  putative class members. Defendant further objects to this interrogatory on the ground that it violates

26  *Code of Civil Procedure* section 2030.230 as it calls for a compilation, abstract, or summary of or

27  from documents. Furthermore, this interrogatory is argumentative to the extent it requires the

28  adoption of an improper assumption.  Defendant objects to this interrogatory to the extent that it

43908070_1.docx

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO
PLAINTIFF LYSETTE GALVEZ'S SPECIAL INTERROGATORIES, SET ONE

seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this interrogatory to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant further objects to this request as improperly compound. Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing and Defendant is presently unable to provide a response to this interrogatory. Defendant agrees to supplement the present response once resource and accessibility issues have been resolved, and former and/or current employees have permitted release of their private information sought in this interrogatory pursuant to a sanctioned *Belaire-West* notice.

**SPECIAL INTERROGATORY NO. 3:**

For each AGGRIEVED EMPLOYEE (As used herein, the term "AGGRIEVED EMPLOYEES" means all current or former nonexempt employees who worked in California from **September 4, 2018** to the present for the Defendants) employed by YOU in California during the PAGA PERIOD (As used herein, "PAGA PERIOD" shall mean from September 4, 2018 through the present), IDENTIFY each AGGRIEVED EMPLOYEE.

**FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though set forth herein full. Defendant objects to this interrogatory on the basis that it is overly broad, unduly burdensome and oppressive. Defendant objects to the definition of "AGGRIEVED EMPLOYEES" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects to Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine.

43908070_1.docx

6

Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported aggrieved employees. Defendant further objects to this interrogatory on the ground that it violates *Code of Civil Procedure* section 2030.230 as it calls for a compilation, abstract, or summary of or from documents. Furthermore, this interrogatory is argumentative to the extent it requires the adoption of an improper assumption.  Defendant objects to this interrogatory to the extent that it seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this interrogatory to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant further objects to this request as improperly compound. Defendant further objects to the extent that Plaintiff improperly seeks information subject to sequencing pursuant to *Code of Civil Procedure* section 2019.020(b). (See *Williams v. Superior Court* (2017) 3 Cal. 5th 531, 552). Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing and Defendant is presently unable to provide a response to this interrogatory. Defendant agrees to supplement the present response once resource and accessibility issues have been resolved, and former and/or current employees have permitted release of their private information sought in this interrogatory pursuant to a sanctioned *Belaire-West* notice.

**SPECIAL INTERROGATORY NO. 4:**

Please state the total number of CLASS MEMBERS.

**FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though set forth herein full. Defendant objects to this interrogatory as vague, ambiguous, and

43908070_1.docx

7

overbroad in that it is unlimited in time, scope, and matter. Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects to Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this interrogatory on the ground that it violates *Code of Civil Procedure* section 2030.230 as it calls for a compilation, abstract, or summary of or from documents. Furthermore, this interrogatory is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this interrogatory to the extent that it seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this interrogatory to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant further objects to this request as improperly compound. Furthermore, Defendant objects that the putative class is not presently ascertainable in light of Plaintiff's improper definition contained herein, as well as Defendant's long term inability to access necessary files and records contained at its main office in Morristown, New Jersey, because of statewide closures due to COVID-19. Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing and Defendant is presently unable to provide a response to this interrogatory. Defendant agrees to supplement the present response once resource and accessibility issues have been resolved.

**SPECIAL INTERROGATORY NO. 5:**

Please state the total number of AGGRIEVED EMPLOYEES.

43908070_1.docx

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO
PLAINTIFF LYSETTE GALVEZ'S SPECIAL INTERROGATORIES, SET ONE

**FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though set forth herein full. Defendant objects to this interrogatory as vague, ambiguous, and overbroad in that it is unlimited in time, scope, and matter. Defendant objects to the definition of "AGGRIEVED EMPLOYEES" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects to Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this interrogatory on the ground that it violates *Code of Civil Procedure* section 2030.230 as it calls for a compilation, abstract, or summary of or from documents. Furthermore, this interrogatory is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this interrogatory to the extent that it seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this interrogatory to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant further objects to this request as improperly compound. Defendant further objects that to the extent that Plaintiff improperly seeks information subject to sequencing pursuant to *Code of Civil Procedure* section 2019.020(b). (See *Williams v. Superior Court* (2017) 3 Cal. 5th 531, 552). Furthermore, Defendant objects that the number of aggrieved employees is not presently ascertainable in light of Plaintiff's improper definition contained herein. Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing and Defendant is presently unable to provide a response to this interrogatory. Defendant agrees to supplement the present response once resource and accessibility issues have been resolved.

43908070_1.docx

9

1  **SPECIAL INTERROGATORY NO. 6:**

2      Provide the starting and ending day for CLASS MEMBERS' WORKWEEK(S)

3  (WORKWEEK shall have the same definition as set forth in California Labor Code § 500(b) and

4  shall mean "any seven consecutive days, starting with the same calendar day each week.

5  "Workweek" is a fixed and regularly recurring period of 168 hours, seven consecutive 24-hour

6  periods).

7  **FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

8      Defendant incorporates by reference its Preliminary Statement and General Objections as

9  though set forth herein full. Defendant objects to this interrogatory as vague, ambiguous, and

10 overbroad in that it is unlimited in time, scope, and matter. Defendant objects to the definition of

11 "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's

12 operative Complaint. Defendant objects to Defendant further objects on the ground that this request

13 seeks information protected by the attorney-client privilege and/or the attorney work-product

14 doctrine. Defendant further objects to this interrogatory on the ground that it violates *Code of Civil*

15 *Procedure* section 2030.230 as it calls for a compilation, abstract, or summary of or from documents.

16 Furthermore, this interrogatory is argumentative to the extent it requires the adoption of an improper

17 assumption. Defendant objects to this interrogatory to the extent that it seeks information that is

18 neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery

19 of admissible evidence. Defendant objects to this request to the extent it seeks disclosure of

20 confidential and/or proprietary information. Defendant further objects to this interrogatory to the

21 extent that it violates the privacy rights of former and/or current employees, and other third parties

22 who are not parties to this action, which objection Defendant is obligated to assert on their behalf.

23 Defendant further objects to this request as improperly compound. Furthermore, Defendant objects

24 that the putative class is not presently ascertainable in light of Plaintiff's improper definition

25 contained herein. Subject to and without waiving the foregoing and general objections, Defendant

26 responds as follows: Defendant has been unable to access necessary files and records contained at

27 its main office in Morristown, New Jersey, for several months because of statewide closures due to

28 COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to

43908070_1.docx

10

1 investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly,

2 discovery and investigation is ongoing and continuing and Defendant is presently unable to provide

3 a response to this interrogatory. Defendant agrees to supplement the present response once resource

4 and accessibility issues have been resolved.

5 **SPECIAL INTERROGATORY NO. 7:**

6      Provide the start and end time for CLASS MEMBERS' WORKDAY(S) (WORKDAY shall

7 have the same definition as set forth in California Labor Code § 500(a) and shall mean "any

8 consecutive 24-hour period commencing at the same time each calendar day").

9 **FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

10      Defendant incorporates by reference its Preliminary Statement and General Objections as

11 though set forth herein full. Defendant objects to this interrogatory as vague, ambiguous, and

12 overbroad in that it is unlimited in time, scope, and matter. Defendant objects to the definition of

13 "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's

14 operative Complaint. Defendant objects to Defendant further objects on the ground that this request

15 seeks information protected by the attorney-client privilege and/or the attorney work-product

16 doctrine. Defendant further objects to this interrogatory on the ground that it violates *Code of Civil*

17 *Procedure* section 2030.230 as it calls for a compilation, abstract, or summary of or from documents.

18 Furthermore, this interrogatory is argumentative to the extent it requires the adoption of an improper

19 assumption. Defendant objects to this interrogatory to the extent that it seeks information that is

20 neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery

21 of admissible evidence. Defendant objects to this request to the extent it seeks disclosure of

22 confidential and/or proprietary information. Defendant further objects to this interrogatory to the

23 extent that it violates the privacy rights of former and/or current employees, and other third parties

24 who are not parties to this action, which objection Defendant is obligated to assert on their behalf.

25 Defendant further objects to this request as improperly compound. Furthermore, Defendant objects

26 that the putative class is not presently ascertainable in light of Plaintiff's improper definition

27 contained herein. Subject to and without waiving the foregoing and general objections, Defendant

28 responds as follows: Defendant has been unable to access necessary files and records contained at

43908070_1.docx

11

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO
PLAINTIFF LYSETTE GALVEZ'S SPECIAL INTERROGATORIES, SET ONE

1    its main office in Morristown, New Jersey, for several months because of statewide closures due to

2    COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to

3    investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly,

4    discovery and investigation is ongoing and continuing and Defendant is presently unable to provide

5    a response to this interrogatory. Defendant agrees to supplement the present response once resource

6    and accessibility issues have been resolved.

7    **SPECIAL INTERROGATORY NO. 8:**

8        Provide the total number of pay periods that CLASS MEMBERS worked when they worked

9    for YOU.

10   **FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

11       Defendant incorporates by reference its Preliminary Statement and General Objections as

12   though set forth herein full. Defendant objects to this interrogatory as vague, ambiguous, and

13   overbroad in that it is unlimited in time, scope, and matter. Defendant objects to the definition of

14   "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's

15   operative Complaint. Defendant objects to Defendant further objects on the ground that this request

16   seeks information protected by the attorney-client privilege and/or the attorney work-product

17   doctrine. Defendant further objects to this interrogatory on the ground that it violates *Code of Civil*

18   *Procedure* section 2030.230 as it calls for a compilation, abstract, or summary of or from documents.

19   Furthermore, this interrogatory is argumentative to the extent it requires the adoption of an improper

20   assumption. Defendant objects to this interrogatory to the extent that it seeks information that is

21   neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery

22   of admissible evidence. Defendant objects to this request to the extent it seeks disclosure of

23   confidential and/or proprietary information. Defendant further objects to this interrogatory to the

24   extent that it violates the privacy rights of former and/or current employees, and other third parties

25   who are not parties to this action, which objection Defendant is obligated to assert on their behalf.

26   Defendant further objects to this request as improperly compound. Furthermore, Defendant objects

27   that the putative class is not presently ascertainable in light of Plaintiff's improper definition

28   contained herein. Subject to and without waiving the foregoing and general objections, Defendant

12

responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing and Defendant is presently unable to provide a response to this interrogatory. Defendant agrees to supplement the present response once resource and accessibility issues have been resolved.

**SPECIAL INTERROGATORY NO. 9:**

Provide the total number of pay periods that AGGRIEVED EMPLOYEES worked when they worked for YOU.

**FURTHER RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though set forth herein full. Defendant objects to this interrogatory as vague, ambiguous, and overbroad in that it is unlimited in time, scope, and matter. Defendant objects to the definition of "AGGRIEVED EMPLOYEES" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects to Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this interrogatory on the ground that it violates *Code of Civil Procedure* section 2030.230 as it calls for a compilation, abstract, or summary of or from documents. Furthermore, this interrogatory is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this interrogatory to the extent that it seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this interrogatory to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Defendant further objects to this request as improperly compound. Defendant further objects that to the extent that Plaintiff improperly seeks information subject to sequencing pursuant to *Code of Civil*

43908070_1.docx

13

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO
PLAINTIFF LYSETTE GALVEZ'S SPECIAL INTERROGATORIES, SET ONE

1   *Procedure* section 2019.020(b). (See *Williams v. Superior Court* (2017) 3 Cal. 5th 531, 552).

2   Furthermore, Defendant objects that the number of aggrieved employees is not presently

3   ascertainable in light of Plaintiff's improper definition contained herein. Subject to and without

4   waiving the foregoing and general objections, Defendant responds as follows: Defendant has been

5   unable to access necessary files and records contained at its main office in Morristown, New Jersey,

6   for several months because of statewide closures due to COVID-19. In light of the pandemic,

7   Defendant has had limited resources and personnel to investigate the circumstances surrounding

8   Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and

9   continuing and Defendant is presently unable to provide a response to this interrogatory. Defendant

10   agrees to supplement the present response once resource and accessibility issues have been resolved.

12   DATED:  August 17, 2020                OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
     Patricia A. Matias
     Sean M. Kim

**Attorneys for Defendants CoWorx Staffing Services LLC and Michael Epstein**

43908070_1.docx

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO
PLAINTIFF LYSETTE GALVEZ'S SPECIAL INTERROGATORIES, SET ONE

1

**PROOF OF SERVICE**
*Lysette Galvez v. CoWorx Staffing Services LLC, et al.*
Case No. CGC-19-578983

2

3

      I am and was at all times herein mentioned over the age of 18 years and not a party to the
action in which this service is made.  At all times herein mentioned I have been employed in the
County of Orange in the office of a member of the bar of this court at whose direction the service
was made.  My business address is Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa
Mesa, CA 92626.

4

5

6

      On August 17, 2020, I served the following document(s):

7

**DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO
PLAINTIFF LYSETTE GALVEZ'S SPECIAL INTERROGATORIES, SET ONE**

8

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the
attached service list.

9

10    ☐    **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business
            practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak &
11          Stewart, P.C.'s practice for collecting and processing correspondence for mailing.  On the
            same day that correspondence is placed for collection and mailing, it is deposited in the
12          ordinary course of business with the United States Postal Service, in a sealed envelope with
            postage fully prepaid.

13

14    ☐    **BY MAIL:**  I deposited the sealed envelope with the United States Postal Service, with the
            postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa,
            CA 92626.

15

16    ☐    **BY OVERNIGHT DELIVERY:**  I placed the sealed envelope(s) or package(s) designated
            by the express service carrier for collection and overnight delivery by following the ordinary
17          business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa,
            California.  I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s
18          practice for collecting and processing of correspondence for overnight delivery, said practice
            being that, in the ordinary course of business, correspondence for overnight delivery is
19          deposited with delivery fees paid or provided for at the carrier's express service offices for
            next-day delivery.

20    ☐    **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was
            made to the attorney or at the attorney's office by leaving the documents in an envelope or
21          package clearly labeled to identify the attorney being served with a receptionist or an
            individual in charge of the office. (2) For a party, delivery was made to the party or by leaving
22          the documents at the party's residence with some person not less than 18 years of age between
            the hours of eight in the morning and six in the evening.

23

24    ☐    **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the
            following addressee(s) at the following number(s), in accordance with:

25                ☐    the written confirmation of counsel in this action:

26                ☐    [State Court motion, opposition, or reply only] Code of Civil Procedure
                       section 1005(b):

27

28    ☒    **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an
            agreement of the parties to accept service by e-mail or electronic transmission, I caused the

43908070_1.docx

15

1   documents to be sent to the person(s) at the e-mail addresses listed on the attached service
2   list. I did not receive, within a reasonable time after the transmission, any electronic message
    or other indication that the transmission was unsuccessful.

3   ☒    **(State)**        I declare under penalty of perjury under the laws of the State of California that
    the above is true and correct.

4
5   Executed on August 17, 2020, at Costa Mesa, California.

6
7   Sean M. Kim

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  43908070_1.docx

28

---

16

1

**SERVICE LIST**

2

3   Kevin F. Woodall, Esq.                          Attorneys for Plaintiff
    WOODALL LAW OFFICES                             Lysette Galvez and those similarly situated
    100 Pine Street, Suite 1250

4   San Francisco, CA  94111
    Telephone:     415-413-4629

5   Facsimile:     866-937-4109
    kevin@woodalllaw.com

6

7   Thomas D. Rutledge, Esq.                        Attorneys for Plaintiff
    Law Offices of Thomas D. Rutledge              Lysette Galvez and those similarly situated

8   113 West G Street, Suite 231
    San Diego, CA 92101

9   Telephone:     619-886-7224
    Facsimile:     619-259-5455

10  thomasrutledgelaw@gmail.com

11

12

13                                                                          41763376.1

14

15

16

17

18

19

20

21

22

23

24

25

26

43908070_1.docx  27

28

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO
PLAINTIFF LYSETTE GALVEZ'S SPECIAL INTERROGATORIES, SET ONE

EXHIBIT 6

1  Patricia A. Matias, CA Bar No. 254125
   patricia.matias@ogletree.com
2  Sean M. Kim CA Bar No. 271901
   sean.kim@ogletree.com
3  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
4  Park Tower, Fifteenth Floor
   695 Town Center Drive
5  Costa Mesa, CA  92626
   Telephone:     714-800-7900
6  Facsimile:     714-754-1298

7  Attorneys for Defendants CoWorx Staffing
   Services LLC and Michael Epstein
8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                 **FOR THE COUNTY OF SAN FRANCISCO**

11                        **UNLIMITED JURISDICTION**

12  LYSETTE GALVEZ, individually and on behalf     Case No. CGC-19-578983
    of those similarly situated,
13                                                 **DEFENDANT COWORX STAFFING**
                    Plaintiffs,                    **SERVICES LLC'S FURTHER**
14                                                 **RESPONSES TO PLAINTIFF LYSETTE**
         vs.                                       **GALVEZ'S DEMAND FOR INSPECTION**
15                                                 **OF DOCUMENTS, SET ONE**
    COWORX STAFFING SERVICES LLC, a
16  Delaware Corporation; MICHAEL EPSTEIN, an      [Assigned for all purposes to The Honorable
    individual; and DOES 1 through 10, inclusive,  Garrett L. Wong, Dept. 610]
17
                    Defendants.
18                                                 Action Filed:     September 4, 2019
                                                   Trial Date:       None Set
19

20

21  PROPOUNDING PARTY:          Plaintiff LYSETTE GALVEZ

22  RESPONDING PARTY:           Defendant COWORX STAFFING SERVICES LLC

23  SET NO.:                    ONE (1) - FURTHER

24          Defendant COWORX STAFFING SERVICES LLC ("Defendant") hereby provides further

25  responses to Plaintiff LYSETTE GALVEZ's ("Plaintiff") Demand for Inspection of Documents, Set

26  One, as follows:

27  / / /

28  / / /

43908068_1.docx

                                              1

# I.

## PRELIMINARY STATEMENT

Defendant makes these responses solely for the purpose of this action. Defendant's responses to Plaintiff's Demand for Inspection of Documents ("Demand") are made to the best of Defendant's present knowledge, information and belief. The responses are at all times subject to such additional or different information as discovery or further investigation may disclose and, while based on the present state of Defendant's recollection, are subject to such refreshing of recollection, and such additional knowledge of fact, as may result from Defendant's further discovery and/or investigation. Defendant reserves the right to make any use of, or to introduce at any hearing or trial, information and/or documents responsive to the Demands discovered subsequent to the date of this response, including, but not limited to, any such documents or information obtained in discovery herein.

Any information provided in response to these Demands is subject to any and all objections regarding competence, relevance, materiality, propriety and admissibility. Defendant reserves these objections and any other objections not stated herein that would require the exclusion of any information, if such information is offered as evidence at any time during this action. Defendant may interpose these objections at any time prior to and during the trial of this case. Defendant reserves the right to object on any ground at any time to such other or supplemental Demands as Plaintiff may at any time propound involving or relating to the subject matter of the Demands.

Defendant makes no incidental or implied admissions by these responses. Accordingly, Plaintiff shall not construe Defendant's response or objection to any Demand as Defendant's admission that it accepts or admits the existence of any facts assumed by the Demand, and Plaintiff shall not construe Defendant's response or objection as admissible evidence of any such assumed facts.

# II.

## GENERAL OBJECTIONS

1.    Defendant objects to each Demand that calls for information protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine. Defendant will not provide any such privileged or protected information in response to any Demand that seeks it.

43908068_1.docx

2

2.      Defendant objects to each Demand that seeks confidential or private information regarding individuals who are not parties to this action, the disclosure of which would violate those individuals' right to privacy established and protected by the California Constitution.

3.      Defendant objects to each Demand that seeks the disclosure of confidential, proprietary, or competitively sensitive information of Defendant and/or any parent or subsidiary of any Defendant in this action.

4.      Defendant objects to each Demand that seeks information beyond the applicable statutes of limitations period.

5.      Defendant objects to each Demand that imposes upon Defendant requirements exceeding those set forth in the Code of Civil Procedure.

6.      Defendant objects to each Demand to the extent that it is overbroad, burdensome and oppressive, and the information Demanded is not reasonably available without undue burden and/or expense.

7.      Defendant objects to each Demand to the extent it seeks information concerning individuals whom Defendant cannot adequately represent in a class, collective, or representative action.

8.      Defendant objects to each Demand to the extent it fails to identify with reasonable particularity the type of documents sought from Defendant.

9.      Defendant objects to each Demand to the extent it is overly broad as to the time period and/or the scope of this litigation.

10.     Defendant has not fully completed its investigation of the facts relating to this case, has not completed discovery in this action, and has not completed preparation for trial.  Furthermore, the COVID-19 pandemic has had a dramatic impact on Defendant's business operations and severely limited its ability to dedicate resources into investigating circumstances surrounding Plaintiff's claims, as well as accessing necessary records and files of Defendant that are located in its main office in New Jersey that was subject to statewide closure for several months. Therefore, Defendant's responses are based on its knowledge, information and belief at this time.  It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts and

43908068_1.docx

3

1  documents, add meaning to known facts or documents, as well as establish entirely new factual

2  conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and

3  variations from the facts, admissions and denials herein set forth. The responses contained herein are

4  made in good faith, but should in no way be to the prejudice of Defendant in relation to further

5  discovery, research or analysis.

6      The foregoing Preliminary Statement and General Objections are incorporated by reference

7  into each response stated below as though fully set forth in the response, regardless of whether the

8  Preliminary Statement or General Objections are repeated therein.  Plaintiff shall not construe

9  Defendant's response or objection to any Demand as a waiver to that Demand by Defendant of any

10  part of the foregoing Preliminary Statement, General Objections or any other objections reserved

11  herein by Defendant.

12                          **III.**

13              **DEMANDS FOR INSPECTION AND RESPONSES**

14  **DEMAND FOR INSPECTION NO. 1:**

15      The PLAINTIFF'S complete PERSONNEL FILE.  (The term "PLAINTIFF" shall mean

16  **LYSETTE GALVEZ**) (The term "PERSONNEL FILE" shall mean and include any and all records

17  maintained either in the normal course of business or for any special purpose with respect to the

18  application, course of employment, and termination of any employee of Defendant, and specifically

19  includes applications, disciplinary notices, performance evaluations, employment histories or

20  summaries, records of residential address and telephone numbers, termination notices, job

21  assignments or classification records, compensation, payroll records, background checks, and other

22  similar records.  The term "PERSONNEL FILE" includes, but is not limited to, all writings within

23  the meaning of Labor Code §§ 226 and 1198.5.)

24  **FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 1:**

25      Defendant incorporates by reference its Preliminary Statement and General Objections as

26  though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

27  in that it fails to specifically describe the items sought with reasonable particularity in violation of

28  section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects

43908068_1.docx

4

to this request as vague, ambiguous, overbroad, and unintelligible in that it provides two alternate definitions for the term "PERSONNEL FILE." Defendant objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request to the extent it seeks information that is protected from disclosure under the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to the extent that this request seeks documents equally accessible to Plaintiff and previously produced. Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing. Defendant agrees to produce Plaintiff's personnel file that is in its possession, custody, and control once resource and accessibility issues have been resolved.

**DEMAND FOR INSPECTION NO. 2:**

All DOCUMENTS evidencing PLAINTIFF'S job duties while she worked for YOU, including but not limited to performance appraisals or evaluations, commendations, awards, and/or letters of thanks, background investigations and related disclosure forms, recognition or appreciation or any other similar DOCUMENTS. (As used herein, "YOU" or "YOUR" shall mean **COWORX STAFFING SERVICES LLC**, and its servants, agents, subsidiaries, parent companies, partners, including but not limited to any of the named Defendants in this action, employees, representatives, divisions, attorneys, and anyone else acting on its behalf)(As used herein, the terms "DOCUMENT" or "DOCUMENTS" are used in their customary broad sense and include but are not limited to any kind of written, typewritten, printed, reproduced, recorded or stored material whatsoever, whether printed, recorded or stored electronically, magnetically or otherwise, or reproduced by hand, including, but without limitation, notes, memoranda, emails, letters, reports, telegrams, telex communications, publications, contracts, recordings, transcriptions of recordings and business

43908068_1.docx

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

records, books of accounts, ledgers, balance sheets, financial statements and all other financial documents of any kind, diaries, telephone logs, telephone bills, appointment books, desk calendars, drafts, working papers, routing slips and similar materials and shall include, without limitation, originals, file copies, and all non-identical duplicates, no matter how produced, prepared, stored, recorded or reproduced. "DOCUMENT" or "DOCUMENTS" includes all associated metadata and ELECTRONICALLY STORED INFORMATION ("ESI") which means all information that is stored in an ELECTRONIC medium as defined by California Code of Civil Procedure § 2016.020(e). The term "ELECTRONIC" means "technology having electric, digital, magnetic, wireless, optical, electromagnetic or similar capabilities as defined in California Code of Civil Procedure § 2016.020(d)." This request is intended to include DOCUMENTS and things which the Defendant (a) owns in whole or in part, (b) has a right by contract, statute or otherwise to use, inspect, examine or copy such DOCUMENT on any terms, (c) has an understanding, express or implied, that it may use, inspect, examine or copy such DOCUMENT on any terms, or (d) has, as a practical matter, been able to use, inspect, examine or copy such DOCUMENT when it has sought to do so. Such DOCUMENTS shall include, without limitation, DOCUMENTS that are in the custody of the Defendant's attorneys) or other agents.)

**FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 2:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant further objects to the extent that this request seeks documents equally accessible to Plaintiff and previously produced. Defendant further objects that this request is unintelligible, as phrased. Subject to and without waiving the foregoing

and general objections, and based upon Defendant's interpretation of the present request, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing. Defendant agrees to produce job descriptions for the positions held by Plaintiff that are in its possession, custody, and control once resource and accessibility issues have been resolved.

**REQUEST FOR INSPECTION NO. 3:**

All DOCUMENTS signed by PLAINTIFF concerning PLAINTIFF'S employment with YOU as defined by Labor Code § 432 including but not limited to background investigations and related disclosure forms.

**FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 3:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request on the grounds that it calls for a legal conclusion. Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant shall produce job descriptions for the positions held by Plaintiff that are in its possession, custody, and control. Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has

7

1    had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims

2    in the present action. Accordingly, discovery and investigation is ongoing and continuing. Defendant

3    agrees to produce documents signed by Plaintiff that are in its possession, custody, and control once

4    resource and accessibility issues have been resolved.

5    **REQUEST FOR INSPECTION NO. 4:**

6        All DOCUMENTS signed by PLAINTIFF in YOUR possession, custody, or control.

7    **FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 4:**

8        Defendant incorporates by reference its Preliminary Statement and General Objections as

9    though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

10   in that it fails to specifically describe the items sought with reasonable particularity in violation of

11   section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects

12   on the ground that this request seeks information protected by the attorney-client privilege and/or the

13   attorney work-product doctrine.   Defendant objects to this request to the extent that it seeks

14   information that is neither relevant to the subject matter of this action nor reasonably calculated to

15   lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent

16   it requires the adoption of an improper assumption. Defendant further objects that this request has

17   been propounded solely to harass and annoy in that it is duplicative of Request for Production No. 3.

18   Subject to and without waiving the foregoing and general objections, Defendant responds as follows:

19   Defendant shall produce job descriptions for the positions held by Plaintiff that are in its possession,

20   custody, and control. Subject to and without waiving the foregoing and general objections, Defendant

21   responds as follows: Defendant has been unable to access necessary files and records contained at

22   its main office in Morristown, New Jersey, for several months because of statewide closures due to

23   COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to

24   investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly,

25   discovery and investigation is ongoing and continuing. Defendant agrees to produce documents

26   signed by Plaintiff that are in its possession, custody, and control once resource and accessibility

27   issues have been resolved.

28

43908068_1.docx

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

**REQUEST FOR INSPECTION NO. 5:**

The complete contents of any other file or files, other than the PERSONNEL FILE of PLAINTIFF, concerning the PLAINTIFF while PLAINTIFF worked for YOU.

**FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 5:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant further objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf.

**REQUEST FOR INSPECTION NO. 6:**

All DOCUMENTS explaining PLAINTIFF'S job duties while PLAINTIFF worked for YOU.

**FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 6:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine.  Defendant objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to

43908068_1.docx

9

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant further objects to the extent that this request seeks documents equally accessible to Plaintiff and previously produced. Defendant further objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects that this request has been propounded solely to harass and annoy in that it is duplicative of Request for Production, No. 2. Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing. Defendant agrees to produce job descriptions for the positions held by Plaintiff that are in its possession, custody, and control once resource and accessibility issues have been resolved.

**REQUEST FOR INSPECTION NO. 7:**

All DOCUMENTS evidencing all sources of compensation, including but not limited to descriptions of any commission programs, overtime compensation, vacation, bonus, pension, or retirement plans to which PLAINTIFF was eligible to receive at any time while PLAINTIFF worked for YOU.

**FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 7:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant further objects to this request to the

43908068_1.docx

10

extent it seeks disclosure of confidential and/or proprietary information. Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing. Defendant agrees to produce any non-privileged documents responsive to this request that is in its possession, custody, and control once resource and accessibility issues have been resolved.

**REQUEST FOR INSPECTION NO. 8:**

A full and complete copy of any collective bargaining agreements that governed PLAINTIFF'S employment.

**FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 8:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant further objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and

43908068_1.docx

11

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

1  continuing. To the extent that any non-privileged document responsive to this request is in

2  Defendant's possession, custody, and control, Defendant agrees to produce said documents once

3  resource and accessibility issues have been resolved. Defendant further agrees to supplement the

4  present response to the extent no responsive documents are determined to be within its possession,

5  custody, or control.

6  **REQUEST FOR INSPECTION NO. 9:**

7        All DOCUMENTS evidencing YOUR requirement that PLAINTIFF drive a car while

8  working for YOU.

9  **FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 9:**

10        Defendant incorporates by reference its Preliminary Statement and General Objections as

11 though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

12 in that it fails to specifically describe the items sought with reasonable particularity in violation of

13 section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects

14 on the ground that this request seeks information protected by the attorney-client privilege and/or the

15 attorney work-product doctrine.    Defendant objects to this request to the extent that it seeks

16 information that is neither relevant to the subject matter of this action nor reasonably calculated to

17 lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent

18 it requires the adoption of an improper assumption. Defendant further objects to this request to the

19 extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects

20 to that this request is unintelligible, as written. Subject to and without waiving the foregoing and

21 general objections, and based upon Defendant's understanding of the present request, Defendant

22 responds as follows: Defendant has been unable to access necessary files and records contained at

23 its main office in Morristown, New Jersey, for several months because of statewide closures due to

24 COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to

25 investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly,

26 discovery and investigation is ongoing and continuing. To the extent that any non-privileged

27 document responsive to this request is in Defendant's possession, custody, and control, Defendant

28 agrees to produce said documents once resource and accessibility issues have been resolved.

12

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

1  Defendant further agrees to supplement the present response to the extent no responsive documents

2  are determined to be within its possession, custody, or control.

3  **REQUEST FOR INSPECTION NO. 10:**

4       All DOCUMENTS evidencing YOUR requirement that PLAINTIFF had to have a personal

5  cell phone while working for YOU.

6  **FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 10:**

7       Defendant incorporates by reference its Preliminary Statement and General Objections as

8  though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

9  in that it fails to specifically describe the items sought with reasonable particularity in violation of

10  section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects

11  on the ground that this request seeks information protected by the attorney-client privilege and/or the

12  attorney work-product doctrine.    Defendant objects to this request to the extent that it seeks

13  information that is neither relevant to the subject matter of this action nor reasonably calculated to

14  lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent

15  it requires the adoption of an improper assumption. Defendant further objects to this request to the

16  extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects

17  to that this request is unintelligible, as written. Subject to and without waiving the foregoing and

18  general objections, and based upon Defendant's understanding of the present request, Defendant

19  responds as follows: Defendant has been unable to access necessary files and records contained at

20  its main office in Morristown, New Jersey, for several months because of statewide closures due to

21  COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to

22  investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly,

23  discovery and investigation is ongoing and continuing. To the extent that any non-privileged

24  document responsive to this request is in Defendant's possession, custody, and control, Defendant

25  agrees to produce said documents once resource and accessibility issues have been resolved.

26  Defendant further agrees to supplement the present response to the extent no responsive documents

27  are determined to be within its possession, custody, or control.

28

43908068_1.docx

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

1    **REQUEST FOR INSPECTION NO. 11:**

2         All DOCUMENTS evidencing YOUR reimbursement policies.

3    **FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 11:**

4         Defendant incorporates by reference its Preliminary Statement and General Objections as

5    though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

6    in that it fails to specifically describe the items sought with reasonable particularity in violation of

7    section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*, and is unlimited in time

8    and scope. Defendant further objects on the ground that this request seeks information protected by

9    the attorney-client privilege and/or the attorney work-product doctrine.  Defendant objects to this

10   request to the extent that it seeks information that is neither relevant to the subject matter of this

11   action nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this

12   request is argumentative to the extent it requires the adoption of an improper assumption. Defendant

13   further objects to this request to the extent it seeks disclosure of confidential and/or proprietary

14   information. Subject to and without waiving the foregoing and general objections, Defendant

15   responds as follows: Defendant has been unable to access necessary files and records contained at

16   its main office in Morristown, New Jersey, for several months because of statewide closures due to

17   COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to

18   investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly,

19   discovery and investigation is ongoing and continuing. To the extent that any non-privileged

20   document responsive to this request is in Defendant's possession, custody, and control, Defendant

21   agrees to produce said documents once resource and accessibility issues have been resolved.

22   Defendant further agrees to supplement the present response to the extent no responsive documents

23   are determined to be within its possession, custody, or control.

24   **REQUEST FOR INSPECTION NO. 12:**

25        All DOCUMENTS evidencing any request made by CLASS MEMBERS (As used herein,

26   the term "CLASS MEMBERS" means all current or former nonexempt employees who worked in

27   California from **September 4, 2015** to the present for YOU.) seeking reimbursement for

28   EMPLOYMENT RELATED EXPENSES (The term "EMPLOYMENT RELATED EXPENSES"

1   shall mean expenses any employee made toward work related expenses, such as mileage, gas, auto

2   repair, auto insurance, cell phones, internet, communications devices, etc.) for which YOU did not

3   pay.

4   **FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 12:**

5         Defendant incorporates by reference its Preliminary Statement and General Objections as

6   though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

7   in that it fails to specifically describe the items sought with reasonable particularity in violation of

8   section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant objects to the

9   definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in

10  Plaintiff's operative Complaint. Furthermore, Defendant objects that the putative class is not

11  presently ascertainable in light of Plaintiff's improper definition contained herein. Defendant further

12  objects to the definition of "EMPLOYMENT RELATED EXPENSES" as vague, ambiguous, and

13  overbroad. Defendant further objects that this request calls for a legal conclusion. Defendant objects

14  to Defendant further objects on the ground that this request seeks information protected by the

15  attorney-client privilege and/or the attorney work-product doctrine.  Furthermore, this request is

16  argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to

17  this request to the extent that it seeks information that is neither relevant to the subject matter of this

18  action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects

19  to this request to the extent it seeks disclosure of confidential and/or proprietary information.

20  Defendant further objects to this request to the extent that it violates the privacy rights of former

21  and/or current employees, and other third parties who are not parties to this action, which objection

22  Defendant is obligated to assert on their behalf. Subject to and without waiving the foregoing and

23  general objections, Defendant responds as follows: Defendant has been unable to access necessary

24  files and records contained at its main office in Morristown, New Jersey, for several months because

25  of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited

26  resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present

27  action. Accordingly, discovery and investigation is ongoing and continuing. To the extent that any

28  non-privileged document responsive to this request is in Defendant's possession, custody, and

43908068_1.docx

15

1  control, Defendant agrees to produce said documents once resource and accessibility issues have

2  been resolved and former and/or current employees have permitted release of such a document

3  pursuant to a sanctioned *Belaire-West* notice. Defendant further agrees to supplement the present

4  response to the extent no responsive documents are determined to be within its possession, custody,

5  or control.

6  **REQUEST FOR INSPECTION NO. 13:**

7      All DOCUMENTS evidencing any payment YOU made to any CLASS MEMBER for

8  EMPLOYMENT RELATED EXPENSES during the CLASS PERIOD (As used herein, "CLASS

9  PERIOD" shall mean from September 4, 2015 through the present).

10  **FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 13:**

11      Defendant incorporates by reference its Preliminary Statement and General Objections as

12  though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

13  in that it fails to specifically describe the items sought with reasonable particularity in violation of

14  section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant objects to the

15  definition of "CLASS MEMBER" as overbroad and outside the scope of the claims alleged in

16  Plaintiff's operative Complaint. Furthermore, Defendant objects that the putative class is not

17  presently ascertainable in light of Plaintiff's improper definition contained herein. Defendant further

18  objects to the definition of "EMPLOYMENT RELATED EXPENSES" as vague, ambiguous, and

19  overbroad. Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information

20  pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported

21  putative class members. Defendant further objects that this request calls for a legal conclusion.

22  Defendant objects to Defendant further objects on the ground that this request seeks information

23  protected by the attorney-client privilege and/or the attorney work-product doctrine.  Furthermore,

24  this request is argumentative to the extent it requires the adoption of an improper assumption.

25  Defendant objects to this request to the extent that it seeks information that is neither relevant to the

26  subject matter of this action, nor reasonably calculated to lead to the discovery of admissible

27  evidence. Defendant objects to this request to the extent it seeks disclosure of confidential and/or

28  proprietary information. Defendant further objects to this request to the extent that it violates the

43908068_1.docx

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing. To the extent that any non-privileged document responsive to this request is in Defendant's possession, custody, and control, Defendant agrees to produce said documents once resource and accessibility issues have been resolved and former and/or current employees have permitted release of such a document pursuant to a sanctioned *Belaire-West* notice. Defendant further agrees to supplement the present response to the extent no responsive documents are determined to be within its possession, custody, or control.

**REQUEST FOR INSPECTION NO. 14:**

All procedures, memoranda, employment/personnel manuals or handbooks, instructional materials, or other DOCUMENTS that evidence YOUR policies and procedures governing employment conditions of any kind applicable to CLASS MEMBERS during the CLASS PERIOD.

**FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 14:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant objects to the definition of "CLASS MEMBER" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Furthermore, Defendant objects that the putative class is not presently ascertainable in light of Plaintiff's improper definition contained herein. Defendant further objects to the definition of "EMPLOYMENT RELATED EXPENSES" as vague, ambiguous, and overbroad. Defendant also objects to the definition of "CLASS PERIOD" in

43908068_1.docx

1  that it seeks information pertaining to a period of time beyond Defendant's employment of

2  Plaintiff's, and/or any purported putative class members. Defendant further objects that this request

3  calls for a legal conclusion. Defendant objects to Defendant further objects on the ground that this

4  request seeks information protected by the attorney-client privilege and/or the attorney work-product

5  doctrine.  Furthermore, this request is argumentative to the extent it requires the adoption of an

6  improper assumption. Defendant objects to this request to the extent that it seeks information that is

7  neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery

8  of admissible evidence. Defendant objects to this request to the extent it seeks disclosure of

9  confidential and/or proprietary information. Subject to and without waiving the foregoing and

10 general objections, Defendant responds as follows: Defendant has been unable to access necessary

11 files and records contained at its main office in Morristown, New Jersey, for several months because

12 of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited

13 resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present

14 action. Accordingly, discovery and investigation is ongoing and continuing. Defendant agrees to

15 produce any non-privileged documents responsive to this request that is in its possession, custody,

16 and control once resource and accessibility issues have been resolved.

17 **REQUEST FOR INSPECTION NO. 15:**

18      All DOCUMENTS evidencing PLAINTIFF'S hours worked while PLAINTIFF worked for

19 YOU, including but not limited to PLAINTIFF'S time cards/sheets, schedules, pay records, wage

20 and earning statements, evidence of lunch breaks provided, rest periods, etc.

21 **FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 15:**

22      Defendant incorporates by reference its Preliminary Statement and General Objections as

23 though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

24 in that it fails to specifically describe the items sought with reasonable particularity in violation of

25 section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects

26 on the ground that this request seeks information protected by the attorney-client privilege and/or the

27 attorney work-product doctrine.  Defendant objects to this request to the extent that it seeks

28 information that is neither relevant to the subject matter of this action nor reasonably calculated to

18

1  lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent

2  it requires the adoption of an improper assumption. Defendant further objects to this request to the

3  extent it seeks disclosure of confidential and/or proprietary information. Subject to and without

4  waiving the foregoing and general objections, Defendant responds as follows: Defendant has been

5  unable to access necessary files and records contained at its main office in Morristown, New Jersey,

6  for several months because of statewide closures due to COVID-19. In light of the pandemic,

7  Defendant has had limited resources and personnel to investigate the circumstances surrounding

8  Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and

9  continuing. Defendant agrees to produce any non-privileged documents responsive to this request

10  that are in its possession, custody, and control once resource and accessibility issues have been

11  resolved.

12  **REQUEST FOR INSPECTION NO. 16:**

13      All PAYROLL INFORMATION (As used herein, the term "PAYROLL INFORMATION"

14  is defined as including any computerized and machine-readable databases, reports, and any other

15  type of DOCUMENTS RELATING TO the PLAINTIFFS' part-time or full-time status, permanent

16  or temporary status, casual and/or permanent hire dates, work schedules, initial pay rates, any

17  subsequent pay rates or adjustments (including the dates of such subsequent rates or adjustments),

18  amount and dates of any wages paid, including whether they were regular or overtime wages, total

19  compensation, hours worked, and any other fields compiled for YOUR payroll functions, including

20  providing a key for interpreting any codes used to interpret the data, as well as any DOCUMENTS

21  describing, explaining or pertaining to the methods and techniques used in compiling, editing,

22  modifying or updating computer databases, if any, paystubs and W-2's) for the PLAINTIFF.

23  **FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 16:**

24      Defendant incorporates by reference its Preliminary Statement and General Objections as

25  though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

26  in that it fails to specifically describe the items sought with reasonable particularity in violation of

27  section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects

28  on the ground that this request seeks information protected by the attorney-client privilege and/or the

43908068_1.docx

1    attorney work-product doctrine. Defendant further objects to the definition of "PAYROLL

2    INFORMATION" as vague, ambiguous, overbroad. Defendant objects to this request to the extent

3    that it seeks information that is neither relevant to the subject matter of this action nor reasonably

4    calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative

5    to the extent it requires the adoption of an improper assumption. Defendant further objects to this

6    request to the extent it seeks disclosure of confidential and/or proprietary information. Subject to and

7    without waiving the foregoing and general objections, Defendant responds as follows: Defendant

8    has been unable to access necessary files and records contained at its main office in Morristown,

9    New Jersey, for several months because of statewide closures due to COVID-19. In light of the

10   pandemic, Defendant has had limited resources and personnel to investigate the circumstances

11   surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is

12   ongoing and continuing. Defendant agrees to produce any non-privileged documents responsive to

13   this request that is in its possession, custody, and control once resource and accessibility issues have

14   been resolved.

15   **REQUEST FOR INSPECTION NO. 17:**

16        All PAYROLL INFORMATION for the CLASS MEMBERS.

17   **FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 17:**

18        Defendant incorporates by reference its Preliminary Statement and General Objections as

19   though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

20   in that it fails to specifically describe the items sought with reasonable particularity in violation of

21   section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*, and is unlimited in time

22   and scope. Defendant further objects to this request as unduly burdensome, oppressive, and

23   disproportionate to the needs of the case. Defendant objects to the definition of "CLASS

24   MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative

25   Complaint. Furthermore, Defendant objects that the putative class is not presently ascertainable in

26   light of Plaintiff's improper definition contained herein. Defendant further objects to the definition

27   of "PAYROLL INFORMATION" as vague, ambiguous, overbroad. Defendant further objects on

28   the ground that this request seeks information protected by the attorney-client privilege and/or the

43908068_1.docx

20

attorney work-product doctrine. Defendant objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing. Defendant agrees to produce any non-privileged documents responsive to this request that is in its possession, custody, and control once resource and accessibility issues have been resolved and former and/or current employees have permitted release of such a document pursuant to a sanctioned *Belaire-West* notice.

**REQUEST FOR INSPECTION NO. 18:**

All work schedules identifying the locations (by name and address) at which PLAINTIFF was present for each workday PLAINTIFF worked during the CLASS PERIOD, including but not limited to the date and time PLAINTIFF was present at that location.

**FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 18:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members. Defendant objects that this request is improperly compound. Defendant further objects on the ground that this

43908068_1.docx

21

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant further objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing. Defendant agrees to produce any non-privileged documents responsive to this request that are in its possession, custody, and control once resource and accessibility issues have been resolved.

**REQUEST FOR INSPECTION NO. 19:**

All work schedules identifying the locations (by name and address) at which CLASS MEMBERS were present for each workday during the CLASS PERIOD, including but not limited to the date and time each CLASS MEMBER was present at that location.

**FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 19:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*, and is unlimited in time and scope. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Furthermore, Defendant objects that the putative class is not presently ascertainable in light of Plaintiff's improper definition contained herein. Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's

employment of Plaintiff's, and/or any purported putative class members. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant objects to this request to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing. Defendant agrees to produce any non-privileged documents responsive to this request that is in its possession, custody, and control once resource and accessibility issues have been resolved and former and/or current employees have permitted release of such a document pursuant to a sanctioned *Belaire-West* notice.

**REQUEST FOR INSPECTION NO. 20:**

All DOCUMENTS, including but not limited to organizational charts or graphs, describing the chain of authority or command above, of equal level, and below the CLASS MEMBERS.

**FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 20:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*, and is unlimited in time and scope. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant objects to the definition of "CLASS

43908068_1.docx

23

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO PLAINTIFF LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

1   MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative

2   Complaint. Furthermore, Defendant objects that the putative class is not presently ascertainable in

3   light of Plaintiff's improper definition contained herein. Defendant further objects on the ground that

4   this request seeks information protected by the attorney-client privilege and/or the attorney work-

5   product doctrine. Defendant objects to this request to the extent that it seeks information that is

6   neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery

7   of admissible evidence. Furthermore, this request is argumentative to the extent it requires the

8   adoption of an improper assumption. Defendant objects to this request to the extent it seeks disclosure

9   of confidential and/or proprietary information. Defendant further objects to this request to the extent

10  that it violates the privacy rights of former and/or current employees, and other third parties who are

11  not parties to this action, which objection Defendant is obligated to assert on their behalf. Subject to

12  and without waiving the foregoing and general objections, Defendant responds as follows: Defendant

13  has been unable to access necessary files and records contained at its main office in Morristown,

14  New Jersey, for several months because of statewide closures due to COVID-19. In light of the

15  pandemic, Defendant has had limited resources and personnel to investigate the circumstances

16  surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is

17  ongoing and continuing. To the extent that any non-privileged document responsive to this request

18  is in Defendant's possession, custody, and control, Defendant agrees to produce said documents once

19  resource and accessibility issues have been resolved and former and/or current employees have

20  permitted release of such a document pursuant to a sanctioned *Belaire-West* notice. Defendant further

21  agrees to supplement the present response to the extent no responsive documents are determined to

22  be within its possession, custody, or control.

23  **REQUEST FOR INSPECTION NO. 21:**

24      All DOCUMENTS evidencing payments YOU made to PLAINTIFF for mileage

25  reimbursements.

26  **FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 21:**

27      Defendant incorporates by reference its Preliminary Statement and General Objections as

28  though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

43908068_1.docx

24

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

1  in that it fails to specifically describe the items sought with reasonable particularity in violation of

2  section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects

3  on the ground that this request seeks information protected by the attorney-client privilege and/or the

4  attorney work-product doctrine.  Furthermore, this request is argumentative to the extent it requires

5  the adoption of an improper assumption. Subject to and without waiving the foregoing and general

6  objections, Defendant responds as follows: Defendant has been unable to access necessary files and

7  records contained at its main office in Morristown, New Jersey, for several months because of

8  statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources

9  and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action.

10  Accordingly, discovery and investigation is ongoing and continuing. To the extent that any non-

11  privileged document responsive to this request is in Defendant's possession, custody, and control,

12  Defendant agrees to produce said documents once resource and accessibility issues have been

13  resolved. Defendant further agrees to supplement the present response to the extent no responsive

14  documents are determined to be within its possession, custody, or control.

15  **REQUEST FOR INSPECTION NO. 22:**

16      All DOCUMENTS identified in YOUR response to PLAINTIFF'S first set of form

17  interrogatories-employment.

18  **FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 22:**

19      Defendant incorporates by reference its Preliminary Statement and General Objections as

20  though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

21  in that it fails to specifically describe the items sought with reasonable particularity in violation of

22  section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects

23  on the ground that this request seeks information protected by the attorney-client privilege and/or the

24  attorney work-product doctrine.  Furthermore, this request is argumentative to the extent it requires

25  the adoption of an improper assumption. Subject to and without waiving the foregoing and general

26  objections, Defendant responds as follows: Defendant has been unable to access necessary files and

27  records contained at its main office in Morristown, New Jersey, for several months because of

28  statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources

43908068_1.docx

25

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

1   and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action.

2   Accordingly, discovery and investigation is ongoing and continuing. To the extent that any non-

3   privileged document responsive to this request is in Defendant's possession, custody, and control,

4   Defendant agrees to produce said documents once resource and accessibility issues have been

5   resolved. Defendant further agrees to supplement the present response to the extent no responsive

6   documents are determined to be within its possession, custody, or control.

7   **REQUEST FOR INSPECTION NO. 23:**

8       All DOCUMENTS identified in YOUR response to PLAINTIFF'S first set of form

9   interrogatories-general.

10  **FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 23:**

11      Defendant incorporates by reference its Preliminary Statement and General Objections as

12  though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

13  in that it fails to specifically describe the items sought with reasonable particularity in violation of

14  section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects

15  on the ground that this request seeks information protected by the attorney-client privilege and/or the

16  attorney work-product doctrine.  Furthermore, this request is argumentative to the extent it requires

17  the adoption of an improper assumption. Subject to and without waiving the foregoing and general

18  objections, Defendant responds as follows: Defendant has been unable to access necessary files and

19  records contained at its main office in Morristown, New Jersey, for several months because of

20  statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources

21  and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action.

22  Accordingly, discovery and investigation is ongoing and continuing. To the extent that any non-

23  privileged document responsive to this request is in Defendant's possession, custody, and control,

24  Defendant agrees to produce said documents once resource and accessibility issues have been

25  resolved. Defendant further agrees to supplement the present response to the extent no responsive

26  documents are determined to be within its possession, custody, or control.

27

28

43908068_1.docx

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

1  **REQUEST FOR INSPECTION NO. 24:**

2      All DOCUMENTS identified in YOUR response to PLAINTIFF'S first set of request for

3  admissions.

4  **FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 24:**

5      Defendant incorporates by reference its Preliminary Statement and General Objections as

6  though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

7  in that it fails to specifically describe the items sought with reasonable particularity in violation of

8  section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects

9  on the ground that this request seeks information protected by the attorney-client privilege and/or the

10  attorney work-product doctrine.  Furthermore, this request is argumentative to the extent it requires

11  the adoption of an improper assumption. Defendant further objects that this request is unintelligible

12  and has been propounded solely to harass and annoy in that it seeks documents pertaining to request

13  for admissions that were not served by Plaintiff. Subject to and without waiving the foregoing and

14  general objections, Defendant responds as follows: Not applicable in that Plaintiff failed to serve

15  request for admissions upon Defendant.

16  **REQUEST FOR INSPECTION NO. 25:**

17      All DOCUMENTS identified in YOUR response to PLAINTIFF'S first set of special

18  interrogatories.

19  **FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 25:**

20      Defendant incorporates by reference its Preliminary Statement and General Objections as

21  though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

22  in that it fails to specifically describe the items sought with reasonable particularity in violation of

23  section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant further objects

24  on the ground that this request seeks information protected by the attorney-client privilege and/or the

25  attorney work-product doctrine.  Furthermore, this request is argumentative to the extent it requires

26  the adoption of an improper assumption. Subject to and without waiving the foregoing and general

27  objections, Defendant responds as follows: Defendant has been unable to access necessary files and

28  records contained at its main office in Morristown, New Jersey, for several months because of

43908068_1.docx

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

1    statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources

2    and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action.

3    Accordingly, discovery and investigation is ongoing and continuing. To the extent that any non-

4    privileged document responsive to this request is in Defendant's possession, custody, and control,

5    Defendant agrees to produce said documents once resource and accessibility issues have been

6    resolved and former and/or current employees have permitted release of such a document pursuant

7    to a sanctioned *Belaire-West* notice. Defendant further agrees to supplement the present response to

8    the extent no responsive documents are determined to be within its possession, custody, or control.

9    **REQUEST FOR INSPECTION NO. 26:**

10        All DOCUMENTS that support any affirmative defenses YOU have pleaded or will plead in

11   this action.

12   **FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 26:**

13        Defendant incorporates by reference its Preliminary Statement and General Objections as

14   though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

15   in that it fails to specifically describe the items sought with reasonable particularity in violation of

16   section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time

17   and scope. Defendant further objects to this request on the grounds that it is premature as it relates

18   to Defendant's affirmative defenses, which are generally intended to preserve defenses at trial, and

19   insofar as it violates Defendant's right under *Code of Civil Procedure* section 431.30 to file a general

20   denial in response to Plaintiff's unverified Complaint. Defendant further objects to this request

21   because discovery in this matter is continuing and certain of Defendant's denials and/or affirmative

22   defenses will be based, in whole or in part, upon information not presently within Defendant's

23   knowledge, which will be discovered during the course of discovery. Defendant further objects to

24   this request on the grounds that "supporting any" is vague and ambiguous. Defendant further objects

25   on the ground that this request seeks information protected by the attorney-client privilege and/or the

26   attorney work-product doctrine. Defendant further objects to this request on the grounds that it seeks

27   information that is neither relevant nor reasonably calculated to lead to the discovery of admissible

28   evidence. Defendant further objects to this request on the grounds it assumes facts not in evidence

43908068_1.docx

28

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

and calls for a legal conclusion. Defendant further objects to this request on the grounds that it seeks the confidential and/or proprietary information. Defendant further objects to this request to the extent it seeks production of the mental impressions or legal theories of defense counsel. Defendant further objects to this request on the grounds that it is unreasonably burdensome, harassing, and oppressive. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf.

**REQUEST FOR INSPECTION NO. 27:**

All DOCUMENTS, including but not limited to memoranda, handwritten notes, letters, correspondence, policies, and policy numbers pertaining to insurance policies that may cover YOU for damages and/or defense costs related to this action.

**FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 27:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time, scope, and matter. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information.

**REQUEST FOR INSPECTION NO. 28:**

All written COMMUNICATIONS between YOU and PLAINTIFF concerning or in any way referring to PLAINTIFF during the CLASS PERIOD. (The terms "COMMUNICATION" or "COMMUNICATIONS" are used in their broadest sense and include, but are not limited to, any

1  transmittal and/or receipt of information, whether oral, written, or verbal or nonverbal, whether such

2  was by chance, prearranged, formal or informal, oral or written, and specifically includes

3  conversations in person, DOCUMENTS, telephone conversations, telegrams, letters or memoranda,

4  formal statements, press releases, emails, texts, social media posts, and newspaper articles.)

5  **FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 28:**

6      Defendant incorporates by reference its Preliminary Statement and General Objections as

7  though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

8  in that it fails to specifically describe the items sought with reasonable particularity in violation of

9  section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time,

10  scope, and matter. Defendant further objects to this request as unduly burdensome, oppressive, and

11  disproportionate to the needs of the case. Defendant also objects to the definition of "CLASS

12  PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment

13  of Plaintiff's, and/or any purported putative class members. Defendant further objects on the ground

14  that this request seeks information protected by the attorney-client privilege and/or the attorney

15  work-product doctrine.  Defendant objects to the definition of "COMMUNICATIONS" as vague,

16  ambiguous, overbroad, and not meaningfully defined. Defendant further objects to this request on

17  the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the

18  discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires

19  the adoption of an improper assumption. Defendant objects to this request to the extent it seeks

20  disclosure of confidential and/or proprietary information. Defendant further objects to this request to

21  the extent that it violates the privacy rights of former and/or current employees, and other third parties

22  who are not parties to this action, which objection Defendant is obligated to assert on their behalf.

23  **REQUEST FOR INSPECTION NO. 29:**

24      All DOCUMENTS evidencing COMMUNICATIONS (whether written, oral or otherwise)

25  between YOU and any person concerning any of PLAINTIFF'S request(s) for PLAINTIFF'S

26  PERSONNEL FILE, including but not limited to any voicemail messages or audio recordings of any

27  kind and this discovery instrument.

28

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

43908068_1.docx

1  **FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 29:**

2      Defendant incorporates by reference its Preliminary Statement and General Objections as

3  though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

4  in that it fails to specifically describe the items sought with reasonable particularity in violation of

5  section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time,

6  scope, and matter. Defendant further objects to this request as unduly burdensome, oppressive, and

7  disproportionate to the needs of the case. Defendant objects to the definition of

8  "COMMUNICATIONS" as vague, ambiguous, overbroad, and not meaningfully defined. Defendant

9  further objects on the ground that this request seeks information protected by the attorney-client

10 privilege and/or the attorney work-product doctrine. Defendant further objects to this request on the

11 grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the

12 discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires

13 the adoption of an improper assumption. Defendant objects to this request to the extent it seeks

14 disclosure of confidential and/or proprietary information. Defendant further objects to this request to

15 the extent that it violates the privacy rights of former and/or current employees, and other third parties

16 who are not parties to this action, which objection Defendant is obligated to assert on their behalf.

17 **REQUEST FOR INSPECTION NO. 30:**

18      All COMMUNICATIONS including but not limited to e-mails exchanged between YOU and

19 any person(s) concerning the PLAINTIFF during the CLASS PERIOD.

20 **FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 30:**

21      Defendant incorporates by reference its Preliminary Statement and General Objections as

22 though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

23 in that it fails to specifically describe the items sought with reasonable particularity in violation of

24 section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time,

25 scope, and matter. Defendant further objects to this request as unduly burdensome, oppressive, and

26 disproportionate to the needs of the case. Defendant also objects to the definition of "CLASS

27 PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment

28 of Plaintiff's, and/or any purported putative class members. Defendant further objects on the ground

43908068_1.docx

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

1   that this request seeks information protected by the attorney-client privilege and/or the attorney

2   work-product doctrine.  Defendant objects to the definition of "COMMUNICATIONS" as vague,

3   ambiguous, overbroad, and not meaningfully defined. Defendant further objects to this request on

4   the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the

5   discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires

6   the adoption of an improper assumption. Defendant objects to this request to the extent it seeks

7   disclosure of confidential and/or proprietary information. Defendant further objects to this request to

8   the extent that it violates the privacy rights of former and/or current employees, and other third parties

9   who are not parties to this action, which objection Defendant is obligated to assert on their behalf.

10  **REQUEST FOR INSPECTION NO. 31:**

11          All COMMUNICATIONS including but not limited to e-mails exchanged between YOU and

12  any persons regarding YOUR intent to pay CLASS MEMBERS the applicable minimum wage rate

13  as required under the local ordinance in which they were working during the CLASS PERIOD.

14  **FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 31:**

15          Defendant incorporates by reference its Preliminary Statement and General Objections as

16  though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

17  in that it fails to specifically describe the items sought with reasonable particularity in violation of

18  section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time,

19  scope, and matter. Defendant further objects to this request as unduly burdensome, oppressive, and

20  disproportionate to the needs of the case. Defendant objects to the definition of "CLASS

21  MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative

22  Complaint. Defendant objects that the putative class is not presently ascertainable in light of

23  Plaintiff's improper definition contained herein. Defendant also objects to the definition of "CLASS

24  PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment

25  of Plaintiff's, and/or any purported putative class members. Defendant further objects on the ground

26  that this request seeks information protected by the attorney-client privilege and/or the attorney

27  work-product doctrine.  Defendant objects to the definition of "COMMUNICATIONS" as vague,

28  ambiguous, overbroad, and not meaningfully defined. Defendant further objects to this request on

43908068_1.docx

32

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request on the grounds that it calls for a legal conclusion. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing. To the extent that any non-privileged document responsive to this request is in Defendant's possession, custody, and control, Defendant agrees to produce said documents once resource and accessibility issues have been resolved and former and/or current employees have permitted release of such a document pursuant to a sanctioned *Belaire-West* notice. Defendant further agrees to supplement the present response to the extent no responsive documents are determined to be within its possession, custody, or control.

**REQUEST FOR INSPECTION NO. 32:**

All COMMUNICATIONS including but not limited to e-mails exchanged between YOU and any of YOUR supervisorial and/or managerial employees and their subordinates concerning YOUR policies regarding CLASS MEMBERS' use of vehicles during the CLASS PERIOD.

**FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 32:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time, scope, and matter. Defendant further objects to this request as unduly burdensome, oppressive, and

disproportionate to the needs of the case. Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects that the putative class is not presently ascertainable in light of Plaintiff's improper definition contained herein. Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine.  Defendant objects to the definition of "COMMUNICATIONS" as vague, ambiguous, overbroad, and not meaningfully defined. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request on the grounds that it calls for a legal conclusion. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing. To the extent that any non-privileged document responsive to this request is in Defendant's possession, custody, and control, Defendant agrees to produce said documents once resource and accessibility issues have been resolved and former and/or current employees have permitted release of such a document pursuant to a sanctioned *Belaire-West* notice. Defendant further agrees to supplement the present response to the extent no responsive documents are determined to be within its possession, custody, or control.

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

1 | **REQUEST FOR INSPECTION NO. 33:**

2 |     All COMMUNICATIONS including but not limited to e-mails exchanged between YOU and

3 | any of YOUR supervisorial and/or managerial employees and their subordinates concerning YOUR

4 | reimbursement policies during the CLASS PERIOD.

5 | **FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 33:**

6 |     Defendant incorporates by reference its Preliminary Statement and General Objections as

7 | though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

8 | in that it fails to specifically describe the items sought with reasonable particularity in violation of

9 | section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time,

10 | scope, and matter. Defendant further objects to this request as unduly burdensome, oppressive, and

11 | disproportionate to the needs of the case. Defendant objects to the definition of "CLASS

12 | MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative

13 | Complaint. Defendant objects that the putative class is not presently ascertainable in light of

14 | Plaintiff's improper definition contained herein. Defendant also objects to the definition of "CLASS

15 | PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment

16 | of Plaintiff's, and/or any purported putative class members. Defendant further objects on the ground

17 | that this request seeks information protected by the attorney-client privilege and/or the attorney

18 | work-product doctrine.  Defendant objects to the definition of "COMMUNICATIONS" as vague,

19 | ambiguous, overbroad, and not meaningfully defined. Defendant further objects to this request on

20 | the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the

21 | discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires

22 | the adoption of an improper assumption. Defendant objects to this request on the grounds that it calls

23 | for a legal conclusion. Defendant objects to this request to the extent it seeks disclosure of

24 | confidential and/or proprietary information. Defendant further objects to this request to the extent

25 | that it violates the privacy rights of former and/or current employees, and other third parties who are

26 | not parties to this action, which objection Defendant is obligated to assert on their behalf. Subject to

27 | and without waiving the foregoing and general objections, Defendant responds as follows: Defendant

28 | has been unable to access necessary files and records contained at its main office in Morristown,

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

1  New Jersey, for several months because of statewide closures due to COVID-19. In light of the

2  pandemic, Defendant has had limited resources and personnel to investigate the circumstances

3  surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is

4  ongoing and continuing. To the extent that any non-privileged document responsive to this request

5  is in Defendant's possession, custody, and control, Defendant agrees to produce said documents once

6  resource and accessibility issues have been resolved and former and/or current employees have

7  permitted release of such a document pursuant to a sanctioned *Belaire-West* notice. Defendant further

8  agrees to supplement the present response to the extent no responsive documents are determined to

9  be within its possession, custody, or control.

10  **REQUEST FOR INSPECTION NO. 34:**

11  　　　All COMMUNICATIONS including but not limited to e-mails exchanged between YOU and

12  any of YOUR supervisorial and/or managerial employees and their subordinates concerning YOUR

13  policies regarding overtime during the CLASS PERIOD.

14  **FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 34:**

15  　　　Defendant incorporates by reference its Preliminary Statement and General Objections as

16  though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

17  in that it fails to specifically describe the items sought with reasonable particularity in violation of

18  section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time,

19  scope, and matter. Defendant further objects to this request as unduly burdensome, oppressive, and

20  disproportionate to the needs of the case. Defendant objects to the definition of "CLASS

21  MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative

22  Complaint. Defendant objects that the putative class is not presently ascertainable in light of

23  Plaintiff's improper definition contained herein. Defendant also objects to the definition of "CLASS

24  PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment

25  of Plaintiff's, and/or any purported putative class members. Defendant further objects on the ground

26  that this request seeks information protected by the attorney-client privilege and/or the attorney

27  work-product doctrine.  Defendant objects to the definition of "COMMUNICATIONS" as vague,

28  ambiguous, overbroad, and not meaningfully defined. Defendant further objects to this request on

1    the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the

2    discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires

3    the adoption of an improper assumption. Defendant objects to this request on the grounds that it calls

4    for a legal conclusion. Defendant objects to this request to the extent it seeks disclosure of

5    confidential and/or proprietary information. Defendant further objects to this request to the extent

6    that it violates the privacy rights of former and/or current employees, and other third parties who are

7    not parties to this action, which objection Defendant is obligated to assert on their behalf. Subject to

8    and without waiving the foregoing and general objections, Defendant responds as follows: Defendant

9    has been unable to access necessary files and records contained at its main office in Morristown,

10   New Jersey, for several months because of statewide closures due to COVID-19. In light of the

11   pandemic, Defendant has had limited resources and personnel to investigate the circumstances

12   surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is

13   ongoing and continuing. To the extent that any non-privileged document responsive to this request

14   is in Defendant's possession, custody, and control, Defendant agrees to produce said documents once

15   resource and accessibility issues have been resolved and former and/or current employees have

16   permitted release of such a document pursuant to a sanctioned *Belaire-West* notice. Defendant further

17   agrees to supplement the present response to the extent no responsive documents are determined to

18   be within its possession, custody, or control.

19   **REQUEST FOR INSPECTION NO. 35:**

20        All COMMUNICATIONS evidencing requests made by any CLASS MEMBERS to YOU

21   seeking reimbursement for unpaid wages including but not limited to mileage, travel, vehicle costs,

22   computer, internet, cell phone, telephone, etc..

23   **FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 35:**

24        Defendant incorporates by reference its Preliminary Statement and General Objections as

25   though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

26   in that it fails to specifically describe the items sought with reasonable particularity in violation of

27   section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time,

28   scope, and matter. Defendant further objects to this request as unduly burdensome, oppressive, and

43908068_1.docx

37

disproportionate to the needs of the case. Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects that the putative class is not presently ascertainable in light of Plaintiff's improper definition contained herein. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant objects to the definition of "COMMUNICATIONS" as vague, ambiguous, overbroad, and not meaningfully defined. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request on the grounds that it calls for a legal conclusion. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing. To the extent that any non-privileged document responsive to this request is in Defendant's possession, custody, and control, Defendant agrees to produce said documents once resource and accessibility issues have been resolved and former and/or current employees have permitted release of such a document pursuant to a sanctioned *Belaire-West* notice. Defendant further agrees to supplement the present response to the extent no responsive documents are determined to be within its possession, custody, or control.

43908068_1.docx

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO PLAINTIFF LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

## REQUEST FOR INSPECTION NO. 36:

All COMMUNICATIONS evidencing written or recorded statements obtained from any person concerning any of the allegations contained in PLAINTIFFS' operative Complaint or, if applicable, the predecessor Complaint.

## FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 36:

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time, scope, and matter. Defendant objects to the definition of "COMMUNICATIONS" as vague, ambiguous, overbroad, and not meaningfully defined. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request on the grounds that it calls for a legal conclusion. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing. To the extent that any non-privileged document responsive to this request is in Defendant's possession, custody, and control, Defendant agrees to produce said documents once

43908068_1.docx

39

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

1    resource and accessibility issues have been resolved. Defendant further agrees to supplement the

2    present response to the extent no responsive documents are determined to be within its possession,

3    custody, or control.

4    **REQUEST FOR INSPECTION NO. 37:**

5         All COMMUNICATIONS between YOU and any state or federal (e.g. Department of Labor)

6    governmental agency regarding claims for unpaid work-related expenses or unpaid wages including

7    but not limited to mileage expenses.

8    **FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 37:**

9         Defendant incorporates by reference its Preliminary Statement and General Objections as

10   though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

11   in that it fails to specifically describe the items sought with reasonable particularity in violation of

12   section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time,

13   scope, and matter. Defendant objects to the definition of "COMMUNICATIONS" as vague,

14   ambiguous, overbroad, and not meaningfully defined. Defendant further objects to this request as

15   unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant further

16   objects on the ground that this request seeks information protected by the attorney-client privilege

17   and/or the attorney work-product doctrine.  Defendant further objects to this request on the grounds

18   that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

19   admissible evidence. Defendant objects that this request is improperly compound. Furthermore, this

20   request is argumentative to the extent it requires the adoption of an improper assumption. Defendant

21   objects to this request to the extent it seeks disclosure of confidential and/or proprietary information.

22   Defendant further objects to this request to the extent that it violates the privacy rights of former

23   and/or current employees, and other third parties who are not parties to this action, which objection

24   Defendant is obligated to assert on their behalf. Subject to and without waiving the foregoing and

25   general objections, Defendant responds as follows: Defendant has been unable to access necessary

26   files and records contained at its main office in Morristown, New Jersey, for several months because

27   of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited

28   resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present

43908068_1.docx

1    action. Accordingly, discovery and investigation is ongoing and continuing. To the extent that any

2    non-privileged document responsive to this request is in Defendant's possession, custody, and

3    control, Defendant agrees to produce said documents once resource and accessibility issues have

4    been resolved. Defendant further agrees to supplement the present response to the extent no

5    responsive documents are determined to be within its possession, custody, or control.

6    **REQUEST FOR INSPECTION NO. 38:**

7        All COMMUNICATIONS that evidence complaints, formal or informal, by any person

8    concerning YOUR failure to pay wages to any of YOUR employees during the last ten years.

9    **FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 38:**

10       Defendant incorporates by reference its Preliminary Statement and General Objections as

11   though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

12   in that it fails to specifically describe the items sought with reasonable particularity in violation of

13   section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time,

14   scope, and matter. Defendant objects to the definition of "COMMUNICATIONS" as vague,

15   ambiguous, overbroad, and not meaningfully defined. Defendant further objects to this request as

16   unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant further

17   objects on the ground that this request seeks information protected by the attorney-client privilege

18   and/or the attorney work-product doctrine.  Defendant further objects to this request on the grounds

19   that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

20   admissible evidence. Defendant further objects to the extent this request seeks documents beyond

21   the scope of Plaintiff's employment and requisite statute of limitations. Defendant objects that this

22   request is improperly compound. Furthermore, this request is argumentative to the extent it requires

23   the adoption of an improper assumption. Defendant objects to this request to the extent it seeks

24   disclosure of confidential and/or proprietary information. Defendant further objects to this request to

25   the extent that it violates the privacy rights of former and/or current employees, and other third parties

26   who are not parties to this action, which objection Defendant is obligated to assert on their behalf.

27

43908068_1.docx

28

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

1  **REQUEST FOR INSPECTION NO. 39:**

2      All COMMUNICATIONS with any person regarding this case or the allegations contained

3  in PLAINTIFF'S operative Complaint.

4  **FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 39:**

5      Defendant incorporates by reference its Preliminary Statement and General Objections as

6  though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

7  in that it fails to specifically describe the items sought with reasonable particularity in violation of

8  section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time,

9  scope, and matter. Defendant objects to the definition of "COMMUNICATIONS" as vague,

10  ambiguous, overbroad, and not meaningfully defined. Defendant further objects to this request as

11  unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant further

12  objects on the ground that this request seeks information protected by the attorney-client privilege

13  and/or the attorney work-product doctrine. Defendant further objects to this request on the grounds

14  that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

15  admissible evidence. Defendant further objects to the extent this request seeks documents beyond

16  the scope of Plaintiff's employment and requisite statute of limitations. Defendant objects that this

17  request is improperly compound. Furthermore, this request is argumentative to the extent it requires

18  the adoption of an improper assumption. Defendant objects to this request to the extent it seeks

19  disclosure of confidential and/or proprietary information. Defendant further objects to this request to

20  the extent that it violates the privacy rights of former and/or current employees, and other third parties

21  who are not parties to this action, which objection Defendant is obligated to assert on their behalf.

22  **REQUEST FOR INSPECTION NO. 40:**

23      All COMMUNICATIONS evidencing questionnaires or statements, signed or completed by

24  any of YOUR current or former employees concerning this litigation.

25  **FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 40:**

26      Defendant incorporates by reference its Preliminary Statement and General Objections as

27  though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

28  in that it fails to specifically describe the items sought with reasonable particularity in violation of

section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time, scope, and matter. Defendant objects to the definition of "COMMUNICATIONS" as vague, ambiguous, overbroad, and not meaningfully defined. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent this request seeks documents beyond the scope of Plaintiff's employment and requisite statute of limitations. Defendant objects that this request is improperly compound. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing. To the extent that any non-privileged document responsive to this request is in Defendant's possession, custody, and control, Defendant agrees to produce said documents once resource and accessibility issues have been resolved. Defendant further agrees to supplement the present response to the extent no responsive documents are determined to be within its possession, custody, or control.

**REQUEST FOR INSPECTION NO. 41:**

All DOCUMENTS IDENTIFYING (The term "IDENTIFY" or "IDENTIFYING" shall mean provide the name, home and work address, work and personal email address, and personal and

1   work telephone number) each person involved in managing and/or supervising PLAINTIFF'S work

2   during the CLASS PERIOD.

3   **FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 41:**

4   Defendant incorporates by reference its Preliminary Statement and General Objections as

5   though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

6   in that it fails to specifically describe the items sought with reasonable particularity in violation of

7   section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure.* Defendant further objects

8   to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case.

9   Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining

10  to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative

11  class members. Defendant further objects on the ground that this request seeks information protected

12  by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects

13  to this request on the grounds that it seeks information that is neither relevant nor reasonably

14  calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative

15  to the extent it requires the adoption of an improper assumption. Defendant objects to this request to

16  the extent it seeks disclosure of confidential and/or proprietary information. Defendant further

17  objects to this request to the extent that it violates the privacy rights of former and/or current

18  employees, and other third parties who are not parties to this action, which objection Defendant is

19  obligated to assert on their behalf.

20  **REQUEST FOR INSPECTION NO. 42:**

21  All DOCUMENTS IDENTIFYING each person involved in managing and/or supervising

22  any of the CLASS MEMBERS' work during the CLASS PERIOD.

23  **FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 42:**

24  Defendant incorporates by reference its Preliminary Statement and General Objections as

25  though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

26  in that it fails to specifically describe the items sought with reasonable particularity in violation of

27  section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time,

28  scope, and matter. Defendant further objects to this request as unduly burdensome, oppressive, and

43908068_1.docx

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

disproportionate to the needs of the case. Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects that the putative class is not presently ascertainable in light of Plaintiff's improper definition contained herein. Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing. To the extent that any non-privileged document responsive to this request is in Defendant's possession, custody, and control, Defendant agrees to produce said documents once resource and accessibility issues have been resolved. Defendant further agrees to supplement the present response to the extent no responsive documents are determined to be within its possession, custody, or control.

**REQUEST FOR INSPECTION NO. 43:**

Any workplace calendar, daily planner, or any other similar DOCUMENT PLAINTIFF'S supervisor and/or manager maintained containing his or her notes concerning the PLAINTIFF'S working hours.

43908068_1.docx

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

1    **FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 43:**

2        Defendant incorporates by reference its Preliminary Statement and General Objections as

3    though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

4    in that it fails to specifically describe the items sought with reasonable particularity in violation of

5    section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time,

6    scope, and matter. Defendant further objects to this request as unduly burdensome, oppressive, and

7    disproportionate to the needs of the case. Defendant further objects on the ground that this request

8    seeks information protected by the attorney-client privilege and/or the attorney work-product

9    doctrine. Defendant further objects to this request on the grounds that it seeks information that is

10   neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

11   Furthermore, this request is argumentative to the extent it requires the adoption of an improper

12   assumption. Defendant objects to this request to the extent it seeks disclosure of confidential and/or

13   proprietary information. Defendant further objects to this request to the extent that it violates the

14   privacy rights of former and/or current employees, and other third parties who are not parties to this

15   action, which objection Defendant is obligated to assert on their behalf. Subject to and without

16   waiving the foregoing and general objections, Defendant responds as follows: Defendant has been

17   unable to access necessary files and records contained at its main office in Morristown, New Jersey,

18   for several months because of statewide closures due to COVID-19. In light of the pandemic,

19   Defendant has had limited resources and personnel to investigate the circumstances surrounding

20   Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and

21   continuing. To the extent that any non-privileged document responsive to this request is in

22   Defendant's possession, custody, and control, Defendant agrees to produce said documents once

23   resource and accessibility issues have been resolved. Defendant further agrees to supplement the

24   present response to the extent no responsive documents are determined to be within its possession,

25   custody, or control.

26

27   43908068_1.docx

28

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

1  **REQUEST FOR INSPECTION NO. 44:**

2      Any workplace calendar, daily planner, or any other similar DOCUMENT PLAINTIFF'S

3  supervisor and/or manager maintained containing his or her notes concerning the PLAINTIFF'S

4  work locations.

5  **FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 44:**

6      Defendant incorporates by reference its Preliminary Statement and General Objections as

7  though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

8  in that it fails to specifically describe the items sought with reasonable particularity in violation of

9  section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time,

10  scope, and matter. Defendant further objects to this request as unduly burdensome, oppressive, and

11  disproportionate to the needs of the case. Defendant further objects on the ground that this request

12  seeks information protected by the attorney-client privilege and/or the attorney work-product

13  doctrine. Defendant further objects to this request on the grounds that it seeks information that is

14  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

15  Furthermore, this request is argumentative to the extent it requires the adoption of an improper

16  assumption. Defendant objects to this request to the extent it seeks disclosure of confidential and/or

17  proprietary information. Defendant further objects to this request to the extent that it violates the

18  privacy rights of former and/or current employees, and other third parties who are not parties to this

19  action, which objection Defendant is obligated to assert on their behalf.

20  **REQUEST FOR INSPECTION NO. 45:**

21      All DOCUMENTS that IDENTIFY CLASS MEMBERS.

22  **FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 45:**

23      Defendant incorporates by reference its Preliminary Statement and General Objections as

24  though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

25  in that it fails to specifically describe the items sought with reasonable particularity in violation of

26  section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time,

27  scope, and matter. Defendant further objects to this request as unduly burdensome, oppressive, and

28  disproportionate to the needs of the case. Defendant objects to the definition of "CLASS

43908068_1.docx

47

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects that the putative class is not presently ascertainable in light of Plaintiff's improper definition contained herein. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf.

**REQUEST FOR INSPECTION NO. 46:**

Any DOCUMENT(S) that best identifies the number of CLASS MEMBERS during the CLASS PERIOD.

**FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 46:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time, scope, and matter. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects that the putative class is not presently ascertainable in light of Plaintiff's improper definition contained herein. Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this request on the grounds that it seeks

43908068_1.docx

48

1  information that is neither relevant nor reasonably calculated to lead to the discovery of admissible

2  evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an

3  improper assumption. Defendant objects to this request to the extent it seeks disclosure of

4  confidential and/or proprietary information. Defendant further objects to this request to the extent

5  that it violates the privacy rights of former and/or current employees, and other third parties who are

6  not parties to this action, which objection Defendant is obligated to assert on their behalf.

7  **REQUEST FOR INSPECTION NO. 47:**

8      Any DOCUMENT(S) that best identifies the number of AGGRIEVED EMPLOYEES (As

9  used herein, the term "AGGRIEVED EMPLOYEES" means all current or former nonexempt

10  employees who worked in California from **September 4, 2018** to the present for the Defendants)

11  during the PAGA PERIOD (As used herein, "PAGA PERIOD shall mean from September 5, 2018

12  through the present).

13  **FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 47:**

14      Defendant incorporates by reference its Preliminary Statement and General Objections as

15  though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

16  in that it fails to specifically describe the items sought with reasonable particularity in violation of

17  section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time,

18  scope, and matter. Defendant further objects to this request as unduly burdensome, oppressive, and

19  disproportionate to the needs of the case. Defendant objects to the definition of "AGGRIEVED

20  EMPLOYEES" as overbroad and outside the scope of the claims alleged in Plaintiff's operative

21  Complaint. Defendant objects that the putative aggrieved employees is not presently ascertainable in

22  light of Plaintiff's improper definition contained herein. Defendant also objects to the definition of

23  "PAGA PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's

24  employment of Plaintiff's, and/or any purported putative aggrieved employees. Defendant further

25  objects on the ground that this request seeks information protected by the attorney-client privilege

26  and/or the attorney work-product doctrine. Defendant further objects to this request on the grounds

27  that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

28  admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption

43908068_1.docx

49

of an improper assumption. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf.

**REQUEST FOR INSPECTION NO. 48:**

Actual copies of all wage and earning statements PLAINTIFF was issued during PLAINTIFF'S employment with YOU.

**FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 48:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant objects to the phrase "actual copies" as vague, ambiguous, overbroad, and not meaningfully defined. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine.  Defendant objects to this request as being propounded solely to harass and annoy in that it is duplicative of Request for Production No. 15. Subject to and without waiving the foregoing and general objections, and based upon Defendant's understanding of the present request, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing. Defendant agrees to produce any non-privileged documents responsive to this request that are in its possession, custody, and control once resource and accessibility issues have been resolved.

43908068_1.docx

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

1    **REQUEST FOR INSPECTION NO. 49:**

2        Actual copies of all wage and earning statements CLASS MEMBERS were issued during the

3    CLASS PERIOD.

4    **FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 49:**

5        Defendant incorporates by reference its Preliminary Statement and General Objections as

6    though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

7    in that it fails to specifically describe the items sought with reasonable particularity in violation of

8    section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in scope

9    and matter. Defendant objects to the phrase "actual copies" as vague, ambiguous, overbroad, and not

10   meaningfully defined. Defendant further objects to this request as unduly burdensome, oppressive,

11   and disproportionate to the needs of the case. Defendant objects to the definition of "CLASS

12   MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative

13   Complaint. Defendant objects that the putative class is not presently ascertainable in light of

14   Plaintiff's improper definition contained herein. Defendant also objects to the definition of "CLASS

15   PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment

16   of Plaintiff's, and/or any purported putative class members. Defendant further objects on the ground

17   that this request seeks information protected by the attorney-client privilege and/or the attorney

18   work-product doctrine. Defendant further objects to this request on the grounds that it seeks

19   information that is neither relevant nor reasonably calculated to lead to the discovery of admissible

20   evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an

21   improper assumption. Defendant objects to this request to the extent it seeks disclosure of

22   confidential and/or proprietary information. Defendant further objects to this request to the extent

23   that it violates the privacy rights of former and/or current employees, and other third parties who are

24   not parties to this action, which objection Defendant is obligated to assert on their behalf. Subject to

25   and without waiving the foregoing and general objections, Defendant responds as follows: Defendant

26   has been unable to access necessary files and records contained at its main office in Morristown,

27   New Jersey, for several months because of statewide closures due to COVID-19. In light of the

28   pandemic, Defendant has had limited resources and personnel to investigate the circumstances

43908068_1.docx

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing. To the extent that any non-privileged document responsive to this request is in Defendant's possession, custody, and control, Defendant agrees to produce said documents once resource and accessibility issues have been resolved and former and/or current employees have permitted release of such a document pursuant to a sanctioned *Belaire-West* notice. Defendant further agrees to supplement the present response to the extent no responsive documents are determined to be within its possession, custody, or control.

**REQUEST FOR INSPECTION NO. 50:**

Actual copies of all W-2's PLAINTIFF was issued during PLAINTIFF'S employment with YOU.

**FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 50:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure*. Defendant objects to the phrase "actual copies" as vague, ambiguous, overbroad, and not meaningfully defined. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Subject to and without waiving the foregoing and general objections, and based upon Defendant's understanding of the present request, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing. Defendant agrees to produce any non-privileged documents responsive to this request that are in its possession, custody, and control once resource and accessibility issues have been resolved.

43908068_1.docx

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

1  **REQUEST FOR INSPECTION NO. 51:**

2       Actual copies of all W-2's CLASS MEMBERS were issued during the CLASS PERIOD.

3  **FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 51:**

4       Defendant incorporates by reference its Preliminary Statement and General Objections as

5  though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad

6  in that it fails to specifically describe the items sought with reasonable particularity in violation of

7  section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in scope

8  and matter. Defendant objects to the phrase "actual copies" as vague, ambiguous, overbroad, and not

9  meaningfully defined. Defendant further objects to this request as unduly burdensome, oppressive,

10 and disproportionate to the needs of the case. Defendant objects to the definition of "CLASS

11 MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative

12 Complaint. Defendant objects that the putative class is not presently ascertainable in light of

13 Plaintiff's improper definition contained herein. Defendant also objects to the definition of "CLASS

14 PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment

15 of Plaintiff's, and/or any purported putative class members. Defendant further objects on the ground

16 that this request seeks information protected by the attorney-client privilege and/or the attorney

17 work-product doctrine. Defendant further objects to this request on the grounds that it seeks

18 information that is neither relevant nor reasonably calculated to lead to the discovery of admissible

19 evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an

20 improper assumption. Defendant objects to this request to the extent it seeks disclosure of

21 confidential and/or proprietary information. Defendant further objects to this request to the extent

22 that it violates the privacy rights of former and/or current employees, and other third parties who are

23 not parties to this action, which objection Defendant is obligated to assert on their behalf. Subject to

24 and without waiving the foregoing and general objections, Defendant responds as follows: Defendant

25 has been unable to access necessary files and records contained at its main office in Morristown,

26 New Jersey, for several months because of statewide closures due to COVID-19. In light of the

27 pandemic, Defendant has had limited resources and personnel to investigate the circumstances

28 surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is

43908068_1.docx

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

ongoing and continuing. To the extent that any non-privileged document responsive to this request is in Defendant's possession, custody, and control, Defendant agrees to produce said documents once resource and accessibility issues have been resolved and former and/or current employees have permitted release of such a document pursuant to a sanctioned *Belaire-West* notice. Defendant further agrees to supplement the present response to the extent no responsive documents are determined to be within its possession, custody, or control.

**REQUEST FOR INSPECTION NO. 52:**

All DOCUMENTS that refer to any actions or measures taken by YOU to ensure that CLASS MEMBERS are reimbursed for work related expenses CLASS MEMBERS' incurred during the CLASS PERIOD.

**FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 52:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time, scope, and matter. Defendant objects to the phrase "any actions or measures" as vague, ambiguous, overbroad, and not meaningfully defined. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects that the putative class is not presently ascertainable in light of Plaintiff's improper definition contained herein. Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request to the extent it seeks

disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing. To the extent that any non-privileged document responsive to this request is in Defendant's possession, custody, and control, Defendant agrees to produce said documents once resource and accessibility issues have been resolved and former and/or current employees have permitted release of such a document pursuant to a sanctioned *Belaire-West* notice. Defendant further agrees to supplement the present response to the extent no responsive documents are determined to be within its possession, custody, or control.

**REQUEST FOR INSPECTION NO. 53:**

All DOCUMENTS that evidence any measures taken by YOU during the CLASS PERIOD to ensure that CLASS MEMBERS are paid for all working hours during the workday, including but not limited to for commute time, administrative time, and/or working from home.

**FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 53:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time, scope, and matter. Defendant objects to the phrases "any measures," "commute time," and "administrative time" as vague, ambiguous, overbroad, and not meaningfully defined. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects that the putative

43908068_1.docx

55

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

class is not presently ascertainable in light of Plaintiff's improper definition contained herein. Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing. To the extent that any non-privileged document responsive to this request is in Defendant's possession, custody, and control, Defendant agrees to produce said documents once resource and accessibility issues have been resolved and former and/or current employees have permitted release of such a document pursuant to a sanctioned *Belaire-West* notice. Defendant further agrees to supplement the present response to the extent no responsive documents are determined to be within its possession, custody, or control.

**REQUEST FOR INSPECTION NO. 54:**

All DOCUMENTS evidencing YOUR TRAINING provided to CLASS MEMBERS (As used herein, "TRAINING" includes, for example, training provided to CLASS MEMBERS in the areas of reimbursements for work related expenses incurred by YOUR employees or reporting worktime regarding their wages.)

43908068_1.docx

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

**FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 54:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time, scope, and matter. Defendant objects to the definition of "TRAINING" as vague, ambiguous, overbroad, and not meaningfully defined. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant objects to the definition of "CLASS MEMBERS" as overbroad and outside the scope of the claims alleged in Plaintiff's operative Complaint. Defendant objects that the putative class is not presently ascertainable in light of Plaintiff's improper definition contained herein. Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this request is argumentative to the extent it requires the adoption of an improper assumption. Defendant objects to this request to the extent it seeks disclosure of confidential and/or proprietary information. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf. Subject to and without waiving the foregoing and general objections, Defendant responds as follows: Defendant has been unable to access necessary files and records contained at its main office in Morristown, New Jersey, for several months because of statewide closures due to COVID-19. In light of the pandemic, Defendant has had limited resources and personnel to investigate the circumstances surrounding Plaintiff's claims in the present action. Accordingly, discovery and investigation is ongoing and continuing. To the extent that any non-privileged document responsive to this request is in Defendant's possession, custody, and control, Defendant agrees to produce said

43908068_1.docx

57

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

documents once resource and accessibility issues have been resolved and former and/or current employees have permitted release of such a document pursuant to a sanctioned *Belaire-West* notice. Defendant further agrees to supplement the present response to the extent no responsive documents are determined to be within its possession, custody, or control.

**REQUEST FOR INSPECTION NO. 55:**

All DOCUMENTS that support YOUR contention that PLAINTIFFS' case cannot be maintained as a representative action.

**FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 55:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in time and scope. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds it assumes facts not in evidence and calls for a legal conclusion. Defendant further objects to this request on the grounds that it seeks the confidential and/or proprietary information. Defendant further objects to this request to the extent it seeks production of the mental impressions or legal theories of defense counsel. Defendant also objects in so far as Plaintiff attempts to improperly shift her affirmative burden of proof by requiring this Defendant to define and disprove Plaintiff's entire case, and/or prove the negative. Defendant further objects to this request on the grounds that it is unreasonably burdensome, harassing, and oppressive. Defendant further objects to this request to the extent that it violates the privacy rights of former and/or current employees, and other third parties who are not parties to this action, which objection Defendant is obligated to assert on their behalf.

**REQUEST FOR INSPECTION NO. 56:**

All DOCUMENTS evidencing that YOU included the correct name of the employer on PLAINTIFF's wage statements during the CLASS PERIOD.

43908068_1.docx

58

**FURTHER RESPONSE TO DEMAND FOR INSPECTION NO. 56:**

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant objects to this request as vague, ambiguous, and overbroad in that it fails to specifically describe the items sought with reasonable particularity in violation of section 2031.030, subd. (c)(1), of the *California Code of Civil Procedure,* and is unlimited in scope and matter. Defendant further objects to this request as unduly burdensome, oppressive, and disproportionate to the needs of the case. Defendant also objects to the definition of "CLASS PERIOD" in that it seeks information pertaining to a period of time beyond Defendant's employment of Plaintiff's, and/or any purported putative class members. Defendant further objects on the ground that this request seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds it assumes facts not in evidence and calls for a legal conclusion. Defendant further objects to this request on the grounds that it seeks the confidential and/or proprietary information. Defendant further objects to this request to the extent it seeks production of the mental impressions or legal theories of defense counsel. Defendant also objects in so far as Plaintiff attempts to improperly shift her affirmative burden of proof by requiring this Defendant to define and disprove Plaintiff's entire case, and/or prove the negative. Defendant further objects to this request on the grounds that it is unreasonably burdensome, harassing, and oppressive.

DATED:  August 17, 2020

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
Patricia A. Matias
Sean M. Kim

Attorneys for Defendants CoWorx Staffing Services LLC and Michael Epstein

43908068_1.docx

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

**PROOF OF SERVICE**

*Lysette Galvez v. CoWorx Staffing Services LLC, et al.*
Case No. CGC-19-578983

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

On August 17, 2020, I served the following document(s):

**DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO PLAINTIFF LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☐    **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐    **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐    **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐    **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐    **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

☐    the written confirmation of counsel in this action:

☐    [State Court motion, opposition, or reply only] Code of Civil Procedure section 1005(b):

43908068_1.docx

60

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO PLAINTIFF LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

1

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an
agreement of the parties to accept service by e-mail or electronic transmission, I caused the
documents to be sent to the person(s) at the e-mail addresses listed on the attached service
list. I did not receive, within a reasonable time after the transmission, any electronic message
or other indication that the transmission was unsuccessful.

2

3

4

☒ **(State)**       I declare under penalty of perjury under the laws of the State of California that
the above is true and correct.

5

6

Executed on August 17, 2020, at Costa Mesa, California.

7

8
_____
Sean M. Kim

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

61

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

1

## SERVICE LIST

2

3    Kevin F. Woodall, Esq.                    Attorneys for Plaintiff
     WOODALL LAW OFFICES                       Lysette Galvez and those similarly situated
4    100 Pine Street, Suite 1250
     San Francisco, CA  94111
5    Telephone:    415-413-4629
     Facsimile:      866-937-4109
6    kevin@woodalllaw.com

7    Thomas D. Rutledge, Esq.                  Attorneys for Plaintiff
     Law Offices of Thomas D. Rutledge         Lysette Galvez and those similarly situated
8    113 West G Street, Suite 231
     San Diego, CA 92101
9    Telephone:    619-886-7224
     Facsimile:      619-259-5455
10   thomasrutledgelaw@gmail.com

11

12

13                                                                        43908068.1

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT COWORX STAFFING SERVICES LLC'S FURTHER RESPONSES TO PLAINTIFF
LYSETTE GALVEZ'S DEMAND FOR INSPECTION OF DOCUMENTS, SET ONE

43908068_1.docx

EXHIBIT 7

## RE: Extension on MTC deadline

Kim, Sean M. <sean.kim@ogletree.com>
Tue 8/18/2020 5:54 PM
To:  Kevin Woodall <kevin@kwoodalllaw.com>; Thomas Rutledge <thomasrutledgelaw@gmail.com>

Hi Kevin,

        I confirm that the below is correct and that Defendant has agreed to provide an indefinite extension to Plaintiff regarding responses to her first set of special interrogatories and request for production of documents, further responses of which were served by Defendant on Monday, August 17. Said ongoing extension is provided based on the parties' good faith efforts towards potentially resolving the present matter at mediation and while appropriate informal discovery is gathered and produced in advance thereof. Should the parties' efforts no longer be geared towards mediation/resolution and/or mediation prove unsuccessful, Defendant agrees to provide Plaintiff with notice thereof at which time Plaintiff shall have 45 days to bring any necessary motion to compel.

**Sean M. Kim | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Park Tower, 695 Town Center Drive, Fifteenth Floor | Costa Mesa, CA 92626 | Telephone: 714-800-7989 | Fax: 714-754-1298
sean.kim@ogletree.com | www.ogletree.com | Bio

---

**From:** Kevin Woodall <kevin@kwoodalllaw.com>
**Sent:** Tuesday, August 18, 2020 4:57 PM
**To:** Kim, Sean M. <sean.kim@ogletreedeakins.com>; Thomas Rutledge <thomasrutledgelaw@gmail.com>
**Subject:** Extension on MTC deadline

**[Caution: Email received from external source]**

---

Hello Sean,

This will confirm our discussion this afternoon, in which you confirmed that our client has an unlimited extension to bring a motion to compel relating to document requests and special interrogatories.  You agreed to provide it because the parties are working on a sampling prior to mediation.  We further agreed that you could lift this unlimited extension, but if you do, we would have 45 days after that notice (via email) to file a motion to compel.

If you contend this summary is incorrect, please notify us immediately.

Thanks,
**Kevin F. Woodall**
**Woodall Law Offices**
**100 Pine Street, Suite 1250**
**San Francisco, CA 94111**
**Direct: (415) 413-4629**
**Fax: (866) 937-4109**
**www.kwoodalllaw.com**

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

# EXHIBIT K

1    DAVID R. ONGARO, State Bar No. 154698
     dongaro@ongaropc.com
2    ONGARO PC
     1604 Union Street
3    San Francisco, CA 94123
     Telephone: (415) 433-3900
4    Facsimile: (415) 433-3950
5
     Attorney for Defendant
6    COWORX STAFFING SERVICES LLC

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**09/22/2021**
**Clerk of the Court**
BY: EDWARD SANTOS
Deputy Clerk

7
8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9                   **FOR THE COUNTY OF SAN FRANCISCO**
10                          **UNLIMITED JURISDICTION**
11

| | |
|---|---|
| 12   LYSETTE GALVEZ, individually and on behalf of those similarly situated, | Case No. CGC-19-578983 |
| 13            Plaintiffs, | **DEFENDANT COWORX STAFFING SERVICES LLC'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT AND PAGA REPRESENTATIVE ACTION OF PLAINTIFF LYSETTE GALVEZ** |
| 14       vs. | |
| 15   COWORX STAFFING SERVICES LLC, a Delaware Corporation; MICHAEL EPSTEIN, an individual; ROBERT BADOLATO, an individual; TIM HARTNETT, an individual; KEN SUDNIKOVICH, an individual; and DOES 1 through 10, inclusive, | [Assigned for all purposes to The Honorable Garrett L. Wong, Dept. 610] |
| 16 17 18 | |
| 19            Defendants. | Action Filed:      September 4, 2019 Trial Date:       None Set |

20
21
22
23
24
25
26
27
28

1

Defendant Coworx Staffing Services, LLC ("Defendant") hereby answers Plaintiff Lysette Galvez's ("Plaintiff") Second Amended Class Action Complaint and PAGA Representative Action ("Complaint") as follows:

## GENERAL AND SPECIFIC DENIALS

Pursuant to the provisions of California *Code of Civil Procedure* section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in the Complaint filed herein by Plaintiff. Defendant denies, generally and specifically, that Plaintiff has been damaged in any sum, or at all, by reason of any act or omission on the part of Defendant, or by any act or omission by any agent or employee of Defendant. Defendant further denies, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

Additionally, Defendant asserts the following affirmative defenses and prays for judgment as set forth below:

## AFFIRMATIVE DEFENSES

Without waiving the foregoing, Defendant asserts the following separate and distinct affirmative defenses to Plaintiff's Complaint and each cause of action therein and prays for judgment as set forth below.

Defendant also hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during investigation and discovery in this action. Defendant reserves the right to amend this Answer to assert any such defenses based on such investigation and discovery.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.      As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or members of the putative class are barred, in whole or in part, because Plaintiff fails to state facts sufficient to support a claim or theory of relief upon which relief may be granted against Defendants.

1

**SECOND AFFIRMATIVE DEFENSE**

2

**(Uncertainty of the Pleading)**

3      2.      As a separate and affirmative defense to the Complaint and to each purported cause

4   of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that

5   the claims brought by Plaintiff and/or members of the putative class are barred, in whole or in part,

6   because Plaintiff fails to plead material allegations with requisite certainty.

7

**THIRD AFFIRMATIVE DEFENSE**

8

**(Statute of Limitations)**

9      3.      As a separate and affirmative defense to the Complaint and to each purported cause

10   of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges

11   that the claims brought by Plaintiff and/or members of the putative class are barred, in whole or in

12   part, by one or more of the applicable statutes of limitations, including, but not limited to:

13   California Labor Code §§ 201, 202, 203, 226, California Business and Professions Code § 17208,

14   and California Code of Civil Procedure §§ 338, subdivision (a) and 340.

15

**FOURTH AFFIRMATIVE DEFENSE**

16

**(Lack of Standing – Class Action)**

17      4.      As a separate and affirmative defense to the Complaint and to each purported cause

18   of action alleged therein by Plaintiff on behalf of alleged putative class members, Defendant alleges

19   that Plaintiff lacks standing and cannot represent the interests of the other alleged putative class

20   members as to some or all of the purported claims.

21

**FIFTH AFFIRMATIVE DEFENSE**

22

**(Consent)**

23      5.      As a separate and affirmative defense to the Complaint and to each purported cause

24   of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that

25   the claims brought by Plaintiff and/or alleged putative class members are barred, in whole or in part,

26   by the doctrine of consent.

27

**SIXTH AFFIRMATIVE DEFENSE**

28

**(Failure to Mitigate Damages)**

6.      As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that Plaintiff and/or the alleged putative class members are barred from recovery on their monetary claims, in whole or in part, by their failure to exercise diligence to mitigate any damages allegedly incurred, if any.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

7.      As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or the alleged putative class members are barred, in whole or in part, by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

8.      As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or the alleged putative class members are barred, in whole or in part, because such claims have been waived, discharged, and/or abandoned.

## NINTH AFFIRMATIVE DEFENSE

### (Res Judicata and Estoppel)

9.      As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or the alleged putative class members are barred, in whole or in part, by the doctrines of res judicata, collateral estoppel, and/or judicial estoppel.

## TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

10.      As a separate and affirmative defense to the Complaint and to each purported cause

of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or the alleged putative class members are barred, in whole or in part, by their own unclean hands and/or their inequitable or wrongful conduct.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction/Failure to Exhaust Administrative Remedies)

11.    As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or the alleged putative class members are barred to the extent that they failed to timely and/or properly exhaust their administrative remedies, including as required pursuant to California Labor Code section 2699.3.

## TWELFTH AFFIRMATIVE DEFENSE

### (Due Process / Class Certification)

12.    As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that certification of a class action would be an unconstitutional denial of Defendant's rights to due process under the Fourteenth Amendment to the United States Constitution and the California Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

13.    As a separate and affirmative defense to the claims of Plaintiff and putative members of the purported class action brought pursuant to California Business and Professions Code § 17200, et seq., those claims are barred in light of the fact that Plaintiff and the putative class members have an adequate remedy at law.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Due Process – Cal. Bus. & Prof. Code § 17200, *et seq.*)

14.    As a separate and affirmative defense to Plaintiff's cause of action for alleged violation of California Business and Professions Code  § 17200, et seq., Defendant alleges that the claims are not appropriate for resolution on a representative basis and allowing such a representative claim would violate the Due Process clause of the United States and California Constitutions.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Due Process – Cal. Bus. & Prof. Code § 17200, *et seq.*)

15.    As a separate and affirmative defense to Plaintiff's cause of action for alleged violation of California Business and Professions Code § 17200, et seq., Defendant alleges that the claims brought by Plaintiff and putative members of the purported class action are barred, in whole or in part, because Defendant's business practices are not and were not unlawful in that Defendant complied with all applicable statutes and regulations and/or in conformity with industry standards.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Doctrine of Avoidable Consequences)

16.    As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or the alleged putative class members are barred, in whole or in part, under California law by the doctrine of avoidable consequences on the grounds that they unreasonably failed to make use of Defendant's practices and/or procedures by failing to timely and properly report any purportedly unlawful actions and/or omissions alleged in the Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Setoff and Recoupment)

17.    As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that, if any damages have been sustained by Plaintiff and/or any alleged class action member she purports to represent, although such is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all extra payments or overpayments and/or all obligations of Plaintiff or alleged class action members owed to Defendant, against any judgment that may be entered against Defendant.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

18.    As a separate and affirmative defense to the Complaint, Defendant alleges that the claims of Plaintiff and/or some of the putative members of the purported class action defined in the

6

Complaint are barred, in whole or in part, by the principles of accord and satisfaction, and payment.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(No Knowing, Intentional, and/or Willful Conduct)**

19.    As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that Plaintiff and the alleged putative class members are not entitled to any penalty award under any section of the California Labor Code because at all relevant times, Defendant did not willfully, knowingly, and/or intentionally fail to comply with the compensation provisions of the California Labor Code, but rather acted in good faith and had reasonable grounds for believing that it did not violate those provisions.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Good Faith Dispute That Wages Are Due)**

20.    As a separate and affirmative defense to the purported cause of action alleged in the Complaint by Plaintiff and the alleged putative class members pursuant to California Labor Code § 203, Defendant alleges that Plaintiff and the alleged putative class members are not entitled to any penalties under California Labor Code § 203 because at all relevant times, there has been a good faith dispute that any wages are or have been due, thereby precluding the imposition of any waiting time penalties against Defendant.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(No Intentional Failure)**

21.    As a separate and affirmative defense to the purported cause of action alleged in the Complaint by Plaintiff and the alleged putative class members pursuant to California Labor Code § 226, Defendant alleges that even assuming arguendo Plaintiff and/or the putative class members were not provided with a proper itemized statement of wages and deductions, Plaintiff and the putative class members are not entitled to recover damages or penalties because Defendant's alleged failure to comply with California Labor Code § 226(a) was not a "knowing and intentional failure" under California Labor Code § 226(e).

7

DEFENDANT COWORX STAFFING SERVICES LLC'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT AND PAGA REPRESENTATIVE ACTION OF PLAINTIFF LYSETTE GALVEZ

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Comparative Fault)

22.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that all or part of the damages alleged in the Complaint were caused by the acts and/or omissions of other persons or entities (including without limitation, acts and/or omissions of Plaintiff, or members of the putative class) for whose conduct Defendant is not legally responsible.  Therefore, if Plaintiff, or any others similarly situated, is found to be entitled to recover any damages, Defendant's share thereof must be apportioned or reduced to the extent that such damages are attributable to the acts and/or omissions of persons or entities (including without limitation, Plaintiff and/or others similarly situated) other than Defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Exemption/Exclusion)

23.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that Plaintiff's Complaint and/or each cause of action are barred on the grounds and/or to the extent that Plaintiff and/or the putative class members were or are exempt or excluded from applicable wage and hour laws, including any applicable Wage Orders.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Excessive Fine)

24.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendant's due process and other rights under the United States and California Constitutions.

8

DEFENDANT COWORX STAFFING SERVICES LLC'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT AND PAGA REPRESENTATIVE ACTION OF PLAINTIFF LYSETTE GALVEZ

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Release)

25.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the causes of action stated in the Complaint are barred, in whole or in part, to the extent that individuals who Plaintiff wishes to represent as putative class members may have released some or all of the claims against Defendant, or any of them, that are being asserted in the Complaint.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Cannot Satisfy Class Action Requirements)

26.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that Plaintiff and/or putative members of the purported class action cannot satisfy the requirements for a class, group, representative, and/or collective action.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Expenses Not Reasonable and Necessary)

27.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members of the purported class action, Defendant alleges that the Complaint fails to properly state a claim for expense reimbursement under California Labor Code § 2802 because any alleged expenditures or losses were not necessary and/or were not the direct consequence of the discharge of Plaintiff's duties.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (*De Minimis*)

28.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the putative class members of the purported class action, Defendant alleges that, to the extent that Plaintiff and/or any putative member of the purported class was harmed in any way (which Defendant specifically denies), the damages of Plaintiff and/or any putative member of the purported class are de minimis and, thus, not legally cognizable or not capable of determination.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Manageability)

29.    As a separate and affirmative defense to the Complaint and to each purported PAGA claim alleged therein by Plaintiff and the purported "aggrieved employees", Defendant alleges that Plaintiff's claims for PAGA penalties are barred because Plaintiff's PAGA claims are not manageable, or would otherwise fail to satisfy the standards applicable to representative PAGA claims.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Claims Subject to Binding Individual Arbitration )

30.    As a separate affirmative defense to the Complaint and to the claims alleged therein by Plaintiff and the putative class, Defendant alleges that some or all of Plaintiff's claims are barred because of an agreement by Plaintiff to submit any and all disputes with Defendants to binding individual arbitration.  Accordingly, this Court may lack jurisdiction over any such dispute and all factual or legal issues incidental thereto.  This Affirmative Defense applies equally to all members of the putative class who signed arbitration agreements.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

31.    As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that it currently has insufficient information upon which to form a belief as to whether it may have additional, as yet unstated, defenses.  Defendant reserves the right to assert additional defenses in the event discovery indicates additional defenses are appropriate.

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.    That the Court deny any request(s) by Plaintiff and/or the alleged putative class members to certify this action as a class and/or representative action;

2.    That Plaintiff and the alleged putative class members take nothing by the Complaint;

10

3.    That the Complaint herein be dismissed in its entirety, with prejudice;

4.    That judgment be entered against Plaintiff and in favor of Defendant on all causes of action asserted in the Complaint;

5.    That Defendant be awarded its attorneys' fees incurred herein;

6.    That Defendant be awarded its costs of suit herein; and,

7.    For such other and further relief as the Court deems just and proper.

DATED:  September 22, 2021

ONGARO PC

By: _____
David R. Ongaro
ATTORNEYS FOR DEFENDANT COWORX
STAFFING SERVICES LLC

11

1
2

**PROOF OF SERVICE**
*Lysette Galvez v. CoWorx Staffing Services LLC, et al.*
Case No. CGC-19-578983

3
4

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. My business address is 1604 Union St., San Francisco CA 94123.

5

On September 22, 2021, I served the following document(s):

6
7

**DEFENDANT COWORX STAFFING SERVICES LLC'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT AND PAGA REPRESENTATIVE ACTION OF PLAINTIFF LYSETTE GALVEZ**

8
9
10
11
12
13
14

| | |
|---|---|
| Kevin F. Woodall, Esq.<br>WOODALL LAW OFFICES<br>100 Pine Street, Suite 1250<br>San Francisco, CA 94111<br>Telephone:    415-413-4629<br>Facsimile:    866-937-4109<br>Email: kevin@woodalllaw.com<br><br>**Attorneys for Plaintiff**<br>**Lysette Galvez and those similarly situated** | Thomas D. Rutledge, Esq.<br>Law Offices of Thomas D. Rutledge<br>113 West G Street, Suite 231<br>San Diego, California 92101<br>Tel.: (619) 886-7224<br>Fax: (619) 259-5455<br>Email: thomasrutledgelaw@gmail.com<br><br>**Attorneys for Plaintiff Lysette Galvez and**<br>**those similarly situated** |

15
16
17
18

☒    **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

19
20
21

☒    **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

22

Executed on September 22, 2021, at San Francisco, California.

23
24
25
26

_____
Christine Gill

27
28

12

DEFENDANT COWORX STAFFING SERVICES LLC'S ANSWER TO SECOND AMENDED CLASS ACTION
COMPLAINT AND PAGA REPRESENTATIVE ACTION OF PLAINTIFF LYSETTE GALVEZ

# EXHIBIT L

1  Ryan H. Crosner, CA Bar No. 278418
   ryan.crosner@ogletree.com
2  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
3  400 South Hope Street, Suite 1200
   Los Angeles, CA 90071
4  Telephone:    213-239-9800
   Facsimile:    213-239-9045
5
   Glendy Lau, CA Bar No. 280174
6  glendy.lau@ogletree.com
   OGLETREE, DEAKINS, NASH, SMOAK &
7  STEWART, P.C.
   19191 South Vermont Avenue Suite 950
8  Torrance, California 90502
   Telephone:    310-217-8191
9  Facsimile:    310-217-8184

10
   Attorneys for Defendant CoWorx Staffing
11 Services LLC

12                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13                  **FOR THE COUNTY OF SAN FRANCISCO**

14                        **UNLIMITED JURISDICTION**

15

16 LYSETTE GALVEZ, individually and on behalf   | Case No. CGC-19-578983
   of those similarly situated,
17                                              | **NOTICE OF APPEARANCE OF RYAN H.**
              Plaintiffs,                        | **CROSNER AND GLENDY LAU FOR**
18                                              | **DEFENDANT COWORX STAFFING**
           vs.                                   | **SERVICES LLC AS ATTORNEYS OF**
19                                              | **RECORD**
   COWORX STAFFING SERVICES LLC, a
20 Delaware Corporation; MICHAEL EPSTEIN, an   | [Assigned for all purposes to The Honorable
   individual; and DOES 1 through 10, inclusive, | Garrett L. Wong, Dept. 610]
21
           Defendants.                          |
22                                              | Action Filed:    September 4, 2019
                                                | Trial Date:      None Set
23

24

25

26

27

28

47932182_1.docx

                                    1

ELECTRONICALLY
F I L E D
Superior Court of California,
County of San Francisco

07/23/2021
Clerk of the Court
BY: EDWARD SANTOS
Deputy Clerk

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that the following attorneys at OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. hereby enters an appearance as attorneys of record for Defendant COWORX STAFFING SERVICES LLC ("Defendant"):

Ryan H. Crosner, CA Bar No. 278418
ryan.crosner@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone:    213-239-9800
Facsimile:    213-239-9045

Glendy Lau, CA Bar No. 280174
glendy.lau@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
19191 South Vermont Avenue Suite 950
Torrance, California 90502
Telephone:    310-217-8191
Facsimile:    310-217-8184

Defendant respectfully requests that the Court and Plaintiff's counsel update their service lists to have the foregoing attorneys as attorneys of record.

Defendant also respectfully requests that the following attorney for Defendant at OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. be removed from the service list:

Patricia A. Matias, CA Bar No. 254125
patricia.matias@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA 92626
Telephone:    714-800-7900
Facsimile:    714-754-1298

DATED: July 23, 2021

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
        Ryan H. Crosner
        Glendy Lau

Attorneys for Defendant CoWorx Staffing Services LLC

47932182_1.docx

1

NOTICE OF APPEARANCE OF RYAN H. CROSNER AND GLENDY LAU FOR DEFENDANT
COWORX STAFFING SERVICES LLC AS ATTORNEYS OF RECORD

# PROOF OF SERVICE

*Lysette Galvez v. CoWorx Staffing Services LLC, et al.*
Case No. CGC-19-578983

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Los Angeles in the office of a member of the bar of this court at whose direction the service was made.  My business address is 400 S. Hope Street, Suite 1200, Los Angeles, California 90071, my electronic email address is elizabeth.mendoza@ogletree.com.

On July 23, 2021, I served the following document(s):

**NOTICE OF APPEARANCE OF RYAN H. CROSNER AND GLENDY LAU FOR DEFENDANT COWORX STAFFING SERVICES LLC AS ATTORNEYS OF RECORD**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

| | |
|---|---|
| Kevin F. Woodall, Esq. | Attorneys for Plaintiff |
| WOODALL LAW OFFICES | Lysette Galvez and those similarly situated |
| 100 Pine Street, Suite 1250 | |
| San Francisco, CA  94111 | |
| Telephone:    415-413-4629 | |
| Facsimile:    866-937-4109 | |
| kevin@woodalllaw.com | |

☒    **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐    **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒    **(State)**        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 23, 2021, at Los Angeles, California.

/s/  Elizabeth Mendoza
Elizabeth Mendoza

47932182.1

47932182_1.docx

MC–050

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Ryan H. Crosner, CA Bar No. 278418<br>Ogletree, Deakins, Nash, Smoak & Stewart, P.C.<br>400 South Hope St., Suite 1200<br>Los Angeles, CA 90071<br>TELEPHONE NO.: (213) 239-9800    FAX NO. *(Optional)*: (213) 239-9045<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Defendant Coworx Staffing Services LLC | **ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**08/25/2021**<br>**Clerk of the Court**<br>BY: EDWARD SANTOS<br>**Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Lysette Galvez v. Coworx Staffing Services LLC

| **SUBSTITUTION OF ATTORNEY—CIVIL**<br>**(Without Court Order)** | CASE NUMBER:<br>CGC-19-578983 |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name)*: Coworx Staffing Services    makes the following substitution:

1. **Former legal representative**  ☐ Party represented self  ☑ Attorney *(name)*: Ryan H. Crosner
2. **New legal representative**  ☐ Party is representing self*  ☑ Attorney
   a. Name: David R. Ongaro    b. State Bar No. *(if applicable)*: 154698
   c. Address *(number, street, city, ZIP, and law firm name, if applicable)*:
      1604 Union Street, San Francisco, CA 94123

   d. Telephone No. *(include area code)*: (415) 433-3900

3. The party making this substitution is a  ☐ plaintiff  ☑ defendant  ☐ petitioner  ☐ respondent  ☐ other *(specify)*:
   Coworx Staffing Services LLC

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- Guardian
- Conservator
- Trustee
- Personal Representative
- Probate fiduciary
- Corporation
- Guardian ad litem
- Unincorporated association

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**
A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.

---

4. I consent to this substitution.
   Date: 8/25/2021 | 1:47 PM EDT
   Coworx Staffing Services LLC
   Robert Badolato
   (TYPE OR PRINT NAME)

   ▶ *Robert Badolato*
   (SIGNATURE OF PARTY)

5. ☑ I consent to this substitution.
   Date: August 23, 2021
   Ryan H. Crosner
   (TYPE OR PRINT NAME)

   ▶ *Ryan H. Crosner*
   (SIGNATURE OF FORMER ATTORNEY)

6. ☑ I consent to this substitution.
   Date: August 20, 2021
   David R. Ongaro
   (TYPE OR PRINT NAME)

   ▶ *[signature]*
   (SIGNATURE OF NEW ATTORNEY)

*(See reverse for proof of service by mail)*    Page 1 of 2

**SUBSTITUTION OF ATTORNEY—CIVIL**
**(Without Court Order)**

Code of Civil Procedure, §§ 284(1), 285,
Cal. Rules of Court, rule 3.1362
*www.courtinfo.ca.gov*

MC—050

| CASE NAME: | CASE NUMBER: |
|---|---|
| — Lysette Galvez v. Coworx Staffing Services LLC | CGC-19-578983 |

### PROOF OF SERVICE BY MAIL
### Substitution of Attorney—Civil

**Instructions:** *After having all parties served by mail with the Substitution of Attorney—Civil, have the person who mailed the document complete this Proof of Service by Mail. An <u>unsigned</u> copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney—Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause.** I am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify):*

2. I served the Substitution of Attorney—Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

   (1 ) Date of mailing:                   (2) Place of mailing *(city and state):*

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

| | |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE) |

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

4. a. Name of person served:
   b. Address *(number, street, city, and ZIP):*


   c. Name of person served:
   d. Address *(number, street, city, and ZIP):*


   e. Name of person served:
   f. Address *(number, street, city, and ZIP):*


   g. Name of person served:
   h. Address *(number, street, city, and ZIP):*


   i. Name of person served:
   j. Address *(number, street, city, and ZIP):*


   ☐ List of names and addresses continued in attachment.

**SUBSTITUTION OF ATTORNEY—CIVIL**
**(Without Court Order)**

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Francisco, State of California.  My business address is 1604 Union Street, San Francisco, CA 94123.

On August 25, 2021, I served a true and correct copy of the documents described as:

**SUBSTITUTION OF ATTORNEY**

I served this document on the interested parties in this action as follows:

Kevin F. Woodall
WOODALL LAW OFFICES
100 Pine St. Suite 1250
San Francisco, CA 94111
Tel.: (415) 413-4629
Fax: (866) 937-4109
Email: kevin@woodall.com

*Attorneys for Plaintiff Lysette Galvez and those similarly situated*

Thomas D. Rutledge, Esq.
Law Offices of Thomas D. Rutledge
113 West G Street, Suite 231
San Diego, California 92101
Tel.: (619) 886-7224
Fax: (619) 259-5455
Email: thomasrutledgelaw@gmail.com

*Attorneys for Plaintiff Lysette Galvez and those similarly situated*

**SERVICE BY ELECTRONIC TRANSMISSION/E-MAIL:**  Based on an agreement of the parties to accept service by e-mail or electronic transmission, I sent the document(s) on the date shown below to the e-mail addresses of the persons listed below.  I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on August 25, 2021, at San Francisco, California.

_____
Christine M. Gill